JUDGE KOELTL

Peter Jakab (PJ-8553)
FEIN & JAKAB
THE WOOLWORTH BUILDING
233 Broadway • Suite 930
New York, NY 10279
212 732 9290 Ph
212 227 6479 Fx

'08 CIV 5751



*Attorneys for Defendants*
GLASSMAN, EDWARDS, WADE & WYATT, P.C.
and AUDET & PARTNERS, LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WOLF HALDENSTEIN ADLER FREEMAN & HERZ,
LLP; KAPLAN FOX KILSHEIMER LLP; PRETI
FLAHERTY BELIVEAU & PACHIOS LLP; and
BRAMLETT LAW OFFICES,

**ECF CASE**

Plaintiffs,

Case No.:

- against -

**NOTICE OF REMOVAL**

GLASSMAN, EDWARDS, WADE WYATT, P.C. AND
AUDET & PARTNERS LLP,

Defendants.

---

1. Defendants Glassman, Edwards, Wade Wyatt, P.C. and Audet & Partners LLP by

their undersigned attorneys, Fein & Jakab, respectfully submit this Notice of Removal of the

above-captioned action from the Supreme Court of the State of New York, County of New York,

where the action is now pending, as provided by 28 U.S.C. §§ 1441 and 1446.

2. On or about May 28, 2008, a "Notice" issued in the removed state action was

received by defendant Glassman.[1] This Notice of Removal is timely filed under 28 U.S.C.

Section 1446(b).

---

[1] The "service" of the summons was defective in a number of respects and the Glassman Firm and Audet
Firm reserve the right to challenge services of process and personal jurisdiction in New York.

3. This is simply a fee dispute between attorneys who were plaintiffs' co-counsel and court-appointed interim class counsel in complex litigation pending for over two years in the United States District Court for Western District of Tennessee entitled *In re ACR Copper Tubing Litigation*, Case No. 06-CV-2207 before United State District Judge Bernice B. Donald (the "ACR Litigation").

4. As more fully set forth below, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1367 by reason of the diversity of citizenship of the parties, and by reason that the claims are ancillary to the ACR Litigation in the United States District Court for Western District of Tennessee, to which court this action should be transferred.

5. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

6. At all times material hereto, Defendants Glassman, Edwards, Wade & Wyatt, P.C. ("Glassman Firm"), and Audet & Partners, LLP ("Audet Firm"), were, and now are, respectively, a professional corporation incorporated in and under the laws of the State of Tennessee and a limited liability partnership organized under the laws of the State of California. Glassman has its principal place of business in Tennessee. Audet has its principal place of business in California.

7. All defendants consent to this removal.

8. At all times material hereto, on information and belief, Plaintiffs Wolf Haldenstein Adler Freeman & Herz, LLP ("Wolf Firm") and Kaplan Fox Kilsheimer LLP ("Kaplan Firm") are and were New York limited liability partnerships with principal offices in New York and Preti Flaherty Beliveau & Pachios LLP ("Preti Firm") is and was a Maine limited liability

partnership with principal offices in Maine. Complaint ("Compl.") ¶¶ 1-3 (copy attached hereto as Exhibit A).[2]

9. On information and belief, at all times material hereto, Bramlett Law Offices ("Bramlett") is and was a law office in Nashville Tennessee. Compl. ¶ 4. As more specifically addressed below, Bramlett alleges no claim in this action and was joined as a party plaintiff fraudulently and solely for the purpose of defeating complete diversity of citizenship as part of a forum shopping effort by Plaintiffs to avoid having this matter adjudicated by the same court that has presided over it for the past two years—Judge Bernice B. Donald of the United States District Court for the Western District of Tennessee.

10. The parties to this action, with the exception of Bramlett, were co-counsel for plaintiffs, and appointed as interim class counsel, in the ACR Litigation, a complex antitrust class action claim pending in the United States District Court for the Western District of Tennessee. Compl. ¶ 12.

11. Following the issuance of certain rulings by the district court in the ACR Litigation, the parties hereto (with the exception of Bramlett), as counsel for the ACR Litigation plaintiffs, filed an appeal, and/or participated in appellate proceedings, in the United States Court of Appeals for the Sixth Circuit. Compl. ¶ 14.

12. During the pendency of the ACR Litigation appeal, Plaintiffs herein, with the exception of Bramlett, purported to make settlement agreements with the defendants in the ACR Litigation on behalf of certain specified named ACR Litigation plaintiffs. Compl. ¶ 15.

13. Upon information and belief, Plaintiffs herein, with the exception of Bramlett, used those settlement agreements to purport to eliminate Defendants' entitlement to any attorney's

---

[2] It has come to Defendants' attention that the ACR Litigation defendants have taken the position that the settlement sum in the ACR Litigation is confidential. Because Defendants here have not signed, nor even been provided with copies of, the alleged ACR settlement agreements, Defendants here are neither aware of, nor bound by, the alleged settlements' terms. Nonetheless, in order to accommodate the ACR Defendants' stated position, the removed Complaint and Summons are redacted to remove specific reference to the settlement agreements' alleged terms.

fees or expenses from the ACR Litigation settlement, despite Defendants' status as attorneys of record and Defendants' appointment by Judge Donald of the United States District Court for the Western District of Tennessee as interim class counsel.

14. In order to protect their right to recover their attorney's fees and expense reimbursements, Defendants filed liens in the Sixth Circuit and the Western District of Tennessee, the courts in which the ACR Litigation has been pending. Compl. ¶ 20. Copies of Plaintiff's liens in the Sixth Circuit Court of Appeals and in the Western District of Tennessee are attached hereto as Exhibit B. Those liens remain pending today.

15. Instead of adjudicating this fee dispute and its liens in the ACR Litigation where they arose and are pending, Plaintiffs engaged in some transparent forum shopping and filed this action in the New York state court, a forum with no connection to the ACR Litigation, but simply being the location the Wolf Firm's and the Kaplan Firm's home offices.

16. It is well-settled that the court in which a principal action is or was pending has jurisdiction over any fee disputes that arise between or among counsel and/or their clients in connection with such action. E.g., Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1297-1301 (7th Cir. 1995) (citing numerous cases); Grimes v. Chrysler Motors Corp., 565 F.2d 841, 844 (2d Cir. 1977); 28 U.S.C. § 1367.

17. That is why Defendants have already filed proceedings to enforce their liens in the ACR Litigation and to resolve the fee dispute (the "Fee Proceedings"). The Fee Proceedings consist of: (a) an action filed as a related case to the ACR Litigation, and so accepted by the United States District Court for the Western District of Tennessee (the "Action"), and (b) a motion within the ACR Litigation (the "Motion"). Copies of the Action and the Motion, together with its Memorandum of Law, are attached hereto as Exhibit C.

18. The Fee Proceedings have been assigned to, and are pending before, Judge Donald, who presided over the ACR Litigation. Ex. C.

4

19. Plaintiffs in this action (with the exception of Bramlett, which is not a party to the Fee Proceedings) have filed motion practice in, and are actively litigating, the Fee Proceedings. Plaintiffs' opposition and motion to dismiss in the Fee Proceedings are attached hereto as Exhibit D.

20. Accordingly, this action should be transferred to the Western District of Tennessee, where (a) the ACR Litigation took place, (b) where the attorneys fee liens are filed and where the Fee Proceedings are already pending and being litigated, so that this fee dispute can be presented to Judge Donald and resolved pursuant to that Court's ancillary jurisdiction in connection with the ACR Litigation.

21. Following assignment of this action to a district judge of this Court and service of this Notice of Removal upon the Plaintiffs, Defendants will move promptly for transfer to the United State District Court for the Western District of Tennessee.

22. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, 1332 and 1367 because the fee dispute is ancillary to the ACR Litigation before Judge Donald and by virtue of complete diversity between Plaintiffs the Wolf Firm (New York), the Kaplan Firm (New York) and the Preti Firm (Maine), on the one side and Defendants the Glassman Firm (Tennessee) and the Audet Firm (California).

23. Plaintiffs here have sought to defeat diversity jurisdiction by joining as a party plaintiff the Bramlett firm. The joinder of the Bramlett firm is fraudulent in that it is done solely for the purpose of defeating diversity. The Bramlett firm:

> a.  Is not alleged to have been counsel for any ACR Plaintiffs; (Compl. ¶ 10
> (limiting definition of "Counsel for the ACR Plaintiffs" to the Wolf Firm, the
> Kaplan Firm and the Preti Firm))
>
> b.  Is not alleged to have negotiated an alleged settlement or fee agreement;
> (Compl. ¶ 15 (only "Counsel to the ACR Plaintiffs" are alleged to have done so))

5

          c.   Is not alleged to have been prevented from receiving a "Fee Portion" of the

alleged settlement pursuant to the settlement and fee agreements; (Compl. ¶¶ 21,

22, 25 (only "Counsel to the ACR Plaintiffs" are alleged to have been so

prevented))

          d.   Has no claim in this action because each of the three alleged causes of

action—tortious interference with the settlement agreements, tortious interference

with the fee agreements and declaratory judgment based on the alleged settlement

and fee agreements—is based on alleged agreements to which the Bramlett firm is

not alleged to be a party.

      24. The Court is empowered to disregard the citizenship of parties joined fraudulently in

that their only purpose in the action is to destroy diversity of citizenship to avoid federal

jurisdiction. E.g., In Re Rezulin Prods Liab. Litig., 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001).

In order to avoid a ruling of fraudulent joinder to defeat diversity, there must be a reasonable

possibility of a claim involving the non-diverse party. Id.

      25. Here, by a plain reading of Plaintiffs' own allegations, the only non-diverse party,

Bramlett, has no claim whatsoever and has asserted none. Although its name appears in the

caption, it is entirely absent from any and all of the charging allegations. Accordingly,

Bramlett's presence in the removed action must be disregarded for purposes of diversity of

citizenship.

      26. A copy of all process and pleadings received by the Defendants as of the filing of this

Notice of Removal is attached to this Notice as Exhibit A.

      27. Defendants will give written notice of the filing of this Notice as required by 28

U.S.C. § 1446(d).

28. A copy of this Notice of Removal will be filed with the clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

Dated:  New York, New York
       June **25**, 2008             Respectfully,

                                FEIN & JAKAB
                                THE WOOLWORTH BUILDING
                                233 Broadway • Suite 930
                                New York, NY 10279
                                (212) 732-9290

                                By:   _____
                                              PETER JAKAB (PJ-8553)

                                *Attorneys for Defendants*
                                GLASSMAN, EDWARDS, WADE &
                                WYATT, P.C. and AUDET & PARTNERS,
                                LLP

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP; KAPLAN FOX KILSHEIMER LLP;
PRETI FLAHERTY BELIVEAU & PACHIOS
LLP; and BRAMLETT LAW OFFICES,

                               Plaintiff,

-against-

GLASSMAN, EDWARDS, WADE WYATT, P.C.
and AUDET & PARTNERS LLP,

                           Defendants.

Index No.  601458/2008

**NOTICE**

      ~~NOTICE IS HEREBY GIVEN that an action has been commenced and is now~~

~~pending in this Court upon the complaint of the plaintiffs, Wolf Haldenstein Adler Freeman &~~

~~Herz LLP; Kaplan Fox Kilsheimer LLP; Preti Flaherty Beliveau & Pachios LLP; and Bramlett~~

~~Law Offices against the defendants, Glassman, Edwards, Wade Wyatt, P.C. and Audet &~~

~~Partners LLP.~~

      The nature of the action is tortious interference, and Plaintiffs seek declaratory

judgment as to plaintiffs' entitlement to settlement proceeds in the amount of [  REDACTED  ]

from *In re: ACR Copper Tubing Litigation,* Master File No. 2:06-cv-02207-BBD-tmp

case (W.D. Tenn.) and *In re: ACR Copper Tubing Litigation,* No. 07-6070 (6th Cir.) and securing

plaintiffs' claims therein as against defendants' claims.

Dated:  New York, New York
       May 14, 2008

                          WOLF HALDENSTEIN ADLER FREEMAN
                          & HERZ LLP
                          By: _____
                              Thomas H. Burt
                              A Member of the Firm
                          Plaintiff Pro Se and Attorney for all Plantiffs
                          270 Madison Avenue
                          New York, NY 10016
                          (212) 545-4600

NEW YORK
COUNTY CLERK'S OFFICE

MAY

NOT COMPARED
WITH COPY FILE

Plaintiff Wolf Haldenstein Adler Freeman & Herz LLP resides at 270 Madison Avenue in the County of New York.

Dated: New York, New York
        May 14, 2008

Defendants' addresses:
B.J. Wade
GLASSMAN, EDWARDS, WADE & WYATT P.C.
26 North Second Street
Memphis, TN 38103
(901)527-4673

William M. Audet
AUDET & PARTNERS LLP
211 Main Street, Suite 1460
San Francisco, CA 94105
(415)982-1776

                                WOLF HALDENSTEIN ADLER FREEMAN
                                    & HERZ LLP


                            By _____
                                    Thomas H. Burt
                                    A Member of the Firm
                                Plaintiffs Pro Se and Attorney for all Plaintiffs
                                270 Madison Avenue
                                New York, N.Y. 10016
                                (212) 545-4600

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; KAPLAN FOX & KILSHEIMER LLP; PRETI FLAHERTY BELIVEAU & PACHIOS LLP; and BRAMLETT LAW OFFICES,<br><br>                                    Plaintiff,<br><br>                    -against-<br><br>GLASSMAN, EDWARDS, WADE & WYATT, P.C. and AUDET & PARTNERS LLP,<br><br>                                    Defendants. | Index No. 601458/2008<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Wolf Haldenstein Adler Freeman & Herz LLP, Kaplan Fox Kilsheimer LLP;

Preti Flaherty Beliveau & Pachios LLP, and Bramlett Law Offices ("Plaintiffs"), by the

undersigned counsel, as and for their complaint, allege as follows:

## I.    PARTIES

1.    Plaintiff Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") is

and at all times material herein was a New York limited liability partnership with its principal

place of business at 270 Madison Avenue, New York, New York 10016.

2.    Plaintiff Kaplan Fox & Kilsheimer, LLP ("Kaplan Fox") is and at all times

material herein was a New York limited liability partnership with its principal place of business

at 850 Third Avenue, 14th Floor, New York, New York 10022.

3.    Plaintiff Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") is and at all

times material herein was a Maine limited liability partnership with its principal place of business

at One City Center, Portland, Maine 04101.

4.    The Bramlett Law Offices ("Bramlett") is and at all times material herein was a law office with its principal place of business at 2400 Crestmoor Road, Nashville, Tennessee 37215.

5.    On information and belief, Defendant Glassman, Edwards, Wade & Wyatt, P.C. ("GEWW") at all times material herein was a Tennessee professional corporation, consisting of shareholders and other attorneys engaged in the practice of law with its principal place of business at 26 North Second Street, Memphis, Tennessee 38103.  B.J. Wade, Esq. was at all relevant times a senior partner of GEWW.

6.    On information and belief, Defendant Audet & Partners, LLP, ("Audet") at all times material herein was a California limited liability partnership with its principal place of business at 221 Main Street, Suite 1460, San Francisco, California 94105 and was formerly known as Alexander, Hawes and Audet.  William Audet, Esq. was at all relevant times a senior partner of Audet.

## II.    FACTUAL ALLEGATIONS

7.    This action is brought to resolve a dispute relating to the allocation of a fund created at the resolution of a proposed class action case (the ACR Litigation, defined below), brought on a contingency fee basis, which was dismissed on the merits without class certification and later settled on behalf of the individual plaintiffs in the ACR Litigation only.  As set forth below, Plaintiffs here were counsel for the individual plaintiffs in the ACR Litigation (the ACR Plaintiffs, defined below) and one local attorney.  Defendants are two disappointed law firms who have interfered with the payment of the settlement consideration to those ACR Plaintiffs, and consequently with the distribution of fees by the ACR Plaintiffs as clients to their counsel, and who have agreed that Plaintiffs here should allocate fees and expenses, if any, to the other

2

plaintiffs' counsel who appeared for Plaintiffs in the District Court in the ACR Litigation in that dismissed matter.

8.      On April 7, 2006, PoolPak Technologies Corp., represented by Wolf Haldenstein, commenced an action styled *PoolPak Technologies Corp. v. Outokumpu Oyj et al*, Cause No.: 2:06-cv-02207-BBD-tmp in the Western District of Tennessee. That case was venued in the Western District of Tennessee because a single defendant in that action had its principal place of business in Memphis, Tennessee.

9.      Shortly thereafter, Twinco Supply Corporation, a New York corporation with its principal place of business in Huntington Station, New York, represented by Preti Flaherty, commenced a substantially similar action.

10.     PoolPak Technologies Corp. and Twinco Supply Corporation, and two other plaintiffs, Shilvock Company, Inc., represented by Kaplan Fox, and United CoolAir Corp., represented by Wolf Haldenstein (who became plaintiffs with the filing of the Amended Complaint in the ACR Litigation on June 23, 2006), are hereinafter collectively the "ACR Plaintiffs." Wolf Haldenstein, Preti Flaherty and Kaplan Fox are hereinafter collectively referred to as "Counsel for the ACR Plaintiffs."

11.     Wolf Haldenstein requested GEWW, and GEWW agreed, to serve as local counsel for the ACR Litigation. On information and belief, GEWW invited Audet to participate with GEWW in the prosecution of the actions. The several cases were consolidated as *In re ACR Copper Tubing Litigation*, No. 06-cv-2207-D/P (W.D. Tenn.) ("ACR Litigation"). The defendants in the ACR Litigation are referred to collectively hereinafter as the "ACR Defendants."

3

12. On May 26, 2006, United States Magistrate Judge Tu M. Pham entered a Report and Recommendation recommending that Wolf Haldenstein, Preti Flaherty, GEWW and Audet be appointed interim class counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The District Court approved that recommendation. The counsel for the putative plaintiff class in the ACR Litigation included, in addition to the Counsel for the ACR Plaintiffs, the Defendants herein, and Plantiff Bramlett as interim liaison counsel.

13. Several firms acted as additional counsel for the ACR Plaintiffs: Kohn, Swift & Graf, P.C.; Schiffrin & Barroway, LLP; Barrack Rodos & Bacine; Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC; Pederson & Houpt, P.C.; Cochrane & Bresnahan; and Bailey & Bailey (collectively "Additional ACR Plaintiffs' Counsel").

14. On July 26, 2007, on Motion of the ACR Defendants, U.S. District Judge Bernice B. Donald dismissed the case on the merits for lack of subject matter jurisdiction. The plaintiffs in the ACR Litigation appealed, which appeal was docketed as 07-6070 in the United States Court of Appeals for the Sixth Circuit.

15. Thereafter, the ACR Plaintiffs through counsel for the ACR Plaintiffs (Plaintiffs herein) negotiated three separate settlements with the ACR Defendants (the "Settlement Agreements"):

> a. A settlement agreement (the "Twinco Settlement Agreement") between Twinco Supply Corporation and the ACR Defendants;
>
> b. A settlement agreement (the "PoolPak Settlement Agreement") between PoolPak Technologies Corp. and United CoolAir Corp., on the one hand, and the ACR Defendants; and
>
> c. A settlement agreement (the "Shilvock Settlement Agreement") between Shilvock Company, Inc. and the ACR Defendants.

4

16.   GEWW and Audet were each informed of the negotiations, advised of and did not object to the total settlement figure. Neither GEWW nor Audet were involved in representing, negotiating or contributing to or providing any benefit to the ACR Plaintiffs in obtaining their individual settlements.

17.   The Settlement Agreements further provided that, ten business days after the entry of an order of disposing of the appeal, the ACR Defendants would pay into accounts for the ACR Plaintiffs a total of [ REDACTED ] (collectively, the "Settlement Fund"). The Settlement Agreements each specified that disputes would be governed under New York law.

18.   After the settlement was agreed upon, each of the ACR Plaintiffs agreed with their individual counsel (these agreements are referred to collectively hereinafter as the "Fee Agreements") on a portion of the Settlement Payments that would be paid as total counsel fees and reimbursement of expenses advanced or incurred (the "Fee Portion").

19.   Between the time that drafts of the Settlement Agreements were circulated and the dismissal of the appeal, GEWW and Audet threatened to obstruct the settlement of the ACR Litigation unless their fees were fixed in advance.

20.   On March 14, 2008, Defendants delivered notice of a purported lien on the Settlement Fund. Thereafter, the ACR Defendants refused to pay any sums to the ACR Plaintiffs. Instead, through their counsel, with offices in New York City, they have held the Settlement Fund in an account at Citibank.

21.   Defendants' actions were willful, wrongful and improper, and were done intentionally to prevent the payment of the Settlement Fund. Their actions were intended to and have prevented the payment of the Settlement Payments to the ACR Individual Plaintiffs. GEWW's and Audet's actions were also intended to and did prevent the payment of the Fee

5

Portion to Counsel to the ACR Plaintiffs, and allocation of the Fee Portion of the Fund by the ACR Plaintiffs' counsel.

22. On March 18, 2008, the Defendants made an application to the Court of Appeals for the Sixth Circuit to recognize their purported lien and exercise jurisdiction over the lien. Defendants' actions were willful, wrongful and improper, and were done intentionally to prevent the payment of the Settlement Fund. Their actions were intended to, and have prevented, the payment of the Settlement Fund to the ACR Plaintiffs. GEWW's and Audet's actions were also intended to and did prevent the payment of the Fee Portion to Counsel to the ACR Plaintiffs, and allocation of the Fee Portion of the Settlement Fund by the Counsel to the ACR Plaintiffs.

23. On March 31, 2008, the Court of Appeals for the Sixth Circuit entered an Order dismissing the appeal in the ACR Litigation with prejudice, declining to grant Defendants' motion and triggering the obligation of the ACR Defendants to pay the Settlement Fund on or before April 10, 2008.

24. Thereafter, Defendants have interfered and continue to interfere with the Settlement Payments, by *inter alia*:

- a. threatening the ACR Defendants and their counsel with suit if they pay the Settlement Fund to the ACR Plaintiffs and/or their counsel;

- b. asserting a claim against the ACR Defendants as well as the ACR Plaintiffs and their individual counsel for payment on a *class action* case which was dismissed.

- c. asserting unreasonable demands for fees;

- d. failing and refusing to advise the ACR Plaintiffs of the time Defendants allegedly expended and the expenses advanced in support of the settlement;

- e. failing and refusing to mediate in good faith, including *inter alia* in connection with mediation efforts by the Honorable Robert Rack of the Sixth Circuit Court of Appeals; and

6

       f.  refusing to negotiate in good faith, including *inter alia* in connection with efforts to conclude an agreement to pay the ACR Plaintiffs that portion of the Settlement Fund exclusive of the Fee Portion.

25.     To date, as a direct result of the Defendants' interference, the ACR Defendants have not paid the Settlement Fund to the ACR Plaintiffs or Counsel to the ACR Plaintiffs as the Settlement Agreements provide, and have refused to perform their obligations under the Settlement Agreements, and accordingly, have repudiated their obligations under the contracts. The Settlement Funds remain in the custody of the ACR Defendants or their counsel at Citibank, a bank having its principal place of business in New York, New York.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Tortious Interference With The Settlement Agreements)

26.     Plaintiffs repeat and reallege the factual allegations in the foregoing paragraphs as if set forth herein.

27.     Plaintiffs, ACR Plaintiffs and ACR Defendants had, in the Settlement Agreements, binding contracts which required payment as set forth above within a specified period following the entry of a final order with the Sixth Circuit Court of Appeals.

28.     Defendants were each aware of the existence of the Settlement Agreements. Defendants have wrongfully and tortiously interfered with the Settlement Agreements.

29.     The Settlement Payments are due and owing to the ACR Plaintiffs, and the Fee Portion thereof to the Plaintiffs, but the Settlement Payments have not been made as a direct result of the Defendants' wrongful and tortious interference.

30.     Plaintiffs have been damaged thereby in an amount to be proved at trial.

7

## AS AND FOR A SECOND CAUSE OF ACTION
### (Tortious Interference With The Fee Agreements)

31.    Plaintiffs repeat and reallege the factual allegations in the foregoing paragraphs as if set forth herein.

32.    Plaintiffs and ACR Individual Plaintiffs had, in the Fee Agreements, binding contracts regarding the distribution of the Settlement Payments between the ACR Plaintiffs and their counsel.

33.    Defendants were each aware of the existence of the Fee Agreements. Defendants have wrongfully and tortiously interfered with the Fee Agreements by preventing the Settlement Payments.

34.    The Settlement Payments are due and owing to the ACR Plaintiffs, and the Fee Portions thereof to the Plaintiffs, but the Settlement Payments have not been made as a direct result of the Defendants' wrongful and tortious interference.

35.    Plaintiffs have been damaged thereby in an amount to be proved at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment Pursuant To C.P.L.R. Sec. 3001)

36.    Plaintiffs repeat and reallege the factual allegations in the foregoing paragraphs as if set forth herein.

37.    Plaintiffs and ACR Individual Plaintiffs had, in the Fee Agreements, valid, binding and enforceable contracts regarding the distribution of the attorneys fees and expenses between the ACR Plaintiffs and their counsel, who do not include Defendants.

38.    Plaintiffs have discretion and are legally authorized to make a reasonable final allocation and disbursement of fees and expenses recovered under the Fee Agreements to themselves and any other counsel whom the ACR Plaintiffs agreed to be retained. Since no class

8

was ever certified, no class recovery was ever obtained, ACR Plaintiffs settled individually only and Defendants were never retained by ACR Plaintiffs to represent them individually, Plaintiffs are not required to pay any attorneys fees or expenses recovered under the Fee Agreements to Defendants, who were only interim counsel for a proposed class that was never certified.

**WHEREFORE** judgment should be entered in favor of Plaintiffs as follows:

A.    In favor of Plaintiffs for (REDACTED) together with such interest and other recovery as shall be available in law or equity;

B.    Declaring that the Defendants' interference in the payment of the Settlement Payments is wrongful;

C.    Declaring that the Plaintiffs are entitled to the Fee Portions and are authorized to make final disbursement of the Fee Portions in their discretion;

D.    Declaring that defendants are not entitled to recover any attorneys fees or expenses recovered pursuant to the Fee Agreements;

E.    Enjoining the Defendants from further interfering in the Settlement Agreements and the Fee Agreements; and

9

F.        For such other and further relief as Plaintiffs shall be entitled in law or equity.

Dated: June 17, 2008

Respectfully Submitted:

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

By: _____

Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY 10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546

BRAMLETT LAW OFFICES
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734

10

# EXHIBIT "B"

**RECEIVED**

**IN THE UNITED STATE COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

MAR 1 7 2008

MAR 1 7 2008

In re COPPER TUBING LITIGATION,
Leonard Green
Clerk

LEONARD GREEN, Clerk

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

      Plaintiffs-Appellants/Cross-Appellees,

vs.

COA Nos.:   07-6070, 07-6149, 07-6150,
                07-6151, 07-6152, 07-6153
Originating Case No.:  06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

      Defendants-Appellees/Cross-Appellants.

---

### NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY

---

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Tennessee Code Annotated §23-2-103, the law firms

of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys' liens in

this case for attorneys' fees and also expenses advanced in the representation of the Plaintiffs.

1

Respectfully submitted,

By: _B. J. Wade ( 712 )_

B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE
    & WYATT, P.C.** 26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 14th day of March, 2008, upon the following:

Fred T. Isquith, Esq.                             isquith@whafh.com
**WOLF HALDENSTEIN ADLER**                        FAX NO.: (212) 545-4653
    **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Mary Jane Edelstein Fait                          fait@whafh.com
**WOLF HALDENSTEIN ADLER**                        FAX NO.: (312) 984-0001
    **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

Gregory P. Hansel                                 ghansel@preti.com
Randall B. Weill                                  rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**                     FAX NO.: (207) 791-3111
    **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

2

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

lcrawford@wyattfirm.com
FAX NO.: (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.: (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
 & BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.: (615) 252-6385
FAX NO.: (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com
FAX NO.: (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
 AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.: (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
 & DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com
FAX NO.: (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
 & HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.: (202) 974-1999

3

Aidan Synnott, Esq.                          asynnott@paulweiss.com
Moses Silverman, Esq.                        msilverman@paulweiss.com
Susanne M. Kandel, Esq.                      skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**            TO NO.: (212) 757-3990
**& GARRISON**
1285 Avenue of the Americas
New York, NY 10019

James R. Newsom, III, Esq.                   jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**                 FAX NO.: (901) 526-4484
**& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

Paul Kent Bramlett                           pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN 37215-0734

Joseph C. Kohn                               jkohn@kohnswift.com
William E. Hoese                             whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**                 FAX NO.: (215) 238-1968
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Leonard Barrack                              lbarrack@barrack.com
Jeffery B. Gittleman                         jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103

Kemper B. Durand                             durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**              FAX NO.: (901) 525-6722
**JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103

Robert N. Kaplan                             rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**             FAX NO.: (212) 687-7714
805 Third Avenue, 22nd Floor
New York, NY 10022

Gary Specks                                  gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**            FAX NO.: (847) 831-1580
203 N. LaSalle Street
Chicago, IL 60601

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

jsloan@pedersenhoupt.com
FAX NO.:  (312) 641 6895

B. J. Wade

5

**FILED**

RECEIVED

MAR 2 4 2008

Leonard Green

MAR 2 4 2008

LEONARD GREEN, Clerk

## IN THE UNITED STATE COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

In re:  ACR COPPER TUBING LITIGATION,

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

      Plaintiffs-Appellants/Cross-Appellees,

vs.

                    COA Nos.:   07-6070, 07-6149, 07-6150,
                                       07-6151, 07-6152, 07-6153
                    Originating Case No.:  06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

      Defendants-Appellees/Cross-Appellants.

## AMENDED NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY

### TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that pursuant to Tennessee Code Annotated §§23-2-102 and 23-2-103,

the law firms of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have

attorneys' liens in this case for attorneys' fees and also expenses advanced in the representation

of the Plaintiffs.

Respectfully submitted,

By: _B.J. WADE (by R Scannscepbog)_

B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE
& WYATT, P.C.** 26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 21st day of March, 2008, upon the following:

Fred T. Isquith, Esq.
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

isquith@whafh.com
FAX NO.: (212) 545-4653

Mary Jane Edelstein Fait
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

fait@whafh.com
FAX NO.: (312) 984-0001

Gregory P. Hansel
Randall B. Weill
**PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

ghansel@preti.com
rweill@preti.com
FAX NO.: (207) 791-3111

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

lcrawford@wyattfirm.com
FAX NO.: (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.: (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS**
  **& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.: (615) 252-6385
FAX NO.: (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com
FAX NO.: (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.: (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE**
  **& DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com
FAX NO.: (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN**
  **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.: (202) 974-1999

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON**
1285 Avenue of the Americas
New York, NY 10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com
TO NO.: (212) 757-3990

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER & WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

jnewsom@harrisshelton.com
FAX NO.: (901) 526-4484

Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN 37215-0734

pknashlaw@aol.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107

jkohn@kohnswift.com
whoese@kohnswift.com
FAX NO.: (215) 238-1968

Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103

lbarrack@barrack.com
jgittleman@barrack.com

Kemper B. Durand
**THOMASON, HENDRIX, HARVEY, JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103

durandk@thompsonlaw.com
FAX NO.: (901) 525-6722

Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022

rkaplan@kaplanfox.com
FAX NO.: (212) 687-7714

Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL 60601

gspecks@kaplanfox.com
FAX NO.: (847) 831-1580

4

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

jsloan@pedersenhoupt.com
FAX NO.:  (312) 641 6895

_____

B. J. Wade

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

In Re ACR COPPER TUBING
LITIGATION

**Master File No. 06-cv-2207-D/P**

**District Judge Bernice B. Donald**

This Document Relates To:                     **Magistrate Judge Tu M. Pham**

Cause No.: 06-cv-2207
Cause No.: 06-cv-2211

## NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Tennessee Code Annotated §§23-2-102 and 23-2-103, the

law firms of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys'

liens in this case for attorneys' fees and also expenses advanced in the representation of the

Plaintiffs.

Respectfully submitted,

By:    s/B. J. Wade
        B. J. Wade (#5182)
        **GLASSMAN, EDWARDS, WADE**
        **& WYATT, P.C.**26 North Second Street
        Memphis, TN 38103
        Telephone: (901) 527-4673
        Facsimile: (901) 521-0940
        bwade@gewwlaw.com

1

OF COUNSEL:

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 2nd day of June, 2008, upon the following:

Fred T. Isquith, Esq.                           isquith@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Mary Jane Edelstein Fait                        fait@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

Gregory P. Hansel                               ghansel@preti.com
Randall B. Weill                                rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
  **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Robert Crawford, Esq.                           lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

William H. Rooney, Esq.                     wrooney@willkie.com
Kelly M. Hnatt, Esq.                        khnatt@willkie.com
Maren Wax, Esq.                             mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019


Paul A. Alexis, Esq.                        palexis@boultcummings.com
Colin J. Carnahan, Esq.                     ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
   **& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025


Jerome A. Broadhurst, Esq                   jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119


David Olsky, Esq.                           david.olsky@wilmerhale.com
Eric Mahr, Esq.                             eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                       todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
   **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006


Michelle D. Miller, Esq.                    michelle.miller@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
   **& DOOR, LLP**
60 State Street
Boston, MA 02109
Matthew I. Bachrack, Esq.                   mbachrack@cgsh.com
David I. Gelfand, Esq.                      dgelfand@cgsh.com
Nicole Rothe, Esq.                          nrothe@cgsh.com
**CLEARY, GOTTLIEB, STEEN**
   **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

3

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON**
1285 Avenue of the Americas
New York, NY  10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER**
  **& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103

jnewsom@harrisshelton.com

Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734

pknashlaw@aol.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107

jkohn@kohnswift.com
whoese@kohnswift.com

Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103

lbarrack@barrack.com
jgittleman@barrack.com

Kemper B. Durand
**THOMASON, HENDRIX, HARVEY,**
  **JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103

durandk@thompsonlaw.com

Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022

rkaplan@kaplanfox.com

Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

gspecks@kaplanfox.com

4

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL 60601

jsloan@pedersenhoupt.com

_____s/B. J. Wade_____
B. J. Wade

# EXHIBIT "C"

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

GLASSMAN, EDWARDS, WADE
& WYATT, P.C. and
AUDET & PARTNERS, LLP,

     Plaintiffs,

v.

                            Cause No.: _____

WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ, LLP;
KAPLAN, FOX & KILSHEIMER, LLP,
and PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP

     Defendants.

---

## COMPLAINT

---

**COME NOW** the Plaintiffs and for their cause of action against the Defendants, respectfully state as follows:

## I.    PARTIES

1.    Plaintiff Glassman, Edwards, Wade & Wyatt, P.C. ("Glassman") at all times material herein was a Tennessee professional corporation, consisting of shareholders and other attorneys engaged in the practice of law with its principal place of business at 26 North Second Street, Memphis, Tennessee 38103.

2.    Plaintiff Audet & Partners, LLP, ("Audet") at all times material herein was a California limited liability partnership with its principal place of business at 221 Main Street, Suite 1460, San Francisco, California  94105 and was formerly known in this underlying

1

litigation by the predecessor firm of William Audet, Esq., known as Alexander, Hawes and
Audet.

        3.     The Defendant Wolf, Haldenstein, Adler, Freeman & Herz, LLP ("Wolf
Haldenstein"), at all times material herein was New York limited liability partnership, with its
principal place of business at 270 Madison Avenue, New York, New York 10016.

        4.     The Defendant Kaplan, Fox & Kilsheimer, LLP ("Kaplan Fox"), at all times
material herein was a New York limited liability partnership, with its principal place of business
at 850 Third Avenue, 14th Floor, New York, New York 10022.

        5.     The Defendant Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") at all
times material herein was a Maine limited liability partnership, with its principal place of
business at One City Center, Portland, Maine 04101.

## II.    JURISDICTION AND VENUE

        6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in
controversy exceeds $75,000.00, exclusive of interest and costs and because this action is
brought by Plaintiffs who are citizens of states other than that of the Defendants.

        7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391. Plaintiffs and
Defendants appeared as counsel of record and performed legal services in several related causes
of action pending in this District, as alleged in paragraph 8 below. The Defendants conducted
business in the State of Tennessee and this District by serving as counsel of record in these
causes, including a persistent course of business conduct in this District. Defendants engaged in
a persistent course of business in this District by performing multiple legal services such as the
filing of multiple pleadings in the causes referenced in paragraph 8 below. In the underlying

2

cases, over 153 documents were filed in the District Court by the plaintiffs and defendants in the underlying actions.

## III. FACTUAL ALLEGATIONS

8.    On or before April 7, 2006, Fait, a partner in Wolf Haldenstein's Chicago, Illinois office, approached B. J. Wade ("Wade") of Glassman Edwards Wade & Wyatt, P.C. and William M. Audet ("Audet") of Audet & Partners, to form a "joint venture" to serve as co-counsel for the Plaintiffs in the following actions filed in the United States District Court for the Western District of Tennessee:

a.   *PoolPak Technologies Corp. v. Outokumpu Oyj et al*, Cause No.: 2:06-cv-02207-BBD-tmp, filed on April 7, 2006; and

b.   *United Coolair Corp. v. Outokumpu Oyj et al*, Cause No.: 2:06-cv-02211-SHM-tmp, filed on April 11, 2006.

9.    The purpose of the joint venture was to undertake the prosecution of the above-styled actions by contributing equity in the form of attorneys' fees, expenses or costs advanced in the prosecution of these actions, to control and litigate the direction of these two actions, and to equitably share any attorneys fees derived from successful prosecution of these two actions by the three firms.

10.   As a result of the joint venture between Plaintiffs and Defendant Wolf Haldenstein, these parties had a fiduciary duty to each other for acts taken in furtherance of the joint venture.

11.   Pursuant to the joint venture agreement between the Plaintiffs and Defendant Wolf Haldenstein, the parties commenced prosecution of the litigation in the above-referenced Complaints. Thereafter, on April 19, 2006, an additional action was filed relating to the two actions listed above, styled *Twinco Supply Corporation v. Outokumpu Oyj et al*, Cause No.:

3

2:06-cv-02225-BBD-tmp. Thereafter, Plaintiffs and Defendant Wolf Haldenstein continued to prosecute all three actions as a joint venture and filed a Motion to Consolidate the related actions, and for appointment of lead counsel.

12.     On May 25, 2006, United States District Court for the Western District of Tennessee, Magistrate Judge Tu M. Pham entered a Report and Recommendation on plaintiffs' motion to appoint Plaintiffs' interim lead and liaison counsel, and appointing Plaintiffs and Defendant Wolf Haldenstein, along with another firms, to serve as plaintiffs' interim lead counsel and liaison counsel. A copy of the Magistrate Judge's Order is attached hereto as Exhibit A.

13.     After May 25, 2006, Plaintiffs and Defendant Wolf Haldenstein furthered the purpose of the joint venture agreement by prosecuting the above actions referred to in Exhibit A. Among other activities, as part of their duties and obligations under the joint venture agreement, the Plaintiffs drafted memoranda, drafted motions and proposed orders, drafted, edited and filed various court documents, participated in numerous telephonic conferences with the Defendants and with counsel for the Defendants in the underlying action. In addition, Plaintiffs expended considerable out of pockets costs and assisted with common benefit costs advanced on behalf of the client. All filings for the clients in the underlying actions were done by Plaintiff Glassman, Edwards, Wade & Wyatt, and all hearings convened in the case were attended by at least one of the Plaintiffs in the case.

14.     On July 26, 2007, the United States District Court of the Western District of Tennessee, Honorable Bernice B. Donald, entered an order granting Defendants' Motions to Dismiss in the consolidated style "*In re: ACR Copper Tubing Litigation*, master file number 06-1107 D/P."

4

15.     Pursuant to the joint venture agreement between the parties, Plaintiffs and Defendant thereafter timely perfected a Notice of Appeal from the District Court's Order referred to in the preceding paragraph to the United States Court of Appeals for the Sixth Circuit and the consolidated cases were assigned United States Court of Appeals docket number 07-6070. Plaintiff Glassman, Edwards, Wade & Wyatt was listed as counsel for plaintiffs in the underlying action on the Notice of Appeal.

16.     In December 2007, Fait, on behalf of Defendant Wolf Haldenstein, participated in a telephone call with Audet and Wade and stated she had asked attorneys for plaintiffs in the other pending actions to dismiss their cases on appeal. Fait further stated to Audet and Wade that if these attorneys dismissed their actions, it was her intent not to pay them for the services rendered.

17.     Thereafter, at a specific date unknown to the Plaintiffs, but believed to be in December 2007, Fait, on behalf of Defendant, secretly participated in a mediation session without notice to the Plaintiffs and purported to settle the case on behalf of all the plaintiffs in the underlying cases.

18.     Fait's purpose in participating in the mediation without notice to Plaintiffs was an attempt to unlawfully deprive Plaintiffs of attorneys' fees for valuable services rendered in the underlying causes of action.

19.     Fait's conduct in appearing for the mediation without notice to Plaintiffs, who were court appointed co-lead counsel, and joint venturers with the Defendant, was a breach of Defendant's fiduciary relationship to Plaintiffs.

20.     After Plaintiffs received notice that Fait, acting on behalf of the Defendant, executed Orders of Dismissal in the actions pending in the United States Court of Appeals for the

5

Sixth Circuit, Plaintiffs filed a lien on the recovery on March 17, 2008 which is attached as Exhibit B.

21.      Thereafter, on March 24, 2008, Plaintiffs filed an Amended Notice of Lien in the actions pending before the United States Court of Appeals for the Sixth Circuit, attached hereto as Exhibit C.

22.      After Plaintiffs filed liens on any potential recovery for their attorneys' fees and costs, Defendant has failed and refused to provide Plaintiffs with an accounting of the time and expenses expended in the prosecution of this cause, and further, have failed to pay Plaintiffs' fees earned pursuant to the joint venture agreement.

### COUNT I – BREACH OF FIDUCIARY DUTY
### (Against Defendant Wolf Haldenstein Only)

23.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22 as if alleged herein.

24.      The failure of Defendant Wolf Haldenstein to notify Plaintiffs of the existence of the mediation, the participation in the mediation, and failure to pay fees justly earned by the Plaintiffs is a violation of the fiduciary relationship between the Plaintiffs and Defendant Wolf Haldenstein, which existed as a result of the joint venture.

### COUNT II – CONSTRUCTIVE TRUST
### (Against Defendant Wolf Haldenstein Only)

25.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 24 as if alleged herein.

26.     As a result of the breach of the fiduciary relationship that existed as a result of the joint venture, Plaintiffs ask a constructive trust be imposed upon the non-client portion of the settlement purportedly mediated in settlement by Defendant Wolf Haldenstein's agent, Fait.

27.     After imposition of the constructive trust upon the aforementioned proceeds, Plaintiffs pray that any fees sought by Defendant Wolf Haldenstein as a result of its breach of fiduciary duty be disgorged because of Wolf Haldenstein's breach of its fiduciary duties to Plaintiffs.

## COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Defendant Wolf Haldenstein Only)

28.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 27 as if alleged herein.

29.     Alternatively, in the event the Court determines a joint venture did not exist, but determines the parties had an oral agreement, Plaintiffs allege Defendant Wolf Haldenstein breached the implied covenant of good faith and fair dealing by its conduct in this cause for which Plaintiffs seek damages in an amount of $75,000.00, exclusive of interest and costs.

## COUNT IV – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

30.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 29 above as if alleged herein.

31.     Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaratory judgment by this Court in determining a division of attorneys' fees for the legal services performed in the underlying actions by the Plaintiffs and Defendants.

7

## COUNT V – QUANTUM MERUIT AGAINST ALL DEFENDANTS

32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if alleged herein.

33.     Alternatively, in the event the Court determines that neither a joint venture nor an oral agreement existed, Plaintiffs seek a recovery from the Defendants in *quantum meruit* for their legal services rendered and expenses incurred in the prosecution of the underlying actions.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants:

1.     For damages in excess of $75,000.00, inclusive of interest and costs;

2.     For constructive trust against the non-client portion of the recovery in the underlying actions;

3.     For disgorgement of any fees sought by the Defendant Wolf Haldenstein, as a result of its breach of fiduciary duty to Plaintiffs;

4.     For an award to Plaintiffs based on the doctrine of *quantum meruit*;

5.     For all other general and specific relief to which Plaintiffs are entitled; and

6.     For costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**RICHARDSON LAW FIRM**

By:___s/John D. Richardson_____

John D. Richardson (#6124)
*Attorney for Plaintiff*
119 South Peabody Place, Suite 725
Memphis, TN 38103
(901) 521-1122 – phone
(901) 523-7677 – fax

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
E       Wd e & Watt, P.

## DEFENDANTS
Wf, H       A    F    & H    L

**(b)** County of Residence of First Listed Plaintiff    Shelb
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ohn D. Richardson/The Richardson Law Firm (901) 521-1122
19 South Main Street, Suite 725, Memphis, TN 38103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL INJURY** / **PERSONAL PROPERTY** / **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☒ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** / ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
2    U    S    U    S

Brief description of cause:
or 11d uc ied utjoeac h ot j oint venture a greement; oeac h ot imoied   c oven antof aood faith

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):

JUDGE  B      B D

DOCKET NUMBER  06-2207; 06-2211; 06-222

DATE
0

SIGNATURE OF ATTORNEY OF RECORD
s/   D Rc hard son

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case 1:08-cv-05751-JGK    Document 1    Filed 06/26/2008    Page 48 of 114
Case 2:08-cv-02336-BBD-dkv    Document 1-2    Filed 05/28/2008    Page 2 of 2
IS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify fist the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the firstlisted plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list hem on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Case 2:08-cv-02336-BBD-dkv   Document 1-3   Filed 05/26/2008   Page 49 of 114
Case 1:08-cv-05751-JGK   Document 1   Filed 06/26/2008   Page 1 of 13

Case 2:06-cv-02207-BBD-tmp     Document 14     Filed 05/25/2006     Page 1 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| POOLPAK TECHNOLOGIES CORP., on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OUTOKUMPU OYJ, et al.,<br><br>    Defendants. | Civil No. 06-2207 D/P |
| UNITED COOLAIR CORP. on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OUTOKUMPU OYJ, et al.,<br><br>    Defendants. | Civil No. 06-2211-Ma/P |
| TWINCO SUPPLY CORPORATION on behalf of itself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>OUTOKUMPU OYJ, et al.,<br><br>    Defendants. | Civil No. 06-2225-B/P |

Case 1:08-cv-05751-JGK   Document 1   Filed 06/26/2008   Page 50 of 114
Case 2:08-cv-02336-BBD-dkv   Document 1-3   Filed 05/28/2008   Page 2 of 13
Case 2:06-cv-02207-BBD-tmp   Document 14   Filed 05/25/2006   Page 2 of 13

---

**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE AND
COORDINATE RELATED ACTIONS, GRANTING DEFENDANTS' MOTIONS FOR
ADDITIONAL TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND
REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO APPOINT
PLAINTIFFS' INTERIM LEAD COUNSEL AND LIAISON COUNSEL**

---

Before the court is plaintiff PoolPak Technologies Corp.'s

("PoolPak") Motion to Consolidate and Coordinate Related Actions

and Appoint Plaintiffs' Interim Lead Counsel and Liaison Counsel,

filed April 27, 2006,[1] and defendants Outokumpu Oyj, Outokumpu

Copper Products Oyj, Outokumpu Copper (U.S.A.), Inc., Outokumpu

Copper Franklin, Inc., Outokumpu Heatcraft USA LLC, and Mueller

Industries, Inc.'s Motions for Additional Time Within Which to

Answer or Otherwise Respond, filed May 17 and 24, 2006.  Defendant

Mueller  Industries,  Inc.  ("Mueller")  filed  a  response  to

plaintiff's motion on May 3, 2006, in which it indicated that it

does not oppose the motion.   The Outokumpu defendants have not

filed a response in opposition to plaintiff's motion.

On April 28, 2006, U.S. District Judge Bernice Donald referred

plaintiff's motion to the Magistrate Judge for report and

recommendation/determination.   For the reasons below, the court

GRANTS plaintiff's Motion to Consolidate and Coordinate Related

---

[1]On April 27, 2006, plaintiffs United CoolAir Corp.
("CoolAir") and Twinco Supply Corp.'s ("Twinco") filed identical
motions in the cases of United Coolair Corp. v. Outokumpu Oyj, et
al., 06-CV-2211 Ma/P, and Twinco Supply Corp. v. Outokumpu Oyj,
et al., 06-CV-2225 B/P.

-2-

Case 1:08-cv-05751-JGK   Document 1   Filed 06/26/2008   Page 51 of 114
Case 2:08-cv-02336-BBD-dkv   Document 1-3   Filed 05/28/2008   Page 3 of 13
Case 2:06-cv-02207-BBD-tmp   Document 14   Filed 05/25/2006   Page 3 of 13

Actions, and GRANTS defendants' Motions for an Extension of Time to
Answer or Otherwise Respond.   The court further RECOMMENDS that
plaintiff's Motion to Appoint Plaintiffs' Interim Lead Counsel and
Liaison Counsel be GRANTED.

## I.   BACKGROUND

PoolPak is a Pennsylvania corporation and manufacturer of
commercial air-conditioning and swimming pool dehumidifying
equipment.  Compl. ¶ 1.  During the course of its business, PoolPak
routinely purchases ACR copper tubing, an industrial tubing
designed for use in air-conditioning and refrigeration
applications.  Compl. ¶ 24.  The Outokumpu and Mueller Defendants
are engaged in the production or sale of ACR copper tubing.  Compl.
¶ 9-17.  On April 7, 2006, PoolPak filed a class action complaint
asserting claims pursuant to Section 1 of the Sherman Act, 15
U.S.C. § 1, against numerous manufacturers and distributors of ACR
copper tubing, including these defendants.  PoolPak alleges that
during the period from May 1988 through December 2003, defendants
engaged in a conspiracy to raise, fix, or maintain the price of ACR
copper tubing, allegedly causing PoolPak and similarly situated
plaintiffs to pay more for such tubing than they would have in a
competitive market.  Compl. ¶ 2.  Plaintiffs Cool Air and Twinco
filed substantially similar class action complaints in this
district on April 11 and 19, 2006, respectively.

Plaintiff Carrier Corporation ("Carrier") filed a similar

-3-

Case 1:08-cv-05751-JGK   Document 1   Filed 06/26/2008   Page 52 of 114
Case 2:08-cv-02336-BBD-dkv   Document 1-3   Filed 05/28/2008   Page 4 of 13

Case 2:06-cv-02207-BBD-tmp   Document 14   Filed 05/25/2006   Page 4 of 13

complaint against these defendants in this district on March 29, 2006 (<u>Carrier Corp. v. Outokumpu, et al.</u>, 06 CV 2186 D/V). Although the plaintiff in <u>Carrier</u> does not seek class action status, the plaintiff raises substantially identical allegations and seeks the same relief as the <u>PoolPak</u>, <u>CoolAir</u>, and <u>Twinco</u> plaintiffs.[2]

Plaintiff filed the present motion on April 27, 2006, seeking to consolidate the <u>PoolPak</u>, <u>CoolAir</u>, <u>Twinco</u> class actions (collectively "the class action cases") for all purposes, and to coordinate the class action cases and the <u>Carrier</u> case for purposes of discovery only. In addition, plaintiffs ask the court to appoint the law firms of Alexander, Hawes & Audet; the Wolf Haldenstein firm; Glassman, Edwards, Wade & Wyatt, P.C.; and Preti, Flaherty, Beliveau & Pachios LLP as Interim Co-Lead Counsel and the Bramlett Law Offices as Interim Liaison Counsel, for the <u>PoolPak</u>, <u>CoolAir</u> and <u>Twinco</u> class action cases.

## II.   ANALYSIS

### A.   Motion to Consolidate

Federal Rule of Civil Procedure 42 authorizes courts to order several cases consolidated when actions involving a common question of fact or law are before the court. Fed. R. Civ. P. 42(a). In its discretion, the trial court may order actions consolidated in

---

[2]According to plaintiff's certificate of consultation, Carrier agrees that all related cases should be transferred and consolidated.

-4-

Case 1:08-cv-05751-JGK Document 1-3 Filed 06/26/2008 Page 53 of 114
Case 2:08-cv-02336-BBD-dkv Document 1-3 Filed 05/28/2008 Page 5 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 5 of 13

the interests of judicial economy so that it may "administer the
court's business 'with expedition and economy while providing
justice to the parties.'" Williams v. Gilless, No. 93-5844, 1994
U.S. App. LEXIS 4234, at *3 (6th Cir. 1994) (quoting 9 Wright &
Miller, Federal Practice and Procedure, §§ 2381 (1971)). District
courts have broad discretion in determining whether to consolidate
cases, and should consider whether consolidation will promote
judicial economy without impeding justice and the interests of the
parties. Devlin v. Transportation Communs. Int'l Union, 175 F.3d
121, 130 (2d Cir. 1999); Johnson v. Celotex Corp., 899 F.2d 1281,
1285 (2d Cir. 1990).

The court concludes that the present class action cases are
well-suited for consolidation.    The complaints filed by the
PoolPak, CoolAir, and Twinco plaintiffs are nearly identical.  The
class actions involve common questions of law and fact, as each
complaint contains the same factual allegations against the same
defendants, seeks the same relief and relies upon the same legal
authority in support of the claims.[3]    Consolidating and

---

[3]Unlike the PoolPak, CoolAir and Twinco plaintiffs, Carrier
does not seek class action status. This factor, however, does
not preclude the use of consolidation for purposes of discovery.
"[A]lthough consolidation is permitted as a matter of convenience
and economy in administration, [it] does not merge the suits into
a single cause, or change the rights of the parties, or make
those who are parties in one suit parties in another." Lewis v.
ACB Bus. Servs., 135 F.3d 389, 412 (6th Cir. 1998) (internal
citations omitted). Carrier's complaint raises questions of fact
and law common to those raised by the class action plaintiffs,
and seeks the same relief that PoolPak, CoolAir and Twinco seek.

Case 1:08-cv-05751-LGK Document 1-3 Filed 06/26/2008 Page 54 of 114
Case 2:08-cv-02336-BBD-dkv Document 1-3 Filed 05/28/2008 Page 6 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 6 of 13

coordinating these cases will promote judicial economy.    Thus,
PoolPak's motion to consolidate the class action cases for all
purposes, and to coordinate these class action cases with the
Carrier case for purposes of discovery only, is GRANTED.

## B.    Defendants' Motions for an Extension of Time to Answer or Otherwise Respond

For good cause shown, and no opposition thereto, the
defendants' Motions for an Extension of Time to Answer or Otherwise
Respond to the complaint is GRANTED.

### III.    REPORT AND RECOMMENDATION

In their motions to consolidate, plaintiffs also ask the court
to appoint the law firms of Alexander, Hawes & Audet, the Wolf
Haldenstein firm, Glassman, Edwards, Wade & Wyatt, P.C., and Preti,
Flaherty, Beliveau & Pachios LLP as Interim Co-Lead Counsel and the
Bramlett Law Offices as Interim Liaison Counsel.    In support of
their request, plaintiffs have submitted affidavits signed by lead
counsel from each law firm and resumes describing each firm's
experience with class action or antitrust litigation. Pl.'s Ex. 1,
3, 5, 6, 7.

### 1.    Proposed Findings of Fact

#### a.    Wolf Haldenstein

Wolf Haldenstein is a New York-based law firm that has
extensive experience in class action litigation and prosecuting

_____

Thus, consolidation with these cases for purposes of discovery
only is appropriate.

-6-

Case 1:08-cv-05751-JGK Document 1 Filed 06/26/2008 Page 55 of 114
Case 2:08-cv-02336-BBD-dkv Document 1-3 Filed 05/28/2008 Page 7 of 13
Case 2:06-cv-02207-BBD-tmp Document 14 Filed 05/25/2006 Page 7 of 13

similar claims on behalf of class members. The firm has served as class counsel in several recent federal court cases and has recently been appointed interim co-lead counsel in a similar case in this district, In re: Copper Tubing Litigation, No. 04-2771 (W.D. Tenn. filed Sept. 24, 2004). Pl. Ex. 1. In addition, Wolf Haldenstein has significant experience in handling complex antitrust litigation, as it has represented various plaintiffs in over 35 antitrust class action cases. Feit Aff. ¶ 3. Mary Jane Edelstein Feit, who manages Wolf Haldenstein's antitrust practice group and is primarily responsible for this case on behalf of her firm, has over 25 years of experience in antitrust class action cases. Feit Aff. ¶ 4.

### b. Alexander, Hawes & Audet

Alexander, Hawes & Audet is a California-based firm that specializes in the class action prosecution of tort, business fraud, and antitrust claims. Pl.'s Ex. 3. The firm has served as plaintiff's counsel in 11 antitrust class action claims, and has been involved with over 50 other class action lawsuits throughout the country. Id. Alexander, Hawes & Audet has significant experience serving as lead counsel in class actions, and was also recently appointed interim co-lead counsel by this court in In re: Copper Tubing Litigation. William Audet heads the firm's class action practice and will be personally involved in its representation in this case. Audet Aff. ¶ 6.

-7-

Case 1:08-cv-05751-JGK Document 1-3 Filed 06/26/2008 Page 56 of 114
Case 2:08-cv-02336-BBD-dkv Document 1-3 Filed 05/28/2008 Page 8 of 13
Case 2:06-cv-02207-BBD-tmp Document 14 Filed 05/25/2006 Page 8 of 13

### c. Glassman Edwards

Glassman Edwards is a Tennessee firm with a significant class action practice. B.J. Wade, the attorney for Glassman Edwards who is primarily responsible for the firm's representation in this case, has served as lead counsel in at least 5 class action cases prosecuted in Tennessee and was recently appointed co-liason counsel by this court in In re: Copper Tubing Litigation and In re: Accredo Securities Litigation, No. 03-2216 (W.D. Tenn. filed April 8, 2003). Wade Aff. ¶ 4, 6. In addition, Wade has served on the steering committee in a nationwide class action filed in Santa Clara, California. Wade Aff. ¶ 4.

### d. Preti, Flaherty, Beliveau, and Pachios

Preti, Flaherty, Beliveau and Pachios ("Preti Flaherty") is a New England-based law firm with significant antitrust class action experience. The firm has represented plaintiffs and defendants in at least 18 antitrust class action cases filed in state and federal courts throughout the country. Pl.'s Ex. 6. Greg Hansel, the Preti Flaherty attorney responsible for prosecuting this case, is the co-head of the firm's antitrust class action practice, and has experience serving as lead counsel in class action prosecutions and arguing before the Judicial Panel on Multidistrict Litigation. Id.; Hansel Aff. ¶ 4.

### e. Bramlett Law Offices

Paul Bramlett is licensed in Tennessee and Mississippi and has

-8-

Case 1:08-cv-05751-JGK   Document 1-3   Filed 06/26/2008   Page 57 of 114
Case 2:08-cv-02336-BBD-dkv   Document 1-3   Filed 05/28/2008   Page 9 of 13
Case 2:06-cv-02207-BBD-tmp   Document 14   Filed 05/25/2006   Page 9 of 13

practiced law for over 35 years.  Pl.'s Ex. 7.  His practice is
devoted to civil litigation and specializes on securities class
actions, consumer class actions, and antitrust litigation.  Id.
Bramlett has served as local or liaison counsel in at least nine
recent class actions filed in Tennessee, including In re: Copper
Tubing Litigation.  Id.

### 2.   Proposed Conclusions of Law

Federal Rule of Civil Procedure 23 authorizes the court to
"designate interim counsel to act on behalf of the putative class
before determining whether to certify the action as a class
action."  Fed. R. Civ. P. 23(g)(2)(A); see also Hill v. Tribune
Co., No. 05-2602, 2005 U.S. Dist. LEXIS 23931, at *14-15 (N.D. Ill.
Oct. 13, 2005) (unpublished) ("Rule 23(g) provides criteria to
consider when appointing class counsel.  No distinction is made
regarding appointing interim counsel.").  Rule 23 provides the
following factors that the court should consider when appointing
class counsel: "the work counsel has done in identifying or
investigating potential claims in the action; counsel's experience
in handling class actions, other complex litigation, and claims of
the type asserted in the action; counsel's knowledge of the
applicable law; and the resources counsel will commit to
representing the class."  Fed. R. Civ. P. 23(g)(1)(C).

As discussed above, all of these firms have significant
experience in managing complex class action litigation.   Wolf

-9-

Case 1:08-cv-05751-JGK    Document 1-3    Filed 06/26/2008    Page 10 of 114
Case 2:08-cv-02336-BBD-dkv    Document 1-3    Filed 05/28/2008    Page 10 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 10 of 13

Haldenstein, Preti Flaherty, and Alexander, Hawes & Audet have each demonstrated that they possess the resources and expertise to prosecute complicated antitrust class action claims, and have held leadership positions in complex cases that involved allegations similar to those at issue in these present cases. Glassman Edwards also has significant experience in managing complex cases, and as a Memphis-based law firm, is familiar with the local rules of this court. Moreover, each firm seeking appointment as interim co-lead counsel has submitted an affidavit describing the work that they have done in these cases. It appears that each of these firms has expended considerable time and resources in pursuing the class action claims.  The attorneys have performed market and economic research on the plaintiffs' antitrust claims, have retained experts, and have consulted with people knowledgeable about the copper tubing industry.  Feit Aff. ¶ 5; Audet Aff. ¶ 7; Hansel Aff. ¶ 5; Wade Aff. ¶ 6.

Paul Bramlett is licensed in Tennessee and has extensive experience litigating in Tennessee courts, and he is familiar with Tennessee law and the local rules of this court.    Moreover, Bramlett has often served as liaison counsel in the Western District; he is currently acting in that capacity in In re: Copper Tubing Litigation.

Based on these facts, the court RECOMMENDS that plaintiff's motion to appoint plaintiffs' interim lead counsel and liaison

Case 1:08-cv-05751-JGK    Document 1-3    Filed 06/26/2008    Page 59 of 114
Case 2:08-cv-02336-BBD-dkv    Document 1-3    Filed 05/28/2008    Page 11 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 11 of 13

counsel be GRANTED.

### IV.  CONCLUSION

For the reasons above, plaintiff's motion to consolidate and
coordinate related actions for purposes of discovery is GRANTED.
Defendants' Motions for an Extension of Time to Answer or Otherwise
Respond is GRANTED.  The court hereby ORDERS as follows:

1.    The following actions are hereby consolidated before this
court for all purposes, including pretrial proceedings, trial and
appeal, pursuant to Rule 42 of the Federal Rules of Civil
Procedure:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Poolpak Technologies Corp., v. Outokumpu Oyj, et al.,* | 06-cv-2207 | 04/07/06 |
| *United Coolair Corp., v. Outokumpu Oyj, et al.,* | 06-cv-2211 | 04/11/06 |
| *Twinco Supply Corporation v. Outokumpu Oyj, et al.* | 06-cv-2225 | 04/19/06 |

2.    The caption of these consolidated actions shall be "*In re
ACR Copper Tubing Litigation*" and the files of these consolidated
actions shall be maintained in one file under Master File No. 06-
2207.  Any other class actions now pending or later filed which
arise out of or are related to the same facts as alleged in the
above-identified cases shall be consolidated for all purposes, if
and when they are brought to the Court's attention.

3.    Every pleading filed in the consolidated actions, or in

-11-

Case 1:08-cv-05751-JGK    Document 1    Filed 06/26/2008    Page 60 of 114
Case 2:08-cv-02336-BBD-dkv    Document 1-3    Filed 05/28/2008    Page 12 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 12 of 13

any separate action included herein, shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| In re ACR COPPER TUBING LITIGATION | ) )  ) Master File No.  06-cv-2207-D/P |
| This Document Relates To: | ) )  ) )  |

4.   When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g., "_____ (_____)").

5.   Plaintiffs, through Lead Counsel appointed by Order of this Court, shall file and serve a single consolidated complaint within 30 days after the entry of this Order.  The consolidated complaint shall be deemed the original complaint, superseding all complaints filed in any of the actions consolidated hereunder or in any related cases.   Defendants shall have 60 days to answer or otherwise respond to the consolidated complaint.  Should Defendants file a motion challenging the pleadings, the parties shall meet and confer regarding a mutually acceptable briefing and hearing

Case 1:08-cv-05751-JGK    Document 1    Filed 06/26/2008    Page 61 of 114
Case 2:08-cv-02336-BBD-dkv    Document 1-3    Filed 05/28/2008    Page 13 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 13 of 13

schedule for the motion.

6.    The action styled <u>Carrier Corp. et al. v. Outokumpu Oyj, et al.</u>, Case No. 06-cv-2186, and any subsequently filed related individual action, will be coordinated with *In Re ACR Copper Tubing Litigation* for the purpose of pretrial discovery only.

The court further RECOMMENDS that the law firms of Wolf Haldenstein, Adler, Freeman and Hertz, LLP, Alexander, Hawes & Audet, LLP, Glassman, Edwards, Wade & Wyatt, P.C. and Preti, Flaherty, Beliveau & Pachios LLP be appointed as Interim Co-Lead Counsel and the Bramlett Law Offices be appointed as Interim Liaison Counsel.

Respectfully Submitted,

S/ Tu M. Pham

TU M. PHAM
United States Magistrate Judge

May 24, 2006

Date

### NOTICE

**WITH REGARDS TO THE REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO APPOINT COUNSEL, ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.    28 U.S.C. § 636(b)(1)(C).    FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

**RECEIVED**

**IN THE UNITED STATE COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

MAR 1 7 2008

MAR 1 7 2008

In Leonard Green
Clerk OPPER TUBING LITIGATION,

LEONARD GREEN, Clerk

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

     Plaintiffs-Appellants/Cross-Appellees,

vs.

COA Nos.:   07-6070, 07-6149, 07-6150,
               07-6151, 07-6152, 07-6153
Originating Case No.: 06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

     Defendants-Appellees/Cross-Appellants.

---

**NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY**

---

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Tennessee Code Annotated §23-2-103, the law firms

of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys' liens in

this case for attorneys' fees and also expenses advanced in the representation of the Plaintiffs.

1

Respectfully submitted,

By: B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.** 26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 14th day of March, 2008, upon the following:

Fred T. Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

isquith@whafh.com
FAX NO.: (212) 545-4653

Mary Jane Edelstein Fait
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

fait@whafh.com
FAX NO.: (312) 984-0001

Gregory P. Hansel
Randall B. Weill
**PRETI, FLAHERTY, BELIVEAU**
**& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

ghansel@preti.com
rweill@preti.com
FAX NO.: (207) 791-3111

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

lcrawford@wyattfirm.com
FAX NO.: (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.: (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.: (615) 252-6385
FAX NO.: (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com
FAX NO.: (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.: (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
& DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com
FAX NO.: (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.: (202) 974-1999

3

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON**
1285 Avenue of the Americas
New York, NY 10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com
TO NO.: (212) 757-3990

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER**
**& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

jnewsom@harrisshelton.com
FAX NO.: (901) 526-4484

Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN 37215-0734

pknashlaw@aol.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107

jkohn@kohnswift.com
whoese@kohnswift.com
FAX NO.: (215) 238-1968

Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103

lbarrack@barrack.com
jgittleman@barrack.com

Kemper B. Durand
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103

durandk@thompsonlaw.com
FAX NO.: (901) 525-6722

Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022

rkaplan@kaplanfox.com
FAX NO.: (212) 687-7714

Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL 60601

gspecks@kaplanfox.com
FAX NO.: (847) 831-1580

4

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL 60601

jsloan@pedersenhoupt.com
FAX NO.: (312) 641 6895


B. J. Wade

**RECEIVED**

**IN THE UNITED STATE COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

MAR 1 7 2008

MAR 1 7 2008

In re COPPER TUBING LITIGATION,
Leonard Green
Clerk

LEONARD GREEN, Clerk

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

      Plaintiffs-Appellants/Cross-Appellees,

vs.

COA Nos.:   07-6070, 07-6149, 07-6150,
              07-6151, 07-6152, 07-6153
Originating Case No.: 06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

      Defendants-Appellees/Cross-Appellants.

---

## NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY

---

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      Please take notice that pursuant to Tennessee Code Annotated §23-2-103, the law firms

of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys' liens in

this case for attorneys' fees and also expenses advanced in the representation of the Plaintiffs.

Respectfully submitted,

By: _B. J. Wade (₩₩₩₩₩)_

B. J. Wade (#5182)

**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.** 26 North Second Street
Memphis, TN  38103
Telephone:  (901) 527-4673
Facsimile:  (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 14th day of March, 2008, upon the following:

Fred T. Isquith, Esq.                            isquith@whafh.com
**WOLF HALDENSTEIN ADLER**                        FAX NO.: (212) 545-4653
    **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016

Mary Jane Edelstein Fait                         fait@whafh.com
**WOLF HALDENSTEIN ADLER**                        FAX NO.: (312) 984-0001
    **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603

Gregory P. Hansel                               ghansel@preti.com
Randall B. Weill                                rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**                     FAX NO.: (207) 791-3111
    **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

lcrawford@wyattfirm.com
FAX NO.: (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.: (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.: (615) 252-6385
FAX NO.: (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com
FAX NO.: (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.: (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
& DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com
FAX NO.: (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.: (202) 974-1999

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON**
1285 Avenue of the Americas
New York, NY 10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com
TO NO.: (212) 757-3990

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER**
  **& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

jnewsom@harrisshelton.com
FAX NO.: (901) 526-4484

Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN 37215-0734

pknashlaw@aol.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107

jkohn@kohnswift.com
whoese@kohnswift.com
FAX NO.: (215) 238-1968

Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103

lbarrack@barrack.com
jgittleman@barrack.com

Kemper B. Durand
**THOMASON, HENDRIX, HARVEY,**
  **JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103

durandk@thompsonlaw.com
FAX NO.: (901) 525-6722

Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022

rkaplan@kaplanfox.com
FAX NO.: (212) 687-7714

Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL 60601

gspecks@kaplanfox.com
FAX NO.: (847) 831-1580

4

James B. Sloan                                          jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**                              FAX NO.: (312) 641 6895
161 North Clark Street, Suite 3100
Chicago, IL 60601

B. J. Wade

Glassman

Glassman

— v —

Wolf

— v —

Wolf

BERNICE B. DONALD

DIANE K. VESCOVO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In Re ACR COPPER TUBING
LITIGATION

Master File No. 06-cv-2207-D/P

District Judge Bernice B. Donald
This Document Relates To:                       Magistrate Judge Tu M. Pham

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211

MOTION BY GLASSMAN, EDWARDS, WADE & WYATT, P.C. AND
AUDET & PARTNERS, LLP, AS ATTORNEYS FOR PLAINTIFFS, FOR AN
ORDER REQUIRING DISPUTED ATTORNEYS' FEES AND EXPENSES TO BE
DEPOSITED INTO THE REGISTRY OF THE COURT PENDING RESOLUTION

Come now Glassman Edwards Wade & Wyatt, P.C. ("Glassman law firm"), and Audet &

Partners, LLP ("Audet law firm"), as attorneys for Plaintiffs in this cause, move the Court for an

Order, pursuant to 67 of the Federal Rule of Civil Procedure and LR 67.1 requiring disputed

attorneys' fees and expenses to be deposited to the Registry of this Court, pending resolution of this

issue.

The Declaration of B. J. Wade, *(under seal)* and a Memorandum of Law are submitted in

support of this Motion.

Respectfully submitted,

By:____s/B. J. Wade_____
        B. J. Wade (#5182)
        **GLASSMAN, EDWARDS, WADE**
         **& WYATT, P.C.** 26 North Second Street
        Memphis, TN  38103
        Telephone:  (901) 527-4673
        Facsimile:  (901) 521-0940
        bwade@gewwlaw.com

1

**OF COUNSEL:**

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 2nd day of June, 2008, upon the following:

Fred T. Isquith, Esq.                            isquith@whafh.com
**WOLF HALDENSTEIN**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Mary Jane Edelstein Fait                         fait@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

Gregory P. Hansel                                ghansel@preti.com
Randall B. Weill                                 rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
  **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Robert Crawford, Esq.                            lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

2

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS**
   **& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE**
   **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE**
   **& DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN**
   **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com

3

Aidan Synnott, Esq.                                         asynnott@paulweiss.com
Moses Silverman, Esq.                                       msilverman@paulweiss.com
Susanne M. Kandel, Esq.                                     skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON**
1285 Avenue of the Americas
New York, NY 10019


James R. Newsom, III, Esq.                                  jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**
**& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103


Paul Kent Bramlett                                          pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN 37215-0734


Joseph C. Kohn                                              jkohn@kohnswift.com
William E. Hoese                                            whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107


Leonard Barrack                                             lbarrack@barrack.com
Jeffery B. Gittleman                                        jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103


Kemper B. Durand                                            durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103


Robert N. Kaplan                                            rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022


Gary Specks                                                 gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL 60601

4

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

jsloan@pedersenhoupt.com

<u>      s/B. J. Wade                              </u>
B. J. Wade

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In Re ACR COPPER TUBING
LITIGATION                                      Master File No. 06-cv-2207-D/P

                                                District Judge Bernice B. Donald
This Document Relates To:                       Magistrate Judge Tu M. Pham

Cause No.: 06-cv-2207
Cause No.: 06-cv-2211

MEMORANDUM OF LAW IN SUPPORT OF MOTION BY GLASSMAN,
EDWARDS, WADE & WYATT, P.C. AND AUDET & PARTNERS, LLP, AS
ATTORNEYS FOR PLAINTIFFS, FOR AN ORDER REQUIRING DISPUTED
ATTORNEYS' FEES AND EXPENSES TO BE DEPOSITED INTO THE
REGISTRY OF THE COURT PENDING RESOLUTION

Glassman Edwards Wade & Wyatt, P.C. ("Glassman law firm") and Audet & Partners,

LLP ("Audet law firm") and submit this Memorandum in Support of their Motion for an Order

pursuant to Federal Rule of Civil Procedure 67 and LR 67.1, requiring disputed attorneys' fees

and expenses be deposited into the Registry of this Court, pending resolution.

I.      FACTS

The Glassman law firm and Audet law firm were attorneys for Plaintiffs in the following

actions filed in the United States District Court for the Western District of Tennessee:

> a.  *PoolPak Technologies Corp. v. Outokumpu Oyj et al*, Cause No.:
>     2:06-cv-02207-BBD-tmp, filed on April 7, 2006; and
>
> b.  *United Coolair Corp. v. Outokumpu Oyj et al*, Cause No.:  2:06-cv-
>     02211-SHM-tmp, filed on April 11, 2006.

On May 25, 2006, United States District Court for the Western District of Tennessee,

Magistrate Judge Tu M. Pham entered a Report and Recommendation on Plaintiffs' motion to

1

appoint Plaintiffs' interim lead and liaison counsel, and appointing the Glassman law firm and Audet law firm, along with the law firm of Wolf, Haldenstein, Adler, Freeman & Herz, LLP ("Wolf Haldenstein law firm"), to serve as Plaintiffs' interim lead counsel and liaison counsel. (See Magistrate Judge Tu M. Pham's Order attached as Exhibit A to the Declaration of B. J. Wade ("Wade Declaration").)

In December 2007, on a specific date unknown to the Glassman law firm or the Audet law firm, Mary Jane Edelstein Fait ("Fait"), on behalf of the Wolf Haldenstein law firm, secretly participated in a mediation session without notice to the Glassman law firm or Audet law firm and purported to settle the case described above.

After the Glassman law firm and Audet law firm received notice that Fait, acting on behalf of the Wolf Haldenstein law firm, executed Orders of Dismissal in the actions pending in the United States Court of Appeals for the Sixth Circuit, the Glassman and Audet law firms filed a lien in the Sixth Circuit on the recovery on March 17, 2008, attached to Wade Declaration as Exhibit B.

Thereafter, on March 24, 2008, the Glassman law firm and Audet law firm filed an Amended Notice of Lien in the actions pending before the Sixth Circuit, attached to Wade Declaration as Exhibit C.

On June 2, 2008 the Glassman and Audet law firms filed a Notice of Attorneys' Lien on Plaintiffs' Recovery in the actions pending in United States District Court for the Western District of Tennessee as referenced above, attached to Wade Declaration as Exhibit D.

The statutes in Tennessee which provide for attorneys' liens are as follows:

**T. C.A. § 23-2-102. Attorneys liens**

Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of

2

the suit.

### T. C.A. § 23-2-103.  Attorneys liens; commencement of employment

Any attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case; provided, that the record of the case shall first be made to show such employment by notice upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.

The Glassman law firm and the Audet law firm have been unable to reach a resolution with Plaintiffs' counsel as to the division of fees and expenses for the representation of the Plaintiffs in the case described above.

The Glassman law firm and Audet law firm respectfully submit that the Plaintiffs should receive their portion of the recovery immediately, but all other non-client monies should be deposited to the Registry of this Court pursuant to Rule 67 of the Federal Rule of Civil Procedure and LR 67.1.

Rule 67 of the Federal Rules of Civil Procedure provides as follows:

### RULE 67 – DEPOSIT IN COURT

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.  The party making the deposit shall serve the order permitting deposit on the clerk of the court.  Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C. §§ 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C. Title 31, § 725v;* or any like statute.  The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

Local Rule 67.1 provides as follows:

### LR 67.1 - INVESTMENT OF REGISTRY FUNDS

(a) **Investment of Funds.** Registry funds in this court invested in a commercial financial institution shall be placed in either a passbook savings account or a certificate of deposit. Any other order notwithstanding, registry funds shall not be invested in any commercial financial institution until the clerk has been notified by the Treasury Department or the Federal Reserve Bank that the receiving institution has collateralized the deposit according to the Treasury Department regulations current at that time. Until such notice, the clerk shall deposit the funds in the Treasury of the United States. Collateralization can be effected more promptly by advance notice to the clerk.

(b) **Investment of Funds.** Any proposed order for investment of registry funds of the court shall be presented to the Clerk of Court prior to its being presented to a judge for approval, and counsel obtaining such order shall be responsible for meeting the further conditions set forth below:

(1) The Clerk of Court, Chief Deputy Clerk, or Financial Officer shall signify that he or she has examined and approved the proposed order by placing his or her signature on the proposed order.

(2) The order shall specify the amount to be invested; whether the investment is to be a passbook savings account or a certificate of deposit; and the duration of the investment, if a certificate of deposit.

(3) The order should also name the institution where the investment shall be made. If no institution is named in the order, the clerk shall select one and shall invest at such institution at the highest rate paid by the institution selected for the type of investment. The clerk shall not be responsible for locating the institution paying the highest rate of interest when the institution is not named in the order.

## II.    CONCLUSION

For the foregoing reasons, the Glassman law firm and Audet law firm move the Court for an Order to Show Cause and for an Order Requiring the Disputed Attorneys' Fees and Expenses be Deposited into the Registry of this Court Pending Resolution.

Respectfully submitted,

By:_____s/B. J. Wade_____
B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.**26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940
bwade@gewwlaw.com

4

**OF COUNSEL:**

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 2nd day of June, 2008, upon the following:

Fred T. Isquith, Esq.                                        isquith@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Mary Jane Edelstein Fait                             fait@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

Gregory P. Hansel                                         ghansel@preti.com
Randall B. Weill                                            rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
  **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Robert Crawford, Esq.                                  lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
    & BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
    AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
    & DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
    & HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com

Aidan Synnott, Esq.                        asynnott@paulweiss.com
Moses Silverman, Esq.                       msilverman@paulweiss.com
Susanne M. Kandel, Esq.                     skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON**
1285 Avenue of the Americas
New York, NY  10019


James R. Newsom, III, Esq.                  jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**
**& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103


Paul Kent Bramlett                          pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734


Joseph C. Kohn                              jkohn@kohnswift.com
William E. Hoese                            whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107


Leonard Barrack                             lbarrack@barrack.com
Jeffery B. Gittleman                        jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103


Kemper B. Durand                            durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103


Robert N. Kaplan                            rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022


Gary Specks                                 gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL 60601

jsloan@pedersenhoupt.com


_____s/B. J. Wade_____
B. J. Wade

# EXHIBIT "D"

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

In Re ACR COPPER TUBING
LITIGATION

This Document Relates To:

Cause No.: 06-cv-2207
Cause No.: 06-cv-2211

**Master File No. 06-cv-2207-D/P**

**District Judge Bernice B. Donald**
**Magistrate Judge Tu M. Pham**

## MEMORANDUM OF LAW OF WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; KAPLAN FOX KILSHEIMER LLP; PRETI FLAHERTY BELIVEAU & PACHIOS LLP IN OPPOSITION TO THE MOTION OF GLASSMAN EDWARDS WADE & WYATT, P.C. AND AUDET & PARTNERS, LLP, FOR AN ORDER REQUIRING DISPUTED ATTORNEYS' FEES AND EXPENSES TO BE PAID INTO THE REGISTRY OF THE COURT

Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"); Kaplan Fox Kilsheimer LLP ("Kaplan Fox"); Preti Flaherty Beliveau & Pachios LLP ("Preti Flaherty") submit this Memorandum of Law In Opposition To The Motion Of Glassman Edwards Wade & Wyatt, P.C. ("Glassman") and Audet & Partners, LLP, ("Audet," collectively "Movants") For An Order Requiring Disputed Attorneys' Fees And Expenses To Be Paid Into The Registry Of The Court (the "Motion").

This Court lacks jurisdiction to hear the Motion of two dissatisfied law firms. The case to which the above caption applies was dismissed by this Court as well as by the Court of Appeals for the Sixth Circuit. The case no longer exists. This Court does not have jurisdiction over the case, the parties or their counsel. The instant motion is a nullity.

The Movants are attempting an end-run around litigation currently pending in the Supreme Court of the State of New York, *Wolf Haldenstein Adler Freeman & Herz LLP, et al.,*

*v. Glassman, Edwards, Wade & Wyatt, P.C.*, Index No. 601458/2008 (Sup. Ct. New York County) (the "New York Action"). Movants are even attempting to end-run their own action, *Glassman, Edwards, Wade & Wyatt, P.C., et al., v. Wolf Haldenstein Adler Freeman & Herz LLP, et al.*, Index No. 08-02336 (W.D. Tenn. May 28, 2008) (the "New Tennessee Action"). This tactic, however, is doomed because the above-captioned matter has terminated, this Court does not have jurisdiction, and has not since the filing of the appeal, *In re ACR Copper Tubing Litigation*, Index No. 07-6070 (6th Cir. Sept. 20, 2007).

## FACTS

The above-captioned matter consisted of several class action antitrust cases, the first of which was filed on April 7, 2006.[1] The District Court, Honorable Bernice B. Donald, dismissed the case on July 26, 2007, on Defendants' motions. Docket No. 134, filed July 26, 2007 (granting Defendants' motion to dismiss). The plaintiffs in *In re ACR Copper Tubing Litigation* appealed, which was docketed as 07-6070. The appeal was dismissed with prejudice on March 31, 2008. Docket No. 153, filed Apr. 3, 2008 (dismissing appeal).

While on appeal, the individual plaintiffs negotiated three separate settlements with the defendants, through counsel in the New York offices of Willkie Farr & Gallagher LLP. The settlements provided that New York law would govern any dispute arising from the settlement agreements.

Thereafter, in order to assist plaintiffs' counsel in the allocation of fees and expenses, Hon. Robert Rack of the Court of Appeals made an effort to mediate the distribution of fees.

---

[1] Glassman was retained as local counsel by one of the firms representing a plaintiff in the above-captioned case, and Glassman in turn brought in Audet. Although neither Glassman nor Audet had a client, both were offered generous fees by plaintiffs' counsel, which were rejected.

2

That mediation failed. While discussions were ongoing, Movants sought a lien on the proceeds of the settlement and requested that the Circuit Court of Appeals condition any dismissal on the recognition of the alleged lien. *In re ACR Copper Tubing Litig., et al.*, appeal docketed, No. 07-6070 (6th Cir. Mar. 18, 2008). The Circuit Court of Appeals denied that motion and dismissed the appeal with prejudice on March 31, 2008. The Movants did not appeal or seek further relief. Accordingly, the case terminated for all purposes, and neither this Court nor the Court of Appeals retained any jurisdiction over the subject matter or over the parties or their counsel, (whose businesses are located in various parts of the country including New York).

At the Movants' insistence, the settling defendants have not paid any monies under the settlement agreements. On May 14, 2008, after further negotiations, respondents, on behalf of all plaintiffs' counsel in the above-captioned case except Movants, commenced the New York Action to resolve the fee dispute. Movants were served on May 28, 2008 at their offices.

In response, Movants commenced the New Tennessee Action.[2] Immediately after serving the New Tennessee Action, Movants filed this motion in the old, terminated case.

## ARGUMENT

### I. This Court No Longer Has Jurisdiction

It is black letter law that the Court's jurisdiction ends when a party files a notice of appeal. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2008) ("[a]s a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and

---

[2] The New Tennessee Action is subject to stay, transfer or dismissal, as the New York Action precedes it and is in the proper jurisdiction and venue. Of the plaintiffs' counsel who are parties to the fee dispute, only one of the two Movants is located in the Western District of Tennessee, while two of the principal plaintiffs' firms are headquartered in New York; one of the plaintiffs is located in New York; defense counsel are located principally in New York; the settlement agreements specify New York law; and the settlement funds are in the custody of Citibank, a New York bank.

jurisdiction transfers to the appellate court."); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993).

The Notice of Appeal in this case divested the District Court of jurisdiction. From that date to this, there has been no *ACR Copper Tubing Litigation* open in this Court. The case was never remanded and jurisdiction never transferred back from the Sixth Circuit Court of Appeals, because the case settled while on appeal and was dismissed with prejudice on the joint motion of the parties (and decided against Movants on relief substantially identical to that requested now). Dismissal with prejudice "is a complete adjudication and a bar to further action between the parties." 8 *Moore's Federal Practice* § 41.40[9][f] (3d Ed.). Dismissal deprives the Court of jurisdiction to enter further orders, and any such orders are of no effect. 8 *Moore's Federal Practice* § 41.34[6][g] (3d Ed.). Because neither this Court nor the Court of Appeals has jurisdiction to hear this motion, it is a nullity and must be denied.

**II.      Movants' Conduct Is An End-Run Around Their Own New Action**

Movants' attempt to revive a dead docket is transparent.      Subsequent to the commencement of the New York Action, Movants pursued two strategies. One is this Motion. The other is the New Tennessee Action. Both seek essentially the same relief. The Motion obviously lacks jurisdiction, and indicates either a completely scattershot approach, or a consciousness of deficiencies in their New Tennessee Action, which is weeks behind the New York Action and is subject to stay, transfer or dismissal on jurisdiction and/or venue grounds.

Facing the prospect that their New Tennessee Action would be stayed or terminated, the Movants have engaged in a fatally flawed gambit for recognition of their lien in this terminated action. However, the Court of Appeals has already rejected this relief and ended all proceedings. This case is over and jurisdiction no longer resides with this Court.

4

## CONCLUSION

For the foregoing reasons, the instant motion should be in all respects denied.

Dated: June 3, 2008

BRAMLETT LAW OFFICES

By: s/Paul Kent Bramlett
**Paul Kent Bramlett**
P. O. Box 150734
Nashville, TN 37215-0734
Telephone: 615.248.2828
Facsimile: 866.816.4116
E-mail: PKNASHLAW@aol.com
TN SUP CT #7387.MS SUP CT #4291

*Of Counsel:*

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY 10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly
served by electronic means via the court's electronic filing notification, and/or e-mail
transmission from the Bramlett Law Office on this 3rd day of June, 2008, upon the following:

B. J. Wade (#5182)      bwade@gewwlaw.com
**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.**
26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940

William M. Audet      waudet@audetlaw.com
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

Gregory P. Hansel      ghansel@preti.com
Randall B. Weill       rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
**& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Robert Crawford, Esq.     lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

William H. Rooney, Esq.    wrooney@willkie.com
Kelly M. Hnatt, Esq.     khnatt@willkie.com
Maren Wax, Esq.      mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019
Paul A. Alexis, Esq.      palexis@boultcummings.com
Colin J. Carnahan, Esq.    ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
**& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

David.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
& DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON**
1285 Avenue of the Americas
New York, NY 10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER
& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

jnewsom@harrisshelton.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107

jkohn@kohnswift.com
whoese@kohnswift.com

7

Leonard Barrack  
Jeffery B. Gittleman  
**BARRACK RODOS & BACINE**  
3300 Two Commerce Square  
Philadelphia, PA 19103

lbarrack@barrack.com  
jgittleman@barrack.com

Kemper B. Durand  
**THOMASON, HENDRIX, HARVEY,**  
**JOHNSON & MITCHELL, PLLC**  
29h Floor One Commerce Square  
Memphis, TN 38103

durandk@thompsonlaw.com

Robert N. Kaplan  
**KAPLAN FOX & KILSHEIMER LLP**  
805 Third Avenue, 22nd Floor  
New York, NY 10022

rkaplan@kaplanfox.com

Gary Specks  
**KAPLAN FOX & KILSHEIMER, LLP**  
203 N. LaSalle Street  
Chicago, IL 60601

gspecks@kaplanfox.com

James B. Sloan  
**PEDERSON & HOUPT, P.C.**  
161 North Clark Street, Suite 3100  
Chicago, IL 60601

jsloan@pedersenhoupt.com

/s/ *Paul Kent Bramlett*  
**Paul Kent Bramlett**

8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

GLASSMAN, EDWARDS, WADE
& WYATT, P.C. and
AUDET & PARTNERS, LLP

     Plaintiffs,

  v.

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP;
KAPLAN, FOX & KILSHEIMER, LLP,
and PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP

     Defendants.

Case No.: 2:08-cv-02336-BBD-dkv

**ORAL ARGUMENT REQUESTED**

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULES 12(b)(6), 12(b)(2), AND 12(b)(7) OF THE FEDERAL RULES OF CIVIL PROCEDURE

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ............................................................................................... 1

II.    STATEMENT OF FACTS ................................................................................ 2

III.   ARGUMENT..................................................................................................... 5

      A.    GEWW And Audet Have Failed To State A
            Claim Upon Which Relief Can Be Granted......................................... 5

            1.    GEWW and Audet's Claim Violates
                   the Code of Professional Responsibility ..................................... 5

            2.    GEWW and Audet's "Joint Venture"
                   Cannot Skirt the Ethics Rules ................................................... 7

            3.    GEWW and Audet's Claim for Breach of Covenant of
                   Good Faith and Fair Dealing Must be Dismissed Because
                   There is No Alleged Contract Between the Parties .................... 8

            4.    GEWW and Audet's Claim for
                   *Quantum Meruit* Must be Dismissed ......................................... 8

      B.    This Case Must Be Dismissed Because GEWW
            And Audet Have Failed To Join The Proper Parties............................ 10

      C.    The District Court Should Dismiss The Complaint Filed
            In The Western District Of Tennessee Because The Court's
            Jurisdiction In That Action Violates The First-To-File Doctrine. ....... 11

            1.    Where an Action on the Same Dispute Had Already Been
                   Commenced in New York State Court, It Was Improper
                   for the Plaintiff to Invoke the Jurisdiction of this Court
                   in a Second Suit ........................................................................ 11

            2.    Convenience Factors Show There to be no Justification
                   for Disregarding the First-to-File Rule in this Action .............. 13

      D.    This Case Must Be Dismissed Because This Court
            Has No Personal Jurisdiction Against Defendants ............................. 13

IV.   CONCLUSION................................................................................................. 15

## TABLE OF AUTHORITIES

**CASES**                                                                   **Page(s)**

Bridgeport Music, Inc. v. Still N The Water Publishing,
    327 F.3d 472 (6th Cir. 2003) .................................................................15

Brillhart v. Excess Insurance Co.,
    316 U.S. 491 (1942)..........................................................................13

Calipari v. Powertel, Inc.,
    231 F. Supp. 2d 734 (W.D. Tenn. 2002)...................................................9

Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,
    511 F.3d 535 (6th Cir. 2007) .................................................................13

Estate of Carapenter v. Sullivan,
    C.A. No. 03A01-9810-PB00355, 1999 Tenn App. LEXIS 456
    (Tenn. App. July 13, 1999) ....................................................2, 7, 8, 10

Fugate v. United Telephone Southeast, Inc.,
    No. 3:06-0351, 2007 U.S. Dist. LEXIS 33557 (M.D. Tenn. May 7, 2007) ..................9

Hammond v. Baldwin,
    866 F.2d 172 (6th Cir. 1989) ...................................................................6

Johnson v. Hunter,
    Appeal No. M1998-00314-COA-R3-CV, 1999 Tenn. App. LEXIS 783
    (Tenn. Ct. App. Nov. 30, 1999) .............................................................10

Midwest Motor Express, Inc. v. Central States Southeast
and Southwest Areas Pension Fund,
    70 F.3d 1014 (8th Cir. 1995) .................................................................14

Pacesetter Systems, Inc. v. Medtronic, Inc.,
    678 F.2d 93 (9th Cir. 1982) ..............................................................12, 13

Plating Resources, Inc. v. UTI Corp.,
    47 F. Supp. 2d 899 (N.D. Ohio 1999)....................................................13

Savers Federal Savings and Loan Association v.
Home Federal Savings and Loan Association,
    721 F. Supp. 940 (W.D. Tenn. 1989).......................................................9

Scheid v. Fanny Farmer Candy Shops, Inc.,
    859 F.2d 434 (6th Cir. 1988) ...................................................................6

ii

Sun Coke Co. v. Man Ferrostaal Do Brasil Commercio E Industria LTDA,
    543 F. Supp. 2d 836 (E.D. Tenn. 2008) .......................................................................15

Winnett v. Caterpillar, Inc.,
    No. 3:06-cv-00235, 2008 U.S. Dist. LEXIS 36075 (M.D. Tenn. May 1, 2008) ........................15

Zide Sport Shop of Ohio v. Ed Tobergte Associates, Inc.,
    16 Fed. Appx. 433 (6th Cir. 2001) ...........................................................................12

## STATUTES AND RULES

Federal Rules of Civil Procedure
    R. 12(b)(2) ....................................................................................................15
    R. 12(b)(6) .....................................................................................................6
    R. 12(b)(7) ...................................................................................................11
    R. 19 ...........................................................................................................11
    R. 23(g) .......................................................................................................4, 7

Tennessee Rules of Professional Conduct
    Rule 1.5 .......................................................................................................6, 7

# I.    **INTRODUCTION**

The theory of this case directly contradicts established Tennessee law and ethical standards. This frivolous lawsuit represents the third attempt by two disgruntled law firms to extract money not due either of them from three out-of-state law firms who represented their four out-of-state clients (not parties herein) in an action before this Court, which was dismissed for lack of subject matter jurisdiction. At that point, this Court no longer had jurisdiction over the dispute or parties. After dismissal, the underlying dispute was settled pursuant to three settlement agreements, which provide that New York law is applicable. When the individual settlements were negotiated, the dismissed case was on appeal to the Court of Appeals for the Sixth Circuit (located in Ohio). That Court dismissed the appeal. The negotiations were conducted by counsel largely in New York City. Because of the interference of the two plaintiff law firms, Glassman, Edwards, Wade & Wyatt, P.C. ("GEWW"), located in this district, and Audet & Partners, LLP ("Audet"), located in California, no monies have been paid under the settlement agreements. The funds are maintained in an account at Citibank created by the ACR Defendants who refuse to pay it to the ACR Plaintiffs.

Among the defects of the lawsuit, there is no *in personam* jurisdiction over the Defendants. The case does not have the necessary parties. The allegations do not state a claim for relief and assert, in effect, that Plaintiffs violated the Tennessee Code of Ethics. See Estate of Carpenter v. Sullivan, C.A. No. 03A01-9810-PB00355, 1999 Tenn. App. LEXIS 456 (Tenn. App. July 13, 1999).

In any event, because Plaintiffs here are simply attempting to make an end-run to avoid a prior pending litigation in New York State, at the least this case should be stayed.

This Memorandum of Law in Support of Defendants' Motion to Dismiss, or Stay This Action proceeds as follows:[1]

- GEWW and Audet's theory of recovery is unethical and is barred by law;

- GEWW and Audet's failures allege they received the written consent of the clients of their alleged fee-splitting agreement or did work and took on responsibility proportional to their demanded fee are fatal under the Tennessee Disciplinary Rules;

- GEWW and Audet sued the wrong people, Defendants, who do not have (and are not entitled to) the money they seek, and failed to sue the necessary parties, including the ACR Defendants;

- This case should be stayed in deference to a prior pending case in New York; and

- There is no personal jurisdiction over the law firm Defendants, whose only connection to this forum was to represent out-of-state clients, *pro hac vice*, in a case which has now been dismissed.

## II.    STATEMENT OF FACTS

In essence, the Plaintiff law firm's position is to insist that they be guaranteed a fee both unjustified and unearned by any calculation before they will permit a settlement agreement to be consummated. Because of Defendants' tortious interference with the Settlement Agreements no amounts have been paid the clients of the Defendants' law firm.

---

[1]    Defendants are the law firms of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Kaplan, Fox & Kilsheimer, LLP ("Kaplan Fox") whose primary offices are in New York; and Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") whose office is in the State of Maine.

The clients, (the "ACR Plaintiffs") four out-of-state companies, brought an anti-trust suit in Western District of Tennessee (the "ACR Litigation"). That case was brought as a class action on a contingency basis. It was filed in April, 2006. Originally, GEWW was invited by Wolf Haldenstein to participate as counsel in the class action. At some point after the commencement of the litigation, GEWW invited Audet to take part in it. Neither GEWW nor Audet had their own client in the ACR Litigation. On May, 26, 2006, Wolf Haldenstein, Preti Flaherty, GEWW and Audet were appointed interim class counsel in the ACR Litigation, pursuant to Rule 23(g).[2]

On July 26, 2007, on the motion of the ACR Defendants, this Court dismissed the ACR Litigation on the merits for lack of subject matter jurisdiction. The dismissal ended all involvement of the parties and Defendants here with this jurisdiction. The plaintiffs in the ACR Litigation (the "ACR Plaintiffs") appealed. Following the filing of the appeal, the ACR Plaintiffs, through their individual counsel defendants in this case, entered into three separate settlements (the "Settlement Agreements") with the defendants in the ACR Litigation ("ACR Defendants"). GEWW and Audet admit they did not participate in achieving these settlements. They were informed of the negotiations, and did not object to the total settlement figure. The negotiations took place entirely outside this District. The Settlement Agreements provide that New York law would govern. The Settlement Agreements provided that ten business days after the entry of an order disposing of the appeal, the ACR Defendants would pay into accounts designated by the ACR Plaintiffs a total of [REDACTED] (the "Settlement Fund"). Following the drafting of the Settlement Agreements, and prior to the dismissal of the appeal, GEWW and

---

[2]    Shilvock Company, Inc. became a plaintiff in the ACR Litigation, along with its counsel, Kaplan Fox, only after the May 26, 2006, Order.

3

Audet threatened to obstruct the final settlement of the ACR Litigation unless their fees were fixed in advance. Their attempt was Plaintiffs' first attempt to extract funds.

On March 14, 2008, GEWW and Audet commenced their second attempt to hold up the settlements unless they were guaranteed outlandish fees not due to them. They delivered a notice of a purported lien on the settlement and filed with the Court of Appeals. As a result of these threats, and interference with the settlements, the ACR Defendants refused to pay any money to the ACR Plaintiffs. Instead, the ACR Defendants have deposited the Settlement Fund into an account at Citibank. On March 18, GEWW and Audet made an application to the Court of Appeals for the Sixth Circuit to recognize the purported lien, and exercise jurisdiction over the purported lien. On March 31, 2008, the Court of Appeals for the Sixth Circuit dismissed this appeal in the ACR Litigation with prejudice, and declined to grant GEWW and Audet's motion.

As a result of the actions undertaken by GEWW and Audet, neither the ACR Plaintiffs nor any of their counsel have realized any of the Settlement Fund. In order to effectuate the settlements, the defendant firms herein and one other firm[3] commenced an action on May 14, 2008, in the Supreme Court of the State of New York, Wolf Haldenstein Adler Freeman & Herz LLP, et al., v. Glassman, Edwards, Wade & Wyatt, P.C., Index No. 601458/2008 (Sup. Ct. New York County) (the "New York Action"). The New York Action alleges that GEWW and Audet's actions constituted tortuous interference with contract. It was not until after the commencement of the New York Action that GEWW and Audet filed the current case, which represents the third attempt by GEWW and Audet to recover money that is not due to them.

---

[3] Bramlett Law Offices ("Bramlett") located in Nashville, Tennessee.

4

### III.    ARGUMENT

**A.    GEWW And Audet Have Failed To State A
Claim Upon Which Relief Can Be Granted**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), dismissal of a

complaint is proper where there is no set of facts that would entitle the plaintiff to recover.

Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989).   Motions to dismiss are designed to

test "whether a cognizable claim has been pleaded in the complaint."   Scheid v. Fanny Farmer

Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

#### 1.    GEWW and Audet's Claim Violates
the Code of Professional Responsibility

The alleged "joint venture" violates Tennessee law; its Code of Ethics and Public Policy.

Rule 1.5 of the Tennessee Rules of Professional Conduct mandates as follows:

> (e)  A division of a fee between lawyers who are not in the same
> firm may be made only if:
>
> (1)  the division is in proportion to the services performed
> by each lawyer or, by written consent of the client, each lawyer
> assumes joint responsibility for the representation; and
>
> (2)  the client is advised of and does not object to the
> participation of all the lawyers involved; and
>
> (3)  the total fee is reasonable.

What is more, any such arrangements must receive the clients' consent in writing:

> A contingent fee agreement shall be in writing, signed by the
> client, and shall state the method by which the fee is to be determined,
> including the percentage or percentages that shall accrue to the lawyer in
> the event of litigation, settlement, trial, or appeal; other expenses to be
> deducted from the recovery; and whether such expenses are to be deducted
> before or after the contingent fee is calculated.   Upon conclusion of a
> contingent fee matter, the lawyer shall provide the client with a written
> statement stating the outcome of the matter and whether there was a
> recovery, and showing the remittance, if any, to the client and the method
> of its determination.

Tennessee Rules of Professional Conduct Rule 1.5, emphasis supplied.

In dealing with professional responsibility rules, Tennessee courts have held that supposed joint venture arrangements between law firms violate the rules of ethics and public policy, and are thus unenforceable. Estate of Carpenter, 1999 Tenn. App. LEXIS 456, at *4 (interpreting the similar American Bar Association Rules) (citing Spiegel v. Thomas, Mann & Smith, P.C., 811 S.W.2d 528, 531 (Tenn. 1991)). Thus, attorneys who are not partners or associates in a single firm may not divide a fee unless the client consents to the division in writing, or the division is made in proportion to the services performed and responsibilities assumed by each *and* the client consents in writing, is advised and does not object; and the total fee is reasonable.

The decision in Estate of Carpenter is determinative. Any alleged arrangement between GEWW, Audet, and the Defendant law firm is not supported by allegations to satisfying this Code – nor could it, be as no such arrangement ever existed and is clearly unenforceable. GEWW and Audet are separate law firms and those firms are distinct from each of the Defendant law firms. GEWW and Audet never alleged any fee sharing agreement was approved in writing by the ACR Plaintiffs or even that the clients were informed of the alleged "joint venture."

Moreover, the portion of the fee that GEWW and Audet seek in this case is not alleged to be in proportion to the services performed and responsibilities assumed by GEWW and Audet. Or, more to the point, the Complaint makes it impossible to determine what they are seeking and to asses whether it is proportional to the work and responsibility that GEWW and Audet bore.

GEWW was originally employed to represent a class and was appointed as Interim Class Counsel under Rule 23(g) in the ACR Litigation. That class action was dismissed. They did not represent a class of plaintiffs, nor, as they admit, did they take part in the negotiations for the

6

individual ACR Plaintiffs. Thus, they did not add anything of value to the settlement of the claims. GEWW and Audet have failed to allege the basis or the amount of their share of the legal fees of the settlements. GEWW and Audet have not provided any basis for their fee demands that resulted in this litigation. This omission does not withstand ethical scrutiny because there is no way to determine whether the fee sought by GEWW and Audet is in proportion to the work performed by them.

## 2. GEWW and Audet's "Joint Venture" Cannot Skirt the Ethics Rules

In an attempt to evade the stringent requirements of the Code of Ethics, GEWW and Audet allege that they were engaged in a "joint venture" with Defendants. ¶¶ 8-11, 13, 15, 22, 24, 26. This exact claim has been attempted in a similar situation in Tennessee, and has failed. In Estate of Carpenter, plaintiff attempted to characterize a supposed arrangement with counsel as a "joint venture." However, the Tennessee Court of Appeals rejected this claim, holding that "[c]alling such a situation a 'joint venture' does not take the case out of the province of the Rule." Estate of Carpenter, 1999 Tenn. App. LEXIS 456, at *5-*6.

GEWW and Audet's claims for a fiduciary relationship between themselves and Defendants are based solely upon the premise that there existed a joint venture. ¶¶ 10, 24. Nowhere in their Complaint do GEWW and Audet allege any other basis for a fiduciary relationship.[4] Consequently, the decision of the Tennessee Court of Appeals in Estate of Carpenter makes the claims of GEWW and Audet unenforceable as a matter of law. GEWW and Audet have no basis for their breach of fiduciary duty claim. As such, because GEWW and

---

[4]    Their Complaint documents suggest that GEWW and Audet are themselves engaged in a joint venture, in violation of the Rules of Ethics.

Audet have failed to allege any facts establishing a fiduciary duty, this Court should dismiss Counts I and II. Calipari v. Powertel, Inc., 231 F. Supp. 2d 734 (W.D. Tenn. 2002) (dismissing claim for breach of fiduciary duty where plaintiff failed to allege any facts that established a fiduciary duty among the parties).

### 3. GEWW and Audet's Claim for Breach of Covenant of Good Faith and Fair Dealing Must be Dismissed Because There is No Alleged Contract Between the Parties

GEWW and Audet plead in the alternative that Defendants breached a covenant of good faith a fair dealing. ¶ 29. Claims for breach of covenant of good faith and fair dealing are contractual, and under Tennessee law, the court must look to the language of the contract to determine if a breach of duty of good faith and fair dealing has been breached. Savers Fed. Sav. and Loan Ass'n v. Home Fed. Sav. and Loan Ass'n, 721 F. Supp. 940, 945 (W.D. Tenn. 1989). In the absence of allegations of the existence of a contract, claims for breaches of covenant of good faith and fair dealing must be dismissed. Fugate v. United Tel. Southeast, Inc., No. 3:06-0351, 2007 U.S. Dist. LEXIS 33557, at *7-*8 (M.D. Tenn. May 7, 2007).

GEWW and Audet never allege any contract with Defendants. Not once do they even utilize the term "contract" in their Complaint. Instead, they simply allege the existence of an "oral agreement," as the sole basis for their breach of covenant of good faith and fair dealing claim. ¶ 29. As already established, the public policy behind DR 2-107 prohibits any oral, fee-splitting agreements between attorneys. Thus, because of the lack of contractual relationship between GEWW, Audet, and Defendants, this claim must be dismissed.

### 4. GEWW and Audet's Claim for *Quantum Meruit* Must be Dismissed

As in the Estate of Carpenter, GEWW and Audet assert a claim for *quantum meruit,* in the alternative. This claim, too, fails. ¶ 33. In order to recover under a claim of *quantum meruit,*

8

"the party seeking recovery must prove that it provided valuable goods and services," and "the party to be charged must have received the goods and services." Johnson v. Hunter, Appeal No. M1998-00314-COA-R3-CV, 1999 Tenn App. LEXIS 783, at *22 (Tenn. Ct. App. Nov. 30, 1999). Furthermore, "[r]ecovery under the theory of *quantum meruit* is limited to the actual value of services rendered. Id. at *23.

GEWW and Audet have clearly not met the requirements to prevail under *quantum meruit*. GEWW and Audet have provided nothing of value in this case. Neither firm had a client in the ACR litigation. Both firms were retained to act as class counsel. The class case was dismissed for lack of subject matter jurisdiction. Both firms admit that neither was involved in achieving the individual settlements. ¶ 17. The Court of Appeals dismissed the case and denied recognition of their lien. ¶¶ 13-14. The ACR Litigation was a putative class case taken on contingency. In a typical contingency fee case, when the case is lost, plaintiff's attorneys recover no fees. Because the class case produced no recovery and neither GEWW nor Audet was involved in the individual settlements, neither firm should be able to recover under *quantum meruit*.

Furthermore, even if GEWW and Audet had alleged a contribution to the final settlement (and they made no such claim), GEWW and Audet's conduct in this matter should prevent them from falling back on a *quantum meruit* claim. The court in Estate of Carpenter opined that "to permit an attorney to fall back on the theory of *quantum meriut* when he unsuccessfully fails to collect a clearly excessive fee does absolutely nothing to promote ethical behavior." Estate of Carpenter, 1999 Tenn. App. LEXIS 456, at *8. GEWW and Audet have clearly acted unethically in this matter. They have asserted claims for an unearned fee, on a theory barred by the ethics rules, and have indefinitely stalled the final resolution of this matter by the filing of

9

liens and this lawsuit. These actions of GEWW and Audet are in blatant disregard of the ethical

requirements of Rule 1.5, and they should not be afforded the safety net of *quantum meruit* when

they have wasted the valuable time of every party involved in this litigation.

### B.    This Case Must Be Dismissed Because GEWW And Audet Have Failed To Join The Proper Parties

Under Rule 12(b)(7) of the FRCP, a complaint may be dismissed for failure to join a

party under FRCP Rule 19. Rule 19 provides, in part:

> (1) Required Party.
> A person who is subject to service of process and whose joinder
> will not deprive the court of subject-matter jurisdiction must be
> joined as a party if:
> (A) in that person's absence, the court cannot accord complete
> relief among existing parties

FRCP Rule 19.

GEWW and Audet have clearly not joined the necessary parties in this litigation.

GEWW and Audet have failed to join the parties that have the actual money (the ACR

Defendants). The named Defendants in this current suit do not have the money sought by

GEWW and Audet. The Defendants here are counsel whose fee would be paid if and when the

settlement is effectuated, which Audet and GEWW have blocked. In fact, because of the

interference by GEWW and Audet, neither the Defendants nor their clients have realized a dime

from the ACR Litigation. Instead, the money remains in the possession of the ACR Defendants,

and their counsel. Once GEWW and Audet undertook their present course of conduct, the ACR

Defendants refused to pay any portion of the Settlement Fund and the Settlement Funds were

deposited in an account at Citibank. The ACR Defendants have complete control over this

money, which under the Settlement Agreements is to be paid to the four ACR Plaintiffs.

Accordingly, were GEWW and Audet to prevail in this litigation, they would not be able to

collect any money.

10

GEWW and Audet failed to join Bramlett, which was liaison counsel in the ACR Litigation, and played a significant role, in all stages in the litigation, including the appellate mediation.[5] In addition, assuming their theory was correct – which it is not - GEWW and Audet failed to join each of the law firms that served as additional counsel for the ACR Plaintiffs.

**C.      The District Court Should Dismiss The Complaint Filed
In The Western District Of Tennessee Because The Court's
Jurisdiction In That Action Violates The First-To-File Doctrine**

**1.      Where an Action on the Same Dispute Had Already Been
Commenced in New York State Court, It Was Improper for the
Plaintiff to Invoke the Jurisdiction of this Court in a Second Suit**

The District Court for the Western District of Tennessee should dismiss the complaint filed in that court, because the Sixth Circuit acknowledges the validity of the first-to-file rule. The Court of Appeals for the Sixth Circuit has found the first-to-file rule to provide that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." Zide Sport Shop of Ohio v. Ed Tobergte Assocs., Inc., 16 Fed. Appx. 433, 437 (6th Cir. 2001) (internal quotation omitted).

Judicial administration dictates that when an action is filed in one court, and a similar action is subsequently filed in a different court, the first court should hear the case. Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982). "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit . . . ." Id. Pursuant to the first-to-file rule, when suits involve substantially the same parties and issues, and they are

_____

[5]      As Bramlett is located in Tennessee, had it been joined, complete diversity would have been destroyed in this case.

11

filed in concurrent district courts, interests of comity dictate that the first court to receive the case ought to hear it. Plating Res., Inc., v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). Courts generally only depart from this role in circumstances not present here, such as where the suit is an attempt to end-run a forum-selection clause. See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007).

In Brillhart v. Excess Insurance Co., the United States Supreme Court considered a case where an initial claim was filed in Missouri state court, and where the respondent thereafter filed suit for declaratory judgment in federal district court in Kansas. Brillhart v. Excess Ins. Co., 316 U.S. 491, 493 (1942). The Court noted that one of the main issues in the case concerned "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id. at 495. The Court held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id.

In the present case, subsequent litigation in federal court would be duplicative and a waste of judicial resources. An action had already been commenced in the New York courts, and absent a compelling reason for a change in venue to federal court, the New York Supreme Court is the proper jurisdiction to decide the case under the first-to-file rule. Under the Court's reasoning from Brillhart, as long as the New York court is adequately able to consider all of the claims from the party before it, the New York court is the appropriate forum to hear the case. Here, New York's interest in the dispute is predominant: one of the ACR Plaintiffs has its principle office in New York; two of the counsel for the ACR Plaintiffs' Defendants herein have

12

their office in New York; the Settlement Agreements provide for New York law to govern all disputes; the ACR Defendants' counsel are in New York. Therefore, because the Sixth Circuit has accepted the first-to-file rule in its jurisdiction, and because allowing this case to be heard in the federal district court in Tennessee would be a waste of judicial resources, this case should appropriately be heard in the New York Supreme Court.

### 2. Convenience Factors Show There to be no Justification for Disregarding the First-to-File Rule in this Action

The purpose of the rule within this context is that the party who first brings a suit should be the party that gets to choose the forum. Id. See Midwest Motor Express, Inc. v. Central States S.E. & S.W. Areas Pension Fund, 70 F.3d 1014, 1017 (8th Cir. 1995) (holding that "compelling circumstances" may require disregarding the first-to-file rule).

In the present case, there is no justification for dispensing with the first-to-file rule, and the New York court should have priority to hear this case. The convenience of both parties and witnesses favor adjudication in the first-filed forum, in the State courts of New York. As set forth above, this dispute lacks sufficient contact with the Western District of Tennessee even to subject the three defendants to personal jurisdiction, while several parties and non-parties with connections to the disputed settlement are located in the State of New York. Accordingly, New York is the more appropriate forum to hear this case, and therefore the federal court in Tennessee should decline to hear this case out of convenience to the parties. Therefore, in the interest of judicial economy, this case would be more appropriately heard in New York, and the complaint in the Western District of Tennessee should be dismissed.

### D. This Case Must Be Dismissed Because This Court Has No Personal Jurisdiction Against Defendants

In asserting personal jurisdiction in District Court, the plaintiff bears the burden in showing that such jurisdiction exists. Sun Coke Co. v. Man Ferrostaal Do Brasil Commercio E

Industria LTDA., 543 F. Supp. 2d 836, 839 (E.D. Tenn. 2008) (citing Compuserve, Inc. v.

Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996)). Dismissal under FRCP 12(b)(2) is proper when

all of the specific facts alleged by the plaintiff collectively fail to state a prima facie case for

jurisdiction. Winnett v. Caterpillar, Inc., No. 3:06-cv-00235, 2008 U.S. Dist. LEXIS 36075, at

*10 (M.D. Tenn. May 1, 2008) (citing Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147,

149 (6th Cir. 1997)). In order to satisfy the minimum contacts test required for jurisdiction, the

following requirements must be met:

> First, the defendant must purposely avail himself of the privilege
> of acting in the forum state or causing a consequence in the forum
> state. Second, the cause of action must arise from the defendant's
> activities there. Finally, the acts of the defendant or consequence
> caused by the defendant must have a substantial enough
> connection with the forum state to make the exercise of jurisdiction
> over the defendant reasonable.

Bridgeport Music, Inc. v. Still N The Water Publishing, 327 F.3d 472, 477-78

(6th Cir. 2003) (quoting Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d

374, 381 (6th Cir. 1968)).

Taken as a whole, the requirements for personal jurisdiction are not satisfied by GEWW

and Audet. GEWW and Audet have not alleged any connection of the Defendants herein with

the State of Tennessee. The only contact that GEWW and Audet allege is that Defendants were

admitted *pro hac vice* before the United States District Court for the Western District of

Tennessee in the ACR Litigation, that case was dismissed. ¶ 7.

The current litigation concerns a settlement arrived at before the Court of Appeals, in

Ohio. Aside from a single law office, Bramlett (not a party herein), none of the beneficiaries of

the settlement are located in Tennessee. The ACR Plaintiffs are located outside of Tennessee.

The Settlement Fund which is controlled by the ACR Defendants' counsel, is deposited in an

14

account at Citibank.    Counsel for the ACR Defendants is located outside of Tennessee. Moreover, the alleged misconduct by Defendants – the settlement negotiations – all took place outside of Tennessee.    Finally, all of the Defendants herein are located outside of Tennessee, do not have Tennessee offices, and do not regularly work on Tennessee cases.

## IV.    **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court grant the motion to dismiss, and dismiss the Complaint in its entirety, or in the alternative, stay this action. **Defendants request ORAL HEARING on the Motion.**

Dated:  June 17, 2008

BRAMLETT LAW OFFICES


By: *s/Paul Kent Bramlett*
Paul Kent Bramlett
BRAMLETT LAW OFFICES
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734
Telephone:    615.248.2828
Facsimile:    866.816.4116
E-mail:        PKNASHLAW@aol.com
TN SUP CT #7387/MS SUP CT #4291

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY  10016
(212) 545-4600

15

KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546

## CERTIFICATE OF SERVICE

This is to certify that I have this date served opposing counsel of record with a true and exact copy of these pleadings and the [proposed] Order submitted to Judge Donald, said attorney being served thru the ECF system and also served at his e-mail address as shown:

John D. Richardson
THE RICHARDSON LAW FIRM
Peabody Place-Pembroke Square
119 South Main Street, Suite 725
Memphis, TN 38103
E-mail:  danny.richardson@richardsonlawfirm.com

SO CERTIFIED this 17th day of June, 2008.

s/*Paul Kent Bramlett*
PAUL KENT BRAMLETT

16