Peter Jakab (PJ-8553)
FEIN & JAKAB
THE WOOLWORTH BUILDING
233 Broadway • Suite 930
New York, NY 10279
212 732 9290 Ph
212 227 6479 Fx

*Attorneys for Defendants*
GLASSMAN, EDWARDS, WADE & WYATT, P.C.
and AUDET & PARTNERS, LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP;  KAPLAN FOX KILSHEIMER LLP;  PRETI FLAHERTY BELIVEAU & PACHIOS LLP; and BRAMLETT LAW OFFICES,<br><br>                                          Plaintiffs,<br><br>- against -<br><br>GLASSMAN, EDWARDS, WADE WYATT, P.C. AND AUDET & PARTNERS LLP,<br><br>                                          Defendants. | ECF CASE<br><br>Case No.: 08-cv-5751 (JGK)<br><br>**MEMORANDUM OF LAW**<br>**IN SUPPORT OF MOTION**<br>**TO TRANSFER VENUE** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………….. ii

INTRODUCTION…………………………………………………………………………….. 2

STATEMENT OF FACTS…………………………………………………………………….. 4

ARGUMENT………………………………………………………………………………….. 6

A.  This Fee Dispute Should Be Decided By the Judge
    Who Presided Over the Underlying Case ….……………………………………………... 6

B.  The Court Should Transfer Venue to the Western District of Tennessee………………. 7

    1.  The Court May Consider a Wide Range of
        Factors in its Broad Discretion…………………………………………………….. 8

    2.  Analysis of Relevant Considerations Calls
        for a Transfer of Venue…………………………………………………………… 9

CONCLUSION………………………………………………………………………………... 11

# TABLE OF AUTHORITIES

**CASE LAW** — Page No.

800-Flowers, Inc. v. Intercont'l Florist, Inc.
860 F.Supp. 128 (S.D.N.Y. 1994)……………………………………………………….. 9

Albert Fadem Trust v. Duke Energy Corp.
214 F.Supp.2d 341 (S.D.N.Y. 2002)……………………………………………………. 8

Alderman v. Pan Am World Airways
169 F.3d 99 (2d Cir. 1999)………………………………………………………………. 7

Baer v. First Options of Chicago, Inc.
72 F.3d 1294 (7th Cir. 1995)……………………………………………………………... 6

Carter v. Hofler-Saunders
2003 U.S. App. LEXIS 24842 (6th Cir. Ky. Nov. 26, 2003)…………………………….. 6

Chesley v. Union Carbide Corp.
927 F.2d 60 (2d Cir. 1991)………………………………………………………………. 6

Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc., et al.
863 F.2d 251 (2d Cir. 1988)……………………………………………………………... 6, 7

Glass v. S & M NuTec, LLC
456 F.Supp.2d 498 (S.D.N.Y. 2006)……………………………………………………. 10

Grimes v. Chrysler Motors Corp.
565 F.2d 841 (2d Cir. 1977)…………………………………………………………….. 6

Helfant v. Louisiana & So. Life Ins. Co.
82 F.R.D. 53 (E.D.N.Y. 1979)…………………………………………………………... 10

In re Cuyahoga Equip. Corp.
980 F.2d 110 (2d Cir. 1992)……………………………………………………………... 8

In re Repetitive Stress Injury Litig.
850 F.Supp. 188 (E.D.N.Y. 1994)………………………………………………………. 10

Kalyawongsa v. Moffett
105 F.3d 283 (6th Cir. 1997)……………………………………………………………. 6, 7

Posven v. Liberty Mut. Ins. Co.
303 F.Supp.2d 391 (S.D. N.Y. 2004)……………………………………………………. 8

Saltire Industrial, Inc. v. Waller Lansden Dortch & Davis, PLLC
331 B.R. 101 (S.D.N.Y. 2005)…………………………………………………………… 8

Stewart Org., Inc. v. Ricoh Corp.
487 U.S. 22 (1988)………………………………………………………………………. 8

**STATUTES**

28 U.S.C. § 1367……………………………………………………………………………… 7
28 U.S.C. §1391(a)(2)………………………………………………………………………... 7, 9
28 U.S.C. §1404(a)…………………………………………………………………………… 7, 8, 11
28 U.S.C. § 1406(a)…………………………………………………………………………... 9
28 U.S.C. § 1441(a)…………………………………………………………………………... 9

Defendants Glassman, Edwards, Wade & Wyatt, P.C. (the "Glassman Firm") and Audet & Partners, LLP (the "Audet Firm"), having removed this action filed by Plaintiffs Wolf Haldenstein Adler Freeman & Herz, LLP (the "Wolf Firm"), Kaplan Fox Kilsheimer LLP (the "Kaplan Firm"), Preti Flaherty Beliveau & Pachios LLP (the "Preti Firm") (together, the "Wolf Group") and Bramlett Law Offices, respectfully submit this Memorandum of Law in Support of their Motion to Transfer Venue of this Action to the United States District Curt for the Western District of Tennessee.

## INTRODUCTION

This is simply a fee dispute between attorneys who were appointed co-lead interim class counsel for a group of plaintiffs in complex antitrust litigation, entitled *PoolPak Technologies Corp. v. Outokumtu Oyj, et al.* Case No. 2:06-cv-2207-BBD-tmp, that had been pending before Judge Bernice B. Donald of the United States District Court for Western District of Tennessee since April 2006 (the "ACR Litigation").

All relevant facts of this attorney fee dispute arise from the ACR Litigation and the recent alleged settlement of the ACR Litigation by the Wolf Group, plaintiffs in this case. Following that alleged settlement, from which the Glassman Firm and the Audet Firm, defendants in this case, were purportedly excluded, the Glassman Firm and the Audet Firm filed attorneys fee liens in the ACR Litigation in the Western District of Tennessee and the Sixth Circuit Court of Appeals, where the ACR Litigation was pending at the time of the alleged settlement. The Glassman and Audet Firms also have instituted proceedings to enforce their attorneys fee liens (the "Fee Proceedings"). Those Fee Proceedings are pending in the Western District of Tennessee before Judge Donald. The Wolf Group has filed motion practice in the Fee Proceedings and is actively litigating them. The settlement funds are being held by the defendants in the ACR Litigation pending resolution of the liens and the underlying fee dispute.

For some kind of tactical reason, or maybe to increase the expense and burden on

Defendants of this dispute, the Wolf Group filed this action in the New York Supreme Court, New York County.  Whatever the Wolf Group's motivation to file this action, it is beyond legitimate doubt that New York has no connection to this matter and the Western District of Tennessee is the only appropriate forum to for resolution of this fee dispute between counsel arising from that court's ACR Litigation and its purported settlement.  This is so because:

- The ACR Litigation has been pending in the Western District of Tennessee for over two years;
- Defendants have filed attorneys' fees liens, which remain pending in the underlying cases in the Western District of Tennessee;
- Defendants have filed the Fee Proceedings to enforce those liens, which are now fully briefed and assigned to Judge Donald in the Western District of Tennessee, who has presided over the ACR Litigation since April 2006;
- Fee disputes are properly adjudicated by the court that presided over the underlying action—here, the Western District of Tennessee;
- The Western District of Tenessee is not only familiar with the underlying class action case from which the fee dispute derives, but it was that court's Order appointing the Wolf Group and the Glassman and Audet Firms as co-interim lead class counsel in the ACR Litigation that forms one of the bases of this fee dispute.
- No part of the ACR Litigation took place in the New York courts.

Accordingly, Plaintiff must not be permitted to open a new front in this simple fee dispute.  This case should be transferred to the Western District of Tennessee, where it can be consolidated with the pending Fee Proceedings.  Otherwise, this basic fee dispute will require duplicative litigation in multiple fora, resulting in all of its well-known vexatious consequences: potentially inconsistent adjudications, races to judgment, compounded time and expense burdens on the parties, and wasting the time and resources of the courts.

3

## STATEMENT OF FACTS

On about April 7, 2006, the ACR Litigation was filed in the Western District of Tennessee and assigned to Judge Donald.  Declaration of Peter Jakab in Support of Motion to Transfer ("Jakab Decl."), Exhibit A.  On about May 25, 2006 the Wolf Group and the Glassman and Audet Firms were appointed co-interim class counsel in the ACR Litigation.  Id. Ex. B.  In the ensuing two-year period, the ACR Litigation was vigorously litigated by counsel in the Western District of Tennessee and in the Sixth Circuit Court of Appeals.  Id. Exs. A and C.

In early 2008, while the ACR Litigation was on an appeal pending before the Sixth Circuit, the Wolf Group announced that it had reached alleged settlements between certain named plaintiffs and defendants in the ACR Litigation.  Complaint ¶ 15.  When it became apparent that the Wolf Group intended to exclude the Glassman and Audet Firms from sharing in any recovery generated by the alleged settlement, on March 17, 2008 the Glassman and Audet Firms filed a Notice of Lien for their attorneys fees and expenses in the ACR Litigation (the "Attorneys Fee Lien").  Jakab Decl. Ex. D.

Thereafter, when it became apparent that the Wolf Group was refusing to compromise the Attorneys Fee Lien, the Glassman and Audet Firms prepared a motion in the ACR Litigation, and an action to be filed in the Western District of Tennessee and assigned to Judge Donald as a related case to the ACR Litigation, both designed to present this fee dispute for resolution (together, the Fee Proceedings).  Jakab Decl. Ex. E (containing the pleadings and motion papers from both sides in the Fee Proceedings).  In connection with those filings, the Glassman and Audet Firms supplemented their Attorneys Fee Lien filed in the circuit court by filing an attorneys fee lien in the district court in the ACR Litigation as well.  Jakab Decl. Ex. F.

Once the Wolf Group realized that the Glassman and Audet Firms were preparing to file the Fee Proceedings, instead of presenting this fee dispute to the ACR Litigation court, the Western District of Tennessee, the Wolf Group engaged in some forum shopping and filed this action in the New York State Supreme Court, New York County.  The Wolf Group was in such a

4

hurry to get on file in New York, that it filed a defective pleading it called "Notice" with handwritten line-outs and one paragraph of non-compliant pleading. Jakab Decl. Ex. G. Thereafter, on about June 18, 2008, the Wolf Group served, although it never did file, the Complaint in this action. Id. Ex. H.

On about May 28, 2008, the Glassman and Audet Firms filed the Fee Proceedings in the Western District of Tennessee, where they have been assigned to Judge Donald. Id. Ex. E. Thereafter, the Wolf Group has filed motion practice in the Fee Proceedings, which is fully briefed and awaiting decision by Judge Donald. Id. Exs. E and A.

On June 26, 2008, the Glassman and Audet Firms filed their Notice of Removal, removing this action to this Court.

In summary, the ACR Litigation giving rise to this fee dispute ha been pending before Judge Donald in the Western District of Tennessee for over two years. During that time, the parties to this action (other than Bramlett), were appointed as co-interim lead class counsel in the ACR Litigation. When Plaintiff here attempted to exclude Defendants from any fee recovery from an alleged settlement in the ACR Litigation, Defendants filed liens and enforcement proceedings in the Western District of Tennessee. Those Fee Proceedings and liens have been assigned to Judge Donald and are actively being litigated by the parties hereto in the Western District of Tennessee.

On about June 18, 2008, Plaintiff served the Complaint in this New York action. New York has had no connection to the ACR Litigation and is an improper forum for this ancillary fee dispute. Accordingly, this action should be transferred to the United States District Court for the Western District of Tennessee where it can be consolidated with the pending Fee Proceedings before Judge Donald.

**ARGUMENT**

    A.    **This Fee Dispute Should be Decided by the Judge Who Presided Over the Underlying Case**

It is well-settled that the court in which a principal action is or was pending has jurisdiction over any fee disputes that arise between or among counsel and/or their clients in connection with such action.  *E.g., Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1297-1301 (7th Cir. 1995) (citing numerous cases); *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977); 28 U.S.C. § 1367.  Courts have consistently held that trial courts have supplemental jurisdiction to decide fee disputes arising out of an action that is *or was* before them.  *Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc., et al.*, 863 F.2d 251 (2d Cir. 1988) (approving exercise of ancillary jurisdiction to resolve fee dispute of party and attorney); *Chesley v. Union Carbide Corp.* 927 F.2d 60, 65 (2d Cir. 1991) ("[A]ncillary jurisdiction to resolve fee disputes continues after the initial litigation is no longer before the court").  Courts in the Sixth Circuit are in accord.  *See Kalyawongsa v. Moffett*, 105 F.3d 283, 287-288 (6th Cir. 1997); *Carter v. Hofler-Saunders*, 2003 U.S. App. LEXIS 24842 (6th Cir. Ky. Nov. 26, 2003) (following *Kalyawongsa*).

    The factors relied upon by many courts evidence a clear policy in favor of trial courts exercising supplemental jurisdiction over fee disputes arising from principal actions pending before them.  In *Cluett*, the Second Circuit noted its approval of the lower court's exercise of ancillary jurisdiction after it had considered: (1) the district court's familiarity with the subject matter of the suit and the services rendered by counsel therein; (2) the district court's duty to protect attorneys of record in the principal action, as officers of the court; (3) the convenience of the parties; and (4) judicial economy.  *Cluett*, 863 F.2d at 257.  The Second Circuit noted that the lower court's "familiarity with the amount and quality of work performed by [the attorneys] would enormously facilitate rapid disposition of a fee dispute, while a great deal of the record would have to be considered anew and relitigated in a state court unfamiliar with the proceedings."  *Id; accord Alderman v. Pan Am World Airways*, 169 F.3d 99, 101-102 (2d Cir.

6

1999) (noting that the district court was "already familiar with the relevant facts and legal issues"). Similarly, the Sixth Circuit in *Kalyawongsa* stated: "Unlike a state court judge hearing a separate contract action, a federal judge who has presided over a case is already familiar with the relevant facts and legal issues." 105 F.3d at 288. The Second and Sixth Circuits' words could not be more on point here.

Here, Judge Donald in the Western District of Tennessee is already overseeing the Fee Proceedings presenting the exact issues raised in this action and seeking enforcement of the Attorney Fee Liens pending there since March 17, 2008. and June 2, 2008, respectively. If this action is not transferred, duplicative litigation will proceed unnecessarily in two courts, driving up the costs, draining resources, burdening dockets and presenting a very real risk of conflicting results.

### B.     The Court Should Transfer Venue to the Western District of Tennessee

Pursuant to 28 U.S.C. section 1404(a), Defendants ask that the Court transfer this action to the Western District Tennessee. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

This case originally could have been brought in the Western District of Tennessee pursuant to the court's supplemental jurisdiction, as discussed above. In addition, venue is proper there under 28 U.S.C. § 1391(a)(2) and 28 U.S.C. § 1367 because this dispute arose out of the ACR Litigation in that court.

### 1. **The Court May Consider a Wide Range of Factors in its Broad Discretion**

Courts consider many factors when deciding whether to transfer an action under section 1404(a). Enunciated factors are not to be considered an exhaustive list, but rather serve as guideposts. *Albert Fadem Trust v. Duke Energy Corp.*, 214 F.Supp.2d 341, 343 (S.D.N.Y. 2002). Other factors peculiar to a case may be instructive. *Id.* "[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (*citing Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Generally, a court should consider whether a transfer would serve the interests of judicial economy and efficiency. *Posven v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 406 (S.D. N.Y. 2004); *accord Albert Fadem Trust*, 213 F.Supp.2d at 343. Where transfer of venue "advances the interests of fairness, efficiency and judicial economy by preventing duplicative proceedings and thereby reducing the overall burden on the parties, non-party witnesses and the judicial system," transfer of venue is appropriate. *Id.* at 406.

In addition, courts often consider some combination of the following factors related to the interests of the litigants: (1) the plaintiff's choice of forum; (2) the location of operative facts; (3) the convenience of the parties and witnesses; (4) the location of relevant documents and relative ease of access to sources of proof; (5) whether a judgment if had would be enforceable; and (6) the availability of process to compel the attendance of unwilling witnesses. *See Saltire Industrial, Inc. v. Waller Lansden Dortch & Davis, PLLC*, 331 B.R. 101, 105 (S.D.N.Y. 2005). Courts also consider the public interest, including (1) court congestion; (2) the interest in having local controversies decided locally; and (3) the forum's familiarity with the governing law. *Id.* at 105.

## 2.     Analysis of Relevant Considerations Calls for a Transfer of Venue

First, in this case one peculiar factor in particular is vastly important: This is a simple fee dispute that belongs in the court where it arose. The factors outlined above regarding supplemental jurisdiction over fee disputes weigh heavily in favor of resolution in the Western District of Tennessee.

The events giving rise to this fee dispute all occurred within the ACR Litigation. *See 800-Flowers, Inc. v. Intercont'l Florist, Inc.*, 860 F.Supp. 128, (S.D.N.Y. 1994) ("The location of the operative facts is traditionally an important factor to be considered in deciding where a case should be tried."). Indeed, it is an Order of the Western District of Tennessee appointing the parties as co-interim lead class counsel that forms one of the bases of the fee dispute. Naturally, the court that issued the Order should be the one to interpret and enforce it.

There can be no doubt that transfer of this action to the Western District of Tennessee will prevent duplicative proceedings and reduce the overall burden on the parties and the judicial system. Judge Donald has invaluable knowledge regarding the proceedings in the ACR Litigation and the work there of the attorneys who are now parties here. If this case is not transferred, the same exact dispute will be litigated simultaneously in two courts. Accordingly, the location of the operative facts and considerations of judicial economy, efficiency and the interests of justice all weigh in favor of transfer.

Additionally, traditional venue analysis, which is based on notions of convenience, would find this to be an inappropriate venue. Indeed, had the present action been originally filed in this court, section 1406(a) would *mandate* change of venue. *See* 28 U.S.C. § 1406(a) (court "shall" dismiss or transfer where venue improper). Venue is proper here only due to the removal statute. *See* 28 U.S.C. § 1441(a). The Western District of Tennessee, as the location of the events giving rise to the action, is the most appropriate venue. 28 U.S.C. § 1391(a)(2).

The plaintiffs' choice of the New York forum in this action is entitled to little, if any, weight. "[W]hen a plaintiff's chosen forum has no connection to the events which gave rise to the claim for relief, 'plaintiff's choice of forum is a less weighty consideration.'" *In re Repetitive Stress Injury Litig.*, 850 F.Supp. 188, 194 (E.D.N.Y. 1994) (*quoting Helfant v. Louisiana & So.*

9

*Life Ins. Co.*, 82 F.R.D. 53, 57 (E.D.N.Y. 1979)).  In *Repetitive Stress*, the court noted that the plaintiffs seemed to have chosen the forum solely for the strategic purpose of effecting a consolidation there, even though the events giving rise to suit were not connected to the forum. *Id.* at 194.  Similarly here, the Wolf Group filed suit in New York despite the fact that New York is unrelated to the events giving rise to the fee dispute.  The only connection at all is that two of the Wolf Group firms have their headquarters located in New York.  However, convenience of the lawyers is not a basis for venue.  *Glass v. S & M NuTec, LLC*, 456 F.Supp.2d 498, 502 (S.D.N.Y. 2006).

       The convenience of witnesses, location of documents and proof, availability of process to compel attendance of witnesses, and the relative means of the parties are largely unimportant in the context of this fee dispute.  The only issue to be decided is the fair distribution of attorneys' fees in the ACR Litigation, and this involves primarily the attorneys and the court.  Defendants do not anticipate that either party would have difficulty enforcing a judgment if the action were decided in Tennessee.  Defendants do not expect resolution of this matter to involve the underlying ACR parties, but if it should, the Western District of Tennessee, being the site of the ACR Litigation and thus having already exercised jurisdiction over the underlying ACR parties, would be the most convenient forum for all of those parties and any witnesses.

       The public interest factors weigh in favor of transfer.  The Glassman and Audet Firms have an attorney's lien in the Western District of Tennessee, to which Tennessee law applies. Tennessee law likely applies to the fee dispute overall, as well.  This case involves a Tennessee controversy that arose out of Tennessee litigation.  Defendants are not aware of any congestion in either court that would warrant affording that factor significant consideration.

       The totality of the circumstances, given the factors discussed above, indicate that this case should be transferred to the Western District of Tennessee under section 1404(a).

## CONCLUSION

For some tactical reason the Wolf Group apparently wants to litigate this Tennessee attorneys' fees dispute in New York and to increase the burden and expense to Defendants of sustaining their claims to a share of the attorneys fees. But these tactical ends are as illegitimate as the forum-shopping they have begotten and Plaintiffs should not be permitted to benefit from them.

The Court should transfer this action to the Western District of Tennessee under 28 U.S.C. § 1404(a).

Dated: New York, New York
      July 1, 2008                                       Respectfully,


                                                                  FEIN & JAKAB
                                                                  THE WOOLWORTH BUILDING
                                                                  233 Broadway • Suite 930
                                                                  New York, NY 10279
                                                                  (212) 732-9290


                                                                 By: /s/ _____
                                                                       PETER JAKAB (PJ-8553)

                                                                *Attorneys for Defendants*
                                                                GLASSMAN, EDWARDS, WADE &
                                                                WYATT, P.C. and AUDET & PARTNERS,
                                                                LLP

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of July, 2008, I caused to be mailed a true and correct copy of the foregoing Motion to Transfer Venue, Memorandum of Law in Support of Motion to Transfer Venue and Declaration of Peter Jakab in Support of Motion to Transfer Venue, via first class U.S. mail, postage prepaid, to the following:

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY 10016

KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546

BRAMLETT LAW OFFICES
2400 Crestmoor Road
P.O. Box 150734
Nashville, TN 37215-0734

                                              _____/s/_____
                                              PETER JAKAB