Peter Jakab (PJ-8553)
FEIN & JAKAB
THE WOOLWORTH BUILDING
233 Broadway • Suite 930
New York, NY 10279
212 732 9290 Ph
212 227 6479 Fx

*Attorneys for Defendants*
GLASSMAN, EDWARDS, WADE & WYATT, P.C.
and AUDET & PARTNERS, LLP

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP;  KAPLAN FOX KILSHEIMER LLP;  PRETI FLAHERTY BELIVEAU & PACHIOS LLP; and BRAMLETT LAW OFFICES,<br><br>                    Plaintiffs,<br><br>          - against -<br><br>GLASSMAN, EDWARDS, WADE & WYATT, P.C. and AUDET & PARTNERS LLP,<br><br>                    Defendants. | **ECF CASE**<br><br>Case No.: 08-cv-5751 (JGK)<br><br>**DECLARATION OF PETER JAKAB IN SUPPORT OF MOTION TO TRANSFER VENUE** |

**Peter Jakab**, pursuant to 28 U.S.C. §1746, declares as follows:

1.      I am an attorney associated with the firm of Fein & Jakab, attorneys for

Defendants Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners LLP.  I submit this

declaration in support of Defendants' motion to transfer venue.

2.      Annexed hereto as Exhibit A is a true and accurate copy of the docket for the

ACR Litigation in the U.S. District Court for the Western District of Tennessee.

3.      Annexed hereto as Exhibit B is a true and accurate copy of Magistrate Judge Tu

M. Pham's recommendation appointing Plaintiff Wolf Haldenstein Adler Freeman & Herz,

Defendant Glassman, Edwards, Wade & Wyatt, P.C. and Defendant Audet & Partners LLP as co-interim class counsel in the ACR Litigation.

4.      Annexed hereto as Exhibit C is a true and accurate copy of the docket for the ACR Litigation in the U.S. Court of Appeals for the Sixth Circuit.

5.      Annexed hereto as Exhibit D are true and accurate copies of Notice of Attorney's Liens on Plaintiffs' Recovery filed on March 17, 2008 and Amended Notice of Attorney's Liens on Plaintiffs' Recovery filed on March 24, 2008 in the U.S. Court of Appeals for the Sixth Circuit.

6.      Annexed hereto as Exhibit E are true and accurate copies of the following pleadings and motion papers filed by the parties hereto in the United States District Court for the Western District of Tennessee in connection with the Fee Proceedings pending there:

- Defendant's Complaint filed on May 28, 2008 in the U.S. District Court for the Western District of Tennessee.

- Plaintiffs' Memorandum of law in support of their motion to dismiss pursuant to Rules 12(b)(6), 12(b)(2), and 12(b)(7) of the Federal Rules of Procedure.

- Defendants' motion for an order requiring disputed attorney's fees and expenses to be deposited into the registry of the court pending resolution.

- Memorandum of law in support of Defendants' motion for an order requiring disputed attorney's fees and expenses to be deposited into the registry of the court pending resolution.

- Plaintiffs' Memorandum of law in opposition to Defendants' motion for an order requiring disputed attorney's fees and expenses to be deposited into the registry of the court pending resolution

- Defendants' motion for leave to file reply brief in further support of the motion for an order requiring disputed attorney's fees and expenses to be deposited into the registry of the court pending resolution.

- Defendants' reply brief in further support of their motion for an order requiring disputed attorney's fees and expenses to be deposited into the registry of the court pending resolution.

7.    Annexed hereto as Exhibit F is a true and accurate copy of Notice of Attorney's Liens on Plaintiffs' Recovery filed in the ACR Litigation in the U.S. District Court for the Western District of Tennessee.

8.    Annexed hereto as Exhibit G is a true and accurate copy of a document entitled "Notice" filed by the Plaintiffs in the Supreme Court of the State of New York, County of New York.

9.    Annexed hereto as Exhibit H is a true and accurate copy of Plaintiffs' Complaint received by Defendants on about June 18, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of July, 2008, in New York, New York

                                          /s/
                                        PETER JAKAB

### U.S. District Court
### Western District of Tennessee (Memphis)
### CIVIL DOCKET FOR CASE #: 2:06-cv-02207-BBD-tmp

PoolPak Technologies Corp. v. Outokumpu Oyj et al

Assigned to: Judge Bernice B. Donald

Referred to: Magistrate Judge Tu M. Pham

Related Case: 2:06-cv-02355-BBD-tmp

Case in other court: USCA, 07-06070

                        USCA, 07-06149

                        USCA, 07-06150

                        07-06151

                        USCA, 07-06152

                        USCA, 07-06153

Cause: 15:1 Antitrust Litigation

Date Filed: 04/07/2006

Date Terminated: 07/26/2007

Jury Demand: Plaintiff

Nature of Suit: 410 Anti-Trust

Jurisdiction: Federal Question

**Miscellaneous**

**Glassman, Edwards, Wade & Wyatt, P.C.**

**Miscellaneous**

**Audet & Partners, LLP**

**Plaintiff**

**PoolPak Technologies Corp.**
*on behalf of itself and all others similarly situated*

represented by **B. J. Wade**
GLASSMAN EDWARDS WADE &
WYATT, P.C.
26 N. Second Street
Memphis, TN 38103
901-527-4673
Fax: 901-521-0940
Email: bwade@gewwlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Kent Bramlett**
BRAMLETT LAW OFFICES
P.O. Box 150734
Nashville, TN 37215-0734
615-248-2828
Fax: 866-816-4116
Email: pknashlaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Twinco Supply Corporation**                     represented by **Gregory P. Hansel**
                                                                  PRETI FLAHERTY BELIVEAU &
                                                                  PACHIOS, LLP
                                                                  One City Center
                                                                  P.O. Box 9546
                                                                  Portland, ME 04112-9546
                                                                  207-791-3000
                                                                  Email: ghansel@preti.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jeffrey B. Gittleman**
                                                                  BARRACK RODOS & BACINE
                                                                  3300 Two Commerce Square
                                                                  2001 Market Street
                                                                  Philadelphia, PA 19103
                                                                  215-963-0600
                                                                  Fax: (215) 963-0838
                                                                  Email: jgittleman@barrack.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Joseph C. Kohn**
                                                                  KOHN SWIFT & GRAF PC
                                                                  One South Broad Street
                                                                  Ste. 2100
                                                                  Philadelphia, PA 19107-2924
                                                                  215-238-1700
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Kemper B. Durand**
                                                                  THOMASON HENDRIX HARVEY
                                                                  JOHNSON & MITCHELL
                                                                  One Commerce Square
                                                                  40 S. Main St.
                                                                  Ste. 2900
                                                                  Memphis, TN 38103-5529
                                                                  901-525-8721
                                                                  Fax: 901-525-6722
                                                                  Email: durandk@thomasonlaw.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Kendall S. Zylstra**
                                                                  MARCUS AUERBACH & ZYLSTRA, LLC
                                                                  P.O. Box 8876
                                                                  Elkins Park, PA 19027
                                                                  215-782-3300
                                                                  Fax: 8888-875-0469

Email: zylstra@marcusauerbach.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Barrack**
BARRACK RODOS & BACINE
3300 Two Commerce Square
Philadelphia, PA 19103
215-963-0600
Email: barrack@barrack.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Randall B. Weill**
PRETI FLAHERTY BELIVEAU &
PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
207-791-3000
Email: rweill@preti.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen E. Connolly**
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
610-822-0276
Email: sconnolly@sbclasslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E. Hoese**
KOHN SWIFT & GRAF PC
One South Broad Street
Ste. 2100
Philadelphia, PA 19107-2924
215-238-1700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**B. J. Wade**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**United Coolair Corp.**                represented by **B. J. Wade**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Shilvock Company, Inc.**                    represented by **B. J. Wade**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Outokumpu Oyj**                            represented by **David Olsky**
                                                WILMER CUTLER PICKERING HALE
                                                AND DORR LLP
                                                1875 Pennsylvania Ave., N.W.
                                                Washington, DC 20006
                                                202-663-6446
                                                Email: David.Olsky@wilmerhale.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Eric Mahr**
                                                WILMER CUTLER PICKERING HALE &
                                                DORR LLP
                                                1875 Pennsylvania Avenue NW
                                                Washington, DC 20006
                                                202-663-6446
                                                Fax: 202-663-6363
                                                Email: Eric.Mahr@wilmerhale.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Jerome A. Broadhurst**
                                                APPERSON CRUMP & MAXWELL, PLC
                                                6000 Poplar Ave.
                                                Ste. 400
                                                Memphis, TN 38119-3972
                                                901-756-6300
                                                Fax: 901-260-5158
                                                Email: jbroadhurst@appersoncrump.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Michelle D. Miller**
                                                WILMER CUTLER PICKERING HALE and
                                                DORR, LLP
                                                60 State Street
                                                Boston, MA 02109
                                                617-526-6000
                                                Fax: 617-526-5000
                                                Email: Michelle.Miller@wilmerhale.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Hettenbach**
WILMER CUTLER PICKERING HALE and
DORR, LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
202-663-6446
Fax: 202-663-6363
Email: Todd.Hettenbach@wilmerhale.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Outokumpu Copper Products Oy**          represented by **David Olsky**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Eric Mahr**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Jerome A. Broadhurst**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Michelle D. Miller**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Todd Hettenbach**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Outokumpu Copper (USA), Inc.**          represented by **David Olsky**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Eric Mahr**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

**Jerome A. Broadhurst**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle D. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Hettenbach**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Outokumpu Copper Franklin, Inc.**          represented by **David Olsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Mahr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome A. Broadhurst**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle D. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Hettenbach**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Outokumpu Heatcraft USA, LLC.**          represented by **David Olsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Mahr**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jerome A. Broadhurst**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle D. Miller**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd Hettenbach**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mueller Industries, Inc.**                represented by **Kelly M. Hnatt**
                                            WILLKIE FARR & GALLAGHER LLP
                                            787 Seventh Avenue
                                            New York, NY 10019-6099
                                            212-728-8502
                                            Fax: 212-728-8111
                                            Email: khnatt@wilkie.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Maren Wax**
                                            WILLKIE FARR & GALLAGHER LLP
                                            787 Seventh Avenue
                                            New York, NY 10019-6099
                                            202-728-8000
                                            Email: mwax@wilkie.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Matthew P. Bosher**
                                            WILLKIE FARR & GALLAGHER LLP
                                            787 Seventh Avenue
                                            New York, NY 10019
                                            212-728-8000
                                            Fax: 212-728-8111
                                            Email: mbosher@wilkie.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Robert L. Crawford**
                                            WYATT TARRANT & COMBS

P.O. Box 775000
1715 Aaron Brenner Drive Suite 800
Memphis, TN 38120
901-537-1052
Fax: 901-537-1010
Email: lcrawford@wyattfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sameer Nitanand Advani**
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
212-728-8502
Fax: 212-728-8111
Email: sadvani@wilkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William H. Rooney**
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019-6099
212-728-8502
Fax: 212-728-8111
Email: wrooney@wilkie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Mueller Europe LTD**                 represented by **Robert L. Crawford**
                                        WYATT TARRANT & COMBS
                                        P.O. Box 775000
                                        Memphis, TN 38177-5000
                                        901-537-1052
                                        Fax: 901-537-1010
                                        Email: lcrawford@wyattfirm.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**
**Wieland Werke AG**

**Defendant**
**KM Europa Metal AG**

**Defendant**
**Trefimetaux SA**                     represented by **Colin J. Carnahan**
                                        BOULT CUMMINGS CONNERS &
                                        BERRY
                                        1600 Division Street

Ste. 700
Nashville, TN 37203-0025
615-244-2582
Fax: 615-252-6340
Email: ccarnahan@boultcummings.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David I. Gelfand**
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2000 Pennsylvania Ave., N.W.
Washington, DC 20006-1801
202-974-1500
Email: dgelfand@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew I. Bachrack**
CLEARY GOTTLIEB STEEN &
HAMILTON
2000 Pennsylvania Ave. N.W.
Washington, DC 20006-1801
202-974-1500
Fax: 202-974-1999
Email: mbachrack@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Rothe**
CLEARY GOTTLIEB STEEN &
HAMILTON
2000 Pennsylvania Ave., N.W.
Washington, DC 20006-1801
202-974-1500
Fax: 202-974-1999
Email: nrothe@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A. Alexis**
BOULT CUMMINGS CONNERS &
BERRY
P.O. Box 340025
1600 Division Street
Ste. 700
Nashville, TN 37203-0025
615-244-2582
Fax: 615-252-6385
Email: palexis@boultcummings.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Europa Metalli Spa**                  represented by   **Colin J. Carnahan**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **David I. Gelfand**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Matthew I. Bachrack**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Nicole Rothe**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Paul A. Alexis**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Wieland Metals, Inc.**                represented by   **Aidan Synnott**
                                                         PAUL WEISS RIFKIND WHARTON &
                                                         GARRISON
                                                         1285 Avenue of the Americas
                                                         New York, NY 10019
                                                         212-373-3213
                                                         Email: asynnott@paulweiss.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Moses Silverman**
                                                         PAUL WEISS RIFKIND WHARTON &
                                                         GARRISON
                                                         1285 Avenue of the Americas
                                                         New York, NY 10019
                                                         212/373/3355
                                                         Email: msilverman@paulweiss.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

Susanne M Kandel
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
212-373-3000
Email: SKandel@paulweiss.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James R. Newsom, III**
HARRIS SHELTON HANOVER WALSH,
PLLC.
One Commerce Square
Suite 2700
Memphis, TN 38103
901-525-1455
Fax: 901-526-4084
Email: jnewsom@harrisshelton.com
*ATTORNEY TO BE NOTICED*

V.

<u>Respondent</u>

**WOLF HALDENSTEIN, et al**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/07/2006 | 1 | COMPLAINT against Mueller Industries, Inc., Mueller Europe LTD, Wieland Werke AG, KM Europa Metal AG, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC. (Filing fee $ 250.00) , filed by PoolPak Technologies Corp.. (Attachments: # 1 Civil Cover Sheet)(cas) (Entered: 04/10/2006) |
| 04/10/2006 | | Case initiation fee of $250.00 received. Receipt number M100928 (cas) (Entered: 04/11/2006) |
| 04/18/2006 | | Summons Issued as to Mueller Industries, Inc., Mueller Europe LTD, Wieland Werke AG, KM Europa Metal AG, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (cas) (Entered: 04/25/2006) |
| 04/27/2006 | 2 | MOTION to Consolidate Cases *Proposed Order to Consolidate Related Class Action Cases, Coordinate All Related Cases and Appoint Interim Co-Lead and Liaison Counsel is being submitted to the Judge,* MOTION to Appoint Counsel by PoolPak Technologies Corp.. (Attachments: # 1 Certificate of Consultation Certificate of Consultation# 2 Memorandum Memorandum of Law in Support of Joint Motion for Consolidation, Coordination and For Appointment of Interim Class and Liaison Counsel# 3 Exhibit 1 - MJF Affidavit# 4 Exhibit - Exh. A. - WHAFH resume# 5 Exhibit 1 - Exhibit a - Copper order# 6 Exhibit 2 - Smith v. AON order# 7 Exhibit 3 - Audet affidavit and resume# 8 Exhibit 4 - Copper order# 9 Exhibit |

| | | 5 - BJW affidavit# 10 Exhibit 5 - exhibit a - BJW resume# 11 Errata Exhibit 6 - Hansell affidavit and exh. a# 12 Exhibit 7 - Bramlett resume)(Wade, B.) Modified on 5/15/2006 (jml, ). (Entered: 04/27/2006) |
|---|---|---|
| 04/28/2006 | 3 | ORDER REFERRING MOTION: 2 MOTION to Consolidate Cases *Proposed Order to Consolidate Related Class Action Cases, Coordinate All Related Cases and Appoint Interim Co-Lead and Liaison Counsel is being submitted to the Judge* MOTION to Appoint Counsel filed by PoolPak Technologies Corp., . Signed by Judge Bernice B. Donald on 4/28/2006. (Donald, Bernice) (Entered: 04/28/2006) |
| 05/02/2006 | 4 | SUMMONS Returned Executed by PoolPak Technologies Corp.. Outokumpu Heatcraft USA, LLC. served on 4/28/2006, answer due 5/18/2006. (Wade, B.) (Entered: 05/02/2006) |
| 05/02/2006 | 5 | SUMMONS Returned Executed by PoolPak Technologies Corp.. Outokumpu Copper Franklin, Inc. served on 4/28/2006, answer due 5/18/2006. (Wade, B.) (Entered: 05/02/2006) |
| 05/03/2006 | 6 | RESPONSE to Motion re 2 MOTION to Consolidate Cases *Proposed Order to Consolidate Related Class Action Cases, Coordinate All Related Cases and Appoint Interim Co-Lead and Liaison Counsel is being submitted to the Judge* MOTION to Appoint Counsel MOTION to Appoint Counsel MOTION to Appoint Counsel MOTION to Appoint Counsel filed by Mueller Industries, Inc.. (Crawford, Robert) (Entered: 05/03/2006) |
| 05/05/2006 | 7 | SUMMONS Returned Executed by PoolPak Technologies Corp.. Outokumpu Copper (USA), Inc. served on 5/1/2006, answer due 5/22/2006. (Wade, B.) (Entered: 05/05/2006) |
| 05/09/2006 | 8 | SUMMONS Returned Executed by PoolPak Technologies Corp.. Mueller Industries, Inc. served on 5/8/2006, answer due 5/30/2006. (Wade, B.) (Entered: 05/09/2006) |
| 05/17/2006 | 9 | MOTION for Extension of Time to File Answer *Proposed Order Submitted* by Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Agreed Motion for Additional Time Within Which to Answer# 2 Certificate of Consultation)(Broadhurst, Jerome) (Entered: 05/17/2006) |
| 05/24/2006 | 10 | MOTION for Extension of Time to File Answer *Proposed Order Submitted* by Mueller Industries, Inc.. (Crawford, Robert) (Entered: 05/24/2006) |
| 05/24/2006 | 11 | MEMORANDUM in Support re 10 MOTION for Extension of Time to File Answer *Proposed Order Submitted* filed by Mueller Industries, Inc.. (Crawford, Robert) (Entered: 05/24/2006) |
| 05/24/2006 | 12 | NOTICE by Mueller Industries, Inc. re 10 MOTION for Extension of Time to File Answer *Proposed Order Submitted*, 11 Memorandum in Support of Motion *Certificate of Consultation* (Crawford, Robert) (Entered: 05/24/2006) |
| 05/24/2006 | 13 | MOTION for Extension of Time to File Answer *Proposed Order Submitted* by Mueller Industries, Inc.. (Crawford, Robert) (Entered: 05/24/2006) |
| 05/25/2006 | 14 | ORDER granting 2 Motion to Consolidate Cases and Coordinate Related Actions, RECOMMENDS 2 Plaintiff's Motion to Appoint Plaintiffs' Interim Lead Counsel & Laison Counsel be granted, granting 9 Defendants' Motion for Extension of Time to Answer, granting 10 Defendants' Motion for Extension of Time to Answer, granting 13 Motion for Extension of Time to Answer. Signed by Judge Tu M. Pham on 5/24/06. (Pham, Tu) (Entered: 05/25/2006) |

| 05/26/2006 | 15 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 10 MOTION for Extension of Time to File Answer *Proposed Order Submitted* filed by Mueller Industries, Inc.,, 11 Memorandum in Support of Motion filed by Mueller Industries, Inc., has been filed. For future reference, please note FYI......Motion, Memorandum and Certificate of Consultation MUST be linked. Motion will be your main document and Memorandum and Cert. of Consultation to be attached documents and so on. You should receive only one docket entry number.. Filer is not required to resubmit document. (jml, ) (Entered: 05/26/2006) |
|---|---|---|
| 06/09/2006 | 16 | SETTING LETTER: Scheduling Conference set for 7/20/2006 10:00 AM in Courtroom 6 - Memphis before Tu M. Pham. (bdg, ) (Entered: 06/09/2006) |
| 06/21/2006 | 17 | WAIVER OF SERVICE Returned Executed by PoolPak Technologies Corp.. Mueller Europe LTD waiver sent on 6/20/2006, answer due 8/21/2006. (Wade, B.) (Entered: 06/21/2006) |
| 06/23/2006 | 18 | AMENDED COMPLAINT *Consolidated Amended Class Action Complaint* against Mueller Industries, Inc., Mueller Europe LTD, Wieland Werke AG, KM Europa Metal AG, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC., filed by Twinco Supply Corporation, United Coolair Corp., PoolPak Technologies Corp.. (Wade, B.) (Entered: 06/23/2006) |
| 06/23/2006 | 19 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 17 Waiver of Service Executed filed by PoolPak Technologies Corp., has been filed. For future reference, please note the court does not file wavier of serivce of summons. For questions please call 901-495-1505. Filer is not required to resubmit document. (jml, ) (Entered: 06/23/2006) |
| 06/30/2006 | 20 | MOTION Adjournment of Rule 16 Conference *Unopposed (Proposed Order Submitted)* by Mueller Industries, Inc., Outokumpu Copper (USA), Inc.. (Attachments: # 1 Certificate of Consultation # 2 Memorandum in Support of Unopposed Motion)(Crawford, Robert) (Entered: 06/30/2006) |
| 07/06/2006 | 21 | ORDER granting 20 Unopposed Motion of Defendants to Adjourn the Rule 16 Conference. Scheduling Conference reset to 9/14/06 at 9:30 a.m. before Mag Judge Tu M. Pham, CR #6. Signed by Judge Tu M. Pham on 7/6/06. (Pham, Tu) (Entered: 07/06/2006) |
| 07/06/2006 | | Set Deadlines/Hearings: Rule 16 Scheduling Conference reset for 9/14/2006 09:30 AM before Tu M. Pham. (jml, ) (Entered: 07/11/2006) |
| 07/14/2006 | 22 | MOTION for Leave to Appear Pro Hac Vice *proposed order submitted* by Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Affidavit Attorney Certification Hettenbach# 2 Affidavit Attorney Certification Mahr# 3 Affidavit Attorney Certification Miller# 4 Affidavit Attorney Certification Olsky)(Broadhurst, Jerome) (Entered: 07/14/2006) |
| 07/19/2006 | 23 | ORDER granting 22 Motion of Michelle D. Miller, Eric Mahr, David Olksy and Todd Hettenbach for Leave to Appear Pro Hac Vice . Signed by Judge Bernice B. Donald on 7/17/2006. (Donald, Bernice) (Entered: 07/19/2006) |
| 07/21/2006 | | Filing fee: $ 400.00, receipt number M102604 Motion Pro Hac Vice Fees for Michelle |

| | | Miller, Eric Mahr, David Olksy and Todd Hettenback (vlg ) (Entered: 07/21/2006) |
|---|---|---|
| 07/25/2006 | 24 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 22 MOTION for Leave to Appear Pro Hac Vice *proposed order submitted* filed by Outokumpu Oyj,, Outokumpu Copper Products Oy,, Outokumpu Copper (USA), Inc.,, Outokumpu Copper Franklin, Inc.,, Outokumpu Heatcraft USA, LLC., has been filed. For future reference, please note that Motion Pro Hac Vices should be submitted from our website under policies and procedures, then click on the proper link.. Filer is not required to resubmit document. (jml, ) (Entered: 07/25/2006) |
| 08/07/2006 | 25 | Unopposed MOTION for Admission Pro Hac Vice of Matthew P. Bosher by Mueller Industries, Inc. (Proposed Order Submitted) Fee Paid Receipt No. M102854 (Attachments: # 1 Exhibit Certificate of Good Standing# 2 Certificate of Consultation # 3 Exhibit Declaration of Bosher)(vlg ) (Entered: 08/07/2006) |
| 08/07/2006 | 26 | Unopposed MOTION for Admission to Appear Pro Hac Vice of Kelly M. Hnatt by Mueller Industries, Inc. (Proposed Order Submitted) Fee Paid Receipt No. M102854 (Attachments: # 1 Exhibit Certificate of Good Standing# 2 Certificate of Consultation # 3 Exhibit Declaration of Hnatt)(vlg ) (Entered: 08/07/2006) |
| 08/07/2006 | 27 | Unopposed MOTION for Admission to Appear Pro Hac Vice William Rooney by Mueller Industries, Inc. (Proposed Order Submitted) Fee Paid Receipt No. M102854 (Attachments: # 1 Exhibit Certificate of Good Standing# 2 Certificate of Consultation # 3 Exhibit Declaration of Rooney)(vlg ) (Entered: 08/07/2006) |
| 08/07/2006 | 28 | Unopposeed MOTION for Admission Pro Hac Vice of Sameer Nitanand Advani by Mueller Industries, Inc.(Proposed Order Submitted) Fee Paid Receipt No. M102854 (Attachments: # 1 Exhibit Certificate of Good Standing# 2 Certificate of Consultation # 3 Exhibit Declaration of Sameer Advani)(vlg ) (Entered: 08/07/2006) |
| 08/07/2006 | 29 | Unopposed MOTION for Admission Pro Hac Vice Maren Wax by Mueller Industries, Inc. (Proposed Order Submitted) Fee Paid Receipt No. M102854 (Attachments: # 1 Exhibit Certificate of Good Standing# 2 Certificate of Consultation # 3 Exhibit Declaration of Maren Wax)(vlg ) (Entered: 08/07/2006) |
| 08/09/2006 | 30 | ORDER granting 29 Motion for Maren H. P. Wax, Esq. Leave to Appear Pro Hac Vice . Signed by Judge Bernice B. Donald on 8/9/2006. (Donald, Bernice) (Entered: 08/09/2006) |
| 08/10/2006 | 31 | ORDER granting 25 Motion of Matthew P. Bosher for Leave to Appear Pro Hac Vice . Signed by Judge Bernice B. Donald on 8/10/2006. (Donald, Bernice) (Entered: 08/10/2006) |
| 08/10/2006 | 32 | ORDER granting 26 Motion of Kelly M. Hnatt for Leave to Appear Pro Hac Vice . Signed by Judge Bernice B. Donald on 8/10/2006. (Donald, Bernice) (Entered: 08/10/2006) |
| 08/10/2006 | 33 | ORDER granting 27 Motion of William H. Rooney for Leave to Appear Pro Hac Vice . Signed by Judge Bernice B. Donald on 8/10/2006. (Donald, Bernice) (Entered: 08/10/2006) |
| 08/10/2006 | 34 | ORDER granting 28 Motion of Sameer Nitanand Advani, Esq. for Leave to Appear Pro Hac Vice . Signed by Judge Bernice B. Donald on 8/10/2006. (Donald, Bernice) (Entered: 08/10/2006) |
| 08/14/2006 | 35 | MOTION for Leave to File *proposed order submitted* by Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Motion for |

| | | |
|---|---|---|
| | | Leave to File Brief in Excess of 20 Pages# 2 Certificate of Consultation re Motion to Exceed 20-page Limit)(Broadhurst, Jerome) (Entered: 08/14/2006) |
| 08/15/2006 | 36 | ORDER granting 35 Motion for Leave to File Brief in Excess of Twenty Pages. Signed by Judge Bernice B. Donald on 8/15/2006. (Donald, Bernice) (Entered: 08/15/2006) |
| 08/16/2006 | 37 | MOTION for Leave to File *Brief in Excess of Twenty Pages [Proposed Order submitted]* by Mueller Industries, Inc.. (Attachments: # 1 Memorandum in Support of Unopposed Motion for Leave to File Brief in Excess of Twenty Pages# 2 Certificate of Consultation # 3 Certificate of Service)(Crawford, Robert) (Entered: 08/16/2006) |
| 08/18/2006 | 38 | ORDER granting 37 Mueller Industries, Inc.'s Motion to File Brief in Excess of 20 Pages. Signed by Judge Tu M. Pham on 8/18/06. (Pham, Tu) (Entered: 08/18/2006) |
| 08/22/2006 | 39 | MOTION to Dismiss the *Consolidated Amended Class Action Complaint* by Mueller Industries, Inc.. (Attachments: # 1 Memorandum of Law in Support of Defendant Mueller Industries, Inc.'s Motino to Dismiss the Consolidated Amended Class Action Complaint# 2 Declaration of Matthew P. Bosher# 3 Exhibit 1 to Declaration of Matthew P. Bosher# 4 Exhibit 2 to Declaration of Matthew P. Bosher# 5 Exhibit 3 to Declaration of Matthew P. Bosher# 6 Exhibit 4 to Declaratino of Patthew P. Bosher# 7 Exhibit 5 to Declaration of Matthew P. Bosher# 8 Exhibit 6 to Declaration of Matthew P. Bosher# 9 Compendium of Unreported Decisions Cited in Memorandum of Law in Support of Defendant Mueller Industries, Inc.'s Motion to Dismiss the Consolidated Amended Class Action Complaint# 10 Certificate of Service)(Crawford, Robert) (Entered: 08/22/2006) |
| 08/22/2006 | 40 | MOTION to Dismiss *the Consolidated Amended Class Action Complaint* by Mueller Europe LTD. (Attachments: # 1 Memorandum of Law in Support of Defendant Mueller Europe Ltd,'s Motion to Dismiss the Consolidated Amended Class Action Complaint# 2 Declaration of Patrick W. Donovan# 3 Declaration of Matthew P. Bosher# 4 Exhibit 1 to Declaration of Matthew P. Bosher# 5 Exhibit 2 to Declaration of Matthew P. Bosher# 6 Exhibit 3 to Declaration of Matthew P. Bosher# 7 Exhibit 4 to Declaration of Matthew P. Bosher# 8 Exhibit 5 to Declaration of Matthew P. Bosher# 9 Exhibit 6 to Declaration of Matthew P. Bosher# 10 Compendium of Unreported Decisions Cited in Memorandum of Law in SUpport of Defendant Mueller Europe Ltd.'s Motion to Dismiss the Consolidated Amended Class Action Complaint# 11 Certificate of Service)(Crawford, Robert) (Entered: 08/22/2006) |
| 08/22/2006 | 41 | MOTION to Dismiss by Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum of Law in Support of Motion by Outokumpu Defendants to Dismiss the Consolidated Amended Class Action Complaint# 2 Exhibit 1to Memorandum--Dec.16, 2003 Decision of the European Commission# 3 Exhibit 2 to Memorandum--Amended Class Action Complaint filed in Sniado v. Bank Austria# 4 Exhibit 3 to Memorandum--Second Consolidated Amended Class Action Complaint filed in In re Elevator Antitrust Litigation# 5 Exhibit 4 to Memorandum--European Commission Press Release (March 23, 2001)# 6 Exhibit 5 to Memorandum--New York Times Article (March 24, 2001)# 7 Exhibit 6 to Memorandum--Reuters Article (March 23, 2001)# 8 Exhibit 7 to Memorandum--Selected additional news articles discussing E.C. Investigation in March 2001# 9 Exhibit 8 to Memorandum--Outokumpu Oyj Press Release dated March 22, 2001# 10 Exhibit 9 to Memorandum--Outokumpu Oyj Stock Market Release dated May 9, 2001# 11 Exhibit 10 to Memorandum--Outokumpu Oyj 2001 Annual Report# 12 Exhibit 11 to Memorandum--Declaration of Ulf Anvin# 13 Exhibit 12 to Memorandum--Declaration of Kalle Luoto# 14 Exhibit 13 to Memorandum--Declaration of Jyrki Siltala# 15 Exhibit 14 to |

| | | |
|---|---|---|
| | | Memorandum--Declaration of Ronald Beal# 16 Exhibit 15 to Memorandum--Declaration of Mark Jantzen# 17 Exhibit 16 to Memorandum--Compendium of Unreported Cases Cited in the Outokumpu Defendants' Memorandum of Law in Support of their Motion to Dismiss) (Broadhurst, Jerome) (Entered: 08/22/2006) |
| 08/29/2006 | 42 | MOTION Adjourn the Rule 16 Conference *proposed Order submitted* by Mueller Industries, Inc., Outokumpu Copper Franklin, Inc.. (Attachments: # 1 Memorandum in Support of the Unopposed Motion of Defendants to Adjourn the Rule 16 Conference# 2 Certificate of Consultation Certificate of Consultation)(Crawford, Robert) (Entered: 08/29/2006) |
| 08/31/2006 | 43 | ORDER Granting in part 42 Unopposed Motion of Defendants to Adjourn the Rule 16 Conference. Scheduling Conference reset to 10/19/06 at 9:45 am before MJ Tu M. Pham. Signed by Judge Tu M. Pham on 8/31/06. (Pham, Tu) (Entered: 08/31/2006) |
| 08/31/2006 | | Set Deadlines/Hearings: Scheduling Conference set for 10/19/2006 09:45 AM before Tu M. Pham. (jml, ) (Entered: 09/01/2006) |
| 09/20/2006 | 44 | Joint MOTION to Establish a Briefing Schedule *[proposed order submitted]* by Mueller Industries, Inc., Mueller Europe LTD, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Joint Motion to Establish a Briefing Schedule# 2 Certificate of Consultation in Support of Joint Motion to Establish a Briefing Schedule)(Crawford, Robert) (Entered: 09/20/2006) |
| 10/05/2006 | 45 | MOTION to Adjourn the Rule 16 Conferences *[proposed order submitted]* by Mueller Industries, Inc., Outokumpu Copper Franklin, Inc.. (Attachments: # 1 Memorandum in Support of Motion of Defendants to Adjourn the Rule 16 Conferences# 2 Certificate of Consultation regarding Motion of Defendants to Adjourn the Rule 16 Conferences# 3 Certificate of Service)(Crawford, Robert) (Entered: 10/05/2006) |
| 10/12/2006 | 46 | RESPONSE in Opposition re 45 MOTION to Adjourn the Rule 16 Conferences *[proposed order submitted]* filed by PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Wade, B.) (Entered: 10/12/2006) |
| 10/13/2006 | 47 | ORDER granting 45 Defendants' Motion to Adjourn the Rule 16 Conferences. Scheduling conference reset to 12/7/06 at 9:30 am before Magistrate Judge Tu M. Pham. Signed by Judge Tu M. Pham on 10/13/06. (Pham, Tu) (Entered: 10/13/2006) |
| 10/13/2006 | | Set Deadlines/Hearings: Scheduling Conference reset for 12/7/2006 09:30 AM before Bernice B. Donald. (jml, ) (Entered: 10/17/2006) |
| 11/29/2006 | 48 | SUMMONS Returned Executed by PoolPak Technologies Corp.. Trefimetaux SA served on 10/13/2006, answer due 11/2/2006. (Wade, B.) (Entered: 11/29/2006) |
| 12/05/2006 | 49 | AGREED ORDER ON DISCOVERY Signed by Judge Tu M. Pham on 12/5/06.....discovery will commence, and initial disclosures will be exchanged, on the 30th day following the entry of an Order by the Court resolving the last of defendants' respective motions to dismiss the complaints in the Actions...the scheduling conference set for December 7, 2006 is canceled. The parties shall appear for a telephone status conference before the Magistrate Judge on Thursday, March 15, 2007 at 9:30am (cst). Lead counsel for plaintiffs shall initiate the conference call. (wmw, ) (Entered: 12/05/2006) |
| 12/08/2006 | 50 | MOTION to Amend/Correct 18 Amended Complaint, *proposed order submitted* by PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 |

| | | Certificate of Consultation # 2 Memorandum # 3 Amended Complaint)(Wade, B.) (Entered: 12/08/2006) |
|---|---|---|
| 12/18/2006 | 51 | ORDER Granting 50 Plaintiffs' Unopposed Motion for Leave to Amend the Consolidated Amended Class Action Complaint. Plaintiffs shall have five (5) days from the date of this order to amend the consolidated amended class action complaint. Signed by Judge Tu M. Pham on 12/18/06. (Pham, Tu) (Entered: 12/18/2006) |
| 01/16/2007 | 52 | CORPORATE DISCLOSURE STATEMENT filed by Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC. listing corporate parent as. (Broadhurst, Jerome) (Entered: 01/16/2007) |
| 01/22/2007 | 53 | MOTION for Leave to File Excess Pages *[proposed order submitted]* by Mueller Industries, Inc., Mueller Europe LTD, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Unopposed Motion for Leave to File Excess Pages# 2 Certificate of Consultation regarding Unopposed Motion for Leave to File Excess Pages# 3 Exhibit Certificate of Service)(Crawford, Robert) (Entered: 01/22/2007) |
| 01/25/2007 | 54 | CORPORATE DISCLOSURE STATEMENT filed by Mueller Industries, Inc. listing corporate parent as *[there is no parent company]*. (Crawford, Robert) (Entered: 01/25/2007) |
| 01/25/2007 | 55 | MOTION for Extension of Time to File *Motion for an Order Governing Discovery [proposed order submitted]* by Mueller Industries, Inc., Outokumpu Copper Franklin, Inc.. (Attachments: # 1 Memorandum of Defendants Mueller Industries, Inc. and Outokumpu Franklin, Inc. in Support of Their Agreed Motion for an Extension of Time to Submit Motion for an Order Governing Discovery# 2 Certificate of Consultation re Agreed Motion# 3 Exhibit Certificate of Service)(Crawford, Robert) (Entered: 01/25/2007) |
| 01/25/2007 | 56 | MOTION for Extension of Time to File *Motion for an Order Governing Discovery [proposed order submitted]* by Mueller Industries, Inc., Outokumpu Copper Franklin, Inc.. (Attachments: # 1 Memorandum of Defendants in Support of Their Agreed Motion for Extension of Time to Submit Motion for an Order# 2 Certificate of Consultation re Agreed Motion# 3 Exhibit Certificate of Service)(Crawford, Robert) (Entered: 01/25/2007) |
| 01/26/2007 | 57 | ORDER Granting 56 Agreed Motion of Defendants Mueller Industries, Inc. and Outokumpu Franklin, Inc. for an Extension of Time to Submit Motion for an Order Governing Discovery. Moving defendnats shall have up to and including 2/9/07 to move the court for an order governing the manner in which discovery will proceed. Signed by Judge Tu M. Pham on 1/26/07. (Pham, Tu) (Entered: 01/26/2007) |
| 01/30/2007 | 58 | MOTION to Amend/Correct *the Second Consolidated Amended Class Action Complaint (Proposed Order submitted)* by PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Exhibit A# 2 Certificate of Consultation # 3 Memorandum)(Wade, B.) (Entered: 01/30/2007) |
| 01/30/2007 | 59 | ORDER granting 53 Motion for Leave to File Excess Pages. Signed by Judge Bernice B. Donald on 01/30/2007. (Donald, Bernice) (Entered: 01/30/2007) |
| 01/31/2007 | 60 | ORDER Granting 58 Agreed Motion of Plaintiffs for Leave to Amend the Second Consolidated Amended Class Action Complaint. Plaintiffs may serve & file the Third Consolidated Amended Class Action Complaint on or before 2/2/07. Signed by Judge Tu M. |

| | | Pham on 1/31/07. (Pham, Tu) (Entered: 01/31/2007) |
|---|---|---|
| 01/31/2007 | 61 | AMENDED COMPLAINT *Third Consolidated Amended Class Action Complaint (please hold Summons, plaintiffs' counsel will pick up from clerk's office)* against all defendants all defendants., filed by PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Wieland Metals, Inc.) (Wade, B.) (Entered: 01/31/2007) |
| 02/07/2007 | 62 | MOTION for Extension of Time to File Response/Reply */Submit Plaintiffs' Response to Defendants' Motion for an Order Governing Discovery (proposed order submitted)* by PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Memorandum # 2 Certificate of Consultation # 3 certificate of service) (Wade, B.) (Entered: 02/07/2007) |
| 02/08/2007 | 63 | ORDER granting 62 Agreed Motion for Extension of Time to Submit Plaintiffs' Response to Defendants' Motions for an Order Governing Discovery. Moving plaintiffs shall have up to and including 3/2/07 to respond to defendants' motion for an order governing the manner in which discovery will proceed. Signed by Magistrate Judge Tu M. Pham on 6/8/07'. (Pham, Tu) (Entered: 02/08/2007) |
| 02/09/2007 | 64 | NOTICE of Appearance by Colin J. Carnahan on behalf of Trefimetaux SA, Europa Metalli Spa (Carnahan, Colin) (Entered: 02/09/2007) |
| 02/09/2007 | 65 | MOTION To Phase Discovery by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Carnahan, Colin) (Entered: 02/09/2007) |
| 02/09/2007 | 66 | MEMORANDUM in Support re 65 MOTION To Phase Discovery filed by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Appendix A - Case Law)(Carnahan, Colin) (Entered: 02/09/2007) |
| 02/09/2007 | 67 | REPORT of Rule 26(f) Planning Meeting. (Carnahan, Colin) (Entered: 02/09/2007) |
| 02/13/2007 | 68 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 65 MOTION To Phase Discovery filed by Trefimetaux SA,, Europa Metalli Spa,, Mueller Industries, Inc.,, Mueller Europe LTD,, Outokumpu Oyj,, Outokumpu Copper Products Oy,, Outokumpu Copper (USA), Inc.,, Outokumpu Copper Franklin, Inc.,, Outokumpu Heatcraft USA, LLC.,, 66 Memorandum in Support of Motion, filed by Trefimetaux SA,, Europa Metalli Spa,, Mueller Industries, Inc.,, Mueller Europe LTD,, Outokumpu Oyj,, Outokumpu Copper Products Oy,, Outokumpu Copper (USA), Inc.,, Outokumpu Copper Franklin, Inc.,, Outokumpu Heatcraft USA, LLC., has been filed. For future reference, please note that the memorandum should have been submitted as an attached document to the motion, receiving only one docket entry number.. Filer is not required to resubmit document. (jml, ) (Entered: 02/13/2007) |
| 02/16/2007 | 69 | SUMMONS Returned Executed by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. Wieland Metals, Inc. served on 2/6/2007, answer due 2/26/2007. (Attachments: # 1 Affidavit of Service)(Wade, B.) (Entered: 02/16/2007) |
| 02/22/2007 | 70 | SETTING LETTER: Status Conference set for 5/17/2007 09:30 AM (cst)in Courtroom 6 - |

| | | Memphis before Magistrate Judge Tu M. Pham. (wmw, ) (Entered: 02/22/2007) |
|---|---|---|
| 02/22/2007 | 71 | MOTION for Extension of Time to File Answer re 61 Amended Complaint, *or Otherwise Respond by Agreement (Proposed order submitted)* by Wieland Metals, Inc.. (Attachments: # 1 Memorandum in Support of Agreed Motion of Defendant Wieland Metals, Inc. for Additional Time Within Which to Answer or Otherwise Respond# 2 Certificate of Consultation)(Newsom, James) (Entered: 02/22/2007) |
| 02/22/2007 | 72 | ORDER Granting 71 Agreed Motion of Defendant Wieland Metals, Inc. for Additional Time Within Which to Answer or Otherwise Respond. Wieland Metals' Answer due 3/29/07. Signed by Magistrate Judge Tu M. Pham on 2/22/07. (Pham, Tu) (Entered: 02/22/2007) |
| 02/23/2007 | 73 | CORPORATE DISCLOSURE STATEMENT filed by Trefimetaux SA listing corporate parent as *KM Europa Metal AG, which is wholly owned by KME Group S.p.A.*. (Carnahan, Colin) (Entered: 02/23/2007) |
| 02/23/2007 | 74 | CORPORATE DISCLOSURE STATEMENT filed by Europa Metalli Spa listing corporate parent as *KM Europa Metal AG, which is wholly-owned by KME Group S.p.A.*. (Carnahan, Colin) (Entered: 02/23/2007) |
| 02/27/2007 | 75 | CORPORATE DISCLOSURE STATEMENT filed by Wieland Metals, Inc. listing corporate parent as. (Newsom, James) (Entered: 02/27/2007) |
| 03/02/2007 | 76 | RESPONSE in Opposition re 65 MOTION To Phase Discovery filed by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Certificate of Service)(Wade, B.) (Entered: 03/02/2007) |
| 03/07/2007 | 77 | ORDER Ggranting 55 Agreed Motion of Defendants Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC, Mueller Industries, Inc., and Mueller Europe Ltd., for Additional Time Within Which to Answer or Otherwise Respond. Moving Defendants shall have up to and including 4/27/07 to answer or respond. (TEXT ONLY - NO IMAGE ATTACHED). Signed by Magistrate Judge Tu M. Pham on 3/7/07. (Pham, Tu) (Entered: 03/07/2007) |
| 03/07/2007 | 78 | NOTICE by Mueller Industries, Inc. *of Filing and Service of Correspondence From the European Commission's Director of Anti-Cartel Enforcement* (Attachments: # 1 Exhibit A - Correspondence)(Crawford, Robert) (Entered: 03/07/2007) |
| 03/07/2007 | 79 | MOTION for Leave to File *Reply Brief in Support of Motion to Phase Discovery, proposed order submitted* by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum In Support of Motion# 2 Certificate of Consultation)(Carnahan, Colin) (Entered: 03/07/2007) |
| 03/08/2007 | 80 | MOTION FOR ADMISSION PRO HAC VICE OF DAVID I. GELFAND (proposed order submitted) by Trefimetaux SA, Europa Metalli Spa. (Attachments: # 1 Certificate of Good Standing# 2 Declaration# 3 Pro Hac Vice Fee Receipt)(fsh, ) (Entered: 03/08/2007) |
| 03/08/2007 | 81 | ORDER granting 79 Unopposed Motion of Certain Defendants for Leave to File a Reply Brief in Support of Their Motion to Phase Discovery. Moving defendants shall have until 3/12/07 to file said reply. Signed by Magistrate Judge Tu M. Pham on 3/8/07. (Pham, Tu) |

| | | (Entered: 03/08/2007) |
|---|---|---|
| 03/08/2007 | 82 | ORDER granting 80 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 03/08/2007. (Donald, Bernice) (Entered: 03/08/2007) |
| 03/12/2007 | 83 | MEMORANDUM in Support re 65 MOTION To Phase Discovery *Reply Memorandum in Further Support of Motion* filed by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Carnahan, Colin) (Entered: 03/12/2007) |
| 03/12/2007 | 84 | Joint MOTION to Continue *proposed order submitted* by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Wade, B.) (Entered: 03/12/2007) |
| 03/12/2007 | 86 | MOTION for Leave to Appear Pro Hac Vice as to Aidan Synnott by Wieland Metals, Inc.. Proposed Order Submitted...****FILING FEE PAID****(certifcate of good standing follows motion) (jml, ) Modified on 3/14/2007 (jml, )as to atty name. (Entered: 03/14/2007) |
| 03/12/2007 | 87 | MOTION for Leave to Appear Pro Hac Vice as to Moses Silverman by Wieland Metals, Inc.. Proposed Order Submitted....****FILING FEE PAID****(certifcate of good standing follows motion)(jml, ) (Entered: 03/14/2007) |
| 03/12/2007 | 88 | MOTION for Leave to Appear Pro Hac Vice as to Susanne M. Kandel by Wieland Metals, Inc.. Proposed Order Submitted....****FILING FEE PAID**** ****(certifcate of good standing follows motion)(jml, ) (Entered: 03/14/2007) |
| 03/13/2007 | 85 | ORDER GRANTING 84 JOINT MOTION OF PLAINTIFFS AND DEFENDANTS TO ADJOURN THE TELEPHONIC STATUS CONFERENCE. Telephonic Status Conference is reset to 5/17/07 at 9:30 a.m. before Magistrate Judge Tu M. Pham. Signed by Magistrate Judge Tu M. Pham on 3/13/07. (Pham, Tu) (Entered: 03/13/2007) |
| 03/13/2007 | | Set Deadlines/Hearings: Telephonic Status Conference reset for 5/17/2007 09:30 AM before Magistrate Judge Tu M. Pham per order #85. (jml, ) (Entered: 03/14/2007) |
| 03/14/2007 | 89 | MOTION for Admission Pro Hac Vice of Matthew I. Bachrack (proposed order submitted) by Trefimetaux SA, Europa Metalli Spa. (Attachments: # 1 Certificate of Good Standing# 2 Declaration of Matthew I. Bachrack# 3 Pro Hac Vice Receipt for Matthew I. Bachrack)(fsh, ) (Entered: 03/15/2007) |
| 03/14/2007 | 90 | MOTION for Admission Pro Hac Vice of Nicole Rothe (proposed order submitted) by Trefimetaux SA, Europa Metalli Spa. (Attachments: # 1 Certificate of Good Standing# 2 Declaration of Nicole Rothe# 3 Pro Hac Vice Receipt of Nicole Rothe)(fsh, ) (Entered: 03/15/2007) |
| 03/15/2007 | 91 | ORDER granting 86 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 03/15/2007. (Donald, Bernice) (Entered: 03/15/2007) |
| 03/15/2007 | 92 | ORDER granting 87 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 03/15/2007. (Donald, Bernice) (Entered: 03/15/2007) |
| 03/15/2007 | 93 | ORDER granting 88 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 03/15/2007. (Donald, Bernice) (Entered: 03/15/2007) |
| 03/15/2007 | 94 | ORDER granting 89 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. |

| | | Donald on 03/15/2007. (Donald, Bernice) (Entered: 03/15/2007) |
|---|---|---|
| 03/15/2007 | 95 | ORDER granting 90 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Bernice B. Donald on 03/15/2007. (Donald, Bernice) (Entered: 03/15/2007) |
| 03/21/2007 | 96 | NOTICE by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp. re 78 Notice (Other) *Class Plaintiffs' Response to Filing by Defendant Mueller Industries, Inc. of Correspondence from the European Commission's Director of Anti-Cartel Enforcement* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit Unreported Case 1# 9 Exhibit Unreported Case 2)(Wade, B.) (Entered: 03/21/2007) |
| 03/23/2007 | 97 | MOTION for Leave to File Excess Pages *[proposed order submitted]* by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Unopposed Motion of Defendants for Leave to File Memoranda in Excess of Twenty Pages# 2 Certificate of Consultation regarding Unopposed Motion for Leave to File Memorana in Excee of Twenty Pages# 3 Exhibit Certificate of Service) (Crawford, Robert) (Entered: 03/23/2007) |
| 03/27/2007 | 98 | ORDER granting 97 Motion for Leave to File Excess Pages . Signed by Judge Bernice B. Donald on 3/27/07. (Donald, Bernice) (Entered: 03/27/2007) |
| 03/29/2007 | 99 | MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* by Mueller Industries, Inc.. (Attachments: # 1 Memorandum of Law in Support of Defendant Mueller Industries, Inc.'s Motion to Dismiss the Third Consolidated Amended Class Action Complaint# 2 Exhibit Declaration of Maren H.P. Wax# 3 Exhibit 1 to Declaration of Maren H.P. Wax# 4 Exhibit 2 to Declaration of Maren H.P. Wax# 5 Exhibit 3 to Declaration of Maren H.P. Wax# 6 Exhibit 4 to Declaration of Maren H.P. Wax# 7 Exhibit 5 to Declaration of Maren H.P. Wax# 8 Exhibit 6 to Declaration of Maren H.P. Wax# 9 Exhibit Compendium of Unreported Cases Cited in Memo of Law# 10 Exhibit Certificate of Service)(Crawford, Robert) Modified on 4/2/2007 (jml, )as to text only(exh.). (Entered: 03/29/2007) |
| 03/29/2007 | 100 | MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* by Mueller Europe LTD. (Attachments: # 1 Memorandum of Law in Support of Defendant Mueller Europe Ltd.'s Motion to Dismiss the Third Consolidated Amended Class Action Complaint# 2 Exhibit Declaration of Patrick W. Donovan# 3 Exhibit 1 to Declaration of Patrick W. Donovan# 4 Exhibit Declaration of Maren H.P. Wax# 5 Exhibit 1 to Declaration of Maren H.P. Wax# 6 Exhibit 2 to Declaration of Maren H.P. Wax# 7 Exhibit 3 to Declaration of Maren H.P. Wax# 8 Exhibit 4 to Declaration of Maren H.P. Wax# 9 Exhibit 5 to Declaration of Maren H.P. Wax# 10 Exhibit 6 to Declaration of Maren H.P. Wax# 11 Exhibit Compendium of Unreported Cases Cited in Memo# 12 Exhibit Certificate of Service) (Crawford, Robert) Modified on 4/2/2007 (jml, )as to text only(exh.). (Entered: 03/29/2007) |
| 03/29/2007 | 101 | MOTION to Dismiss by Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum In Support Of Joint Motion To Dismiss Third Consolidated Amended Class Action Complaint# 2 Exhibit 1 to Memorandum in Support# 3 Exhibit 2 to Memorandum in Support# 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14 # 15 # 16 # 17 # 18 # 19 # 20 # 21 # 22 # 23 # 24 # 25 # 26 Certificate of Service)(Broadhurst, Jerome) (Entered: 03/29/2007) |

| 03/30/2007 | 102 | NOTICE by Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC. re 101 MOTION to Dismiss *Index of Exhibits to the Memorandum of Law* (Attachments: # 1 Certificate of Service)(Broadhurst, Jerome) (Entered: 03/30/2007) |
|---|---|---|
| 04/02/2007 | 103 | PLEASE DISREGARD THIS NOTICE, ERRONEOUSLY SENT....COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 101 MOTION to Dismiss filed by Trefimetaux SA,, Europa Metalli Spa,, Outokumpu Oyj,, Outokumpu Copper Products Oy,, Wieland Metals, Inc.,, Outokumpu Copper (USA), Inc.,, Outokumpu Copper Franklin, Inc.,, Outokumpu Heatcraft USA, LLC., has been filed. For future reference, please note that all attached documents are to be labeled with a brief description.. Filer is not required to resubmit document. (jml, ) Modified on 4/2/2007 (jml, )as to text only (Entered: 04/02/2007) |
| 04/03/2007 | 104 | NOTICE by Mueller Industries, Inc. re 78 Notice (Other), 96 Notice (Other), Notice (Other), Notice (Other) *Response of Mueller Industries, Inc. to Plaintiffs' Memoranda Addressing the Correspondence From the European Commission's Director of Anti-Cartel Enforcement* (Crawford, Robert) (Entered: 04/03/2007) |
| 04/25/2007 | 105 | MOTION for Extension of Time to File Response/Reply as to 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint (proposed order submitted)* by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Memorandum # 2 Certificate of Consultation)(Wade, B.) (Entered: 04/25/2007) |
| 05/01/2007 | 106 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 105 MOTION for Extension of Time to File Response/Reply as to 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* |
| 05/11/2007 | 107 | MOTION to Continue *the Status Conferences [proposed order submitted]* by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Agreed Motion of Defendants to Adjourn the Status Conferences# 2 Certificate of Consultation re Agreed Motion of Defendants to Adjourn the Status Conferences# 3 Exhibit Certificate of Service in ACR Case)(Crawford, Robert) (Entered: 05/11/2007) |
| 05/14/2007 | 108 | ORDER denying 107 Motion to Continue Status Conference. Out of town counsel may participate via telephone at the status conference on 5/17/07 at 9:30 a.m. (CST). Interim Liaison Counsel shall be responsible for setting up the conference call with the parties and calling Judge Pham's courtroom at (901) 495-1311 after all parties are on the call. Signed by Magistrate Judge Tu M. Pham on 5/14/07. (Pham, Tu) (Entered: 05/14/2007) |
| 05/17/2007 | 109 | Minute Entry for proceedings held before Magistrate Judge Tu M. Pham : Status Conference held on 5/17/2007. The parties advised the court of the status of the cases. The court will notify the parties of the date for the scheduling conference, if necessary, after the court decides the pending dispositive motions. (Tape #FTR.) (wmm, ) (Entered: 05/17/2007) |

| 05/22/2007 | 110 | MOTION for Leave to File Excess Pages *proposed order submitted* by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Certificate of Consultation)(Wade, B.) (Entered: 05/22/2007) |
| --- | --- | --- |
| 05/22/2007 | 111 | ORDER granting 105 Motion for Extension of Time to File Response/Reply. Signed by Judge Bernice B. Donald on 5/22/2007. (Donald, Bernice) (Entered: 05/22/2007) |
| 05/23/2007 | 112 | MOTION for Extension of Time to File Response/Reply as to 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint proposed order submitted* by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Memorandum # 2 Certificate of Consultation)(Wade, B.) (Entered: 05/23/2007) |
| 05/23/2007 | 113 | ORDER Denying 65 Without Prejudice Motion of Certain Defendants to Phase Discovery. Signed by Magistrate Judge Tu M. Pham on 5/23/07. (Pham, Tu) (Entered: 05/23/2007) |
| 05/25/2007 | 114 | ORDER granting 110 Motion for Leave to File Excess Pages . Signed by Judge Bernice B. Donald on 5/25/07. (Donald, Bernice) (Entered: 05/25/2007) |
| 05/25/2007 | 115 | ORDER granting 112 Motion for Extension of Time to File Response/Reply re 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* Responses due by 6/1/2007. Signed by Judge Bernice B. Donald on 5/25/07. (Donald, Bernice) (Entered: 05/25/2007) |
| 06/01/2007 | 116 | RESPONSE in Opposition re 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* filed by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Wade, B.) (Entered: 06/01/2007) |
| 06/01/2007 | 117 | RESPONSE in Opposition re 101 MOTION to Dismiss, 105 MOTION for Extension of Time to File Response/Reply as to 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*100 MOTION to Dismiss the Third Consolidated Amended Class Action Complaint *filed by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12# 13 Exhibit 13# 14 Exhibit 14# 15 Exhibit 15# 16 Exhibit 16# 17 Exhibit 17# 18 Exhibit 18# 19 Exhibit 19# 20 Exhibit 20# 21 Exhibit 21# 22 Exhibit 22# 23 Exhibit 23# 24 Exhibit 24# 25 Exhibit 25# 26 Exhibit 26# 27 Exhibit 27# 28 Exhibit 28# 29 Exhibit 29# 30 Exhibit 30# 31 Exhibit 31# 32 Exhibit 32# 33 Exhibit 33# 34 Exhibit 34# 35 Exhibit 35# 36 Exhibit 36# 37 Exhibit 37# 38 Exhibit 38# 39 Exhibit 39# 40 Exhibit 40# 41 Exhibit 41# 42 Exhibit 42# 43 Exhibit 43# 44 Exhibit 44# 45 Exhibit 45# 46 Exhibit 46# 47 Exhibit 47# 48 Exhibit 48# 49 Exhibit 49# 50 Exhibit 50)(Wade, B.) (Entered: 06/01/2007)* |
| 06/01/2007 | 118 | RESPONSE in Opposition re 101 MOTION to Dismiss, 99 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint*, 100 MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* filed by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 unreported case 1# 2 unreported case 2# 3 unreported case 3# 4 unreported case 4# 5 |

| | | |
|---|---|---|
| | | unreported case 5# <u>6</u> unreported case 6# <u>7</u> unreported case 7# <u>8</u> unreported case 8# <u>9</u> unreported case 9# <u>10</u> unreported case 10# <u>11</u> unreported case 11# <u>12</u> unreported case 12# <u>13</u> unreported case 13# <u>14</u> unreported case 14# <u>15</u> unreported case 15# <u>16</u> unreported case 16# <u>17</u> unreported case 17# <u>18</u> unreported case 18# <u>19</u> unreported case 19# <u>20</u> unreported case 20# <u>21</u> unreported case 21# <u>22</u> unreported case 22# <u>23</u> unreported case 23# <u>24</u> unreported case 24# <u>25</u> unreported case 25# <u>26</u> unreported case 26# <u>27</u> unreported case 27# <u>28</u> unreported case 28# <u>29</u> unreported case 29# <u>30</u> slip opinion 1# <u>31</u> slip opinion 2# <u>32</u> slip opinion 3# <u>33</u> slip opinion 4)(Wade, B.) (Entered: 06/02/2007) |
| 06/11/2007 | <u>119</u> | MOTION for Leave to File *Reply Briefs in Support of Their Motions to Dismiss the Third Consolidated Amended Class Action Complaint {proposed order submitted}* by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # <u>1</u> Memorandum in Support of Defendants' Unopposed Motion for Leave to File REply Briefs# <u>2</u> Certificate of Consultation re Unopposed Motion for Leave to File Reply Briefs# <u>3</u> Exhibit Certificate of Service)(Crawford, Robert) (Entered: 06/11/2007) |
| 06/26/2007 | <u>120</u> | MOTION for Leave to File Excess Pages *proposed order submitted* by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # <u>1</u> Memorandum in Support of Defendants' Unopposed Motion for Leave to File Reply Memoranda in Excess of Twenty Pages# <u>2</u> Certificate of Consultation # <u>3</u> Exhibit Certificate of Service)(Broadhurst, Jerome) (Entered: 06/26/2007) |
| 06/28/2007 | <u>121</u> | MEMORANDUM in Support re <u>99</u> MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* filed by Mueller Industries, Inc.. (Attachments: # <u>1</u> Exhibit Compendium of Unreported Cases Cited in Reply Memorandum# <u>2</u> Exhibit Certificate of Service)(Crawford, Robert) (Entered: 06/28/2007) |
| 06/28/2007 | <u>122</u> | MEMORANDUM in Support re <u>100</u> MOTION to Dismiss *the Third Consolidated Amended Class Action Complaint* filed by Mueller Europe LTD. (Attachments: # <u>1</u> Exhibit Compendium of Unreported Cases Cited in Reply Memorandum# <u>2</u> Exhibit REply Declaration of Patrick W. Donovan# <u>3</u> Exhibit Declaration of Maren H.P. Wax# <u>4</u> Exhibit Exhibit A to Wax Declaration# <u>5</u> Exhibit Certificate of Service)(Crawford, Robert) (Entered: 06/28/2007) |
| 06/28/2007 | <u>123</u> | REPLY to Response to Motion re <u>101</u> MOTION to Dismiss, <u>120</u> MOTION for Leave to File Excess Pages *proposed order submitted*, <u>119</u> MOTION for Leave to File *Reply Briefs in Support of Their Motions to Dismiss the Third Consolidated Amended Class Action Complaint {proposed order submitted]* filed by Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # <u>1</u> Index to Attachments# <u>2</u> Exhibit 1 Commission Decision Dec. 21, 2005# <u>3</u> Exhibit 2 Commission Decision Dec. 9, 2004# <u>4</u> Exhibit 3 Commission Decision Dec. 17, 2002# <u>5</u> Exhibit 4 Excerpt from Barnhart Feb. 11, 1997 Speech# <u>6</u> Exhibit 5 Compendium of Unreported Cases# <u>7</u> Certificate of Service)(Broadhurst, Jerome) (Entered: 06/28/2007) |
| 06/29/2007 | 124 | COURTESY NOTICE: Pursuant to Rule 5 of the Federal Rules of Civil Procedure, document 122 Memorandum in Support of Motion, filed by Mueller Europe LTD,, <u>121</u> Memorandum in Support of Motion, filed by Mueller Industries, Inc., has been filed. For |

| | | future reference, please note that the category for the documents filed was incorrect, you should have been submitted under the 'Replies and Responses' category, then to 'Reply to Response'. Thank you.. Filer is not required to resubmit document. (jml, ) (Entered: 06/29/2007) |
|---|---|---|
| 07/02/2007 | 125 | ORDER finding as moot 39 Motion to Dismiss, finding as moot 40 Motion to Dismiss, finding as moot 41 Motion to Dismiss . Signed by Judge Bernice B. Donald on 7/2/07. (Donald, Bernice) (Entered: 07/02/2007) |
| 07/02/2007 | 126 | ORDER granting 119 Motion for Leave to File . Signed by Judge Bernice B. Donald on 7/2/07. (Donald, Bernice) (Entered: 07/02/2007) |
| 07/02/2007 | 127 | ORDER granting 120 Motion for Leave to File Excess Pages . Signed by Judge Bernice B. Donald on 7/2/06. (Donald, Bernice) (Entered: 07/02/2007) |
| 07/02/2007 | 128 | ORDER finding as moot 44 Motion to Establish a Briefing Schedule. Signed by Judge Bernice B. Donald on 7/2/07. (Donald, Bernice) (Entered: 07/02/2007) |
| 07/13/2007 | 129 | MOTION for Leave to File *Sur-Reply Brief in Opposition to Defendants' Motions to Dismiss the Third Consolidated Amended Class Action Complaint (proposed order submitted)* by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. (Attachments: # 1 Certificate of Consultation)(Wade, B.) (Entered: 07/13/2007) |
| 07/13/2007 | 130 | MOTION for Leave to File *Briefs in Response to Any Sur-Reply Filed by Plaintiffs in Opposition to Defendants' Motions to Dismiss the Third Consolidated Amended Class Action Complaint [proposed order submitted]* by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Attachments: # 1 Memorandum in Support of Defendants' Motion for Leave to File Briefs in Response to any Sur-Reply filed by Plaintiffs in Opposition to Defendants' Motions to Dismiss# 2 Certificate of Consultation re Motion for Leave to File Briefs# 3 Exhibit Certificate of Service)(Crawford, Robert) (Entered: 07/13/2007) |
| 07/16/2007 | | Docket entry # 131 sealed per law clerk's request. Document was entered in error. (jae, ) (Entered: 07/16/2007) |
| 07/16/2007 | 132 | ORDER denying 129 Motion for Leave to File . Signed by Judge Bernice B. Donald on 7/16/07. (Donald, Bernice) (Entered: 07/16/2007) |
| 07/16/2007 | 133 | ORDER finding as moot 130 Motion for Leave to File . Signed by Judge Bernice B. Donald on 7/16/07. (Donald, Bernice) (Entered: 07/16/2007) |
| 07/26/2007 | 134 | ORDER OF DISMISSAL. Signed by Judge Bernice B. Donald on 7/26/07. (Donald, Bernice) (Entered: 07/26/2007) |
| 07/27/2007 | 135 | JUDGMENT . Signed by Judge Bernice B. Donald on 7/27/07. (Donald, Bernice) (Entered: 07/27/2007) |
| 08/21/2007 | 136 | NOTICE OF APPEAL as to 134 Order on Motion to Dismiss,,, 135 Judgment by Shilvock Company, Inc., PoolPak Technologies Corp., Twinco Supply Corporation, United Coolair Corp.. Filing fee $ 455. (Wade, B.) (Entered: 08/21/2007) |

| 08/31/2007 | 137 | NOTICE OF CROSS APPEAL as to 134 Order on Motion to Dismiss,,, 135 Judgment by Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. Filing fee $ 455. (Attachments: # 1 Exhibit Certificate of Service)(Broadhurst, Jerome) (Entered: 08/31/2007) |
|---|---|---|
| 08/31/2007 | 138 | NOTICE OF CROSS APPEAL as to 134 Order on Motion to Dismiss,,, 135 Judgment by Trefimetaux SA, Europa Metalli Spa. Filing fee $ 455. (Carnahan, Colin) (Entered: 08/31/2007) |
| 08/31/2007 | 139 | NOTICE OF CROSS APPEAL as to 134 Order on Motion to Dismiss,,, 135 Judgment by Wieland Metals, Inc.. Filing fee $ 455. (Newsom, James) (Entered: 08/31/2007) |
| 08/31/2007 | 140 | NOTICE OF CROSS APPEAL as to 134 Order on Motion to Dismiss,,, 135 Judgment by Mueller Industries, Inc.. Filing fee $ 455. (Crawford, Robert) (Entered: 08/31/2007) |
| 08/31/2007 | 141 | NOTICE OF CROSS APPEAL as to 134 Order on Motion to Dismiss,,, 135 Judgment by Mueller Europe LTD. Filing fee $ 455. (Crawford, Robert) (Entered: 08/31/2007) |
| 09/01/2007 | 142 | USCA Case Number 07-6070 for 136 Notice of Appeal filed by PoolPak Technologies Corp.,, United Coolair Corp.,, Twinco Supply Corporation,, Shilvock Company, Inc.,. Mary Patterson case mgr. (jml, ) (Entered: 09/04/2007) |
| 09/07/2007 | 143 | USCA Appeal Fees received $ 455.00 receipt number M109428 re 136 Notice of Appeal filed by United Coolair Corp., PoolPak Technologies Corp., Shilvock Company, Inc., Twinco Supply Corporation (agj, ) (Entered: 09/12/2007) |
| 09/07/2007 | 144 | USCA Appeal Fees received $ 455.00 receipt number M109426 re 137 Notice of Cross Appeal, filed by Outokumpu Copper Franklin, Inc., Outokumpu Copper (USA), Inc., Outokumpu Heatcraft USA, LLC., Outokumpu Oyj, Outokumpu Copper Products Oy (agj, ) (Entered: 09/12/2007) |
| 09/07/2007 | 145 | USCA Appeal Fees received $ 455.00 receipt number M109429 re 139 Notice of Cross Appeal filed by Wieland Metals, Inc. (agj, ) (Entered: 09/12/2007) |
| 09/12/2007 | 146 | USCA Appeal Fees received $ 455.00 receipt number M109504 re 138 Notice of Cross Appeal filed by Europa Metalli Spa, Trefimetaux SA (agj, ) (Entered: 09/12/2007) |
| 09/13/2007 | 147 | USCA Appeal Fees received $ 910.00 receipt number M109542 re 141 Notice of Cross Appeal filed by Mueller Europe LTD, 140 Notice of Cross Appeal filed by Mueller Industries, Inc. (agj, ) (Entered: 09/13/2007) |
| 09/21/2007 | 148 | USCA Case Number 07-6149 for (137 in 2:06-cv-02207-BBD-tmp) Notice of Cross Appeal, filed by Outokumpu Copper Franklin, Inc., Outokumpu Copper (USA), Inc., Outokumpu Heatcraft USA, LLC., Outokumpu Oyj, Outokumpu Copper Products Oy. Mary Patterson case mgr. (jml, ) (Entered: 09/21/2007) |
| 09/21/2007 | 149 | USCA Case Number 07-6150 for (138 in 2:06-cv-02207-BBD-tmp) Notice of Cross Appeal filed by Europa Metalli Spa, Trefimetaux SA. Mary Patterson case mgr. (jml, ) (Entered: 09/21/2007) |
| 09/21/2007 | 150 | USCA Case Number 07-6151 for (139 in 2:06-cv-02207-BBD-tmp) Notice of Cross Appeal filed by Wieland Metals, Inc.. Mary Patterson case mgr. (jml, ) (Entered: 09/21/2007) |
| 09/21/2007 | 151 | USCA Case Number 07-6152 for (140 in 2:06-cv-02207-BBD-tmp) Notice of Cross Appeal filed by Mueller Industries, Inc.. Mary Patterson case mgr. (jml, ) (Entered: 09/21/2007) |

| 09/21/2007 | 152 | USCA Case Number 07-6153 for (141 in 2:06-cv-02207-BBD-tmp) Notice of Cross Appeal filed by Mueller Europe LTD. Mary Patterson case mgr. (jml, ) (Entered: 09/21/2007) |
| 04/03/2008 | 153 | ORDER of USCA as to 141 Notice of Cross Appeal filed by Mueller Europe LTD (vjm, ) (Entered: 04/10/2008) |
| 06/02/2008 | 154 | NOTICE by Glassman, Edwards, Wade & Wyatt, P.C., Audet & Partners, LLP *of Attorneys' Liens on Plaintiffs' Recovery* (Wade, B.) (Entered: 06/02/2008) |
| 06/02/2008 | 155 | MOTION to Deposit Funds *by Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP, as Attorneys for Plaintiffs, for an Order Requiring Disputed Attorneys Fees and Expenses to be Deposited into the Registry of the Court Pending Resolution (Order to Show Cause Submitted)* by Glassman, Edwards, Wade & Wyatt, P.C., Audet & Partners, LLP. (Attachments: # 1 Memorandum, # 2 Certificate of Consultation)(Wade, B.) (Entered: 06/02/2008) |
| 06/02/2008 | 156 | Sealed Document. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Wade, B.) (Entered: 06/02/2008) |
| 06/03/2008 | 157 | RESPONSE in Opposition *to Motion to Deposit Funds* filed by WOLF HALDENSTEIN, et al. (Bramlett, Paul) (Entered: 06/03/2008) |
| 06/05/2008 | 158 | MOTION for Leave to File *a reply brief in further support of Motion as Attorneys for Plaintiffs for an Order Requiring Disputed Attorneys Fees and Expenses to be Deposited into the Registry of the Court Pending Resolution (proposed order submitted)* by Glassman, Edwards, Wade & Wyatt, P.C., Audet & Partners, LLP. (Attachments: # 1 Certificate of Consultation)(Wade, B.) (Entered: 06/05/2008) |
| 06/05/2008 | 159 | SEALED RESPONSE to Motion *and Proposed Order* filed by Mueller Industries, Inc., Mueller Europe LTD, Trefimetaux SA, Europa Metalli Spa, Wieland Metals, Inc., Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper (USA), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA, LLC.. (Crawford, Robert) (Entered: 06/05/2008) |
| 06/09/2008 | 160 | ORDER granting 158 Motion for Leave to File. Signed by Judge Bernice B. Donald on 06/09/2008. (Donald, Bernice) (Entered: 06/09/2008) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/12/2008 11:31:12 | | |
| **PACER Login:** | gj0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-02207-BBD-tmp |
| **Billable Pages:** | 18 | **Cost:** | 1.44 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| POOLPAK TECHNOLOGIES CORP., on behalf of itself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>OUTOKUMPU OYJ, et al., )<br><br>Defendants. ) | Civil No. <u>06-2207 D/P</u> |

---

| | |
|---|---|
| UNITED COOLAIR CORP. on behalf of itself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>OUTOKUMPU OYJ, et al., )<br><br>Defendants. ) | Civil No. <u>06-2211-Ma/P</u> |

---

| | |
|---|---|
| TWINCO SUPPLY CORPORATION on behalf of itself and all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>OUTOKUMPU OYJ, et al., )<br><br>Defendants. ) | Civil No. <u>06-2225-B/P</u> |

---

**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE AND
COORDINATE RELATED ACTIONS, GRANTING DEFENDANTS' MOTIONS FOR
ADDITIONAL TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND
REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO APPOINT
PLAINTIFFS' INTERIM LEAD COUNSEL AND LIAISON COUNSEL**

Before the court is plaintiff PoolPak Technologies Corp.'s ("PoolPak") Motion to Consolidate and Coordinate Related Actions and Appoint Plaintiffs' Interim Lead Counsel and Liaison Counsel, filed April 27, 2006,[1] and defendants Outokumpu Oyj, Outokumpu Copper Products Oyj, Outokumpu Copper (U.S.A.), Inc., Outokumpu Copper Franklin, Inc., Outokumpu Heatcraft USA LLC, and Mueller Industries, Inc.'s Motions for Additional Time Within Which to Answer or Otherwise Respond, filed May 17 and 24, 2006. Defendant Mueller Industries, Inc. ("Mueller") filed a response to plaintiff's motion on May 3, 2006, in which it indicated that it does not oppose the motion. The Outokumpu defendants have not filed a response in opposition to plaintiff's motion.

On April 28, 2006, U.S. District Judge Bernice Donald referred plaintiff's motion to the Magistrate Judge for report and recommendation/determination. For the reasons below, the court GRANTS plaintiff's Motion to Consolidate and Coordinate Related

_____

[1]On April 27, 2006, plaintiffs United CoolAir Corp. ("CoolAir") and Twinco Supply Corp.'s ("Twinco") filed identical motions in the cases of United Coolair Corp. v. Outokumpu Oyj, et al., 06-CV-2211 Ma/P, and Twinco Supply Corp. v. Outokumpu Oyj, et al., 06-CV-2225 B/P.

-2-

Actions, and GRANTS defendants' Motions for an Extension of Time to Answer or Otherwise Respond. The court further RECOMMENDS that plaintiff's Motion to Appoint Plaintiffs' Interim Lead Counsel and Liaison Counsel be GRANTED.

## I.   BACKGROUND

PoolPak is a Pennsylvania corporation and manufacturer of commercial air-conditioning and swimming pool dehumidifying equipment. Compl. ¶ 1. During the course of its business, PoolPak routinely purchases ACR copper tubing, an industrial tubing designed for use in air-conditioning and refrigeration applications. Compl. ¶ 24. The Outokumpu and Mueller Defendants are engaged in the production or sale of ACR copper tubing. Compl. ¶ 9-17. On April 7, 2006, PoolPak filed a class action complaint asserting claims pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, against numerous manufacturers and distributors of ACR copper tubing, including these defendants. PoolPak alleges that during the period from May 1988 through December 2003, defendants engaged in a conspiracy to raise, fix, or maintain the price of ACR copper tubing, allegedly causing PoolPak and similarly situated plaintiffs to pay more for such tubing than they would have in a competitive market. Compl. ¶ 2. Plaintiffs Cool Air and Twinco filed substantially similar class action complaints in this district on April 11 and 19, 2006, respectively.

Plaintiff Carrier Corporation ("Carrier") filed a similar

complaint against these defendants in this district on March 29, 2006 (Carrier Corp. v. Outokumpu, et al., 06 CV 2186 D/V). Although the plaintiff in Carrier does not seek class action status, the plaintiff raises substantially identical allegations and seeks the same relief as the PoolPak, CoolAir, and Twinco plaintiffs.[2]

Plaintiff filed the present motion on April 27, 2006, seeking to consolidate the PoolPak, CoolAir, Twinco class actions (collectively "the class action cases") for all purposes, and to coordinate the class action cases and the Carrier case for purposes of discovery only. In addition, plaintiffs ask the court to appoint the law firms of Alexander, Hawes & Audet; the Wolf Haldenstein firm; Glassman, Edwards, Wade & Wyatt, P.C.; and Preti, Flaherty, Beliveau & Pachios LLP as Interim Co-Lead Counsel and the Bramlett Law Offices as Interim Liaison Counsel, for the PoolPak, CoolAir and Twinco class action cases.

## II.  ANALYSIS

### A.  Motion to Consolidate

Federal Rule of Civil Procedure 42 authorizes courts to order several cases consolidated when actions involving a common question of fact or law are before the court. Fed. R. Civ. P. 42(a). In its discretion, the trial court may order actions consolidated in

---

[2]According to plaintiff's certificate of consultation, Carrier agrees that all related cases should be transferred and consolidated.

the interests of judicial economy so that it may "administer the court's business 'with expedition and economy while providing justice to the parties.'" Williams v. Gilless, No. 93-5844, 1994 U.S. App. LEXIS 4234, at *3 (6th Cir. 1994) (quoting 9 Wright & Miller, Federal Practice and Procedure, §§ 2381 (1971)). District courts have broad discretion in determining whether to consolidate cases, and should consider whether consolidation will promote judicial economy without impeding justice and the interests of the parties. Devlin v. Transportation Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999); Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990).

The court concludes that the present class action cases are well-suited for consolidation. The complaints filed by the PoolPak, CoolAir, and Twinco plaintiffs are nearly identical. The class actions involve common questions of law and fact, as each complaint contains the same factual allegations against the same defendants, seeks the same relief and relies upon the same legal authority in support of the claims.[3]    Consolidating and

---

[3]Unlike the PoolPak, CoolAir and Twinco plaintiffs, Carrier does not seek class action status. This factor, however, does not preclude the use of consolidation for purposes of discovery. "[A]lthough consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Lewis v. ACB Bus. Servs., 135 F.3d 389, 412 (6th Cir. 1998) (internal citations omitted). Carrier's complaint raises questions of fact and law common to those raised by the class action plaintiffs, and seeks the same relief that PoolPak, CoolAir and Twinco seek.

coordinating these cases will promote judicial economy. Thus, PoolPak's motion to consolidate the class action cases for all purposes, and to coordinate these class action cases with the Carrier case for purposes of discovery only, is GRANTED.

**B.    Defendants' Motions for an Extension of Time to Answer or Otherwise Respond**

For good cause shown, and no opposition thereto, the defendants' Motions for an Extension of Time to Answer or Otherwise Respond to the complaint is GRANTED.

### III.    REPORT AND RECOMMENDATION

In their motions to consolidate, plaintiffs also ask the court to appoint the law firms of Alexander, Hawes & Audet, the Wolf Haldenstein firm, Glassman, Edwards, Wade & Wyatt, P.C., and Preti, Flaherty, Beliveau & Pachios LLP as Interim Co-Lead Counsel and the Bramlett Law Offices as Interim Liaison Counsel. In support of their request, plaintiffs have submitted affidavits signed by lead counsel from each law firm and resumes describing each firm's experience with class action or antitrust litigation. Pl.'s Ex. 1, 3, 5, 6, 7.

**1.    Proposed Findings of Fact**

**a.    Wolf Haldenstein**

Wolf Haldenstein is a New York-based law firm that has extensive experience in class action litigation and prosecuting

---

Thus, consolidation with these cases for purposes of discovery only is appropriate.

similar claims on behalf of class members. The firm has served as class counsel in several recent federal court cases and has recently been appointed interim co-lead counsel in a similar case in this district, In re: Copper Tubing Litigation, No. 04-2771 (W.D. Tenn. filed Sept. 24, 2004). Pl. Ex. 1. In addition, Wolf Haldenstein has significant experience in handling complex antitrust litigation, as it has represented various plaintiffs in over 35 antitrust class action cases. Feit Aff. ¶ 3. Mary Jane Edelstein Feit, who manages Wolf Haldenstein's antitrust practice group and is primarily responsible for this case on behalf of her firm, has over 25 years of experience in antitrust class action cases. Feit Aff. ¶ 4.

### b.   Alexander, Hawes & Audet

Alexander, Hawes & Audet is a California-based firm that specializes in the class action prosecution of tort, business fraud, and antitrust claims. Pl.'s Ex. 3. The firm has served as plaintiff's counsel in 11 antitrust class action claims, and has been involved with over 50 other class action lawsuits throughout the country. Id. Alexander, Hawes & Audet has significant experience serving as lead counsel in class actions, and was also recently appointed interim co-lead counsel by this court in In re: Copper Tubing Litigation. William Audet heads the firm's class action practice and will be personally involved in its representation in this case. Audet Aff. ¶ 6.

-7-

### c.    Glassman Edwards

Glassman Edwards is a Tennessee firm with a significant class action practice. B.J. Wade, the attorney for Glassman Edwards who is primarily responsible for the firm's representation in this case, has served as lead counsel in at least 5 class action cases prosecuted in Tennessee and was recently appointed co-liason counsel by this court in In re: Copper Tubing Litigation and In re: Accredo Securities Litigation, No. 03-2216 (W.D. Tenn. filed April 8, 2003). Wade Aff. ¶ 4, 6. In addition, Wade has served on the steering committee in a nationwide class action filed in Santa Clara, California. Wade Aff. ¶ 4.

### d.    Preti, Flaherty, Beliveau, and Pachios

Preti, Flaherty, Beliveau and Pachios ("Preti Flaherty") is a New England-based law firm with significant antitrust class action experience. The firm has represented plaintiffs and defendants in at least 18 antitrust class action cases filed in state and federal courts throughout the country. Pl.'s Ex. 6. Greg Hansel, the Preti Flaherty attorney responsible for prosecuting this case, is the co-head of the firm's antitrust class action practice, and has experience serving as lead counsel in class action prosecutions and arguing before the Judicial Panel on Multidistrict Litigation. Id.; Hansel Aff. ¶ 4.

### e.    Bramlett Law Offices

Paul Bramlett is licensed in Tennessee and Mississippi and has

practiced law for over 35 years.   Pl.'s Ex. 7.   His practice is
devoted to civil litigation and specializes on securities class
actions, consumer class actions, and antitrust litigation.   Id.
Bramlett has served as local or liaison counsel in at least nine
recent class actions filed in Tennessee, including In re: Copper
Tubing Litigation.   Id.

2.    **Proposed Conclusions of Law**

Federal Rule of Civil Procedure 23 authorizes the court to
"designate interim counsel to act on behalf of the putative class
before determining whether to certify the action as a class
action."   Fed. R. Civ. P. 23(g)(2)(A); see also Hill v. Tribune
Co., No. 05-2602, 2005 U.S. Dist. LEXIS 23931, at *14-15 (N.D. Ill.
Oct. 13, 2005) (unpublished) ("Rule 23(g) provides criteria to
consider when appointing class counsel.   No distinction is made
regarding appointing interim counsel.").   Rule 23 provides the
following factors that the court should consider when appointing
class counsel: "the work counsel has done in identifying or
investigating potential claims in the action; counsel's experience
in handling class actions, other complex litigation, and claims of
the type asserted in the action; counsel's knowledge of the
applicable law; and the resources counsel will commit to
representing the class."   Fed. R. Civ. P. 23(g)(1)(C).

As discussed above, all of these firms have significant
experience in managing complex class action litigation.   Wolf

Haldenstein, Preti Flaherty, and Alexander, Hawes & Audet have each demonstrated that they possess the resources and expertise to prosecute complicated antitrust class action claims, and have held leadership positions in complex cases that involved allegations similar to those at issue in these present cases. Glassman Edwards also has significant experience in managing complex cases, and as a Memphis-based law firm, is familiar with the local rules of this court. Moreover, each firm seeking appointment as interim co-lead counsel has submitted an affidavit describing the work that they have done in these cases. It appears that each of these firms has expended considerable time and resources in pursuing the class action claims. The attorneys have performed market and economic research on the plaintiffs' antitrust claims, have retained experts, and have consulted with people knowledgeable about the copper tubing industry. Feit Aff. ¶ 5; Audet Aff. ¶ 7; Hansel Aff. ¶ 5; Wade Aff. ¶ 6.

Paul Bramlett is licensed in Tennessee and has extensive experience litigating in Tennessee courts, and he is familiar with Tennessee law and the local rules of this court. Moreover, Bramlett has often served as liaison counsel in the Western District; he is currently acting in that capacity in In re: Copper Tubing Litigation.

Based on these facts, the court RECOMMENDS that plaintiff's motion to appoint plaintiffs' interim lead counsel and liaison

counsel be GRANTED.

### IV.    CONCLUSION

For the reasons above, plaintiff's motion to consolidate and coordinate related actions for purposes of discovery is GRANTED. Defendants' Motions for an Extension of Time to Answer or Otherwise Respond is GRANTED.   The court hereby ORDERS as follows:

1.    The following actions are hereby consolidated before this court for all purposes, including pretrial proceedings, trial and appeal, pursuant to Rule 42 of the Federal Rules of Civil Procedure:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Poolpak Technologies Corp., v. Outokumpu Oyj, et al.,* | 06-cv-2207 | 04/07/06 |
| *United Coolair Corp., v. Outokumpu Oyj, et al.,* | 06-cv-2211 | 04/11/06 |
| *Twinco Supply Corporation v. Outokumpu Oyj, et al.* | 06-cv-2225 | 04/19/06 |

2.    The caption of these consolidated actions shall be "*In re ACR Copper Tubing Litigation*" and the files of these consolidated actions shall be maintained in one file under Master File No. 06-2207.  Any other class actions now pending or later filed which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention.

3.    Every pleading filed in the consolidated actions, or in

-11-

any separate action included herein, shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

|  |  |
|---|---|
| In re ACR COPPER TUBING LITIGATION | ) ) ) Master File No.  06-cv-2207-D/P |
| This Document Relates To: | ) ) ) |

4.    When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g., "_____  (_____)").

5.    Plaintiffs, through Lead Counsel appointed by Order of this Court, shall file and serve a single consolidated complaint within 30 days after the entry of this Order.  The consolidated complaint shall be deemed the original complaint, superseding all complaints filed in any of the actions consolidated hereunder or in any related cases.  Defendants shall have 60 days to answer or otherwise respond to the consolidated complaint.  Should Defendants file a motion challenging the pleadings, the parties shall meet and confer regarding a mutually acceptable briefing and hearing

-12-

schedule for the motion.

6.    The action styled <u>Carrier Corp. et al. v. Outokumpu Oyj,
et al.</u>, Case No. 06-cv-2186, and any subsequently filed related
individual action, will be coordinated with *In Re ACR Copper Tubing
Litigation* for the purpose of pretrial discovery only.

The court further RECOMMENDS that the law firms of Wolf
Haldenstein, Adler, Freeman and Hertz, LLP, Alexander, Hawes &
Audet, LLP, Glassman, Edwards, Wade & Wyatt, P.C. and Preti,
Flaherty, Beliveau & Pachios LLP be appointed as Interim Co-Lead
Counsel and the Bramlett Law Offices be appointed as Interim
Liaison Counsel.

Respectfully Submitted,

                            S/ Tu M. Pham
                            _____
                            TU M. PHAM
                            United States Magistrate Judge

                            May 24, 2006
                            _____
                            Date

## NOTICE

**WITH REGARDS TO THE REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
TO APPOINT COUNSEL, ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT
MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY
OF THE REPORT.    28 U.S.C. § 636(b)(1)(C).    FAILURE TO FILE THEM
WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS,
EXCEPTIONS, AND ANY FURTHER APPEAL.**

**General Docket**
**United States Court of Appeals for the Sixth Circuit**

**Court of Appeals Docket #:** 07-6070                     **Docketed:** 09/01/2007
**Nature of Suit:** 3410 Antitrust                         **Termed:** 03/31/2008
In re: ACR Copper Tubing Litig, et al, et al
**Appeal From:** Western District of Tennessee at Memphis

**Case Type Information:**
   **1)** Civil
   **2)** Private
   **3)** Federal Question

**Originating Court Information:**
   **District:** 0651-2 : 06-02207
   **Trial Judge:** Bernice B. Donald, U.S. District Judge
   **Date Filed:** 04/07/2006
   **Date Order/Judgment:**                    **Date NOA Filed:**
   07/27/2007                                  08/21/2007

**Prior Cases:**
   None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Cross-appeal | | | | |
| | 07-6070 | 07-6149 | 09/20/2007 | |
| | 07-6070 | 07-6150 | 09/21/2007 | |
| | 07-6070 | 07-6151 | 09/21/2007 | |
| | 07-6070 | 07-6152 | 09/21/2007 | |
| | 07-6070 | 07-6153 | 09/21/2007 | |

In re: ACR COPPER TUBING LITIGATION

-------------------------------

POOLPAK TECHNOLOGIES CORP., on behalf of itself
and all others similarly situated
            Plaintiff - Appellant Cross-Appellee

Mary Jane Edelstein-Fait
[COR LD NTC Retained]
Wolf, Haldenstein, Adler, Freeman & Herz
Firm: 312-984-0000
55 W. Monroe Street
Suite 1111
Chicago, IL 60603-0000

B. J. Wade
[COR NTC Retained]

Glassman, Edwards, Wade & Wyatt
Firm: 901-527-4673
26 N. Second Street
Memphis, TN 38103

SHIVLOCK COMPANY, INC.                          Mary Jane Edelstein-Fait
      Plaintiff - Appellant Cross-Appellee      [COR LD NTC Retained]
                                                (see above)

                                                B. J. Wade
                                                [COR NTC Retained]
                                                (see above)

TWINCO SUPPLY CORPORATION                       Mary Jane Edelstein-Fait
      Plaintiff - Appellant Cross-Appellee      [COR LD NTC Retained]
                                                (see above)

                                                B. J. Wade
                                                [COR NTC Retained]
                                                (see above)

UNITED COOLAIR CORP.                            Mary Jane Edelstein-Fait
      Plaintiff - Appellant Cross-Appellee      [COR LD NTC Retained]
                                                (see above)

                                                B. J. Wade
                                                [COR NTC Retained]
                                                (see above)

v.

WIELAND WERKE AG
      Defendant - Appellee

KM EUROPA METAL AG
      Defendant - Appellee

EUROPA METALLI SPA                              Paul A. Alexis
      Defendant - Appellee Cross-Appellant     Direct: 615-244-2582
                                                [COR LD NTC Retained]
                                                Boult, Cummings, Conners & Berry
                                                Firm: 615-244-2582
                                                1600 Division Street
                                                Suite 700
                                                P.O. Box 340025
                                                Nashville, TN 37203

                                                Colin J. Carnahan
                                                Direct: 615-252-2340
                                                [COR Retained]
                                                Boult, Cummings, Conners & Berry
                                                Firm: 615-244-2582
                                                1600 Division Street

Suite 700
P.O. Box 340025
Nashville, TN 37203

MUELLER EUROPE LTD
    Defendant - Appellee Cross-Appellant

William H. Rooney
Direct: 212-728-8259
[COR LD NTC Retained]
Willkie, Farr & Gallagher
Firm: 212-728-8259
787 Seventh Avenue
New York, NY 10019-6099

Robert L. Crawford
Direct: 901-537-1000
[COR Retained]
Wyatt, Tarrant & Combs
Firm: 901-537-1000
1715 Aaron Brenner Drive
Suite 800 Renaissance Center
Memphis, TN 38120-4367

MUELLER INDUSTRIES, INC.
    Defendant - Appellee Cross-Appellant

William H. Rooney
Direct: 212-728-8259
[COR LD NTC Retained]
(see above)

Robert L. Crawford
Direct: 901-537-1000
[COR Retained]
(see above)

OUTOKUMPU COPPER FRANKLIN, INC.
    Defendant - Appellee Cross-Appellant

Todd Hettenbach
Direct: 202-663-6769
[COR LD NTC Retained]
Wilmer Hale
Firm: 202-663-6000
1875 Pennsylvania, N.W.
Washington, DC 20006

Eric Mahr
Direct: 202-663-6446
[COR LD NTC Retained]
Wilmer Hale
Firm: 202-663-6000
1875 Pennsylvania, N.W.
Washington, DC 20006

Jerome A. Broadhurst
Direct: 901-756-6300
[COR Retained]
Apperson, Crump & Maxwell
Firm: 901-756-6300

6000 Poplar Avenue
Suite 400
Memphis, TN 38119

OUTOKUMPU COPPER PRODUCTS OY
      Defendant - Appellee Cross-Appellant

Todd Hettenbach
Direct: 202-663-6769
[COR LD NTC Retained]
(see above)

Eric Mahr
Direct: 202-663-6446
[COR LD NTC Retained]
(see above)

Jerome A. Broadhurst
Direct: 901-756-6300
[COR Retained]
(see above)

OUTOKUMPU COPPER USA, INC.
      Defendant - Appellee Cross-Appellant

Todd Hettenbach
Direct: 202-663-6769
[COR LD NTC Retained]
(see above)

Eric Mahr
Direct: 202-663-6446
[COR LD NTC Retained]
(see above)

Jerome A. Broadhurst
Direct: 901-756-6300
[COR Retained]
(see above)

OUTOKUMPU HEATCRAFT USA, LLC.
      Defendant - Appellee Cross-Appellant

Todd Hettenbach
Direct: 202-663-6769
[COR LD NTC Retained]
(see above)

Eric Mahr
Direct: 202-663-6446
[COR LD NTC Retained]
(see above)

Jerome A. Broadhurst
Direct: 901-756-6300
[COR Retained]
(see above)

OUTOKUMPU OYJ
      Defendant - Appellee Cross-Appellant

Todd Hettenbach
Direct: 202-663-6769
[COR LD NTC Retained]

(see above)

Eric Mahr
Direct: 202-663-6446
[COR LD NTC Retained]
(see above)

Jerome A. Broadhurst
Direct: 901-756-6300
[COR Retained]
(see above)

WIELAND METALS, INC.
      Defendant - Appellee Cross-Appellant

Moses Silverman
Direct: 212-373-3213
[COR LD NTC Retained]
Paul,Weiss,Rifkind,Wharton & Garrison
Firm: 212-373-3000
1285 Avenue of the Americas
New York, NY 10019-6064

James R. Newsom, III
Direct: 901-526-0621
[COR Retained]
Harris, Shelton, Hanover & Walsh
One Commerce Square
Suite 2700
Memphis, TN 38103-2555

Aidan J. Synnott
[COR Retained]
Paul,Weiss,Rifkind,Wharton & Garrison
Firm: 212-373-3000
1285 Avenue of the Americas
New York, NY 10019-6064

TREFIMETAUX SA
      Defendant - Appellee Cross-Appellant

Paul A. Alexis
Direct: 615-244-2582
[COR LD NTC Retained]
(see above)

Colin J. Carnahan
Direct: 615-252-2340
[COR Retained]
(see above)

In re:  ACR COPPER TUBING LITIGATION,

------------------------------

POOLPAK TECHNOLOGIES CORP., on behalf of itself and all others similarly situated; SHIVLOCK

COMPANY, INC.; TWINCO SUPPLY CORPORATION; UNITED COOLAIR CORP.,

> Plaintiffs - Appellants Cross-Appellees

v.

WIELAND WERKE AG; KM EUROPA METAL AG,

> Defendants - Appellees

EUROPA METALLI SPA; MUELLER EUROPE LTD; MUELLER INDUSTRIES, INC.; OUTOKUMPU COPPER FRANKLIN, INC.; OUTOKUMPU COPPER PRODUCTS OY; OUTOKUMPU COPPER USA, INC.; OUTOKUMPU HEATCRAFT USA, LLC.; OUTOKUMPU OYJ; WIELAND METALS, INC.; TREFIMETAUX SA,

> Defendants - Appellees Cross-Appellants

| | | |
|---|---|---|
| 09/04/2007 | 📄 | Civil Case Docketed. Notice filed by Appellants PoolPak Technologies Corp., Shivlock Company, Inc., Twinco Supply Corporation and United CoolAir Corp.. Transcript needed: y. |
| 09/11/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. Todd Hettenbach for Appellees Outokumpu Oyj and other Outokumpu and Luvata defendants. |
| 09/11/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. Eric Mahr for Appellees Outokumpu Oyj and other Outokumpu and Luvata defendants. |
| 09/12/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. Jerome A. Broadhurst for Appellees Outokumpu Oyj, Outokumpu Copper Products Oy (nka Luvata Oy), Outokumpu Copper USA, Inc. (nka Luvata Sales USA, Inc.), Outokumpu Copper Franklin, Inc. (nka Luvata Franklin, Inc.) and Outokumpu Heatcraft USA, LLC (nka Outokumpu Grenada LLC). |
| 09/14/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. Robert L. Crawford for Appellees Mueller Europe LTD and Mueller Industries, Inc.. |
| 09/14/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. William H. Rooney for Appellees Mueller Europe LTD and Mueller Industries, Inc.. |
| 09/14/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. Colin J. Carnahan for Appellees Trefimetaux SA and Europa Metalli Spa. |
| 09/14/2007 | | APPELLEE APPEARANCE filed by Attorney Mr. Paul A. Alexis for Appellees Trefimetaux SA and Europa Metalli Spa. |
| 09/14/2007 | | APPELLANT APPEARANCE filed by Attorney Ms. Mary Jane Edelstein-Fait for Appellants PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc.. |
| 09/14/2007 | | APPELLANT APPEARANCE filed by Attorney Mr. B. J. Wade for Appellants PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc.. |
| 09/14/2007 | | STATEMENT of ISSUES filed by Attorney Ms. Mary Jane Edelstein-Fait for Appellants PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, |

|            | Inc.. Certificate of Service:09/14/2007. |
|------------|------------------------------------------|
| 09/14/2007 | APPELLEE APPEARANCE filed by Attorney Mr. James R. Newsom, III for Appellee Wieland Metals, Inc.. |
| 09/14/2007 | APPELLEE APPEARANCE filed by Attorney Mr. Moses Silverman for Appellee Wieland Metals, Inc.. |
| 09/14/2007 | TRANSCRIPT ORDER filed by Ms. Mary Jane Edelstein-Fait for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc.; No hearings held in District Court. |
| 09/20/2007 | Notice received from district court that filing fee has been paid on 9/7/07 by Attorney Mr. B. J. Wade for Appellants PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc.. Receipt #M109428. |
| 10/05/2007 | APPELLEE APPEARANCE filed by Attorney Mr. Aidan J. Synnott for Appellee Cross-Appellant Wieland Metals, Inc. [07-6070, 07-6151] |
| 11/07/2007 🗎 | BRIEFING LETTER SENT setting briefing schedule: first proof brief (plaintiffs) due 12/17/2007. second proof brief (defendants) due 01/22/2008. third proof brief due 02/25/2008. fourth proof brief due 03/13/2008. appendix due 03/17/2008;.all final briefs due 04/07/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 12/04/2007 | Appellant MOTION filed by Ms. Mary Jane Edelstein-Fait for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. to dismiss appellees' cross-appeals in 07-6149, 07-6150, 07-6151, 07-6152 & 07-6153 for lack of jurisdiction. Appellees lack standing to bring the cross-appeals, as none of them is a party aggrieved by the decision of the district court from which they seek to appeal. Certificate of service: 12/03/2007. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 12/12/2007 | Appellant MOTION filed by Ms. Mary Jane Edelstein-Fait for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. to stay briefing schedule pending resolution of motion to dismiss cross-appeals, or, in the alternative, for an extension of the briefing schedule. Certificate of service: 12/11/2007. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 12/12/2007 🗎 | LETTER SENT granting motion to stay briefing, motion filed by Ms. Mary Jane Edelstein-Fait for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. The briefing schedule of 11/7/2007 has been cancelled. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 12/20/2007 | Appellees cross-appellants' RESPONSE in opposition filed to appellants cross-appellees' motion to dismiss the cross-appeals, motion previously filed by filed by Ms. Mary Jane Edelstein-Fait for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Response from Mr. Jerome A. Broadhurst for Appellees Cross-Appellants Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper USA, Inc., Outokumpu Copper Franklin, Inc. and Outokumpu Heatcraft USA, LLC., Mr. Colin J. Carnahan for Appellees Cross-Appellants Trefimetaux SA and Europa Metalli Spa, Mr. Robert L. Crawford for Appellees Cross-Appellants Mueller Europe LTD and Mueller Industries, Inc. and Mr. James R. Newsom, III for Appellee Cross-Appellant Wieland Metals, Inc. Certificate of Service:12/20/2007. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 01/03/2008 | Appellants' REPLY on their motion to dismiss appellees' cross-appeals, reply filed by Ms. Mary Jane Edelstein-Fait and Mr. B. J. Wade for appellants cross-appellees PoolPak Technologies Corp., |

|  | Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Certificate of Service:01/02/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
|---|---|
| 03/14/2008 | Joint MOTION to dismiss and STIPULATION to dismiss filed by Ms. Mary Jane Edelstein-Fait for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc., Mr. Paul A. Alexis and Mr. Colin J. Carnahan for Trefimetaux SA and Europa Metalli Spa, Mr. Jerome A. Broadhurst, Mr. Todd Hettenback and Mr. Eric Mahr for Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper USA, Inc., Outokumpu Copper Franklin, Inc. and Outokumpu Heatcraft USA, LLC., Mr. William H. Rooney and Mr. Robert L. Crawford for Mueller Europe LTD and Mueller Industries, Inc., Mr. James R. Newsom, III. Mr. Moses Silverman and Mr. Aidan J. Synnott for Wieland Metals, Inc. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/17/2008 | NOTICE of Attorneys' Liens on Plaintiffs' Recovery filed by Mr. B. J. Wade for PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Certificate of Service: 03/14/2008.. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/18/2008 | Appellee MOTION filed to hold in abeyance the parties' joint motion to dismiss, motion filed by Mr. Paul A. Alexis and Mr. Colin J. Carnahan for Trefimetaux SA and Europa Metalli Spa, Mr. Jerome A. Broadhurst, Mr. Eric Mahr & Mr. Todd Hettenbach for Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper USA, Inc., Outokumpu Copper Franklin, Inc. and Outokumpu Heatcraft USA, LLC., Mr. Robert L. Crawford and Mr. William H. Rooney for Mueller Europe LTD and Mueller Industries, Inc., Mr. James R. Newsom, III, Mr. Moses Silverman and Mr. Aidan J. Synnott for Wieland Metals, Inc. Certificate of Service:03/18/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153]--[Edited 03/25/2008 by MP] |
| 03/20/2008 | Appellants cross-appellees RESPONSE in opposition to defendants appellees cross-appellants' motion to hold in abeyance the parties' joint motion to dismiss previously filed. Response from Attorney Ms. Mary Jane Edelstein-Fait for Appellants Cross-Appellees PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Certificate of Service:03/19/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/24/2008 | AMENDED NOTICE of Attorneys' Liens on Plaintiffs' Recovery filed by Mr. B. J. Wade for appellants cross-appellees PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Certificate of Service: 03/21/2008.. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/24/2008 | Appellants cross-appellees' RESPONSE filed to cross-appellants' motion to hold in abeyance the parties joint motion to dismiss cases previously filed. Response from Attorney Mr. B. J. Wade for Appellants Cross-Appellees PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Certificate of Service:03/21/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/25/2008 | Appellee WITHDRAWAL of motion to hold in abeyance the parties' joint motion to dismiss, withdrawal filed by Mr. Paul A. Alexis and Mr. Colin J. Carnahan for Trefimetaux SA and Europa Metalli Spa, Mr. Jerome A. Broadhurst, Mr. Eric Mahr & Mr. Todd Hettenbach for Outokumpu Oyj, Outokumpu Copper Products Oy, Outokumpu Copper USA, Inc., Outokumpu Copper Franklin, Inc. and Outokumpu Heatcraft USA, LLC., Mr. William H. Rooney and Mr. Robert L. Crawford for Mueller Europe LTD and Mueller Industries, Inc., Mr. James R. Newsom, III, Mr. Moses Silverman and Mr. Aidan J. Synnott for Wieland Metals, Inc., Certificate of Service:03/25/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/26/2008 | REPLY to the response of Glassman, Edwards, Wade & Waytt, P.C. and Audet Partners, LLP to |

|  |  |
|---|---|
|  | cross-appellants' motion to hold in abeyance the parties' joint motion to dismiss, reply filed by Ms. Mary Jane Edelstein-Fait for appellants cross-appellees PoolPak Technologies Corp., Twinco Supply Corporation, United CoolAir Corp. and Shivlock Company, Inc. Certificate of Service: 03/25/2008.. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |
| 03/31/2008 | ORDER filed granting motion to dismiss case - rule 33 [3749072-2] filed by the parties |
| 03/31/2008 | LETTER SENT TO district court sending a certified copy of order filed 03/31/2008. [07-6070, 07-6149, 07-6150, 07-6151, 07-6152, 07-6153] |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/18/2008 14:14:48 | | |
| **PACER Login:** | gj0037 | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 07-6070 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

**RECEIVED**

**IN THE UNITED STATE COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

MAR 1 7 2008

MAR 1 7 2008

In re COPPER TUBING LITIGATION,

**Leonard Green
Clerk**

LEONARD GREEN, Clerk

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

       Plaintiffs-Appellants/Cross-Appellees,

vs.

COA Nos.:   07-6070, 07-6149, 07-6150,
              07-6151, 07-6152, 07-6153
Originating Case No.: 06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

       Defendants-Appellees/Cross-Appellants.

---

**NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY**

---

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Tennessee Code Annotated §23-2-103, the law firms

of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys' liens in

this case for attorneys' fees and also expenses advanced in the representation of the Plaintiffs.

1

Respectfully submitted,

By: *B. J. Wade* (*BJW by/jmm*)

B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE**
  **& WYATT, P.C.** 26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 14th day of March, 2008, upon the following:

Fred T. Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

isquith@whafh.com
FAX NO.: (212) 545-4653

Mary Jane Edelstein Fait
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

fait@whafh.com
FAX NO.: (312) 984-0001

Gregory P. Hansel
Randall B. Weill
**PRETI, FLAHERTY, BELIVEAU**
  **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

ghansel@preti.com
rweill@preti.com
FAX NO.: (207) 791-3111

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

lcrawford@wyattfirm.com
FAX NO.: (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.: (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
   & BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.: (615) 252-6385
FAX NO.: (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

jbroadhurst@appersoncrump.com
FAX NO.: (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
   AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.: (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
   & DOOR, LLP**
60 State Street
Boston, MA 02109

michelle.miller@wilmerhale.com
FAX NO.: (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
   & HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.: (202) 974-1999

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON**
1285 Avenue of the Americas
New York, NY  10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com
TO NO.:  (212) 757-3990


James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER**
**& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103

jnewsom@harrisshelton.com
FAX NO.:  (901) 526-4484


Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734

pknashlaw@aol.com


Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107

jkohn@kohnswift.com
whoese@kohnswift.com
FAX NO.:  (215) 238-1968


Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103

lbarrack@barrack.com
jgittleman@barrack.com


Kemper B. Durand
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103

durandk@thompsonlaw.com
FAX NO.:  (901) 525-6722


Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022

rkaplan@kaplanfox.com
FAX NO.:  (212) 687-7714


Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

gspecks@kaplanfox.com
FAX NO.:  (847) 831-1580

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

jsloan@pedersenhoupt.com
FAX NO.:  (312) 641 6895

B. J. Wade

RECEIVED

MAR 2 4 2008

Leonard Green
Clerk

FILED

MAR 2 4 2008

LEONARD GREEN, Clerk

**IN THE UNITED STATE COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

In re:   ACR COPPER TUBING LITIGATION,

---

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

Plaintiffs-Appellants/Cross-Appellees,

vs.

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

Defendants-Appellees/Cross-Appellants.

COA Nos.:   07-6070, 07-6149, 07-6150,
                    07-6151, 07-6152, 07-6153
Originating Case No.:  06-2207

---

## AMENDED NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY

---

**TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Tennessee Code Annotated §§23-2-102 and 23-2-103,

the law firms of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have

attorneys' liens in this case for attorneys' fees and also expenses advanced in the representation

of the Plaintiffs.

1

Respectfully submitted,

By: _BJ WADE (by R Scott Sceley)_
B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE**
   **& WYATT, P.C.** 26 North Second Street
Memphis, TN  38103
Telephone:  (901) 527-4673
Facsimile:  (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 21st day of March, 2008, upon the following:

Fred T. Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016

isquith@whafh.com
FAX NO.:  (212) 545-4653

Mary Jane Edelstein Fait
**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603

fait@whafh.com
FAX NO.:  (312) 984-0001

Gregory P. Hansel
Randall B. Weill
**PRETI, FLAHERTY, BELIVEAU**
   **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546

ghansel@preti.com
rweill@preti.com
FAX NO.:  (207) 791-3111

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120

lcrawford@wyattfirm.com
FAX NO.:  (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.:  (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
  & BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.:  (615) 252-6385
FAX NO.:  (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119

jbroadhurst@appersoncrump.com
FAX NO.:  (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
  AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.:  (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
  & DOOR, LLP**
60 State Street
Boston, MA  02109

michelle.miller@wilmerhale.com
FAX NO.:  (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
  & HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.:  (202) 974-1999

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON**
1285 Avenue of the Americas
New York, NY 10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com
TO NO.: (212) 757-3990

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER
  & WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

jnewsom@harrisshelton.com
FAX NO.: (901) 526-4484

Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN 37215-0734

pknashlaw@aol.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107

jkohn@kohnswift.com
whoese@kohnswift.com
FAX NO.: (215) 238-1968

Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103

lbarrack@barrack.com
jgittleman@barrack.com

Kemper B. Durand
**THOMASON, HENDRIX, HARVEY,
  JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103

durandk@thompsonlaw.com
FAX NO.: (901) 525-6722

Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022

rkaplan@kaplanfox.com
FAX NO.: (212) 687-7714

Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL 60601

gspecks@kaplanfox.com
FAX NO.: (847) 831-1580

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL 60601

jsloan@pedersenhoupt.com
FAX NO.: (312) 641 6895

_____
B. J. Wade

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

GLASSMAN, EDWARDS, WADE
& WYATT, P.C. and
AUDET & PARTNERS, LLP,

      Plaintiffs,

v.                                Cause No.:_____

WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ, LLP;
KAPLAN, FOX & KILSHEIMER, LLP;
and PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP

      Defendants.

---

**COMPLAINT**

---

      **COME NOW** the Plaintiffs and for their cause of action against the Defendants, respectfully state as follows:

## I.    **PARTIES**

      1.    Plaintiff Glassman, Edwards, Wade & Wyatt, P.C. ("Glassman") at all times material herein was a Tennessee professional corporation, consisting of shareholders and other attorneys engaged in the practice of law with its principal place of business at 26 North Second Street, Memphis, Tennessee 38103.

      2.    Plaintiff Audet & Partners, LLP, ("Audet") at all times material herein was a California limited liability partnership with its principal place of business at 221 Main Street, Suite 1460, San Francisco, California 94105 and was formerly known in this underlying

litigation by the predecessor firm of William Audet, Esq., known as Alexander, Hawes and Audet.

3.      The Defendant Wolf, Haldenstein, Adler, Freeman & Herz, LLP ("Wolf Haldenstein"), at all times material herein was New York limited liability partnership, with its principal place of business at 270 Madison Avenue, New York, New York 10016.

4.      The Defendant Kaplan, Fox & Kilsheimer, LLP ("Kaplan Fox"), at all times material herein was a New York limited liability partnership, with its principal place of business at 850 Third Avenue, 14th Floor, New York, New York 10022.

5.      The Defendant Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") at all times material herein was a Maine limited liability partnership, with its principal place of business at One City Center, Portland, Maine 04101.

## II.      JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and because this action is brought by Plaintiffs who are citizens of states other than that of the Defendants.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391. Plaintiffs and Defendants appeared as counsel of record and performed legal services in several related causes of action pending in this District, as alleged in paragraph 8 below. The Defendants conducted business in the State of Tennessee and this District by serving as counsel of record in these causes, including a persistent course of business conduct in this District. Defendants engaged in a persistent course of business in this District by performing multiple legal services such as the filing of multiple pleadings in the causes referenced in paragraph 8 below. In the underlying

cases, over 153 documents were filed in the District Court by the plaintiffs and defendants in the underlying actions.

## III.     FACTUAL ALLEGATIONS

8.     On or before April 7, 2006, Fait, a partner in Wolf Haldenstein's Chicago, Illinois office, approached B. J. Wade ("Wade") of Glassman Edwards Wade & Wyatt, P.C. and William M. Audet ("Audet") of Audet & Partners, to form a "joint venture" to serve as co-counsel for the Plaintiffs in the following actions filed in the United States District Court for the Western District of Tennessee:

> a.   *PoolPak Technologies Corp. v. Outokumpu Oyj et al*, Cause No.: 2:06-cv-02207-BBD-tmp, filed on April 7, 2006; and
>
> b.   *United Coolair Corp. v. Outokumpu Oyj et al*, Cause No.:  2:06-cv-02211-SHM-tmp, filed on April 11, 2006.

9.     The purpose of the joint venture was to undertake the prosecution of the above-styled actions by contributing equity in the form of attorneys' fees, expenses or costs advanced in the prosecution of these actions, to control and litigate the direction of these two actions, and to equitably share any attorneys fees derived from successful prosecution of these two actions by the three firms.

10.     As a result of the joint venture between Plaintiffs and Defendant Wolf Haldenstein, these parties had a fiduciary duty to each other for acts taken in furtherance of the joint venture.

11.     Pursuant to the joint venture agreement between the Plaintiffs and Defendant Wolf Haldenstein, the parties commenced prosecution of the litigation in the above-referenced Complaints.  Thereafter, on April 19, 2006, an additional action was filed relating to the two actions listed above, styled *Twinco Supply Corporation v. Outokumpu Oyj et al*, Cause No.:

2:06-cv-02225-BBD-tmp. Thereafter, Plaintiffs and Defendant Wolf Haldenstein continued to prosecute all three actions as a joint venture and filed a Motion to Consolidate the related actions, and for appointment of lead counsel.

12.　　On May 25, 2006, United States District Court for the Western District of Tennessee, Magistrate Judge Tu M. Pham entered a Report and Recommendation on plaintiffs' motion to appoint Plaintiffs' interim lead and liaison counsel, and appointing Plaintiffs and Defendant Wolf Haldenstein, along with another firms, to serve as plaintiffs' interim lead counsel and liaison counsel. A copy of the Magistrate Judge's Order is attached hereto as Exhibit A.

13.　　After May 25, 2006, Plaintiffs and Defendant Wolf Haldenstein furthered the purpose of the joint venture agreement by prosecuting the above actions referred to in Exhibit A. Among other activities, as part of their duties and obligations under the joint venture agreement, the Plaintiffs drafted memoranda, drafted motions and proposed orders, drafted, edited and filed various court documents, participated in numerous telephonic conferences with the Defendants and with counsel for the Defendants in the underlying action. In addition, Plaintiffs expended considerable out of pockets costs and assisted with common benefit costs advanced on behalf of the client. All filings for the clients in the underlying actions were done by Plaintiff Glassman, Edwards, Wade & Wyatt, and all hearings convened in the case were attended by at least one of the Plaintiffs in the case.

14.　　On July 26, 2007, the United States District Court of the Western District of Tennessee, Honorable Bernice B. Donald, entered an order granting Defendants' Motions to Dismiss in the consolidated style "*In re: ACR Copper Tubing Litigation*, master file number 06-1107 D/P."

15.    Pursuant to the joint venture agreement between the parties, Plaintiffs and Defendant thereafter timely perfected a Notice of Appeal from the District Court's Order referred to in the preceding paragraph to the United States Court of Appeals for the Sixth Circuit and the consolidated cases were assigned United States Court of Appeals docket number 07-6070. Plaintiff Glassman, Edwards, Wade & Wyatt was listed as counsel for plaintiffs in the underlying action on the Notice of Appeal.

16.    In December 2007, Fait, on behalf of Defendant Wolf Haldenstein, participated in a telephone call with Audet and Wade and stated she had asked attorneys for plaintiffs in the other pending actions to dismiss their cases on appeal. Fait further stated to Audet and Wade that if these attorneys dismissed their actions, it was her intent not to pay them for the services rendered.

17.    Thereafter, at a specific date unknown to the Plaintiffs, but believed to be in December 2007, Fait, on behalf of Defendant, secretly participated in a mediation session without notice to the Plaintiffs and purported to settle the case on behalf of all the plaintiffs in the underlying cases.

18.    Fait's purpose in participating in the mediation without notice to Plaintiffs was an attempt to unlawfully deprive Plaintiffs of attorneys' fees for valuable services rendered in the underlying causes of action.

19.    Fait's conduct in appearing for the mediation without notice to Plaintiffs, who were court appointed co-lead counsel, and joint venturers with the Defendant, was a breach of Defendant's fiduciary relationship to Plaintiffs.

20.    After Plaintiffs received notice that Fait, acting on behalf of the Defendant, executed Orders of Dismissal in the actions pending in the United States Court of Appeals for the

5

Sixth Circuit, Plaintiffs filed a lien on the recovery on March 17, 2008 which is attached as Exhibit B.

21.     Thereafter, on March 24, 2008, Plaintiffs filed an Amended Notice of Lien in the actions pending before the United States Court of Appeals for the Sixth Circuit, attached hereto as Exhibit C.

22.     After Plaintiffs filed liens on any potential recovery for their attorneys' fees and costs, Defendant has failed and refused to provide Plaintiffs with an accounting of the time and expenses expended in the prosecution of this cause, and further, have failed to pay Plaintiffs' fees earned pursuant to the joint venture agreement.

## COUNT I – BREACH OF FIDUCIARY DUTY
### (Against Defendant Wolf Haldenstein Only)

23.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22 as if alleged herein.

24.     The failure of Defendant Wolf Haldenstein to notify Plaintiffs of the existence of the mediation, the participation in the mediation, and failure to pay fees justly earned by the Plaintiffs is a violation of the fiduciary relationship between the Plaintiffs and Defendant Wolf Haldenstein, which existed as a result of the joint venture.

## COUNT II – CONSTRUCTIVE TRUST
### (Against Defendant Wolf Haldenstein Only)

25.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 24 as if alleged herein.

26.    As a result of the breach of the fiduciary relationship that existed as a result of the joint venture, Plaintiffs ask a constructive trust be imposed upon the non-client portion of the settlement purportedly mediated in settlement by Defendant Wolf Haldenstein's agent, Fait.

27.    After imposition of the constructive trust upon the aforementioned proceeds, Plaintiffs pray that any fees sought by Defendant Wolf Haldenstein as a result of its breach of fiduciary duty be disgorged because of Wolf Haldenstein's breach of its fiduciary duties to Plaintiffs.

### COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against Defendant Wolf Haldenstein Only)

28.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 27 as if alleged herein.

29.    Alternatively, in the event the Court determines a joint venture did not exist, but determines the parties had an oral agreement, Plaintiffs allege Defendant Wolf Haldenstein breached the implied covenant of good faith and fair dealing by its conduct in this cause for which Plaintiffs seek damages in an amount of $75,000.00, exclusive of interest and costs.

### COUNT IV – DECLARATORY JUDGMENT AGAINST ALL DEFENDANTS

30.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 29 above as if alleged herein.

31.    Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaratory judgment by this Court in determining a division of attorneys' fees for the legal services performed in the underlying actions by the Plaintiffs and Defendants.

### COUNT V – QUANTUM MERUIT AGAINST ALL DEFENDANTS

32.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31 as if alleged herein.

33.    Alternatively, in the event the Court determines that neither a joint venture nor an oral agreement existed, Plaintiffs seek a recovery from the Defendants in *quantum meruit* for their legal services rendered and expenses incurred in the prosecution of the underlying actions.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants:

1.    For damages in excess of $75,000.00, inclusive of interest and costs;

2.    For constructive trust against the non-client portion of the recovery in the underlying actions;

3.    For disgorgement of any fees sought by the Defendant Wolf Haldenstein, as a result of its breach of fiduciary duty to Plaintiffs;

4.    For an award to Plaintiffs based on the doctrine of *quantum meruit*;

5.    For all other general and specific relief to which Plaintiffs are entitled; and

6.    For costs pursuant to Rule 54 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**RICHARDSON LAW FIRM**

By:    s/John D. Richardson
        John D. Richardson (#6124)
        *Attorney for Plaintiff*
        119 South Peabody Place, Suite 725
        Memphis, TN  38103
        (901) 521-1122 – phone
        (901) 523-7677 – fax

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| POOLPAK TECHNOLOGIES CORP., on behalf of itself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | |
| vs. ) | Civil No. <u>06-2207 D/P</u> |
| OUTOKUMPU OYJ, et al., ) | |
| Defendants. ) | |

---

| | |
|---|---|
| UNITED COOLAIR CORP. on behalf of itself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | |
| vs. ) | Civil No. <u>06-2211-Ma/P</u> |
| OUTOKUMPU OYJ, et al., ) | |
| Defendants. ) | |

---

| | |
|---|---|
| TWINCO SUPPLY CORPORATION on behalf of itself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | |
| vs. ) | Civil No. <u>06-2225-B/P</u> |
| OUTOKUMPU OYJ, et al., ) | |
| Defendants. ) | |

---

ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE AND
COORDINATE RELATED ACTIONS, GRANTING DEFENDANTS' MOTIONS FOR
ADDITIONAL TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND
REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO APPOINT
PLAINTIFFS' INTERIM LEAD COUNSEL AND LIAISON COUNSEL

Before the court is plaintiff PoolPak Technologies Corp.'s
("PoolPak") Motion to Consolidate and Coordinate Related Actions
and Appoint Plaintiffs' Interim Lead Counsel and Liaison Counsel,
filed April 27, 2006,[1] and defendants Outokumpu Oyj, Outokumpu
Copper Products Oyj, Outokumpu Copper (U.S.A.), Inc., Outokumpu
Copper Franklin, Inc., Outokumpu Heatcraft USA LLC, and Mueller
Industries, Inc.'s Motions for Additional Time Within Which to
Answer or Otherwise Respond, filed May 17 and 24, 2006. Defendant
Mueller Industries, Inc. ("Mueller") filed a response to
plaintiff's motion on May 3, 2006, in which it indicated that it
does not oppose the motion. The Outokumpu defendants have not
filed a response in opposition to plaintiff's motion.

On April 28, 2006, U.S. District Judge Bernice Donald referred
plaintiff's motion to the Magistrate Judge for report and
recommendation/determination. For the reasons below, the court
GRANTS plaintiff's Motion to Consolidate and Coordinate Related

---

[1]On April 27, 2006, plaintiffs United CoolAir Corp.
("CoolAir") and Twinco Supply Corp.'s ("Twinco") filed identical
motions in the cases of United Coolair Corp. v. Outokumpu Oyj, et
al., 06-CV-2211 Ma/P, and Twinco Supply Corp. v. Outokumpu Oyj,
et al., 06-CV-2225 B/P.

-2-

Actions, and GRANTS defendants' Motions for an Extension of Time to Answer or Otherwise Respond. The court further RECOMMENDS that plaintiff's Motion to Appoint Plaintiffs' Interim Lead Counsel and Liaison Counsel be GRANTED.

## I.   BACKGROUND

PoolPak is a Pennsylvania corporation and manufacturer of commercial air-conditioning and swimming pool dehumidifying equipment. Compl. ¶ 1. During the course of its business, PoolPak routinely purchases ACR copper tubing, an industrial tubing designed for use in air-conditioning and refrigeration applications. Compl. ¶ 24. The Outokumpu and Mueller Defendants are engaged in the production or sale of ACR copper tubing. Compl. ¶ 9-17. On April 7, 2006, PoolPak filed a class action complaint asserting claims pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, against numerous manufacturers and distributors of ACR copper tubing, including these defendants. PoolPak alleges that during the period from May 1988 through December 2003, defendants engaged in a conspiracy to raise, fix, or maintain the price of ACR copper tubing, allegedly causing PoolPak and similarly situated plaintiffs to pay more for such tubing than they would have in a competitive market. Compl. ¶ 2. Plaintiffs Cool Air and Twinco filed substantially similar class action complaints in this district on April 11 and 19, 2006, respectively.

Plaintiff Carrier Corporation ("Carrier") filed a similar

complaint against these defendants in this district on March 29, 2006 (Carrier Corp. v. Outokumpu, et al., 06 CV 2186 D/V). Although the plaintiff in Carrier does not seek class action status, the plaintiff raises substantially identical allegations and seeks the same relief as the PoolPak, CoolAir, and Twinco plaintiffs.[2]

Plaintiff filed the present motion on April 27, 2006, seeking to consolidate the PoolPak, CoolAir, Twinco class actions (collectively "the class action cases") for all purposes, and to coordinate the class action cases and the Carrier case for purposes of discovery only. In addition, plaintiffs ask the court to appoint the law firms of Alexander, Hawes & Audet; the Wolf Haldenstein firm; Glassman, Edwards, Wade & Wyatt, P.C.; and Preti, Flaherty, Beliveau & Pachios LLP as Interim Co-Lead Counsel and the Bramlett Law Offices as Interim Liaison Counsel, for the PoolPak, CoolAir and Twinco class action cases.

## II.  ANALYSIS

### A.  Motion to Consolidate

Federal Rule of Civil Procedure 42 authorizes courts to order several cases consolidated when actions involving a common question of fact or law are before the court. Fed. R. Civ. P. 42(a). In its discretion, the trial court may order actions consolidated in

---

[2]According to plaintiff's certificate of consultation, Carrier agrees that all related cases should be transferred and consolidated.

-4-

the interests of judicial economy so that it may "administer the court's business 'with expedition and economy while providing justice to the parties.'" <u>Williams v. Gilless</u>, No. 93-5844, 1994 U.S. App. LEXIS 4234, at *3 (6th Cir. 1994) (quoting 9 Wright & Miller, <u>Federal Practice and Procedure</u>, §§ 2381 (1971)). District courts have broad discretion in determining whether to consolidate cases, and should consider whether consolidation will promote judicial economy without impeding justice and the interests of the parties. <u>Devlin v. Transportation Communs. Int'l Union</u>, 175 F.3d 121, 130 (2d Cir. 1999); <u>Johnson v. Celotex Corp.</u>, 899 F.2d 1281, 1285 (2d Cir. 1990).

The court concludes that the present class action cases are well-suited for consolidation. The complaints filed by the PoolPak, CoolAir, and Twinco plaintiffs are nearly identical. The class actions involve common questions of law and fact, as each complaint contains the same factual allegations against the same defendants, seeks the same relief and relies upon the same legal authority in support of the claims.[3]    Consolidating and

---

[3]Unlike the PoolPak, CoolAir and Twinco plaintiffs, Carrier does not seek class action status. This factor, however, does not preclude the use of consolidation for purposes of discovery. "[A]lthough consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." <u>Lewis v. ACB Bus. Servs.</u>, 135 F.3d 389, 412 (6th Cir. 1998) (internal citations omitted). Carrier's complaint raises questions of fact and law common to those raised by the class action plaintiffs, and seeks the same relief that PoolPak, CoolAir and Twinco seek.

Case 1:08-cv-05751-JGK    Document 6-6    Filed 07/01/2008    Page 15 of 92
Case 2:08-cv-02336-BBD-dkv    Document 1-3    Filed 05/28/2008    Page 6 of 13
Case 2:06-cv-02207-BBD-tmp    Document 14    Filed 05/25/2006    Page 6 of 13

coordinating these cases will promote judicial economy. Thus, PoolPak's motion to consolidate the class action cases for all purposes, and to coordinate these class action cases with the <u>Carrier</u> case for purposes of discovery only, is GRANTED.

**B.    Defendants' Motions for an Extension of Time to Answer or Otherwise Respond**

For good cause shown, and no opposition thereto, the defendants' Motions for an Extension of Time to Answer or Otherwise Respond to the complaint is GRANTED.

### III.    REPORT AND RECOMMENDATION

In their motions to consolidate, plaintiffs also ask the court to appoint the law firms of Alexander, Hawes & Audet, the Wolf Haldenstein firm, Glassman, Edwards, Wade & Wyatt, P.C., and Preti, Flaherty, Beliveau & Pachios LLP as Interim Co-Lead Counsel and the Bramlett Law Offices as Interim Liaison Counsel. In support of their request, plaintiffs have submitted affidavits signed by lead counsel from each law firm and resumes describing each firm's experience with class action or antitrust litigation. Pl.'s Ex. 1, 3, 5, 6, 7.

**1.    Proposed Findings of Fact**

**a.    Wolf Haldenstein**

Wolf Haldenstein is a New York-based law firm that has extensive experience in class action litigation and prosecuting

_____

Thus, consolidation with these cases for purposes of discovery only is appropriate.

similar claims on behalf of class members. The firm has served as class counsel in several recent federal court cases and has recently been appointed interim co-lead counsel in a similar case in this district, In re: Copper Tubing Litigation, No. 04-2771 (W.D. Tenn. filed Sept. 24, 2004). Pl. Ex. 1. In addition, Wolf Haldenstein has significant experience in handling complex antitrust litigation, as it has represented various plaintiffs in over 35 antitrust class action cases. Feit Aff. ¶ 3. Mary Jane Edelstein Feit, who manages Wolf Haldenstein's antitrust practice group and is primarily responsible for this case on behalf of her firm, has over 25 years of experience in antitrust class action cases. Feit Aff. ¶ 4.

### b. Alexander, Hawes & Audet

Alexander, Hawes & Audet is a California-based firm that specializes in the class action prosecution of tort, business fraud, and antitrust claims. Pl.'s Ex. 3. The firm has served as plaintiff's counsel in 11 antitrust class action claims, and has been involved with over 50 other class action lawsuits throughout the country. Id. Alexander, Hawes & Audet has significant experience serving as lead counsel in class actions, and was also recently appointed interim co-lead counsel by this court in In re: Copper Tubing Litigation. William Audet heads the firm's class action practice and will be personally involved in its representation in this case. Audet Aff. ¶ 6.

### c.   Glassman Edwards

Glassman Edwards is a Tennessee firm with a significant class action practice. B.J. Wade, the attorney for Glassman Edwards who is primarily responsible for the firm's representation in this case, has served as lead counsel in at least 5 class action cases prosecuted in Tennessee and was recently appointed co-liason counsel by this court in In re: Copper Tubing Litigation and In re: Accredo Securities Litigation, No. 03-2216 (W.D. Tenn. filed April 8, 2003). Wade Aff. ¶ 4, 6. In addition, Wade has served on the steering committee in a nationwide class action filed in Santa Clara, California. Wade Aff. ¶ 4.

### d.   Preti, Flaherty, Beliveau, and Pachios

Preti, Flaherty, Beliveau and Pachios ("Preti Flaherty") is a New England-based law firm with significant antitrust class action experience. The firm has represented plaintiffs and defendants in at least 18 antitrust class action cases filed in state and federal courts throughout the country. Pl.'s Ex. 6. Greg Hansel, the Preti Flaherty attorney responsible for prosecuting this case, is the co-head of the firm's antitrust class action practice, and has experience serving as lead counsel in class action prosecutions and arguing before the Judicial Panel on Multidistrict Litigation. Id.; Hansel Aff. ¶ 4.

### e.   Bramlett Law Offices

Paul Bramlett is licensed in Tennessee and Mississippi and has

practiced law for over 35 years.  Pl.'s Ex. 7.  His practice is devoted to civil litigation and specializes on securities class actions, consumer class actions, and antitrust litigation.  Id. Bramlett has served as local or liaison counsel in at least nine recent class actions filed in Tennessee, including In re: Copper Tubing Litigation.  Id.

2.    **Proposed Conclusions of Law**

Federal Rule of Civil Procedure 23 authorizes the court to "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A); see also Hill v. Tribune Co., No. 05-2602, 2005 U.S. Dist. LEXIS 23931, at *14-15 (N.D. Ill. Oct. 13, 2005) (unpublished) ("Rule 23(g) provides criteria to consider when appointing class counsel.  No distinction is made regarding appointing interim counsel.").  Rule 23 provides the following factors that the court should consider when appointing class counsel: "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(C).

As discussed above, all of these firms have significant experience in managing complex class action litigation.  Wolf

Haldenstein, Preti Flaherty, and Alexander, Hawes & Audet have each demonstrated that they possess the resources and expertise to prosecute complicated antitrust class action claims, and have held leadership positions in complex cases that involved allegations similar to those at issue in these present cases. Glassman Edwards also has significant experience in managing complex cases, and as a Memphis-based law firm, is familiar with the local rules of this court. Moreover, each firm seeking appointment as interim co-lead counsel has submitted an affidavit describing the work that they have done in these cases. It appears that each of these firms has expended considerable time and resources in pursuing the class action claims. The attorneys have performed market and economic research on the plaintiffs' antitrust claims, have retained experts, and have consulted with people knowledgeable about the copper tubing industry. Feit Aff. ¶ 5; Audet Aff. ¶ 7; Hansel Aff. ¶ 5; Wade Aff. ¶ 6.

Paul Bramlett is licensed in Tennessee and has extensive experience litigating in Tennessee courts, and he is familiar with Tennessee law and the local rules of this court. Moreover, Bramlett has often served as liaison counsel in the Western District; he is currently acting in that capacity in <u>In re: Copper Tubing Litigation</u>.

Based on these facts, the court RECOMMENDS that plaintiff's motion to appoint plaintiffs' interim lead counsel and liaison

-10-

counsel be GRANTED.

## IV.   CONCLUSION

For the reasons above, plaintiff's motion to consolidate and coordinate related actions for purposes of discovery is GRANTED. Defendants' Motions for an Extension of Time to Answer or Otherwise Respond is GRANTED.   The court hereby ORDERS as follows:

1.    The following actions are hereby consolidated before this court for all purposes, including pretrial proceedings, trial and appeal, pursuant to Rule 42 of the Federal Rules of Civil Procedure:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Poolpak Technologies Corp., v. Outokumpu Oyj, et al.,* | 06-cv-2207 | 04/07/06 |
| *United Coolair Corp., v. Outokumpu Oyj, et al.,* | 06-cv-2211 | 04/11/06 |
| *Twinco Supply Corporation v. Outokumpu Oyj, et al.* | 06-cv-2225 | 04/19/06 |

2.    The caption of these consolidated actions shall be "*In re ACR Copper Tubing Litigation*" and the files of these consolidated actions shall be maintained in one file under Master File No. 06-2207.   Any other class actions now pending or later filed which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes, if and when they are brought to the Court's attention.

3.    Every pleading filed in the consolidated actions, or in

-11-

any separate action included herein, shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| | ) |
| In re ACR COPPER TUBING LITIGATION | ) ) Master File No.  06-cv-2207-D/P |
| | ) |
| This Document Relates To: | ) |
| | ) |

4.    When a pleading is intended to be applicable to all actions governed by this Order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable to only some, but not all, of the consolidated actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g., "_____  (_____)").

5.    Plaintiffs, through Lead Counsel appointed by Order of this Court, shall file and serve a single consolidated complaint within 30 days after the entry of this Order.  The consolidated complaint shall be deemed the original complaint, superseding all complaints filed in any of the actions consolidated hereunder or in any related cases.  Defendants shall have 60 days to answer or otherwise respond to the consolidated complaint.  Should Defendants file a motion challenging the pleadings, the parties shall meet and confer regarding a mutually acceptable briefing and hearing

schedule for the motion.

6.    The action styled Carrier Corp, et al. v. Outokumpu Oyj, et al., Case No. 06-cv-2186, and any subsequently filed related individual action, will be coordinated with In Re ACR Copper Tubing Litigation for the purpose of pretrial discovery only.

The court further RECOMMENDS that the law firms of Wolf Haldenstein, Adler, Freeman and Hertz, LLP, Alexander, Hawes & Audet, LLP, Glassman, Edwards, Wade & Wyatt, P.C. and Preti, Flaherty, Beliveau & Pachios LLP be appointed as Interim Co-Lead Counsel and the Bramlett Law Offices be appointed as Interim Liaison Counsel.

Respectfully Submitted,


S/ Tu M. Pham
_____
TU M. PHAM
United States Magistrate Judge


May 24, 2006
_____
Date

### NOTICE

WITH REGARDS TO THE REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO APPOINT COUNSEL, ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

-13-

**RECEIVED**     IN THE UNITED STATE COURT OF APPEALS     **F I L E D**
FOR THE SIXTH CIRCUIT

MAR **1 7** 2008                                      MAR **1 7** 2008

In re: **Leonard Green** COPPER TUBING LITIGATION,          **LEONARD GREEN, Clerk**
        **Clerk**

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

        Plaintiffs-Appellants/Cross-Appellees,

vs.                                     COA Nos.:    07-6070, 07-6149, 07-6150,
                                                     07-6151, 07-6152, 07-6153
                                        Originating Case No.:  06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

        Defendants-Appellees/Cross-Appellants.

---

**NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY**

---

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that pursuant to Tennessee Code Annotated §23-2-103, the law firms

of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys' liens in

this case for attorneys' fees and also expenses advanced in the representation of the Plaintiffs.

1

Respectfully submitted,

By: _B. J. Wade_ (_signature_)
B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE**
  **& WYATT, P.C.**26 North Second Street
Memphis, TN  38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 14th day of March, 2008, upon the following:

Fred T. Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016

isquith@whafh.com
FAX NO.:  (212) 545-4653

Mary Jane Edelstein Fait
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603

fait@whafh.com
FAX NO.:  (312) 984-0001

Gregory P. Hansel
Randall B. Weill
**PRETI, FLAHERTY, BELIVEAU**
  **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546

ghansel@preti.com
rweill@preti.com
FAX NO.:  (207) 791-3111

2

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120

lcrawford@wyattfirm.com
FAX NO.:  (901) 537-1010

William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.:  (212) 728-8111

Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS
& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.:  (615) 252-6385
FAX NO.:  (615) 252-6340

Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119

jbroadhurst@appersoncrump.com
FAX NO.:  (901) 757-1296

David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE
AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.:  (202) 663-6363

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE
& DOOR, LLP**
60 State Street
Boston, MA  02109

michelle.miller@wilmerhale.com
FAX NO.:  (617) 526-5000

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN
& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.:  (202) 974-1999

Aidan Synnott, Esq.                           asynnott@paulweiss.com
Moses Silverman, Esq.                         msilverman@paulweiss.com
Susanne M. Kandel, Esq.                       skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**             TO NO.:  (212) 757-3990
  **& GARRISON**
1285 Avenue of the Americas
New York, NY  10019


James R. Newsom, III, Esq.                    jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**                  FAX NO.:  (901) 526-4484
  **& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103


Paul Kent Bramlett                            pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734


Joseph C. Kohn                                jkohn@kohnswift.com
William E. Hoese                              whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**                  FAX NO.:  (215) 238-1968
One South Broad Street, Suite 2100
Philadelphia, PA  19107


Leonard Barrack                               lbarrack@barrack.com
Jeffery B. Gittleman                          jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103


Kemper B. Durand                              durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**                FAX NO.:  (901) 525-6722
  **JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103


Robert N. Kaplan                              rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**               FAX NO.:  (212) 687-7714
805 Third Avenue, 22nd Floor
New York, NY  10022


Gary Specks                                   gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**              FAX NO.:  (847) 831-1580
203 N. LaSalle Street
Chicago, IL  60601

4

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

jsloan@pedersenhoupt.com
FAX NO.:  (312) 641 6895

_____
B. J. Wade

**RECEIVED**

**IN THE UNITED STATE COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**F I L E D**

MAR 1 7 2008

In re COPPER TUBING LITIGATION,

Leonard Green
Clerk

MAR 1 7 2008

**LEONARD GREEN, Clerk**

POOLPAK TECHNOLOGIES CORP.,
on behalf of itself and all others
similarly situated; TWINCO SUPPLY
CORPORATION; UNITED COOLAIR CORP.;
SHILVOCK COMPANY, INC.,

       Plaintiffs-Appellants/Cross-Appellees,

vs.

COA Nos.:  07-6070, 07-6149, 07-6150,
              07-6151, 07-6152, 07-6153
Originating Case No.:  06-2207

OUTOKUMPU OYJ; OUTOKUMPU COPPER
PRODUCTS OY; OUTOKUMPU COPPER
USA, INC.; OUTOKUMPU COPPER FRANKLIN,
INC.; OUTOKUMPU HEATCRAFT USA, LLC;
MUELLER INDUSTRIES, INC.; MUELLER
EUROPE LTD.; WIELAND WERKE AG;
KM EUROPA METAL AG; TREFIMETAUX SA;
EUROPA METALLI SPA; WEILAND METALS, INC.,

       Defendants-Appellees/Cross-Appellants.

---

**NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY**

---

**TO:**    **ALL PARTIES AND THEIR COUNSEL OF RECORD:**

      Please take notice that pursuant to Tennessee Code Annotated §23-2-103, the law firms

of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys' liens in

this case for attorneys' fees and also expenses advanced in the representation of the Plaintiffs.

1

Respectfully submitted,

By: _B. J. Wade (#5182)_ _(signature)_

B. J. Wade (#5182)
**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.** 26 North Second Street
Memphis, TN  38103
Telephone:  (901) 527-4673
Facsimile:  (901) 521-0940
bwade@gewwlaw.com

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., U. S. Mail, postage pre-paid, and/or via facsimile on this the 14th day of March, 2008, upon the following:

Fred T. Isquith, Esq.
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016

isquith@whafh.com
FAX NO.:  (212) 545-4653

Mary Jane Edelstein Fait
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603

fait@whafh.com
FAX NO.:  (312) 984-0001

Gregory P. Hansel
Randall B. Weill
**PRETI, FLAHERTY, BELIVEAU**
**& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546

ghansel@preti.com
rweill@preti.com
FAX NO.:  (207) 791-3111

2

Robert Crawford, Esq.
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120

lcrawford@wyattfirm.com
FAX NO.:  (901) 537-1010


William H. Rooney, Esq.
Kelly M. Hnatt, Esq.
Maren Wax, Esq.
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019

wrooney@willkie.com
khnatt@willkie.com
mwax@willkie.com
FAX NO.:  (212) 728-8111


Paul A. Alexis, Esq.
Colin J. Carnahan, Esq.
**BOULT, CUMMINGS, CONNERS**
  **& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025

palexis@boultcummings.com
ccarnahan@boultcummings.com
FAX NO.:  (615) 252-6385
FAX NO.:  (615) 252-6340


Jerome A. Broadhurst, Esq
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119

jbroadhurst@appersoncrump.com
FAX NO.:  (901) 757-1296


David Olsky, Esq.
Eric Mahr, Esq.
Todd Hettenbach, Esq.
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006

david.olsky@wilmerhale.com
eric.mahr@wilmerhale.com
todd.hettenbach@wilmerhale.com
FAX NO.:  (202) 663-6363


Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE**
  **& DOOR, LLP**
60 State Street
Boston, MA  02109

michelle.miller@wilmerhale.com
FAX NO.:  (617) 526-5000


Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN**
  **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com
FAX NO.:  (202) 974-1999

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON**
1285 Avenue of the Americas
New York, NY  10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com
TO NO.:  (212) 757-3990


James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER
& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103

jnewsom@harrisshelton.com
FAX NO.:  (901) 526-4484


Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734

pknashlaw@aol.com


Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107

jkohn@kohnswift.com
whoese@kohnswift.com
FAX NO.:  (215) 238-1968


Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103

lbarrack@barrack.com
jgittleman@barrack.com


Kemper B. Durand
**THOMASON, HENDRIX, HARVEY,
JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103

durandk@thompsonlaw.com
FAX NO.:  (901) 525-6722


Robert N. Kaplan
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022

rkaplan@kaplanfox.com
FAX NO.:  (212) 687-7714


Gary Specks
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

gspecks@kaplanfox.com
FAX NO.:  (847) 831-1580

James B. Sloan
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

jsloan@pedersenhoupt.com
FAX NO.:  (312) 641 6895

B. J. Wade

Glassman

— v —

Wolf

Glassman

— v —

Wolf

BERNICE B. DONALD

DIANE K. VESCOVO

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| G     E     Wd e  &Wstd S .     . | Wf, H     A     F     & H     L |

**(b)** County of Residence of First Listed Plaintiff     Selb
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John D. Richardson/The Richardson Law Firm (901) 521-1122
119 South Main Street, Suite 725, Memphis, TN 38103

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify)     ☐ 6 Multidistrict Litigation     ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
2 U   S1     U   S1

Brief description of cause:
3    of fid uc ity beac h of j oint venture agreement; beac h of im pied c ovenant of good faith

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE   B     B D     DOCKET NUMBER   06-2207; 06-2211; 06-22 5

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 0     /     | s/     D  Rc hard son     2     0 |

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

GLASSMAN, EDWARDS, WADE
& WYATT, P.C. and
AUDET & PARTNERS, LLP

      Plaintiffs,

    v.                            Case No.: 2:08-cv-02336-BBD-dkv

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP;              **ORAL ARGUMENT REQUESTED**
KAPLAN, FOX & KILSHEIMER, LLP,
and PRETI, FLAHERTY, BELIVEAU
& PACHIOS, LLP

      Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
## MOTION TO DISMISS PURSUANT TO RULES 12(b)(6), 12(b)(2),
## <u>AND 12(b)(7) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>

# <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

I.     INTRODUCTION ................................................................................................. 1

II.    STATEMENT OF FACTS .................................................................................... 2

III.   ARGUMENT ......................................................................................................... 5

     A.     GEWW And Audet Have Failed To State A
           Claim Upon Which Relief Can Be Granted............................................ 5

          1.     GEWW and Audet's Claim Violates
                  the Code of Professional Responsibility ...................................... 5

          2.     GEWW and Audet's "Joint Venture"
                  Cannot Skirt the Ethics Rules ...................................................... 7

          3.     GEWW and Audet's Claim for Breach of Covenant of
                  Good Faith and Fair Dealing Must be Dismissed Because
                  There is No Alleged Contract Between the Parties ...................... 8

          4.     GEWW and Audet's Claim for
                  *Quantum Meruit* Must be Dismissed .......................................... 8

     B.     This Case Must Be Dismissed Because GEWW
           And Audet Have Failed To Join The Proper Parties............................. 10

     C.     The District Court Should Dismiss The Complaint Filed
           In The Western District Of Tennessee Because The Court's
           Jurisdiction In That Action Violates The First-To-File Doctrine. ....... 11

          1.     Where an Action on the Same Dispute Had Already Been
                  Commenced in New York State Court, It Was Improper
                  for the Plaintiff to Invoke the Jurisdiction of this Court
                  in a Second Suit ......................................................................... 11

          2.     Convenience Factors Show There to be no Justification
                  for Disregarding the First-to-File Rule in this Action .............. 13

     D.     This Case Must Be Dismissed Because This Court
           Has No Personal Jurisdiction Against Defendants ............................. 13

IV.   CONCLUSION..................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**                                                                                     **Page(s)**

Bridgeport Music, Inc. v. Still N The Water Publishing,
   327 F.3d 472 (6th Cir. 2003) ...........................................................................15

Brillhart v. Excess Insurance Co.,
   316 U.S. 491 (1942)..........................................................................................13

Calipari v. Powertel, Inc.,
   231 F. Supp. 2d 734 (W.D. Tenn. 2002).........................................................9

Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,
   511 F.3d 535 (6th Cir. 2007) ...........................................................................13

Estate of Carapenter v. Sullivan,
   C.A. No. 03A01-9810-PB00355, 1999 Tenn App. LEXIS 456
   (Tenn. App. July 13, 1999) .........................................................2, 7, 8, 10

Fugate v. United Telephone Southeast, Inc.,
   No. 3:06-0351, 2007 U.S. Dist. LEXIS 33557 (M.D. Tenn. May 7, 2007) ................................9

Hammond v. Baldwin,
   866 F.2d 172 (6th Cir. 1989) ...........................................................................6

Johnson v. Hunter,
   Appeal No. M1998-00314-COA-R3-CV, 1999 Tenn. App. LEXIS 783
   (Tenn. Ct. App. Nov. 30, 1999) ......................................................................10

Midwest Motor Express, Inc. v. Central States Southeast
and Southwest Areas Pension Fund,
   70 F.3d 1014 (8th Cir. 1995) ...........................................................................14

Pacesetter Systems, Inc. v. Medtronic, Inc.,
   678 F.2d 93 (9th Cir. 1982) .......................................................................12, 13

Plating Resources, Inc. v. UTI Corp.,
   47 F. Supp. 2d 899 (N.D. Ohio 1999)..............................................................13

Savers Federal Savings and Loan Association v.
Home Federal Savings and Loan Association,
   721 F. Supp. 940 (W.D. Tenn. 1989)...............................................................9

Scheid v. Fanny Farmer Candy Shops, Inc.,
   859 F.2d 434 (6th Cir. 1988) ...........................................................................6

<u>Sun Coke Co. v. Man Ferrostaal Do Brasil Commercio E Industria LTDA</u>,
  543 F. Supp. 2d 836 (E.D. Tenn. 2008) ...................................................................................15

<u>Winnett v. Caterpillar, Inc.</u>,
  No. 3:06-cv-00235, 2008 U.S. Dist. LEXIS 36075 (M.D. Tenn. May 1, 2008) .......................15

<u>Zide Sport Shop of Ohio v. Ed Tobergte Associates, Inc.</u>,
  16 Fed. Appx. 433 (6th Cir. 2001) ..........................................................................................12


<u>**STATUTES AND RULES**</u>

Federal Rules of Civil Procedure
  R. 12(b)(2) ................................................................................................................................15
  R. 12(b)(6) ..................................................................................................................................6
  R. 12(b)(7) ................................................................................................................................11
  R. 19 .........................................................................................................................................11
  R. 23(g) ..................................................................................................................................4, 7

Tennessee Rules of Professional Conduct
  Rule 1.5 .................................................................................................................................6, 7

# I.    <u>INTRODUCTION</u>

The theory of this case directly contradicts established Tennessee law and ethical standards.  This frivolous lawsuit represents the third attempt by two disgruntled law firms to extract money not due either of them from three out-of-state law firms who represented their four out-of-state clients (not parties herein) in an action before this Court, which was dismissed for lack of subject matter jurisdiction.  At that point, this Court no longer had jurisdiction over the dispute or parties.  After dismissal, the underlying dispute was settled pursuant to three settlement agreements, which provide that New York law is applicable.  When the individual settlements were negotiated, the dismissed case was on appeal to the Court of Appeals for the Sixth Circuit (located in Ohio).  That Court dismissed the appeal.  The negotiations were conducted by counsel largely in New York City.  Because of the interference of the two plaintiff law firms, Glassman, Edwards, Wade & Wyatt, P.C. ("GEWW"), located in this district, and Audet & Partners, LLP ("Audet"), located in California, no monies have been paid under the settlement agreements.  The funds are maintained in an account at Citibank created by the ACR Defendants who refuse to pay it to the ACR Plaintiffs.

Among the defects of the lawsuit, there is no *in personam* jurisdiction over the Defendants.  The case does not have the necessary parties.  The allegations do not state a claim for relief and assert, in effect, that Plaintiffs violated the Tennessee Code of Ethics.  <u>See</u> <u>Estate of Carpenter v. Sullivan</u>, C.A. No. 03A01-9810-PB00355, 1999 Tenn. App. LEXIS 456 (Tenn. App. July 13, 1999).

In any event, because Plaintiffs here are simply attempting to make an end-run to avoid a prior pending litigation in New York State, at the least this case should be stayed.

This Memorandum of Law in Support of Defendants' Motion to Dismiss, or Stay This Action proceeds as follows:[1]

- GEWW and Audet's theory of recovery is unethical and is barred by law;

- GEWW and Audet's failures allege they received the written consent of the clients of their alleged fee-splitting agreement or did work and took on responsibility proportional to their demanded fee are fatal under the Tennessee Disciplinary Rules;

- GEWW and Audet sued the wrong people, Defendants, who do not have (and are not entitled to) the money they seek, and failed to sue the necessary parties, including the ACR Defendants;

- This case should be stayed in deference to a prior pending case in New York; and

-  There is no personal jurisdiction over the law firm Defendants, whose only connection to this forum was to represent out-of-state clients, *pro hac vice*, in a case which has now been dismissed.

## II.    <u>STATEMENT OF FACTS</u>

In essence, the Plaintiff law firm's position is to insist that they be guaranteed a fee both unjustified and unearned by any calculation before they will permit a settlement agreement to be consummated.  Because of Defendants' tortious interference with the Settlement Agreements no amounts have been paid the clients of the Defendants' law firm.

---

[1]    Defendants are the law firms of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Kaplan, Fox & Kilsheimer, LLP ("Kaplan Fox") whose primary offices are in New York; and Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") whose office is in the State of Maine.

The clients, (the "ACR Plaintiffs") four out-of-state companies, brought an anti-trust suit in Western District of Tennessee (the "ACR Litigation"). That case was brought as a class action on a contingency basis. It was filed in April, 2006. Originally, GEWW was invited by Wolf Haldenstein to participate as counsel in the class action. At some point after the commencement of the litigation, GEWW invited Audet to take part in it. <u>Neither GEWW nor Audet had their own client in the ACR Litigation.</u> On May, 26, 2006, Wolf Haldenstein, Preti Flaherty, GEWW and Audet were appointed interim class counsel in the ACR Litigation, pursuant to Rule 23(g).[2]

On July 26, 2007, on the motion of the ACR Defendants, this Court dismissed the ACR Litigation on the merits for lack of subject matter jurisdiction. The dismissal ended all involvement of the parties and Defendants here with this jurisdiction. The plaintiffs in the ACR Litigation (the "ACR Plaintiffs") appealed. Following the filing of the appeal, the ACR Plaintiffs, through their individual counsel defendants in this case, entered into three separate settlements (the "Settlement Agreements") with the defendants in the ACR Litigation ("ACR Defendants"). GEWW and Audet admit they did not participate in achieving these settlements. They were informed of the negotiations, and did not object to the total settlement figure. The negotiations took place entirely outside this District. The Settlement Agreements provide that New York law would govern. The Settlement Agreements provided that ten business days after the entry of an order disposing of the appeal, the ACR Defendants would pay into accounts designated by the ACR Plaintiffs a total of $900,000 (the "Settlement Fund"). Following the drafting of the Settlement Agreements, and prior to the dismissal of the appeal, GEWW and

---

[2]    Shilvock Company, Inc. became a plaintiff in the ACR Litigation, along with its counsel, Kaplan Fox, only after the May 26, 2006, Order.

Audet threatened to obstruct the final settlement of the ACR Litigation unless their fees were fixed in advance. Their attempt was Plaintiffs' first attempt to extract funds.

On March 14, 2008, GEWW and Audet commenced their second attempt to hold up the settlements unless they were guaranteed outlandish fees not due to them. They delivered a notice of a purported lien on the settlement and filed with the Court of Appeals. As a result of these threats, and interference with the settlements, the ACR Defendants refused to pay any money to the ACR Plaintiffs. Instead, the ACR Defendants have deposited the Settlement Fund into an account at Citibank. On March 18, GEWW and Audet made an application to the Court of Appeals for the Sixth Circuit to recognize the purported lien, and exercise jurisdiction over the purported lien. On March 31, 2008, the Court of Appeals for the Sixth Circuit dismissed this appeal in the ACR Litigation with prejudice, and declined to grant GEWW and Audet's motion.

As a result of the actions undertaken by GEWW and Audet, neither the ACR Plaintiffs nor any of their counsel have realized any of the Settlement Fund. In order to effectuate the settlements, the defendant firms herein and one other firm[3] commenced an action on May 14, 2008, in the Supreme Court of the State of New York, <u>Wolf Haldenstein Adler Freeman & Herz LLP, et al., v. Glassman, Edwards, Wade & Wyatt, P.C.</u>, Index No. 601458/2008 (Sup. Ct. New York County) (the "New York Action"). The New York Action alleges that GEWW and Audet's actions constituted tortuous interference with contract. It was not until after the commencement of the New York Action that GEWW and Audet filed the current case, which represents the third attempt by GEWW and Audet to recover money that is not due to them.

---

[3] Bramlett Law Offices ("Bramlett") located in Nashville, Tennessee.

## III.    ARGUMENT

### A.    GEWW And Audet Have Failed To State A Claim Upon Which Relief Can Be Granted

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), dismissal of a complaint is proper where there is no set of facts that would entitle the plaintiff to recover. Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir. 1989).   Motions to dismiss are designed to test "whether a cognizable claim has been pleaded in the complaint."   Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

### 1.    GEWW and Audet's Claim Violates the Code of Professional Responsibility

The alleged "joint venture" violates Tennessee law; its Code of Ethics and Public Policy.

Rule 1.5 of the Tennessee Rules of Professional Conduct mandates as follows:

> (e)  A division of a fee between lawyers who are not in the same firm may be made only if:
>
> (1)  the division is in proportion to the services performed by each lawyer or, by written consent of the client, each lawyer assumes joint responsibility for the representation; and
>
> (2)   the client is advised of and does not object to the participation of all the lawyers involved; and
>
> (3)  the total fee is reasonable.

What is more, any such arrangements must receive the clients' consent in writing:

> A contingent fee agreement shall be in writing, signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of litigation, settlement, trial, or appeal; other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated.  Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and whether there was a recovery, and showing the remittance, if any, to the client and the method of its determination.

Tennessee Rules of Professional Conduct Rule 1.5, emphasis supplied.

In dealing with professional responsibility rules, Tennessee courts have held that supposed joint venture arrangements between law firms violate the rules of ethics and public policy, and are thus unenforceable. Estate of Carpenter, 1999 Tenn. App. LEXIS 456, at *4 (interpreting the similar American Bar Association Rules) (citing Spiegel v. Thomas, Mann & Smith, P.C., 811 S.W.2d 528, 531 (Tenn. 1991)). Thus, attorneys who are not partners or associates in a single firm may not divide a fee unless the client consents to the division in writing, or the division is made in proportion to the services performed and responsibilities assumed by each *and* the client consents in writing, is advised and does not object; and the total fee is reasonable.

The decision in Estate of Carpenter is determinative. Any alleged arrangement between GEWW, Audet, and the Defendant law firm is not supported by allegations to satisfying this Code – nor could it, be as no such arrangement ever existed and is clearly unenforceable. GEWW and Audet are separate law firms and those firms are distinct from each of the Defendant law firms. GEWW and Audet never alleged any fee sharing agreement was approved in writing by the ACR Plaintiffs or even that the clients were informed of the alleged "joint venture."

Moreover, the portion of the fee that GEWW and Audet seek in this case is not alleged to be in proportion to the services performed and responsibilities assumed by GEWW and Audet. Or, more to the point, the Complaint makes it impossible to determine what they are seeking and to asses whether it is proportional to the work and responsibility that GEWW and Audet bore.

GEWW was originally employed to represent a class and was appointed as Interim Class Counsel under Rule 23(g) in the ACR Litigation. That class action was dismissed. They did not represent a class of plaintiffs, nor, as they admit, did they take part in the negotiations for the

individual ACR Plaintiffs. Thus, they did not add anything of value to the settlement of the claims. GEWW and Audet have failed to allege the basis or the amount of their share of the legal fees of the settlements. GEWW and Audet have not provided any basis for their fee demands that resulted in this litigation. This omission does not withstand ethical scrutiny because there is no way to determine whether the fee sought by GEWW and Audet is in proportion to the work performed by them.

### 2. GEWW and Audet's "Joint Venture" Cannot Skirt the Ethics Rules

In an attempt to evade the stringent requirements of the Code of Ethics, GEWW and Audet allege that they were engaged in a "joint venture" with Defendants. ¶¶ 8-11, 13, 15, 22, 24, 26. This exact claim has been attempted in a similar situation in Tennessee, and has failed. In <u>Estate of Carpenter</u>, plaintiff attempted to characterize a supposed arrangement with counsel as a "joint venture." However, the Tennessee Court of Appeals rejected this claim, holding that "[c]alling such a situation a 'joint venture' does not take the case out of the province of the Rule." <u>Estate of Carpenter</u>, 1999 Tenn. App. LEXIS 456, at *5-*6.

GEWW and Audet's claims for a fiduciary relationship between themselves and Defendants are based solely upon the premise that there existed a joint venture. ¶¶ 10, 24. Nowhere in their Complaint do GEWW and Audet allege any other basis for a fiduciary relationship.[4] Consequently, the decision of the Tennessee Court of Appeals in <u>Estate of Carpenter</u> makes the claims of GEWW and Audet unenforceable as a matter of law. GEWW and Audet have no basis for their breach of fiduciary duty claim. As such, because GEWW and

---

[4] Their Complaint documents suggest that GEWW and Audet are themselves engaged in a joint venture, in violation of the Rules of Ethics.

Audet have failed to allege any facts establishing a fiduciary duty, this Court should dismiss Counts I and II.  Calipari v. Powertel, Inc., 231 F. Supp. 2d 734 (W.D. Tenn. 2002) (dismissing claim for breach of fiduciary duty where plaintiff failed to allege any facts that established a fiduciary duty among the parties).

> **3.    GEWW and Audet's Claim for Breach of Covenant of Good Faith and Fair Dealing Must be Dismissed Because There is No Alleged Contract Between the Parties**

GEWW and Audet plead in the alternative that Defendants breached a covenant of good faith a fair dealing.  ¶ 29.  Claims for breach of covenant of good faith and fair dealing are contractual, and under Tennessee law, the court must look to the language of the contract to determine if a breach of duty of good faith and fair dealing has been breached.  Savers Fed. Sav. and Loan Ass'n v. Home Fed. Sav. and Loan Ass'n, 721 F. Supp. 940, 945 (W.D. Tenn. 1989). In the absence of allegations of the existence of a contract, claims for breaches of covenant of good faith and fair dealing must be dismissed.  Fugate v. United Tel. Southeast, Inc., No. 3:06-0351, 2007 U.S. Dist. LEXIS 33557, at *7-*8 (M.D. Tenn. May 7, 2007).

GEWW and Audet never allege any contract with Defendants.  Not once do they even utilize the term "contract" in their Complaint.    Instead, they simply allege the existence of an "oral agreement," as the sole basis for their breach of covenant of good faith and fair dealing claim.  ¶ 29.  As already established, the public policy behind DR 2-107 prohibits any oral, fee-splitting agreements between attorneys.  Thus, because of the lack of contractual relationship between GEWW, Audet, and Defendants, this claim must be dismissed.

> **4.    GEWW and Audet's Claim for _Quantum Meruit_ Must be Dismissed**

As in the Estate of Carpenter, GEWW and Audet assert a claim for *quantum meruit*, in the alternative.  This claim, too, fails.  ¶ 33.  In order to recover under a claim of *quantum meruit*,

"the party seeking recovery must prove that it provided valuable goods and services," and "the party to be charged must have received the goods and services." Johnson v. Hunter, Appeal No. M1998-00314-COA-R3-CV, 1999 Tenn App. LEXIS 783, at *22 (Tenn. Ct. App. Nov. 30, 1999). Furthermore, "[r]ecovery under the theory of *quantum meruit* is limited to the actual value of services rendered. Id. at *23.

GEWW and Audet have clearly not met the requirements to prevail under *quantum meruit*. GEWW and Audet have provided nothing of value in this case. Neither firm had a client in the ACR litigation. Both firms were retained to act as class counsel. The class case was dismissed for lack of subject matter jurisdiction. Both firms admit that neither was involved in achieving the individual settlements. ¶ 17. The Court of Appeals dismissed the case and denied recognition of their lien. ¶¶ 13-14. The ACR Litigation was a putative class case taken on contingency. In a typical contingency fee case, when the case is lost, plaintiff's attorneys recover no fees. Because the class case produced no recovery and neither GEWW nor Audet was involved in the individual settlements, neither firm should be able to recover under *quantum meruit*.

Furthermore, even if GEWW and Audet had alleged a contribution to the final settlement (and they made no such claim), GEWW and Audet's conduct in this matter should prevent them from falling back on a *quantum meruit* claim. The court in Estate of Carpenter opined that "to permit an attorney to fall back on the theory of *quantum meriut* when he unsuccessfully fails to collect a clearly excessive fee does absolutely nothing to promote ethical behavior." Estate of Carpenter, 1999 Tenn. App. LEXIS 456, at *8. GEWW and Audet have clearly acted unethically in this matter. They have asserted claims for an unearned fee, on a theory barred by the ethics rules, and have indefinitely stalled the final resolution of this matter by the filing of

9

liens and this lawsuit. These actions of GEWW and Audet are in blatant disregard of the ethical

requirements of Rule 1.5, and they should not be afforded the safety net of *quantum meruit* when

they have wasted the valuable time of every party involved in this litigation.

### B.    This Case Must Be Dismissed Because GEWW And Audet Have Failed To Join The Proper Parties

Under Rule 12(b)(7) of the FRCP, a complaint may be dismissed for failure to join a

party under FRCP Rule 19. Rule 19 provides, in part:

> (1) Required Party.
> A person who is subject to service of process and whose joinder
> will not deprive the court of subject-matter jurisdiction must be
> joined as a party if:
> (A) in that person's absence, the court cannot accord complete
> relief among existing parties

FRCP Rule 19.

GEWW and Audet have clearly not joined the necessary parties in this litigation.

GEWW and Audet have failed to join the parties that have the actual money (the ACR

Defendants). The named Defendants in this current suit do not have the money sought by

GEWW and Audet. The Defendants here are counsel whose fee would be paid if and when the

settlement is effectuated, which Audet and GEWW have blocked. In fact, because of the

interference by GEWW and Audet, neither the Defendants nor their clients have realized a dime

from the ACR Litigation. Instead, the money remains in the possession of the ACR Defendants,

and their counsel. Once GEWW and Audet undertook their present course of conduct, the ACR

Defendants refused to pay any portion of the Settlement Fund and the Settlement Funds were

deposited in an account at Citibank. The ACR Defendants have complete control over this

money, which under the Settlement Agreements is to be paid to the four ACR Plaintiffs.

Accordingly, were GEWW and Audet to prevail in this litigation, they would not be able to

collect any money.

GEWW and Audet failed to join Bramlett, which was liaison counsel in the ACR Litigation, and played a significant role in all stages in the litigation, including the appellate mediation.[5]  In addition, assuming their theory was correct – which it is not - GEWW and Audet failed to join each of the law firms that served as additional counsel for the ACR Plaintiffs.

**C.    The District Court Should Dismiss The Complaint Filed In The Western District Of Tennessee Because The Court's <u>Jurisdiction In That Action Violates The First-To-File Doctrine</u>**

**1.    Where an Action on the Same Dispute Had Already Been Commenced in New York State Court, It Was Improper for the <u>Plaintiff to Invoke the Jurisdiction of this Court in a Second Suit</u>**

The District Court for the Western District of Tennessee should dismiss the complaint filed in that court, because the Sixth Circuit acknowledges the validity of the first-to-file rule. The Court of Appeals for the Sixth Circuit has found the first-to-file rule to provide that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment."  <u>Zide Sport Shop of Ohio v. Ed Tobergte Assocs., Inc.</u>, 16 Fed. Appx. 433, 437 (6th Cir. 2001) (internal quotation omitted).

Judicial administration dictates that when an action is filed in one court, and a similar action is subsequently filed in a different court, the first court should hear the case.  <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 95 (9th Cir. 1982).  "Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit . . . ."  <u>Id.</u>  Pursuant to the first-to-file rule, when suits involve substantially the same parties and issues, and they are

---

[5]    As Bramlett is located in Tennessee, had it been joined, complete diversity would have been destroyed in this case.

filed in concurrent district courts, interests of comity dictate that the first court to receive the case ought to hear it.  Plating Res., Inc., v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999).  Courts generally only depart from this role in circumstances not present here, such as where the suit is an attempt to end-run a forum-selection clause.  See Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007).

In Brillhart v. Excess Insurance Co., the United States Supreme Court considered a case where an initial claim was filed in Missouri state court, and where the respondent thereafter filed suit for declaratory judgment in federal district court in Kansas.  Brillhart v. Excess Ins. Co., 316 U.S. 491, 493 (1942).  The Court noted that one of the main issues in the case concerned "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  Id. at 495.  The Court held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Id.

In the present case, subsequent litigation in federal court would be duplicative and a waste of judicial resources.  An action had already been commenced in the New York courts, and absent a compelling reason for a change in venue to federal court, the New York Supreme Court is the proper jurisdiction to decide the case under the first-to-file rule.  Under the Court's reasoning from Brillhart, as long as the New York court is adequately able to consider all of the claims from the party before it, the New York court is the appropriate forum to hear the case.  Here, New York's interest in the dispute is predominant: one of the ACR Plaintiffs has its principle office in New York; two of the counsel for the ACR Plaintiffs' Defendants herein have

12

their office in New York; the Settlement Agreements provide for New York law to govern all disputes; the ACR Defendants' counsel are in New York. Therefore, because the Sixth Circuit has accepted the first-to-file rule in its jurisdiction, and because allowing this case to be heard in the federal district court in Tennessee would be a waste of judicial resources, this case should appropriately be heard in the New York Supreme Court.

### 2.    Convenience Factors Show There to be no Justification for Disregarding the First-to-File Rule in this Action

The purpose of the rule within this context is that the party who first brings a suit should be the party that gets to choose the forum. Id. See Midwest Motor Express, Inc. v. Central States S.E. & S.W. Areas Pension Fund, 70 F.3d 1014, 1017 (8th Cir. 1995) (holding that "compelling circumstances" may require disregarding the first-to-file rule).

In the present case, there is no justification for dispensing with the first-to-file rule, and the New York court should have priority to hear this case. The convenience of both parties and witnesses favor adjudication in the first-filed forum, in the State courts of New York. As set forth above, this dispute lacks sufficient contact with the Western District of Tennessee even to subject the three defendants to personal jurisdiction, while several parties and non-parties with connections to the disputed settlement are located in the State of New York. Accordingly, New York is the more appropriate forum to hear this case, and therefore the federal court in Tennessee should decline to hear this case out of convenience to the parties. Therefore, in the interest of judicial economy, this case would be more appropriately heard in New York, and the complaint in the Western District of Tennessee should be dismissed.

### D.    This Case Must Be Dismissed Because This Court Has No Personal Jurisdiction Against Defendants

In asserting personal jurisdiction in District Court, the plaintiff bears the burden in showing that such jurisdiction exists. Sun Coke Co. v. Man Ferrostaal Do Brasil Commercio E

Industria LTDA., 543 F. Supp. 2d 836, 839 (E.D. Tenn. 2008) (citing Compuserve, Inc. v.

Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996)).  Dismissal under FRCP 12(b)(2) is proper when

all of the specific facts alleged by the plaintiff collectively fail to state a prima facie case for

jurisdiction.  Winnett v. Caterpillar, Inc., No. 3:06-cv-00235, 2008 U.S. Dist. LEXIS 36075, at

*10 (M.D. Tenn. May 1, 2008) (citing Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147,

149 (6th Cir. 1997)).  In order to satisfy the minimum contacts test required for jurisdiction, the

following requirements must be met:

> First, the defendant must purposely avail himself of the privilege
> of acting in the forum state or causing a consequence in the forum
> state.  Second, the cause of action must arise from the defendant's
> activities there.  Finally, the acts of the defendant or consequence
> caused by the defendant must have a substantial enough
> connection with the forum state to make the exercise of jurisdiction
> over the defendant reasonable.

Bridgeport Music, Inc. v. Still N The Water Publishing, 327 F.3d 472, 477-78

(6th Cir. 2003) (quoting Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d

374, 381 (6th Cir. 1968)).

Taken as a whole, the requirements for personal jurisdiction are not satisfied by GEWW

and Audet.  GEWW and Audet have not alleged any connection of the Defendants herein with

the State of Tennessee.  The only contact that GEWW and Audet allege is that Defendants were

admitted *pro hac vice* before the United States District Court for the Western District of

Tennessee in the ACR Litigation, that case was dismissed. ¶ 7.

The current litigation concerns a settlement arrived at before the Court of Appeals, in

Ohio.  Aside from a single law office, Bramlett (not a party herein), none of the beneficiaries of

the settlement are located in Tennessee. The ACR Plaintiffs are located outside of Tennessee.

The Settlement Fund which is controlled by the ACR Defendants' counsel, is deposited in an

account at Citibank.    Counsel for the ACR Defendants is located outside of Tennessee. Moreover, the alleged misconduct by Defendants – the settlement negotiations – all took place outside of Tennessee.    Finally, all of the Defendants herein are located outside of Tennessee, do not have Tennessee offices, and do not regularly work on Tennessee cases.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that this Court grant the motion to dismiss, and dismiss the Complaint in its entirety, or in the alternative, stay this action.

**Defendants request ORAL HEARING on the Motion.**

Dated:  June 17, 2008

BRAMLETT LAW OFFICES


By:  *s/Paul Kent Bramlett*_____
Paul Kent Bramlett
BRAMLETT LAW OFFICES
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734
Telephone:    615.248.2828
Facsimile:    866.816.4116
E-mail:        PKNASHLAW@aol.com
TN SUP CT #7387/MS SUP CT #4291

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY  10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date served opposing counsel of record with a true and exact copy of these pleadings and the [proposed] Order submitted to Judge Donald, said attorney being served thru the ECF system and also served at his e-mail address as shown:

John D. Richardson
THE RICHARDSON LAW FIRM
Peabody Place-Pembroke Square
119 South Main Street, Suite 725
Memphis, TN  38103
E-mail:   danny.richardson@richardsonlawfirm.com

SO CERTIFIED this 17th day of June, 2008.


s/*Paul Kent Bramlett*
PAUL KENT BRAMLETT

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In Re ACR COPPER TUBING
LITIGATION                                    **Master File No. 06-cv-2207-D/P**

                                              **District Judge Bernice B. Donald**
This Document Relates To:                      **Magistrate Judge Tu M. Pham**

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY GLASSMAN,
EDWARDS, WADE & WYATT, P.C. AND AUDET & PARTNERS, LLP, AS
ATTORNEYS FOR PLAINTIFFS, FOR AN ORDER REQUIRING DISPUTED
ATTORNEYS' FEES AND EXPENSES TO BE DEPOSITED INTO THE
REGISTRY OF THE COURT PENDING RESOLUTION**

Glassman Edwards Wade & Wyatt, P.C. ("Glassman law firm") and Audet & Partners,

LLP ("Audet law firm") and submit this Memorandum in Support of their Motion for an Order

pursuant to Federal Rule of Civil Procedure 67 and LR 67.1, requiring disputed attorneys' fees

and expenses be deposited into the Registry of this Court, pending resolution.

**I.     FACTS**

The Glassman law firm and Audet law firm were attorneys for Plaintiffs in the following

actions filed in the United States District Court for the Western District of Tennessee:

>    a.  *PoolPak Technologies Corp. v. Outokumpu Oyj et al*, Cause No.:
>        2:06-cv-02207-BBD-tmp, filed on April 7, 2006; and
>
>    b.  *United Coolair Corp. v. Outokumpu Oyj et al*, Cause No.:  2:06-cv-
>        02211-SHM-tmp, filed on April 11, 2006.

On May 25, 2006, United States District Court for the Western District of Tennessee,

Magistrate Judge Tu M. Pham entered a Report and Recommendation on Plaintiffs' motion to

appoint Plaintiffs' interim lead and liaison counsel, and appointing the Glassman law firm and Audet law firm, along with the law firm of Wolf, Haldenstein, Adler, Freeman & Herz, LLP ("Wolf Haldenstein law firm"), to serve as Plaintiffs' interim lead counsel and liaison counsel. (See Magistrate Judge Tu M. Pham's Order attached as Exhibit A to the Declaration of B. J. Wade ("Wade Declaration").)

In December 2007, on a specific date unknown to the Glassman law firm or the Audet law firm, Mary Jane Edelstein Fait ("Fait"), on behalf of the Wolf Haldenstein law firm, secretly participated in a mediation session without notice to the Glassman law firm or Audet law firm and purported to settle the case described above.

After the Glassman law firm and Audet law firm received notice that Fait, acting on behalf of the Wolf Haldenstein law firm, executed Orders of Dismissal in the actions pending in the United States Court of Appeals for the Sixth Circuit, the Glassman and Audet law firms filed a lien in the Sixth Circuit on the recovery on March 17, 2008, attached to Wade Declaration as Exhibit B.

Thereafter, on March 24, 2008, the Glassman law firm and Audet law firm filed an Amended Notice of Lien in the actions pending before the Sixth Circuit, attached to Wade Declaration as Exhibit C.

On June 2, 2008 the Glassman and Audet law firms filed a Notice of Attorneys' Lien on Plaintiffs' Recovery in the actions pending in United States District Court for the Western District of Tennessee as referenced above, attached to Wade Declaration as Exhibit D.

The statutes in Tennessee which provide for attorneys' liens are as follows:

### T. C.A. § 23-2-102.  Attorneys liens

Attorneys and solicitors of record who begin a suit shall have a lien upon the plaintiff's or complainant's right of action from the date of the filing of

the suit.

**T. C.A. § 23-2-103.  Attorneys liens; commencement of employment**

Any attorney or solicitor who is employed to prosecute a suit that has already been brought in any court of record shall have a lien upon the plaintiff's right of action from the date of the attorney's or solicitor's employment in the case; provided, that the record of the case shall first be made to show such employment by notice upon the rule docket of such court, or a written memorandum filed with the papers in the case, or by notice served upon the defendant in the case.

The Glassman law firm and the Audet law firm have been unable to reach a resolution with Plaintiffs' counsel as to the division of fees and expenses for the representation of the Plaintiffs in the case described above.

The Glassman law firm and Audet law firm respectfully submit that the Plaintiffs should receive their portion of the recovery immediately, but all other non-client monies should be deposited to the Registry of this Court pursuant to Rule 67 of the Federal Rule of Civil Procedure and LR 67.1.

Rule 67 of the Federal Rules of Civil Procedure provides as follows:

**RULE 67 – DEPOSIT IN COURT**

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.  The party making the deposit shall serve the order permitting deposit on the clerk of the court.  Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C. §§ 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C. Title 31, § 725v;* or any like statute.  The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

Local Rule 67.1 provides as follows:

**LR 67.1 - INVESTMENT OF REGISTRY FUNDS**

(a) **Investment of Funds.**  Registry funds in this court invested in a commercial financial institution shall be placed in either a passbook savings account or a certificate of deposit.  Any other order notwithstanding, registry funds shall not be invested in any commercial financial institution until the clerk has been notified by the Treasury Department or the Federal Reserve Bank that the receiving institution has collateralized the deposit according to the Treasury Department regulations current at that time.  Until such notice, the clerk shall deposit the funds in the Treasury of the United States.  Collateralization can be effected more promptly by advance notice to the clerk.

(b) **Investment of Funds.**  Any proposed order for investment of registry funds of the court shall be presented to the Clerk of Court prior to its being presented to a judge for approval, and counsel obtaining such order shall be responsible for meeting the further conditions set forth below:

(1) The Clerk of Court, Chief Deputy Clerk, or Financial Officer shall signify that he or she has examined and approved the proposed order by placing his or her signature on the proposed order.

(2) The order shall specify the amount to be invested; whether the investment is to be a passbook savings account or a certificate of deposit; and the duration of the investment, if a certificate of deposit.

(3) The order should also name the institution where the investment shall be made.  If no institution is named in the order, the clerk shall select one and shall invest at such institution at the highest rate paid by the institution selected for the type of investment.  The clerk shall not be responsible for locating the institution paying the highest rate of interest when the institution is not named in the order.

## II.    CONCLUSION

For the foregoing reasons, the Glassman law firm and Audet law firm move the Court for an Order to Show Cause and for an Order Requiring the Disputed Attorneys' Fees and Expenses be Deposited into the Registry of this Court Pending Resolution.

Respectfully submitted,

By:___s/B. J. Wade_____
        B. J. Wade (#5182)
        **GLASSMAN, EDWARDS, WADE**
         **& WYATT, P.C.**26 North Second Street
        Memphis, TN  38103
        Telephone:  (901) 527-4673
        Facsimile:  (901) 521-0940
        bwade@gewwlaw.com

**OF COUNSEL:**

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556
waudet@audetlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 2nd day of June, 2008, upon the following:

Fred T. Isquith, Esq.                              isquith@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Mary Jane Edelstein Fait                           fait@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

Gregory P. Hansel                                  ghansel@preti.com
Randall B. Weill                                   rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
 **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Robert Crawford, Esq.                              lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

William H. Rooney, Esq.                              wrooney@willkie.com
Kelly M. Hnatt, Esq.                                 khnatt@willkie.com
Maren Wax, Esq.                                      mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019

Paul A. Alexis, Esq.                                 palexis@boultcummings.com
Colin J. Carnahan, Esq.                              ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
  **& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025

Jerome A. Broadhurst, Esq                            jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119

David Olsky, Esq.                                    david.olsky@wilmerhale.com
Eric Mahr, Esq.                                      eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                                todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006

Michelle D. Miller, Esq.                             michelle.miller@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **& DOOR, LLP**
60 State Street
Boston, MA  02109

Matthew I. Bachrack, Esq.                            mbachrack@cgsh.com
David I. Gelfand, Esq.                               dgelfand@cgsh.com
Nicole Rothe, Esq.                                   nrothe@cgsh.com
**CLEARY, GOTTLIEB, STEEN**
  **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

Aidan Synnott, Esq.                                    asynnott@paulweiss.com
Moses Silverman, Esq.                                  msilverman@paulweiss.com
Susanne M. Kandel, Esq.                                skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**  & GARRISON**
1285 Avenue of the Americas
New York, NY  10019


James R. Newsom, III, Esq.                             jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**
**  & WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103


Paul Kent Bramlett                                     pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734


Joseph C. Kohn                                         jkohn@kohnswift.com
William E. Hoese                                       whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107


Leonard Barrack                                        lbarrack@barrack.com
Jeffery B. Gittleman                                   jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103


Kemper B. Durand                                       durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
**  JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103


Robert N. Kaplan                                       rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022


Gary Specks                                            gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

James B. Sloan                                         jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601


                    s/B. J. Wade
                    B. J. Wade

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

In Re ACR COPPER TUBING
LITIGATION

**Master File No. 06-cv-2207-D/P**

**District Judge Bernice B. Donald**
This Document Relates To:      **Magistrate Judge Tu M. Pham**

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211

---

### MOTION BY GLASSMAN, EDWARDS, WADE & WYATT, P.C. AND
### AUDET & PARTNERS, LLP, AS ATTORNEYS FOR PLAINTIFFS, FOR AN
### ORDER REQUIRING DISPUTED ATTORNEYS' FEES AND EXPENSES TO BE
### DEPOSITED INTO THE REGISTRY OF THE COURT PENDING RESOLUTION

---

Come now Glassman Edwards Wade & Wyatt, P.C. ("Glassman law firm"), and Audet &

Partners, LLP ("Audet law firm"), as attorneys for Plaintiffs in this cause, move the Court for an

Order, pursuant to 67 of the Federal Rule of Civil Procedure and LR 67.1 requiring disputed

attorneys' fees and expenses to be deposited to the Registry of this Court, pending resolution of this

issue.

The Declaration of B. J. Wade, *(under seal)* and a Memorandum of Law are submitted in

support of this Motion.

Respectfully submitted,

By:___s/B. J. Wade_____
         B. J. Wade (#5182)
         **GLASSMAN, EDWARDS, WADE**
           **& WYATT, P.C.**26 North Second Street
         Memphis, TN  38103
         Telephone:  (901) 527-4673
         Facsimile:  (901) 521-0940
         bwade@gewwlaw.com

1

OF COUNSEL:

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 2nd day of June, 2008, upon the following:

Fred T. Isquith, Esq.                                          isquith@whafh.com
**WOLF HALDENSTEIN**
   **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016

Mary Jane Edelstein Fait                                   fait@whafh.com
**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603

Gregory P. Hansel                                          ghansel@preti.com
Randall B. Weill                                           rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
   **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546

Robert Crawford, Esq.                                      lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120

2

William H. Rooney, Esq.                          wrooney@willkie.com
Kelly M. Hnatt, Esq.                             khnatt@willkie.com
Maren Wax, Esq.                                  mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019


Paul A. Alexis, Esq.                             palexis@boultcummings.com
Colin J. Carnahan, Esq.                          ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
  **& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025


Jerome A. Broadhurst, Esq                        jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119


David Olsky, Esq.                                david.olsky@wilmerhale.com
Eric Mahr, Esq.                                  eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                            todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006


Michelle D. Miller, Esq.                         michelle.miller@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **& DOOR, LLP**
60 State Street
Boston, MA  02109


Matthew I. Bachrack, Esq.                        mbachrack@cgsh.com
David I. Gelfand, Esq.                           dgelfand@cgsh.com
Nicole Rothe, Esq.                               nrothe@cgsh.com
**CLEARY, GOTTLIEB, STEEN**
  **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

Aidan Synnott, Esq.                                      asynnott@paulweiss.com
Moses Silverman, Esq.                                    msilverman@paulweiss.com
Susanne M. Kandel, Esq.                                  skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON**
1285 Avenue of the Americas
New York, NY  10019


James R. Newsom, III, Esq.                               jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**
  **& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103


Paul Kent Bramlett                                       pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734


Joseph C. Kohn                                           jkohn@kohnswift.com
William E. Hoese                                         whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107


Leonard Barrack                                          lbarrack@barrack.com
Jeffery B. Gittleman                                     jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103


Kemper B. Durand                                         durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
  **JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103


Robert N. Kaplan                                         rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022


Gary Specks                                              gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

James B. Sloan                                          jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601


       s/B. J. Wade
_____
B. J. Wade

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**
_____

In Re ACR COPPER TUBING
LITIGATION

**Master File No. 06-cv-2207-D/P**

**District Judge Bernice B. Donald**
This Document Relates To:                                    **Magistrate Judge Tu M. Pham**

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211
_____

### MEMORANDUM OF LAW OF WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; KAPLAN FOX KILSHEIMER LLP; PRETI FLAHERTY BELIVEAU & PACHIOS LLP IN OPPOSITION TO THE MOTION OF GLASSMAN EDWARDS WADE & WYATT, P.C. AND AUDET & PARTNERS, LLP, FOR AN ORDER REQUIRING DISPUTED ATTORNEYS' FEES AND EXPENSES TO BE PAID INTO THE REGISTRY OF THE COURT

Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"); Kaplan Fox Kilsheimer LLP ("Kaplan Fox"); Preti Flaherty Beliveau & Pachios LLP ("Preti Flaherty") submit this Memorandum of Law In Opposition To The Motion Of Glassman Edwards Wade & Wyatt, P.C. ("Glassman") and Audet & Partners, LLP, ("Audet," collectively "Movants") For An Order Requiring Disputed Attorneys' Fees And Expenses To Be Paid Into The Registry Of The Court (the "Motion").

This Court lacks jurisdiction to hear the Motion of two dissatisfied law firms.  The case to which the above caption applies was dismissed by this Court as well as by the Court of Appeals for the Sixth Circuit.  The case no longer exists. This Court does not have jurisdiction over the case, the parties or their counsel.  The instant motion is a nullity.

The Movants are attempting an end-run around litigation currently pending in the Supreme Court of the State of New York, *Wolf Haldenstein Adler Freeman & Herz LLP, et al.,*

*v. Glassman, Edwards, Wade & Wyatt, P.C.*, Index No. 601458/2008 (Sup. Ct. New York County) (the "New York Action"). Movants are even attempting to end-run their own action, *Glassman, Edwards, Wade & Wyatt, P.C., et al., v. Wolf Haldenstein Adler Freeman & Herz LLP, et al.*, Index No. 08-02336 (W.D. Tenn. May 28, 2008) (the "New Tennessee Action"). This tactic, however, is doomed because the above-captioned matter has terminated, this Court does not have jurisdiction, and has not since the filing of the appeal, *In re ACR Copper Tubing Litigation*, Index No. 07-6070 (6th Cir. Sept. 20, 2007).

## FACTS

The above-captioned matter consisted of several class action antitrust cases, the first of which was filed on April 7, 2006.[1]  The District Court, Honorable Bernice B. Donald, dismissed the case on July 26, 2007, on Defendants' motions.  Docket No. 134, filed July 26, 2007 (granting Defendants' motion to dismiss).  The plaintiffs in *In re ACR Copper Tubing Litigation* appealed, which was docketed as 07-6070.  The appeal was dismissed with prejudice on March 31, 2008.  Docket No. 153, filed Apr. 3, 2008 (dismissing appeal).

While on appeal, the individual plaintiffs negotiated three separate settlements with the defendants, through counsel in the New York offices of Willkie Farr & Gallagher LLP.  The settlements provided that New York law would govern any dispute arising from the settlement agreements.

Thereafter, in order to assist plaintiffs' counsel in the allocation of fees and expenses, Hon. Robert Rack of the Court of Appeals made an effort to mediate the distribution of fees.

---

[1] Glassman was retained as local counsel by one of the firms representing a plaintiff in the above-captioned case, and Glassman in turn brought in Audet.  Although neither Glassman nor Audet had a client, both were offered generous fees by plaintiffs' counsel, which were rejected.

That mediation failed. While discussions were ongoing, Movants sought a lien on the proceeds of the settlement and requested that the Circuit Court of Appeals condition any dismissal on the recognition of the alleged lien. *In re ACR Copper Tubing Litig., et al.*, appeal docketed, No. 07-6070 (6th Cir. Mar. 18, 2008). The Circuit Court of Appeals denied that motion and dismissed the appeal with prejudice on March 31, 2008. The Movants did not appeal or seek further relief. Accordingly, the case terminated for all purposes, and neither this Court nor the Court of Appeals retained any jurisdiction over the subject matter or over the parties or their counsel, (whose businesses are located in various parts of the country including New York).

At the Movants' insistence, the settling defendants have not paid any monies under the settlement agreements. On May 14, 2008, after further negotiations, respondents, on behalf of all plaintiffs' counsel in the above-captioned case except Movants, commenced the New York Action to resolve the fee dispute. Movants were served on May 28, 2008 at their offices.

In response, Movants commenced the New Tennessee Action.[2] Immediately after serving the New Tennessee Action, Movants filed this motion in the old, terminated case.

## ARGUMENT

### I.     This Court No Longer Has Jurisdiction

It is black letter law that the Court's jurisdiction ends when a party files a notice of appeal. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2008) ("[a]s a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and

---

[2] The New Tennessee Action is subject to stay, transfer or dismissal, as the New York Action precedes it and is in the proper jurisdiction and venue. Of the plaintiffs' counsel who are parties to the fee dispute, only one of the two Movants is located in the Western District of Tennessee, while two of the principal plaintiffs' firms are headquartered in New York; one of the plaintiffs is located in New York; defense counsel are located principally in New York; the settlement agreements specify New York law; and the settlement funds are in the custody of Citibank, a New York bank.

jurisdiction transfers to the appellate court."); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993).

The Notice of Appeal in this case divested the District Court of jurisdiction. From that date to this, there has been no *ACR Copper Tubing Litigation* open in this Court. The case was never remanded and jurisdiction never transferred back from the Sixth Circuit Court of Appeals, because the case settled while on appeal and was dismissed with prejudice on the joint motion of the parties (and decided against Movants on relief substantially identical to that requested now). Dismissal with prejudice "is a complete adjudication and a bar to further action between the parties." 8 *Moore's Federal Practice* § 41.40[9][f] (3d Ed.). Dismissal deprives the Court of jurisdiction to enter further orders, and any such orders are of no effect. 8 *Moore's Federal Practice* § 41.34[6][g] (3d Ed.). Because neither this Court nor the Court of Appeals has jurisdiction to hear this motion, it is a nullity and must be denied.

## II.      Movants' Conduct Is An End-Run Around Their Own New Action

Movants' attempt to revive a dead docket is transparent. Subsequent to the commencement of the New York Action, Movants pursued two strategies. One is this Motion. The other is the New Tennessee Action. Both seek essentially the same relief. The Motion obviously lacks jurisdiction, and indicates either a completely scattershot approach, or a consciousness of deficiencies in their New Tennessee Action, which is weeks behind the New York Action and is subject to stay, transfer or dismissal on jurisdiction and/or venue grounds.

Facing the prospect that their New Tennessee Action would be stayed or terminated, the Movants have engaged in a fatally flawed gambit for recognition of their lien in this terminated action. However, the Court of Appeals has already rejected this relief and ended all proceedings. This case is over and jurisdiction no longer resides with this Court.

4

## CONCLUSION

For the foregoing reasons, the instant motion should be in all respects denied.

Dated: June 3, 2008

BRAMLETT LAW OFFICES

By: s/*Paul Kent Bramlett*_____
   **Paul Kent Bramlett**
   P. O. Box 150734
   Nashville, TN 37215-0734
   Telephone: 615.248.2828
   Facsimile: 866.816.4116
   E-mail: PKNASHLAW@aol.com
   TN SUP CT #7387.MS SUP CT #4291

*Of Counsel:*

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY 10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the Bramlett Law Office on this 3rd day of June, 2008, upon the following:

B. J. Wade (#5182)                                   bwade@gewwlaw.com
**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.**
26 North Second Street
Memphis, TN 38103
Telephone: (901) 527-4673
Facsimile: (901) 521-0940

William M. Audet                                     waudet@audetlaw.com
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

Gregory P. Hansel                                    ghansel@preti.com
Randall B. Weill                                     rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
**& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Robert Crawford, Esq.                                lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120

William H. Rooney, Esq.                              wrooney@willkie.com
Kelly M. Hnatt, Esq.                                 khnatt@willkie.com
Maren Wax, Esq.                                      mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY 10019
Paul A. Alexis, Esq.                                 palexis@boultcummings.com
Colin J. Carnahan, Esq.                              ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
**& BERRY**
1600 Division Street, Suite 700
Nashville, TN 37203-0025

Jerome A. Broadhurst, Esq                    jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

David Olsky, Esq.                            David.olsky@wilmerhale.com
Eric Mahr, Esq.                              eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                        todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE
AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

Michelle D. Miller, Esq.                     michelle.miller@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE
& DOOR, LLP**
60 State Street
Boston, MA 02109

Matthew I. Bachrack, Esq.                    mbachrack@cgsh.com
David I. Gelfand, Esq.                       dgelfand@cgsh.com
Nicole Rothe, Esq.                           nrothe@cgsh.com
**CLEARY, GOTTLIEB, STEEN
& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC 20006

Aidan Synnott, Esq.                          asynnott@paulweiss.com
Moses Silverman, Esq.                        msilverman@paulweiss.com
Susanne M. Kandel, Esq.                      skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON**
1285 Avenue of the Americas
New York, NY 10019

James R. Newsom, III, Esq.                   jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER
& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN 38103

Joseph C. Kohn                               jkohn@kohnswift.com
William E. Hoese                             whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Leonard Barrack                          lbarrack@barrack.com
Jeffery B. Gittleman                     jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA 19103

Kemper B. Durand                         durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
**JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN 38103

Robert N. Kaplan                         rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY 10022

Gary Specks                              gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL 60601

James B. Sloan                           jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL 60601

/s/ _Paul Kent Bramlett_

**Paul Kent Bramlett**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

In Re ACR COPPER TUBING
LITIGATION

**Master File No. 06-cv-2207-D/P**

**District Judge Bernice B. Donald**

This Document Relates To:

**Magistrate Judge Tu M. Pham**

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211

---

**GLASSMAN, EDWARDS, WADE & WYATT, P.C. AND AUDET & PARTNERS, LLP'S, MOTION FOR LEAVE TO FILE REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION AS ATTORNEYS FOR PLAINTIFFS FOR AN ORDER REQUIRING DISPUTED ATTORNEYS' FEES AND EXPENSES TO BE DEPOSITED INTO THE REGISTRY OF THE COURT PENDING RESOLUTION**

---

**COME NOW** Glassman, Edwards, Wade & Wyatt, P.C. ("Glassman law firm") and Audet & Partners, LLP, ("Audet law firm") and move this Court for leave to file a reply brief in further support of their Motion as Attorneys for Plaintiffs for an Order Requiring Disputed Attorneys' Fees and Expenses to be Deposited into the Registry of the Court Pending Resolution.

The Glassman law firm and Audet law firm respectfully submit that a reply brief will be of assistance to the Court in ruling on their Motion by addressing, in part, jurisdictional arguments and unsupported factual assertions raised in the memorandum response of Wolf, Haldenstein, Adler, Freeman & Herz, LLP; Kaplan, Fox & Kilsheimer, LLP; and Preti Flaherty Beliveau & Pachios, LLP to the motion of the Glassman law firm and the Audet law firm as Attorneys for Plaintiffs, for an Order Requiring Disputed Attorneys' Fees and Expenses to be Deposited into the Registry of the Court Pending Resolution

In accordance with the Local Rules, Plaintiffs are submitting a [Proposed] Order

1

Granting Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP's Motion for

Leave to File Reply Brief in Further Support of Their Motion as Attorneys for Plaintiffs for an

Order Requiring Disputed Attorneys' Fees and Expenses to be Deposited into the Registry of the

Court Pending Resolution.

                                            Respectfully submitted,

                                            By:___s/B. J. Wade_____
                                              B. J. Wade (#5182)
                                            **GLASSMAN, EDWARDS, WADE**
                                               **& WYATT, P.C.**26 North Second Street
                                            Memphis, TN 38103
                                            Telephone:  (901) 527-4673
                                            Facsimile:  (901) 521-0940
                                            bwade@gewwlaw.com

                                            **OF COUNSEL:**

                                            William M. Audet
                                            **AUDET & PARTNERS, LLP**
                                            221 Main Street, Suite 1460
                                            San Francisco, CA 94105
                                            Telephone:  (415) 568-2555
                                            Facsimile:  (415) 568-2556
                                            waudet@audetlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 5th day of June, 2008, upon the following:

Fred T. Isquith, Esq.                                      isquith@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016

Mary Jane Edelstein Fait                               fait@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

Gregory P. Hansel                          ghansel@preti.com
Randall B. Weill                           rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
  **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546


Robert Crawford, Esq.                      lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120


William H. Rooney, Esq.                    wrooney@willkie.com
Kelly M. Hnatt, Esq.                       khnatt@willkie.com
Maren Wax, Esq.                            mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019


Paul A. Alexis, Esq.                       palexis@boultcummings.com
Colin J. Carnahan, Esq.                    ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
  **& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025


Jerome A. Broadhurst, Esq                  jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119


David Olsky, Esq.                          david.olsky@wilmerhale.com
Eric Mahr, Esq.                            eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                      todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006

Michelle D. Miller, Esq.
**WILMER, CUTLER, PICKERING, HALE**
   **& DOOR, LLP**
60 State Street
Boston, MA  02109

michelle.miller@wilmerhale.com

Matthew I. Bachrack, Esq.
David I. Gelfand, Esq.
Nicole Rothe, Esq.
**CLEARY, GOTTLIEB, STEEN**
   **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

mbachrack@cgsh.com
dgelfand@cgsh.com
nrothe@cgsh.com

Aidan Synnott, Esq.
Moses Silverman, Esq.
Susanne M. Kandel, Esq.
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON**
1285 Avenue of the Americas
New York, NY  10019

asynnott@paulweiss.com
msilverman@paulweiss.com
skandel@paulweiss.com

James R. Newsom, III, Esq.
**HARRIS, SHELTON, HANOVER**
   **& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103

jnewsom@harrisshelton.com

Paul Kent Bramlett
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734

pknashlaw@aol.com

Joseph C. Kohn
William E. Hoese
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107

jkohn@kohnswift.com
whoese@kohnswift.com

Leonard Barrack
Jeffery B. Gittleman
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103

lbarrack@barrack.com
jgittleman@barrack.com

Kemper B. Durand                                    durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
   **JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103

Robert N. Kaplan                                    rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022

Gary Specks                                         gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

James B. Sloan                                      jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601

                                      s/B. J. Wade
                        B. J. Wade

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

In Re ACR COPPER TUBING
LITIGATION                                                **Master File No. 06-cv-2207-D/P**

                                                         **District Judge Bernice B. Donald**
This Document Relates To:                                **Magistrate Judge Tu M. Pham**

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211
_____

**GLASSMAN, EDWARDS, WADE & WYATT, P.C. AND AUDET & PARTNERS, LLP'S,
REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION AS ATTORNEYS FOR
PLAINTIFFS FOR AN ORDER REQUIRING DISPUTED ATTORNEYS' FEES AND
EXPENSES TO BE DEPOSITED INTO THE REGISTRY OF THE COURT PENDING
RESOLUTION**
_____

Glassman, Edwards, Wade & Wyatt, P.C. ("Glassman law firm") and Audet & Partners,

LLP, ("Audet law firm") (hereafter "Registry Applicants") respectfully submit the following

Reply to the Memorandum of Law of Wolf, Haldenstein, Adler, Freeman & Herz, LLP; Kaplan,

Fox, Kilsheimer LLP; and Preti Flaherty Beliveau & Pachios, LLP (hereinafter, the "Wolf

Group" or "Wolf Haldenstein") in Opposition to the Motion of Glassman, Edwards, Wade &

Wyatt, P.C. and Audet & Partners, LLP, for an Order Requiring Disputed Attorneys' Fees and

Expenses to be Paid Into the Registry of the Court.


1.      **This Court – and Only this Court – Has Subject Matter Jurisdiction
        Over this Attorney Dispute Related to the ACR Copper Tubing
        Litigation**

Notably absent from the Wolf Group's opposition papers is <u>any</u> forthright discussion of

the facts surrounding the fee dispute, or citation to <u>any</u> law that directly (or even indirectly)

1

supports their position that the "fee dispute" between plaintiffs' counsel in the ARC Litigation

that had been pending in this Court for two years is now "beyond" this Court's jurisdiction.  At

this juncture, in view of the fact that the underlying ACR Litigation case involved in the fee

dispute has been the subject of more than <u>two years</u> of litigation in this very Court by the same

attorneys who litigated the ACR case, and the fact that a new related case has been filed by

Registry Applicants in this Court, (Cause No.:  2:08-cv-02336-BBD-dkv), to obtain payment of

attorneys' fees in the underlying ACR case, this Court, not a New York state court, is the only

proper venue for the case and the only Court with appropriate subject matter and personal

jurisdiction over the parties and the "res" (i.e. the attorneys' fees).  As outlined in the Applicants'

moving papers, in light of the refusal of the Wolf Group to pay any attorneys' fees to the

Glassman and Audet firms, the nature of the dispute requires a Court order placing the disputed

attorneys' fees in the Court Registry.  As outlined in Applicants' moving papers, even though the

Applicants diligently served as co-counsel in the litigation in this Court and served as counsel on

the appeal, the Wolf Group has refused to recognize the work done by the Applicants or even

reimburse them for the costs they have incurred in litigating the ACR Litigation before this Court

and the Sixth Circuit.  Instead, after initially working together on the appeal and in the early

settlement efforts with the defendants in the ACR litigation, the Wolf Group simply decided to

secretly finalize the settlement agreement and not pay their co counsel any fees or reimburse

them for their expenses.

Putting aside the issue of the fact that the Wolf Group has committed fraud, for purposes

of this motion, the real issue is whether the Court should deny the Application because the Wolf

Group filed an "action" in New York state court.  As noted below, the answer is obviously no

and the Court should grant the Registry Applicants' request.

First, the New York state court does not have personal jurisdiction over the res or even over the parties. While the Wolf Group filed a "Notice of Action" in New York state court[1], they have yet to properly file an actual complaint in that Courthouse (or it appears, even properly serve at least one of the named defendants in the lawsuit). More importantly, a New York Court simply has no personal jurisdiction over the two name defendants (a Tennessee law firm and a California law firm) in that "notice of action". Neither of the two defendants named in the New York lawsuit have any contacts whatsoever with New York.

Second, even assuming that somehow the New York Court has personal jurisdiction over the two out of state defendants named in the "Notice," the New York Court does not - and never will - have subject matter jurisdiction over the case or the res. Clearly, with all the facts in the fee dispute arise out of the ACR case that was litigated in this Court, and settled in the Sixth Circuit, the only court with subject matter jurisdiction over the 'res' (i.e., the attorneys' fees) and the parties is this District Court.

Third, even assuming that the New York "Notice of Action" magically has both personal jurisdiction and subject matter jurisdiction over the dispute, the bottom line is that the only appropriate venue to resolve the attorneys' fees dispute is the United States District Court in Tennessee. As the record shows:

(1)     The underlying case that is the subject of the fee dispute – the ACR Copper Tubing Litigation - has been litigated in this Court for over two years (see District Court Docket Sheet);

(2)     This Court – with one judge involved in the proceedings - presided over the underlying case for over two years, including the appointment of liaison and lead

---

[1] Contrary to their claim before this court, so far, the Wolf Group has only filed a two-page "Notice" without a formal complaint  See Exhibit A to the Declaration of B. J. Wade ("Wade Declaration").

counsel to the action (see Docket Sheet);

    (3)    The parties appealed the Court's dismissal to the Sixth Circuit Court;

    (4)    The mediator was appointed by the Sixth Circuit Court;

    (5)    The 'acts' of the dispute, including the dismissal of the appeal and failure

to honor the joint venture, all occurred in this District.

In contrast, the <u>only</u> connection to New York is the fact that some of the law firms involved in the dispute have their <u>main</u> offices in New York. Indeed, the main attorney who litigated the ACR case for the Wolf firm - Attorney Mary Jane Fait - is in fact a resident of <u>Chicago</u> (only Wolf Haldenstein's Chicago office was involved in the ACR Copper Tubing Litigation as the papers in that case demonstrate) and her New York offices only became involved when a fee dispute arose <u>after</u> an appeal was filed.

The Wolf Group also fails to advise this Court of a number of material facts regarding the nature of the dispute or the efforts of the parties to "mediate" the fee dispute.

By way of background, this is not just an issue of the Applicants being "unsatisfied" with the amount of attorneys' fees paid by the Wolf Group. Instead, the Wolf Group is remarkably claiming that they have no obligation to pay either the Glassman firm or the Audet firm a penny in attorneys' fees or to reimburse either of them for expenses incurred in litigating the case. Notwithstanding all the work both firms did in the case in this Court and on appeal, the Wolf Group intends to keep all of the money themselves and to even pay other New York law firms that had little or no involvement in the case instead of paying at least some share of the fees to the Applicants.

More importantly for purposes of this motion, the Court should be aware that the Glassman and Audet firms were <u>forced</u> to ask this Court to intervene and request payment of all

disputed fees to the Court Registry only as a last resort. Both firms repeatedly offered the Wolf Group the opportunity to properly place the disputed funds in a joint escrow account, which would allow the parties to then attempt to mediate the dispute. This would allow the client to be paid immediately and would insure that the law firms would then focus on resolving the fees dispute in an amicable manner before litigation was commenced. Unfortunately, the Wolf Group refused to establish a joint escrow account and instead silently filed (and held off attempted service for weeks) a brand new proceeding in New York State Court by filing a "Notice" but not a complaint. Initially, the Wolf firm even failed to advise any of the Defendants in the underlying ACR lawsuit to the filing of the 'strike' suit in New York. To make matters worse, in direct violation of the terms of the settlement agreement, the Wolf firm publicly disclosed in their "Notice" the exact amount of the disputed attorneys' fees in a filed document, which apparently is contrary to the Settlement Agreement between Plaintiffs and Defendants in the underlying case.

In view of the Wolf firm's refusal to appropriately place the disputed attorneys' fees (or any fees in fact) in a joint escrow account, the Glassman and Audet firms only recourse was to ask this Court to place the funds, by Court order, in the Registry of this Court. Indeed, in light of the Wolf firm's recent claim that this Court lacks jurisdiction over the fee dispute and the parties, the Glassman and Audet plaintiffs are legitimately concerned that the attorneys' fees will dissipate if not immediately placed in the Registry. In this regard, even after the Glassman and Audet plaintiffs win and recover fees, the funds may never be paid to the plaintiffs. The Wolf firm's assertion in this regard only bolsters the need for this Court to ensure that the disputed fees are immediately placed with the Registry. Indeed, the defendants in the underlying ACR case will also benefit, as they will no longer be involved in the dispute, as they have fully paid

the named plaintiff his settlement and the fees would be timely deposited in the Court's Registry.

It is clear that this Court – and only this Court - has jurisdiction over the fee dispute relating to ACR litigation. A District Court has continuing jurisdiction over collateral issues such as attorneys' fees. *See Rodriguez v. Hardy*, 802 F.2d 817 (5th Cir. 1986); *Thomas v. Capital Security Services, Inc.*, 812 F.2d 506 (5th Cir. 1994). *See also Baer v. First Options of Chicago, Inc.; Clarion Corp. v. Am. Home Prods. Corp.*, 464 F.2d 444, 445 (7th Cir. 1972), *Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F3d 854, 858 (7th Cir. 2002). In a case with similar facts, the court in *Deus v. Allstate Ins. Co.*, 15 F.3d 506 (5th Cir. 1994), held that post judgment fee disputes are within the District Court's jurisdiction, even though all parties had resolved all other issues. In *Deus*, the plaintiffs, like the plaintiffs here, were one of the original attorneys in the underlying case. *See also Vance v. Gallagher*, 2008 U.S. App LEXIS 12062 (7th Cir. 2008) (unreported case attached pursuant to LR 83.6). (Attorney fee dispute was within the jurisdiction of the Court that resolved the underlying action).

Indeed, where, as here, the Wolf Group violated the confidentiality terms of the settlement agreement and also attempted to circumvent a Court's jurisdiction by filing a frivolous case in State Court, sanctions may be appropriate. *Baella-Silva v. Hulsey*, 454 F.3d 5 (1st Cir. 2006) (sanctions issued against firm that breached confidentiality of settlement agreement and filed state court case).

## 2. The Wolf Group's "Facts" are Distorted

The Wolf Group claims that the only role Glassman played was as "local counsel" to one of the firms representing the named plaintiff. The Court's record clearly establishes otherwise. See Docket sheet (Wade Declaration Exhibit B). See, e.g., Motion to Consolidate and Coordinate Related Actions and Appoint Plaintiffs Interim Lead Counsel and Liaison Counsel in

case numbers 06-cv-2207 and 06-cv-2211 (docket entry number 14).[2]

Moreover, that Wolf Group failed to abide by the confidentiality condition of the ACR settlement agreement has already been demonstrated.  Despite the fact that Wolf Haldenstein, Kaplan Fox and Preti Flaherty <u>signed</u> a confidentiality agreement protecting confidentiality of an underlying settlement, they flagrantly ignored that confidentiality agreement by filing a proceeding in the Supreme Court of the State of New York, which disclosed portions of the settlement amount.  (Exhibit A to Wade Declaration.)  (So there is no doubt about the flagrancy of that violation, see Exhibit C attached to the Wade Declaration, which is a copy of the letter of protest from the Defendants in the underlying ACR action to the Wolf Group firms.)  As Exhibit C indicates, all the Defendants in the underlying action have demanded each of violating firms mitigate this violation immediately.

### 3.    This Application is Further Supported by the Related Separate Complaint Filed By Glassman/Audet Firms Against the Wolf Group of Attorneys

As this Court is aware, the Glassman law firm and the Audet law firm have also filed a separate action against Wolf Haldenstein, Kaplan Fox and Preti Flaherty in this District, (case number 2:08-cv-02336-BBD-dkv), attached to the Wade Declaration as Exhibit D.  Yet, Wolf Haldenstein, *et al*, make a remarkable statement (Wolf Memorandum, p. 4), that both the motion and the separate complaint "seek essentially the same relief."  Not so.  Even at a cursory glance at the two documents indicates the lien in this case is a claim over the *res* (*i.e.* the fees) as permitted by Tennessee statute, whereas the newly filed action seeks additional damages for breach of fiduciary duty, breach of contract, and other claims.  Wolf Haldenstein now makes the

---

[2]    Moreover, contrary to Wolf's claim, there is nothing in the record indicating that the Glassman law firm and Audet law firm were recently "offered generous fees by plaintiffs' counsel, which were rejected."  For the record, this did not occur.  Moreover, to make the statement that a "settlement offer" was made and that the mediator made an effort to assist in attorneys' fees dispute violates Rule 408 of the Federal Rules of Evidence (prohibiting disclosure of settlement discussions).

baseless argument that this Court does not have jurisdiction to determine an attorney fee issue for a matter litigated in this Court.

The Court may find it interesting that although the ACR matter was litigated in this Court, the Wolf Haldenstein law firm, representing itself *pro se*, filed an "action" (constituting merely a "Notice") against the Glassman law firm and the Audet law firm in the State Court in New York, although none of the attorneys' fees were earned in New York and New York has <u>no</u> contacts with the underlying case. Indeed, it is now established that one of the plaintiffs in New York case, Tennessee-based Bramlett Law Office, did not even know it was a party to that New York lawsuit and did not authorize the filing of the action against Glassman and Wade. (See Wade Declaration, ¶ 7.)

Wolf Haldenstein claims that a New York State Court somehow has jurisdiction and venue over the matter litigated in this Court regarding attorneys' fees. (See footnote 2 of Wolf Haldenstein's opposition, p. 3.) In particular, Wolf Haldenstein asserts that "the Settlement Agreements specify New York law" and the settlement funds are in the custody of CitiBank, a New York bank.

None of these "facts" are supported by the record[3]. Even assuming that the Settlement Agreements (that were not submitted by the Wolf Group) provides that New York law applies, clearly, that agreement does not apply to the division of attorneys' fees by the plaintiffs' firms. More importantly the Agreement was never signed by either Glassman firm or Audet firm. Thus, any claim that New York law applies <u>or</u> is the appropriate venue to this dispute based on

---

[3] B. J. Wade of the Glassman law firm has requested the Settlement Agreements from the Defendants and Wolf Haldenstein and executed copies of the Settlement Agreements have not been provided, for reasons not discernable to movants, despite the fact Wade assured these parties in writing that the documents would be kept confidential. (See Wade Declaration, Exhibit E which is an e-mail response from William Rooney, requesting that the executed Settlement Agreements be obtained from the other plaintiffs.) (See Exhibit F which requests the Settlement Agreements Wolf Haldenstein; they have failed to produce the settlement documents.)

the settlement agreement is utterly frivolous.

**Conclusion**

As outlined in the initial moving papers, this Court has the authority and jurisdiction to place the disputed attorneys' fees onto the Court Registry.  This Court – and only this Court – has the jurisdiction over the "res" and thus, an order placing the funds in the Court Registry is required to protect all the parties.

Respectfully submitted,

By:____s/B. J. Wade_____
        B. J. Wade (#5182)
        **GLASSMAN, EDWARDS, WADE**
        **& WYATT, P.C.**26 North Second Street
        Memphis, TN  38103
        Telephone:  (901) 527-4673
        Facsimile:  (901) 521-0940
        bwade@gewwlaw.com

        **OF COUNSEL:**

        William M. Audet
        **AUDET & PARTNERS, LLP**
        221 Main Street, Suite 1460
        San Francisco, CA  94105
        Telephone:  (415) 568-2555
        Facsimile:  (415) 568-2556
        waudet@audetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the 12th day of June, 2008, upon the following:

Fred T. Isquith, Esq.                                    isquith@whafh.com
**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016

Mary Jane Edelstein Fait                                 fait@whafh.com
**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603

Gregory P. Hansel                                        ghansel@preti.com
Randall B. Weill                                         rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU**
   **& PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546

Robert Crawford, Esq.                                    lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120

William H. Rooney, Esq.                                  wrooney@willkie.com
Kelly M. Hnatt, Esq.                                     khnatt@willkie.com
Maren Wax, Esq.                                          mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019

Paul A. Alexis, Esq.                                     palexis@boultcummings.com
Colin J. Carnahan, Esq.                                  ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
   **& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025

Jerome A. Broadhurst, Esq                          jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119


David Olsky, Esq.                                  david.olsky@wilmerhale.com
Eric Mahr, Esq.                                    eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                              todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006


Michelle D. Miller, Esq.                           michelle.miller@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **& DOOR, LLP**
60 State Street
Boston, MA  02109


Matthew I. Bachrack, Esq.                          mbachrack@cgsh.com
David I. Gelfand, Esq.                             dgelfand@cgsh.com
Nicole Rothe, Esq.                                 nrothe@cgsh.com
**CLEARY, GOTTLIEB, STEEN**
  **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006


Aidan Synnott, Esq.                                asynnott@paulweiss.com
Moses Silverman, Esq.                              msilverman@paulweiss.com
Susanne M. Kandel, Esq.                            skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON**
1285 Avenue of the Americas
New York, NY  10019


James R. Newsom, III, Esq.                         jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**
  **& WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103


Paul Kent Bramlett                                 pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734

11

Joseph C. Kohn                                    jkohn@kohnswift.com
William E. Hoese                                  whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107


Leonard Barrack                                   lbarrack@barrack.com
Jeffery B. Gittleman                              jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103


Kemper B. Durand                                  durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
  **JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103


Robert N. Kaplan                                  rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022


Gary Specks                                       gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601


James B. Sloan                                    jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601


                                                                 s/B. J. Wade
                                                 B. J. Wade

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

In Re ACR COPPER TUBING
LITIGATION                                    **Master File No. 06-cv-2207-D/P**

                                              **District Judge Bernice B. Donald**
This Document Relates To:                     **Magistrate Judge Tu M. Pham**

Cause No.:  06-cv-2207
Cause No.:  06-cv-2211

**NOTICE OF ATTORNEYS' LIENS ON PLAINTIFFS' RECOVERY**

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD:**

        Please take notice that pursuant to Tennessee Code Annotated §§23-2-102 and 23-2-103, the

law firms of Glassman, Edwards, Wade & Wyatt, P.C. and Audet & Partners, LLP have attorneys'

liens in this case for attorneys' fees and also expenses advanced in the representation of the

Plaintiffs.

                        Respectfully submitted,

                        By:___s/B. J. Wade_____
                             B. J. Wade (#5182)
                             **GLASSMAN, EDWARDS, WADE**
                               **& WYATT, P.C.**26 North Second Street
                             Memphis, TN  38103
                             Telephone:  (901) 527-4673
                             Facsimile:  (901) 521-0940
                             bwade@gewwlaw.com

1

**OF COUNSEL:**

William M. Audet
**AUDET & PARTNERS, LLP**
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
waudet@audetlaw.com


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was properly served by electronic means via the court's electronic filing notification, and/or e-mail transmission from the office of B. J. Wade, Glassman, Edwards, Wade & Wyatt, P.C., on this the <u>2nd</u> day of <u>June</u>, 2008, upon the following:


Fred T. Isquith, Esq.                                        isquith@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY  10016


Mary Jane Edelstein Fait                                fait@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
55 West Monroe Street, Suite 1111
Chicago, IL  60603


Gregory P. Hansel                                          ghansel@preti.com
Randall B. Weill                                             rweill@preti.com
**PRETI, FLAHERTY, BELIVEAU
  & PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME  04112-9546


Robert Crawford, Esq.                                    lcrawford@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
1715 Aaron Brenner Drive, Suite 800
Memphis, TN  38120


2

William H. Rooney, Esq.                                    wrooney@willkie.com
Kelly M. Hnatt, Esq.                                        khnatt@willkie.com
Maren Wax, Esq.                                            mwax@willkie.com
**WILLKIE, FARR & GALLAGHER, LLP**
787 Seventh Avenue
New York, NY  10019


Paul A. Alexis, Esq.                                        palexis@boultcummings.com
Colin J. Carnahan, Esq.                                    ccarnahan@boultcummings.com
**BOULT, CUMMINGS, CONNERS**
  **& BERRY**
1600 Division Street, Suite 700
Nashville, TN  37203-0025


Jerome A. Broadhurst, Esq                                 jbroadhurst@appersoncrump.com
**APPERSON, CRUMP & MAXWELL, PLC**
6000 Poplar Avenue, Suite 400
Memphis, TN  38119


David Olsky, Esq.                                          david.olsky@wilmerhale.com
Eric Mahr, Esq.                                            eric.mahr@wilmerhale.com
Todd Hettenbach, Esq.                                     todd.hettenbach@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **AND DOOR, LLP**
1875 Pennsylvania Ave., N.W.
Washington, DC  20006


Michelle D. Miller, Esq.                                   michelle.miller@wilmerhale.com
**WILMER, CUTLER, PICKERING, HALE**
  **& DOOR, LLP**
60 State Street
Boston, MA  02109
Matthew I. Bachrack, Esq.                                  mbachrack@cgsh.com
David I. Gelfand, Esq.                                     dgelfand@cgsh.com
Nicole Rothe, Esq.                                         nrothe@cgsh.com
**CLEARY, GOTTLIEB, STEEN**
  **& HAMILTON**
2000 Pennsylvania Ave., NW
Washington, DC  20006

Aidan Synnott, Esq.                           asynnott@paulweiss.com
Moses Silverman, Esq.                         msilverman@paulweiss.com
Susanne M. Kandel, Esq.                       skandel@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**    & GARRISON**
1285 Avenue of the Americas
New York, NY  10019


James R. Newsom, III, Esq.                    jnewsom@harrisshelton.com
**HARRIS, SHELTON, HANOVER**
**    & WALSH, PLLC**
One Commerce Square, Suite 2700
Memphis, TN  38103


Paul Kent Bramlett                            pknashlaw@aol.com
**BRAMLETT LAW OFFICES**
P. O. Box 150734
Nashville, TN  37215-0734


Joseph C. Kohn                                jkohn@kohnswift.com
William E. Hoese                              whoese@kohnswift.com
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107


Leonard Barrack                               lbarrack@barrack.com
Jeffery B. Gittleman                          jgittleman@barrack.com
**BARRACK RODOS & BACINE**
3300 Two Commerce Square
Philadelphia, PA  19103


Kemper B. Durand                              durandk@thompsonlaw.com
**THOMASON, HENDRIX, HARVEY,**
**    JOHNSON & MITCHELL, PLLC**
29th Floor One Commerce Square
Memphis, TN  38103


Robert N. Kaplan                              rkaplan@kaplanfox.com
**KAPLAN FOX & KILSHEIMER LLP**
805 Third Avenue, 22nd Floor
New York, NY  10022


Gary Specks                                   gspecks@kaplanfox.com
**KAPLAN FOX & KILSHEIMER, LLP**
203 N. LaSalle Street
Chicago, IL  60601

James B. Sloan                                              jsloan@pedersenhoupt.com
**PEDERSON & HOUPT, P.C.**
161 North Clark Street, Suite 3100
Chicago, IL  60601


                                                         s/B. J. Wade
                                                       B. J. Wade

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP; KAPLAN FOX KILSHEIMER LLP;
PRETI FLAHERTY BELIVEAU & PACHIOS
LLP; and BRAMLETT LAW OFFICES,

Index No.  601458/2008

                                        Plaintiff,

                    -against-                              **NOTICE**

GLASSMAN, EDWARDS, WADE WYATT, P.C.
and AUDET & PARTNERS LLP,

                                        Defendants.

NOTICE IS HEREBY GIVEN that an action has been commenced and is now

pending in this Court upon the complaint of the plaintiffs, Wolf Haldenstein Adler Freeman &

Herz LLP; Kaplan Fox Kilsheimer LLP; Preti Flaherty Beliveau & Pachios LLP; and Bramlett

Law Offices against the defendants, Glassman, Edwards, Wade Wyatt, P.C. and Audet &

Partners LLP.

The nature of the action is tortious interference, and Plaintiffs seek declaratory

judgment as to plaintiffs' entitlement to settlement proceeds in the amount of [ REDACTED ]

from *In re: ACR Copper Tubing Litigation*, Master File No. 2:06-cv-02207-BBD-tmp

case (W.D. Tenn.) and *In re: ACR Copper Tubing Litigation*, No. 07-6070 (6th Cir.) and securing

plaintiffs' claims therein as against defendants' claims.

Dated:  New York, New York
        May 14, 2008

NEW YORK
COUNTY CLERK'S OFFICE

MAY   .   .

NOT COMPARED
WITH COPY FILE

                    WOLF HALDENSTEIN ADLER FREEMAN
                    & HERZ LLP

                    By: _____
                        Thomas H. Burt
                        A Member of the Firm
                    Plaintiff Pro Se and Attorney for all Plaintiffs
                    270 Madison Avenue
                    New York, NY 10016
                    (212) 545-4600

Plaintiff Wolf Haldenstein Adler Freeman & Herz LLP resides at 270 Madison Avenue in the County of New York.

Dated:  New York, New York
        May 14, 2008

Defendants' addresses:
B.J. Wade
GLASSMAN, EDWARDS, WADE & WYATT P.C.
26 North Second Street
Memphis, TN  38103
(901)527-4673

William M. Audet
AUDET & PARTNERS LLP
211 Main Street, Suite 1460
San Francisco, CA  94105
(415)982-1776

                              WOLF HALDENSTEIN ADLER FREEMAN
                                   & HERZ LLP

                              By _____
                                   Thomas H. Burt
                                   A Member of the Firm
                              Plaintiffs Pro Se and Attorney for all Plaintiffs
                              270 Madison Avenue
                              New York, N.Y.  10016
                              (212) 545-4600

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; KAPLAN FOX & KILSHEIMER LLP; PRETI FLAHERTY BELIVEAU & PACHIOS LLP; and BRAMLETT LAW OFFICES,<br><br>                            Plaintiff,<br><br>              -against-<br><br>GLASSMAN, EDWARDS, WADE & WYATT, P.C. and AUDET & PARTNERS LLP,<br><br>                        Defendants. | Index No. 601458/2008<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Wolf Haldenstein Adler Freeman & Herz LLP, Kaplan Fox Kilsheimer LLP; Preti Flaherty Beliveau & Pachios LLP, and Bramlett Law Offices ("Plaintiffs"), by the undersigned counsel, as and for their complaint, allege as follows:

## I.    PARTIES

1.    Plaintiff Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") is and at all times material herein was a New York limited liability partnership with its principal place of business at 270 Madison Avenue, New York, New York 10016.

2.    Plaintiff Kaplan Fox & Kilsheimer, LLP ("Kaplan Fox") is and at all times material herein was a New York limited liability partnership with its principal place of business at 850 Third Avenue, 14th Floor, New York, New York 10022.

3.    Plaintiff Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") is and at all times material herein was a Maine limited liability partnership with its principal place of business at One City Center, Portland, Maine 04101.

4.    The Bramlett Law Offices ("Bramlett") is and at all times material herein was a law office with its principal place of business at 2400 Crestmoor Road, Nashville, Tennessee 37215.

5.    On information and belief, Defendant Glassman, Edwards, Wade & Wyatt, P.C. ("GEWW") at all times material herein was a Tennessee professional corporation, consisting of shareholders and other attorneys engaged in the practice of law with its principal place of business at 26 North Second Street, Memphis, Tennessee 38103.  B.J. Wade, Esq. was at all relevant times a senior partner of GEWW.

6.    On information and belief, Defendant Audet & Partners, LLP, ("Audet") at all times material herein was a California limited liability partnership with its principal place of business at 221 Main Street, Suite 1460, San Francisco, California 94105 and was formerly known as Alexander, Hawes and Audet.  William Audet, Esq. was at all relevant times a senior partner of Audet.

## II.    FACTUAL ALLEGATIONS

7.    This action is brought to resolve a dispute relating to the allocation of a fund created at the resolution of a proposed class action case (the ACR Litigation, defined below), brought on a contingency fee basis, which was dismissed on the merits without class certification and later settled on behalf of the individual plaintiffs in the ACR Litigation only.  As set forth below, Plaintiffs here were counsel for the individual plaintiffs in the ACR Litigation (the ACR Plaintiffs, defined below) and one local attorney.  Defendants are two disappointed law firms who have interfered with the payment of the settlement consideration to those ACR Plaintiffs, and consequently with the distribution of fees by the ACR Plaintiffs as clients to their counsel, and who have agreed that Plaintiffs here should allocate fees and expenses, if any, to the other

2

plaintiffs' counsel who appeared for Plaintiffs in the District Court in the ACR Litigation in that dismissed matter.

8.    On April 7, 2006, PoolPak Technologies Corp., represented by Wolf Haldenstein, commenced an action styled *PoolPak Technologies Corp. v. Outokumpu Oyj et al*, Cause No.: 2:06-cv-02207-BBD-tmp in the Western District of Tennessee. That case was venued in the Western District of Tennessee because a single defendant in that action had its principal place of business in Memphis, Tennessee.

9.    Shortly thereafter, Twinco Supply Corporation, a New York corporation with its principal place of business in Huntington Station, New York, represented by Preti Flaherty, commenced a substantially similar action.

10.    PoolPak Technologies Corp. and Twinco Supply Corporation, and two other plaintiffs, Shilvock Company, Inc., represented by Kaplan Fox, and United CoolAir Corp., represented by Wolf Haldenstein (who became plaintiffs with the filing of the Amended Complaint in the ACR Litigation on June 23, 2006), are hereinafter collectively the "ACR Plaintiffs." Wolf Haldenstein, Preti Flaherty and Kaplan Fox are hereinafter collectively referred to as "Counsel for the ACR Plaintiffs."

11.    Wolf Haldenstein requested GEWW, and GEWW agreed, to serve as local counsel for the ACR Litigation. On information and belief, GEWW invited Audet to participate with GEWW in the prosecution of the actions. The several cases were consolidated as *In re ACR Copper Tubing Litigation,* No. 06-cv-2207-D/P (W.D. Tenn.) ("ACR Litigation"). The defendants in the ACR Litigation are referred to collectively hereinafter as the "ACR Defendants."

3

12.    On May 26, 2006, United States Magistrate Judge Tu M. Pham entered a Report and Recommendation recommending that Wolf Haldenstein, Preti Flaherty, GEWW and Audet be appointed interim class counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The District Court approved that recommendation. The counsel for the putative plaintiff class in the ACR Litigation included, in addition to the Counsel for the ACR Plaintiffs, the Defendants herein, and Plantiff Bramlett as interim liaison counsel.

13.    Several firms acted as additional counsel for the ACR Plaintiffs: Kohn, Swift & Graf, P.C.; Schiffrin & Barroway, LLP; Barrack Rodos & Bacine; Thomason, Hendrix, Harvey, Johnson & Mitchell, PLLC; Pederson & Houpt, P.C.; Cochrane & Bresnahan; and Bailey & Bailey (collectively "Additional ACR Plaintiffs' Counsel").

14.    On July 26, 2007, on Motion of the ACR Defendants, U.S. District Judge Bernice B. Donald dismissed the case on the merits for lack of subject matter jurisdiction. The plaintiffs in the ACR Litigation appealed, which appeal was docketed as 07-6070 in the United States Court of Appeals for the Sixth Circuit.

15.    Thereafter, the ACR Plaintiffs through counsel for the ACR Plaintiffs (Plaintiffs herein) negotiated three separate settlements with the ACR Defendants (the "Settlement Agreements"):

   a.   A settlement agreement (the "Twinco Settlement Agreement") between Twinco Supply Corporation and the ACR Defendants;

   b.   A settlement agreement (the "PoolPak Settlement Agreement") between PoolPak Technologies Corp. and United CoolAir Corp., on the one hand, and the ACR Defendants; and

   c.   A settlement agreement (the "Shilvock Settlement Agreement") between Shilvock Company, Inc. and the ACR Defendants.

4

16.    GEWW and Audet were each informed of the negotiations, advised of and did not object to the total settlement figure.  Neither GEWW nor Audet were involved in representing, negotiating or contributing to or providing any benefit to the ACR Plaintiffs in obtaining their individual settlements.

17.    The Settlement Agreements further provided that, ten business days after the entry of an order of disposing of the appeal, the ACR Defendants would pay into accounts for the ACR Plaintiffs a total of [ REDACTED ] (collectively, the "Settlement Fund").  The Settlement Agreements each specified that disputes would be governed under New York law.

18.    After the settlement was agreed upon, each of the ACR Plaintiffs agreed with their individual counsel (these agreements are referred to collectively hereinafter as the "Fee Agreements") on a portion of the Settlement Payments that would be paid as total counsel fees and reimbursement of expenses advanced or incurred (the "Fee Portion").

19.    Between the time that drafts of the Settlement Agreements were circulated and the dismissal of the appeal, GEWW and Audet threatened to obstruct the settlement of the ACR Litigation unless their fees were fixed in advance.

20.    On March 14, 2008, Defendants delivered notice of a purported lien on the Settlement Fund.  Thereafter, the ACR Defendants refused to pay any sums to the ACR Plaintiffs.  Instead, through their counsel, with offices in New York City, they have held the Settlement Fund in an account at Citibank.

21.    Defendants' actions were willful, wrongful and improper, and were done intentionally to prevent the payment of the Settlement Fund.  Their actions were intended to and have prevented the payment of the Settlement Payments to the ACR Individual Plaintiffs.  GEWW's and Audet's actions were also intended to and did prevent the payment of the Fee

Portion to Counsel to the ACR Plaintiffs, and allocation of the Fee Portion of the Fund by the ACR Plaintiffs' counsel.

22.     On March 18, 2008, the Defendants made an application to the Court of Appeals for the Sixth Circuit to recognize their purported lien and exercise jurisdiction over the lien. Defendants' actions were willful, wrongful and improper, and were done intentionally to prevent the payment of the Settlement Fund. Their actions were intended to, and have prevented, the payment of the Settlement Fund to the ACR Plaintiffs. GEWW's and Audet's actions were also intended to and did prevent the payment of the Fee Portion to Counsel to the ACR Plaintiffs, and allocation of the Fee Portion of the Settlement Fund by the Counsel to the ACR Plaintiffs.

23.     On March 31, 2008, the Court of Appeals for the Sixth Circuit entered an Order dismissing the appeal in the ACR Litigation with prejudice, declining to grant Defendants' motion and triggering the obligation of the ACR Defendants to pay the Settlement Fund on or before April 10, 2008.

24.     Thereafter, Defendants have interfered and continue to interfere with the Settlement Payments, by *inter alia*:

   a.   threatening the ACR Defendants and their counsel with suit if they pay the Settlement Fund to the ACR Plaintiffs and/or their counsel;

   b.   asserting a claim against the ACR Defendants as well as the ACR Plaintiffs and their individual counsel for payment on a *class action* case which was dismissed.

   c.   asserting unreasonable demands for fees;

   d.   failing and refusing to advise the ACR Plaintiffs of the time Defendants allegedly expended and the expenses advanced in support of the settlement;

   e.   failing and refusing to mediate in good faith, including *inter alia* in connection with mediation efforts by the Honorable Robert Rack of the Sixth Circuit Court of Appeals; and

6

      f.    refusing to negotiate in good faith, including *inter alia* in connection with efforts to conclude an agreement to pay the ACR Plaintiffs that portion of the Settlement Fund exclusive of the Fee Portion.

25.     To date, as a direct result of the Defendants' interference, the ACR Defendants have not paid the Settlement Fund to the ACR Plaintiffs or Counsel to the ACR Plaintiffs as the Settlement Agreements provide, and have refused to perform their obligations under the Settlement Agreements, and accordingly, have repudiated their obligations under the contracts. The Settlement Funds remain in the custody of the ACR Defendants or their counsel at Citibank, a bank having its principal place of business in New York, New York.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Tortious Interference With The Settlement Agreements)

26.     Plaintiffs repeat and reallege the factual allegations in the foregoing paragraphs as if set forth herein.

27.     Plaintiffs, ACR Plaintiffs and ACR Defendants had, in the Settlement Agreements, binding contracts which required payment as set forth above within a specified period following the entry of a final order with the Sixth Circuit Court of Appeals.

28.     Defendants were each aware of the existence of the Settlement Agreements. Defendants have wrongfully and tortiously interfered with the Settlement Agreements.

29.     The Settlement Payments are due and owing to the ACR Plaintiffs, and the Fee Portion thereof to the Plaintiffs, but the Settlement Payments have not been made as a direct result of the Defendants' wrongful and tortious interference.

30.     Plaintiffs have been damaged thereby in an amount to be proved at trial.

7

## AS AND FOR A SECOND CAUSE OF ACTION
### (Tortious Interference With The Fee Agreements)

31.     Plaintiffs repeat and reallege the factual allegations in the foregoing paragraphs as if set forth herein.

32.     Plaintiffs and ACR Individual Plaintiffs had, in the Fee Agreements, binding contracts regarding the distribution of the Settlement Payments between the ACR Plaintiffs and their counsel.

33.     Defendants were each aware of the existence of the Fee Agreements. Defendants have wrongfully and tortiously interfered with the Fee Agreements by preventing the Settlement Payments.

34.     The Settlement Payments are due and owing to the ACR Plaintiffs, and the Fee Portions thereof to the Plaintiffs, but the Settlement Payments have not been made as a direct result of the Defendants' wrongful and tortious interference.

35.     Plaintiffs have been damaged thereby in an amount to be proved at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment Pursuant To C.P.L.R. Sec. 3001)

36.     Plaintiffs repeat and reallege the factual allegations in the foregoing paragraphs as if set forth herein.

37.     Plaintiffs and ACR Individual Plaintiffs had, in the Fee Agreements, valid, binding and enforceable contracts regarding the distribution of the attorneys fees and expenses between the ACR Plaintiffs and their counsel, who do not include Defendants.

38.     Plaintiffs have discretion and are legally authorized to make a reasonable final allocation and disbursement of fees and expenses recovered under the Fee Agreements to themselves and any other counsel whom the ACR Plaintiffs agreed to be retained. Since no class

8

was ever certified, no class recovery was ever obtained, ACR Plaintiffs settled individually only and Defendants were never retained by ACR Plaintiffs to represent them individually, Plaintiffs are not required to pay any attorneys fees or expenses recovered under the Fee Agreements to Defendants, who were only interim counsel for a proposed class that was never certified.

WHEREFORE judgment should be entered in favor of Plaintiffs as follows:

A.    In favor of Plaintiffs for [ REDACTED ] together with such interest and other recovery as shall be available in law or equity;

B.    Declaring that the Defendants' interference in the payment of the Settlement Payments is wrongful;

C.    Declaring that the Plaintiffs are entitled to the Fee Portions and are authorized to make final disbursement of the Fee Portions in their discretion;

D.    Declaring that defendants are not entitled to recover any attorneys fees or expenses recovered pursuant to the Fee Agreements;

E.    Enjoining the Defendants from further interfering in the Settlement Agreements and the Fee Agreements; and

9

F.      For such other and further relief as Plaintiffs shall be entitled in law or equity.

Dated: June 17, 2008

Respectfully Submitted:

WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP

By: _____
       Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY  10016
(212) 545-4600


KAPLAN FOX & KILSHEIMER LLP
Richard Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022


PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546


BRAMLETT LAW OFFICES
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734

10