UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP; KAPLAN FOX & KILSHEIMER LLP;
PRETI FLAHERTY BELIVEAU & PACHIOS
LLP; and BRAMLETT LAW OFFICES,

                                        Plaintiff,

                    -against-

GLASSMAN, EDWARDS, WADE & WYATT,
P.C. and AUDET & PARTNERS LLP,

                                        Defendants.

Case No. 08-cv-5751 (JGK)

**ECF CASE**

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO REMAND AND IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER**

WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY 10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP
Richard J. Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU &
    PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546
*Pro Se*

BRAMLETT LAW OFFICES
Paul Kent Bramlett, Esq.
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734
*Pro Se*

# **TABLEOF CONTENTS**

**Page(s)**

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS....................................................................................3

III.   ARGUMENT...........................................................................................................6

     A.    This Case Must be Remanded Because
           There Is No Ancillary Jurisdiction .........................................................................7

     B.    This Case Must be Remanded Because Defendants
           Have Not Adequately Demonstrated Fraudulent Joinder........................................9

     C.    If the Motion to Remand is Denied, Transfer of
           Venue is Improper Because Defendants Have
           Failed to Meet The Requirements of 28 U.S.C. § 1404 .......................................11

           1.    Weight Should Be Accorded To Plaintiffs' Choice Of Forum ................12

           2.    Convenience of the Witnesses and the Parties ..........................................13

           3.    The Locus Of The Operative Facts In The Case ......................................14

           4.    The Location Of Relevant Documents And Access To Proof...................14

           5.    The Forums' Familiarity with the Governing Law ..................................15

           6.    The Availability Of Process To Compel
              The Attendance Of Unwilling Witnesses ................................................15

           7.    Trial Efficiency And The Interest Of Justice Generally...........................16

IV.    CONCLUSION .....................................................................................................16

# TABLE OF AUTHORITIES

**CASES**                                                                                      **Page(s)**

American Fire & Casualty Co. v. Finn,
    341 U.S. 6 (1951) ......................................................................................................7

Boehner v. Heise,
    410 F. Supp. 2d 228 (S.D.N.Y. 2006) ................................................................15

Caterpillar Inc. v. Williams,
    482 U.S. 386 (1987) ................................................................................................6

Colour & Design v. U.S. Vinyl Manufacturing Corp.,
    No. 04 Civ. 8332 (MBM), 2005 WL 1337864 (S.D.N.Y. June 3, 2005)...........................passim

Editorial Musical Latino Americana, S.A. v. Mar International Records, Inc.,
    829 F. Supp. 62 (S.D.N.Y. 1993) ........................................................................13

Hubbell Inc v. Pass & Seymour, Inc.,
    883 F. Supp. 955 (S.D.N.Y. 1995) ......................................................................11

Intershoe, Inc. v. Filanto S.P.A.,
    97 F. Supp. 2d 471 (S.D.N.Y. 2000) ..................................................................10

Kuperstein v. Hoffman-La Roche, Inc.,
    457 F. Supp. 2d 467 (S.D.N.Y. 2006) ..................................................................9

Lewis v. C.R.I., Inc.,
    No. 03 Civ. 651, 2003 WL 1900859 (S.D.N.Y. Apr. 17, 2003).................................12

Orb Factory, Ltd. v. Design Science Toys, Ltd.,
    6 F. Supp. 2d 203 (S.D.N.Y. 1998) ..............................................................11, 12

Pampillonia v. RJR Nabisco, Inc.,
    138 F.3d 459 (2d Cir. 1998) ............................................................................9, 10

In re Rezulin Products Liability Litigation,
    133 F. Supp. 2d 272 (S.D.N.Y. 2001) .............................................................9, 10

Telebrands Corp. v. Wilton Industries, Inc.,
    983 F. Supp. 471 (S.D.N.Y. 1997) ......................................................................13

**STATUTES AND RULES**

28 U.S.C. § 1367(a) .................................................................................................................. 7
28 U.S.C. § 1367(c)(3) ............................................................................................................ 7
28 U.S.C. § 1404 ............................................................................................................. 1, 2, 11
28 U.S.C. § 1447(c) ................................................................................................................. 1

Federal Rules of Civil Procedure
    R. 45(b)(2) ........................................................................................................................ 15

**OTHER AUTHORITIES**

1 Robert L. Haig et al,
    Business and Commercial Litigation in Federal Courts § 8.3 (1998) ......................................... 9

James Wm. Moore et al.,
    Moore's Federal Practice (3d ed. 1997) ................................................................................ 7, 8

14A Charles Alan Wright & Arthur R. Miller,
    Federal Practice and Procedure § 3721 (2d ed. 1987) ................................................................ 7

Plaintiffs Wolf Haldenstein Adler Freeman & Herz LLP, Kaplan Fox Kilsheimer LLP; Preti Flaherty Beliveau & Pachios LLP, and Bramlett Law Offices("Plaintiffs"), by the undersigned counsel, hereby submit this Memorandum Of Law In Support of their Motion To Remand pursuant to 28 U.S.C. § 1447(c), and in Opposition to Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404 .

## I.    <u>INTRODUCTION</u>

The federal courts have no jurisdiction to hear this fee dispute.  There is no diversity because Tennessee parties appear on both sides of the case; and defendants' attempt to claim ancillary jurisdiction is a facially impermissible boot-strap because there is no underlying original jurisdiction from which it could flow.

This case involves a fee dispute between a group of law firms.  There is a settlement fund held in escrow at Citibank by lawyers for makers of a certain kind of copper tubing who were sued for antitrust violations and who privately settled that case.  That case (the "*ACR Litigation*", defined below), was brought as a class action, dismissed in the district court, and then appealed to the Sixth Circuit, where the individual plaintiffs in that case settled with the defendants in that case.  Both the four plaintiff firms in this case and the two defendant firms in this case appeared for the putative class in the ACR litigation.  Beginning when the case was still before the Sixth Circuit, the Defendants attempted hold up the settlement in exchange for a guaranteed, and exorbitant, share of the total fees.  The Sixth Circuit rejected that attempt and dismissed the appeal and the case.  Thereafter, Defendants here continue their efforts to block payment. Hence, the commencement of this action in New York Supreme Court.  Plaintiffs herein allege that, by a course of conduct of illegitimate assertions and unlawful maneuvers, Defendants have prevented the stakeholder law firm (counsel for the copper tubing companies in the ACR

Litigation - not a party here) from paying out the settlement as provided in the Settlement Agreements (defined below).

Defendants have tried to do everything but answer the allegations. They did not appear in New York state court when served with process. Instead, they first brought their own suit in the District Court of the Western District of Tennessee. Plaintiffs (defendants there) moved to dismiss that case. Almost simultaneously, Defendants tried to revive the dismissed and closed ACR Litigation docket to block the payments, an application that suffered the fatal flaw that the case was already dismissed and the court had no jurisdiction.

Having been served with Plaintiffs' responses to both their motion in the closed case, and the motion to dismiss their new case, Defendants finally responded to this lawsuit by filing a notice of removal and a motion to transfer. However, because no subject matter jurisdiction exists (there being no diversity), this tactic is also doomed to fail.

There is no federal subject matter jurisdiction. The motion to transfer is both moot, and as demonstrated, fails to satisfy §1404. Even if there were a basis for this case to be heard in federal court, however, the dispute belongs in New York. Two of the plaintiff firms are headquartered in New York. One of the clients in the ACR litigation to whom the disputed funds will ultimately be distributed is in New York. The money is held by a New York firm, in an account at a New York financial institution. The settlement does not arise from Tennessee litigation; the ACR antitrust litigation was settled while it was before the Sixth Circuit Court of Appeals, in Ohio. None of the parties here was a party in the dismissed Tennessee action. The only connection between this case and the Western District of Tennessee is that one of the Defendant firms (but not the other) is in that district. (The other Tennessee lawyer, plaintiff firm

the Bramlett Law Office, is in Nashville, in the Middle District of Tennessee, and has chosen to litigate in New York.)

Because there is no subject matter jurisdiction, either via diversity or ancillary jurisdiction, this case must be remanded back to the Supreme Court of the State of New York. Absent a remand, this Court should deny Defendants' motion to transfer this case to the Western District of Tennessee because Defendants have failed to carry their burden to transfer this case.

## II.  **STATEMENT OF FACTS**

Plaintiff Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") is and at all times material herein was a New York limited liability partnership with its principal place of business in New York City.  Plaintiff Kaplan Fox & Kilsheimer, LLP ("Kaplan Fox") is and at all times material herein was a New York limited liability partnership with its principal place of business New York City. Plaintiff Preti, Flaherty, Beliveau & Pachios, LLP ("Preti Flaherty") is and at all times material herein was a Maine limited liability partnership with its principal place of business in Portland, Maine. Plaintiff Bramlett Law Offices ("Bramlett") is and at all times material herein was a law office with its principal place of business in Nashville, Tennessee.

Defendant Glassman, Edwards, Wade & Wyatt, P.C. ("GEWW") at all times material herein was a Tennessee professional corporation, consisting of shareholders and other attorneys engaged in the practice of law with its principal place of business in Memphis, Tennessee.  B.J. Wade, Esq. was at all relevant times a senior partner of GEWW. Defendant Audet & Partners, LLP, ("Audet") at all times material herein was a California limited liability partnership with its principal place of business in San Francisco, California, and was formerly known as Alexander, Hawes and Audet.  William Audet, Esq. was at all relevant times a senior partner of Audet.

This case was commenced in the Supreme Court of the State of New York on May 14, 2008 with the filing of a Summons and Notice. See Declaration of Peter Jakab, dated July 1,

3

2008 ("Jakab Decl."), Ex. G.   Shortly thereafter, the Complaint was served.   The case was captioned as Wolf Haldenstein Adler Freeman & Herz LLP, et al., v. Glassman, Edwards, Wade & Wyatt, P.C., et al., Index No. 601458/2008 (Sup. Ct. New York County).  Jakab Decl., Ex. H ("Compl.").  The basis of the claims is for tortious interference with three settlement agreements. The settlement agreements were private settlement agreements which concluded In re ACR Copper Tubing Litigation, No. 06-cv-2207-D/P (W.D. Tenn.) ("ACR Litigation") ( See Declaration of Paul Kent Bramlett, dated July 10, 2008 ("Bramlett Decl."), Ex. A) that the Sixth Circuit dismissed and the case file closed.  The settlement agreements were negotiated in New York and Ohio.  Importantly, the settlement agreements specifically provide that New York law will govern.

The ACR Litigation was a class action anti-trust suit involving the copper industry, filed in the Western District of Tennessee.  It was filed in April, 2006.  Originally, GEWW (a Tennessee law firm) was invited by Wolf Haldenstein to participate as counsel in the class action.  Compl. ¶ 11.  At some point after the commencement of the litigation, GEWW invited Audet (a California law firm) to take part in it.  Id.  In the ACR Litigation, both the Plaintiffs (including Bramlett) and Defendants in this case represented the plaintiffs.  Furthermore, on May 26, 2006, Bramlett was appointed Interim Liaison Counsel.  Bramlett Decl., Ex. B.

On July 26, 2007, on the motion of the ACR defendants, the district court dismissed the ACR Litigation on the merits for lack of subject matter jurisdiction.  Compl. ¶ 14.  The dismissal ended all involvement of the parties and Defendants with the jurisdiction of the Western District of Tennessee.   The plaintiffs in the ACR Litigation appealed to the Court of Appeals for the Sixth Circuit (located in Ohio).  Compl. ¶ 14.

Following the filing of the appeal, the individual ACR plaintiffs, through their individual counsel defendants in this case, entered into three separate settlements (the "Settlement Agreements") with the defendants in the ACR Litigation.   Compl. ¶ 15.   During settlement discussions, GEWW and Audet moved to stop the settlement – a move which was denied by the Sixth Circuit, which then dismissed the appeal with prejudice on March 31, 2008.   Compl. ¶¶ 20-23.

The Settlement Agreements provide that New York law shall govern.   Compl. ¶ 17.   The Settlement Agreements provided that ten business days after the entry of an order disposing of the appeal, the ACR defendants would pay into accounts designated by the ACR plaintiffs a total of $900,000 (the "Settlement Fund").   *Id.*   Following the drafting of the Settlement Agreements, and prior to the dismissal of the appeal, GEWW and Audet threatened to obstruct the final settlement of the ACR Litigation unless their fees were fixed in advance.   Compl. ¶ 19.   Due to the actions of the Defendants, the ACR defendants, through their counsel, have deposited the Settlement Fund into an escrow fund held at Citibank.   Consequently, none of the parties have been paid.   Compl. ¶ 20.

Immediately upon the service of the Summons commencing the New York State case, Defendants proceeded to engage in a pattern of conduct to attempt to forum shop.   The first attempt occurred when Defendants filed suit against Plaintiffs on May 28, 2008 in the Western District of Tennessee[1] relating to their supposed entitlements to the settlement fund from the ACR Litigation.   Jakab Decl., Ex. E.   The underlying facts of that case are exactly the same as

---

[1] Glassman, Edwards, Wade & Wyatt, P.C., et al., v. Wolf Haldenstein Adler Freeman & Herz LLP, et al., Index No. 08-02336 (W.D. Tenn. May 28, 2008)

the current case.  A motion to dismiss these claims for lack of jurisdiction or on the merits is

pending.  *Id.*  The proper course of action would have been to file counterclaims in the Supreme

Court of New York.

The next attempt occurred on June 2, 2008, when Defendants filed a motion in the ACR

Litigation, dismissed in the District Court for lack of subject matter jurisdiction, dismissed by the

Sixth Circuit, and closed, that these funds be deposited into the registry of the Western District of

Tennessee.  *Id.*  The Court has not ruled on that application.  Those proceedings by Defendants

represent end-runs around the current case, which can only be heard in Supreme Court of the

State of New York.  Judge Bernice Donald is presiding over both of those cases and has yet to

make any rulings on them.

The removal of this case to the Southern District of New York, and subsequent motion to

transfer it (filed July 1, 2008) to the Western District of Tennessee exemplifies the Defendants'

last ditch (and fourth) attempt to avoid answering the claims against them, and the jurisdiction of

the Supreme Court of the State of New York.  In removing this case, Defendants absurdly argued

that Bramlett, counsel for the plaintiffs in the ACR Litigation and who is owed money, was

fraudulently joined in order to prevent diversity jurisdiction.  Bramlett Decl., Ex. C ("Notice").

Moreover, they argued that this case is ancillary to the ACR Litigation, which has long since

been dismissed for lack of subject matter jurisdiction and as to which *none* of the parties here, or

their claims, were before Tennessee court. *Id.*

### III.    ARGUMENT

A defendant may remove a state court claim to federal court only if the claim originally

could have been filed in federal court.  "[T]he 'well-pleaded complaint rule' [ ] provides that

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Defendants have failed to meet the standard required for removal in that Defendants have failed to show that Plaintiff's claim originally could have been filed in federal court.

Accordingly, courts narrowly restrict the removal of cases from state to federal court. See Am. Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951). The removal statutes are to be strictly construed, and all doubt should be resolved against removal. See 14A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3721, at 216-17, n.88, 89 (2d ed. 1987) (collecting cases). Since Plaintiff's right to choose his forum supersedes defendant's right to remove, "uncertainties are resolved in favor of remand." 16 James Wm. Moore et al., Moore's Federal Practice § 107.05, at 107-25 (3d ed. 1997) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-07 (1941)).

### A.      This Case Must be Remanded Because There Is No Ancillary Jurisdiction

Defendants allege, without any factual showing or legal support, that this Court has subject matter jurisdiction, per 28 U.S.C. § 1367, because the fee dispute is ancillary to the ACR Litigation. Notice at p. 2, ¶ 4, p. 5 ¶ 22. Tellingly, Defendants assert ancillary jurisdiction without actually citing the statute. 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts *have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within *such original jurisdiction* that they form part of the same case or controversy …" (Emphasis supplied.) The statute provides further that the district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

By its terms, the statute requires for the exercise of ancillary jurisdiction that there be a claim over which the district court first has original jurisdiction. But the district court has no

original jurisdiction over any claim in this case. Defendants therefore argue that this case is ancillary to the old ACR Litigation, an antitrust case itself dismissed for lack of subject matter jurisdiction. None of the plaintiffs in the ACR Litigation are parties to this case. None of the defendants in the ACR Litigation are parties to this case. The current case, a dispute over distribution of amounts due under contracts, is completely separate from antitrust claims in the ACR Litigation, and involves a totally distinct controversy. The only connection to the ACR litigation is that the agreements in dispute were between parties in the ACR Litigation represented as counsel by the Plaintiffs here. Consequently, these claims are not "so related" to the ACR Litigation, so that this Court can assert supplemental jurisdiction.

Furthermore, even if this Court finds that the current case is "so related" to the ACR Litigation, it may still decline to exercise supplemental jurisdiction, as the ACR Litigation was dismissed almost a full year ago - on July 26, 2007. While on appeal, the ACR Litigation settled. The appeal was dismissed although Defendants here applied to the Court of Appeals that it recognize a lien in their favor as a condition precedent to the dismissal (which motion was denied). The settlements provided that New York law would govern any dispute arising from the settlement agreements.

Defendants sought a lien on the proceeds of the settlement and requested that the Circuit Court of Appeals condition any dismissal of the appeal on the recognition of the alleged lien. The Circuit Court of Appeals denied that motion and dismissed the appeal with prejudice on March 31, 2008. Dismissal with prejudice "is a complete adjudication and a bar to further action between the parties." 8 James Wm. Moore et al., Moore's Federal Practice § 41.40[9][f] (3d ed. 1997). Dismissal deprives the Court of jurisdiction to enter further orders, and any such orders are of no effect. 8 James Wm. Moore et al., Moore's Federal Practice § 41.34[6][g] (3d ed.

1997). Accordingly, the case terminated for all purposes, and neither the Tennessee District Court nor the Court of Appeals for the 6th Circuit retained any jurisdiction over the subject matter or over the parties or their counsel (whose businesses are located in various parts of the country including New York).

**B.    This Case Must be Remanded Because Defendants Have Not Adequately Demonstrated Fraudulent Joinder**

Defendants have completely failed to demonstrate fraudulent joinder. They have provided this Court with no facts or evidence of their frivolous assertions. No diversity jurisdiction exists, as both Bramlett and GEWW are residents of Tennessee. Thus, this case must be remanded.

In order to *prove* fraudulent joinder for the purpose of defeating diversity jurisdiction, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is *no possibility*, based on the pleadings that plaintiff can state a cause of action involving the non-diverse party. Kuperstein v. Hoffman-La Roche, Inc., 457 F. Supp. 2d 467, 470 (S.D.N.Y. 2006) (quoting Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)); see 1 Robert L. Haig, et al., Business and Commercial Litigation in Federal Courts § 8.3 (1998) (chapter by Honorable Roger Vinson, Chief Judge N.D. Fla.) ("Joinder is fraudulent if, on the face of the state court complaint, no cause of action lies against the resident defendant."). The burden on a removing defendant to meet this standard is a heavy one, and all reasonable doubts of fact and law are resolved in favor of the plaintiff. In re Rezulin Prods. Liab. Litig., 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001).

In their Notice of Removal, Defendants have made no attempt to satisfy this standard – nor can they – for they well know that they have a dispute with Bramlett over the fees that firm is owed. Defendants argue that the Court "is empowered to disregard the citizenship of the parties

joined fraudulently in that their only purpose in the action is to destroy diversity of citizenship to avoid federal jurisdiction." Notice, at p. 6, ¶ 24. For that proposition, Defendants cite to Rezulin. But, Rezulin does not say this, nor does it even imply this. Instead, Rezulin explicitly adopts the Pampillonia standard described above. Furthemore, in Rezulin, the court found that no fraudulent joinder occurred in part because of the high burden placed upon the party seeking removal. In addition, Rezulin concerned a case in which defendants, not plaintiffs, were alleged to have been fraudulently joined. Most frequently, the concept of fraudulent joinder applies to unnecessary defendants. Intershoe, Inc. v. Filanto S.P.A., 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000).

For Defendants to argue that Bramlett has no stake or claim in this litigation (Notice, at p. 6, ¶ 25) is absurd. Indeed these same firms have actually disputed that Bramlett is entitled to any fees sought. Accordingly, there is a clear claim or controversy. As Defendants acknowledge, Bramlett served as both Local Counsel and court appointed Interim Liaison Counsel in the ACR Litigations. In that role, Bramlett was a vital part of the prosecution of that matter. Bramlett's role included, among other things (and as further detailed in the Bramlett Declaration), the filing of various motions, attending court conferences, participating in strategy sessions, the drafting of court filings, and most importantly, conferring with out of state counsel for the ACR plaintiffs. Consequently, Bramlett is entitled to attorney's fees from the settlement of the ACR Litigation – the same fees that GEWW and Audet have tortiously interfered with. Hence, Bramlett is a legitimate party, has a claim against Audet and GEWW, has a direct stake in the outcome of this litigation, and has been added to the case because that firm has a claim. To even suggest that Bramlett manufactured a claim for the sole purpose of destroying diversity of citizenship is frivolous.

**C.    If the Motion to Remand is Denied, Transfer of
Venue is Improper Because Defendants Have
Failed to Meet The Requirements of 28 U.S.C. § 1404**

As to the application to transfer this New York based case to Tennessee, Defendants have

not made even a cursory showing to satisfy § 1404. Motions to transfer under 28 U.S.C. §

1404(a) lie within the discretion of the district court and are determined upon notions of

convenience and fairness on a case-by-case basis. See Colour & Design v. U.S. Vinyl Mfg.

Corp., No. 04 Civ. 8332 (MBM), 2005 WL 1337864, at *3 (S.D.N.Y. June 3, 2005).  "The

burden of demonstrating the desirability of transfer lies with the moving party, and in

considering the motion for transfer, a court should not disturb a plaintiff's choice of forum

'unless the defendants make a clear and convincing showing that the balance of convenience

favors defendants' choice.'" Orb Factory, Ltd. v. Design Science Toys, Ltd., 6 F. Supp. 2d 203,

208 (S.D.N.Y. 1998) (citation omitted); see also Colour & Design, 2005 WL 1337864, at *3.

Indeed, a plaintiff's choice of forum is accorded deference unless convenience *strongly* favors

defendants. See Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995)

(denying motion to transfer in the absence of "a clear cut and convincing showing by defendant

that the balance of convenience weighs strongly in favor of the transferee court.") (quoting Star

Lines, Ltd. v. Puerto Rico Mar. Shipping Auth., 442 F. Supp 1201, 1207 (S.D.N.Y. 1978)).

In the Southern District of New York, the inquiry on a motion to transfer is two-fold.

*First*, the district court must determine whether the case could have been brought in the proposed

transferee district.  Here, as shown above, it could not.  However, assuming *arguendo* that the

Defendants surmounted that deficiency, then, ***second***, the district court must determine whether

transfer is appropriate.  Orb Factory, 6 F. Supp. 2d at 208.  These factors deal with the

convenience of a transfer and require the court to consider the interest of justice to determine

11

whether transfer is appropriate. See Colour & Design, 2005 WL 1337864, at *3 (citing Orb Factory, 6 F. Supp. 2d at 208).

A district court generally considers the following factors: (1) convenience of the witnesses and parties; (2) the locus of operative facts in the case; (3) the location of relevant documents and access to proof; (4) the forums' familiarity with the governing law; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the weight accorded to a plaintiff's choice of forum; and (7) trial efficiency and the interest of justice generally. See Colour & Design, 2005 WL 1337864, at *3; see also 28 U.S.C. § 1404(a); Orb Factory, 6 F. Supp. 2d at 208; Lewis v. C.R.I., Inc., No. 03 Civ. 651, 2003 WL 1900859, at *2 (S.D.N.Y. Apr. 17, 2003) (considering the same factors in a slightly different arrangement).

Defendants fail to demonstrate that these factors point strongly to their chosen forum. Instead, these factors demonstrate that the case belongs in New York. This case was started in New York. Two of the Plaintiffs are from New York. One of the ACR plaintiffs is from New York. The Settlement Agreement was negotiated in New York. The Funds are at a bank based in New York. The Settlement Agreement provides for New York law to govern. Defendants have failed to meet their burden of showing that the relevant factors weigh heavily in favor of a transfer to the Western District of Tennessee. If remand is denied, this Court should retain control of this case and deny Movants' motion.

### 1.    Weight Should Be Accorded To Plaintiffs' Choice Of Forum

"Where the factors are equally balanced, the plaintiff is entitled to its choice of forum." Orb Factory, 6 F. Supp. 2d at 210 (citing Teachers Ins. and Annuity Ass'n of Am. v. Butler, 592 F. Supp. 1097, 1106 (S.D.N.Y. 1984)). As mentioned above, it is in the Supreme Court of New York, and not the Western District of Tennessee, where Plaintiffs initiated their actions.

Because Plaintiff's choice of venue should be given deference, see Editorial Musical Latino Americana, S.A. v. Mar Int'l Records, Inc., 829 F. Supp. 62, 66 (S.D.N.Y. 1993), Defendants must show that the remaining factors weigh heavily in favor of the Western District of Tennessee. As demonstrated below, they have not met this burden.

### 2.    Convenience of the Witnesses and the Parties

After the weight accorded to the Plaintiff's choice of forum, the convenience of the parties and non-party witnesses is generally considered the most important factor in a motion to transfer venue. See, e.g., Telebrands Corp. v. Wilton Indus., Inc., 983 F. Supp. 471, 477 (S.D.N.Y. 1997) (convenience of parties and witnesses and interests of justice did not require transfer of action). Here, the convenience of the potential witnesses and parties does not warrant transferring this case to Western District of Tennessee. In order to demonstrate that a transfer is warranted for the convenience of the witnesses, "the motion of the party seeking transfer must specifically list the evidence and witnesses on which the party intends to rely in the transferee district, along with a general statement of the topics of each witness' testimony." See Colour & Design, 2005 WL 1337864, at *4 (quoting Editorial, 829 F. Supp. at 66-67). Absent this showing, the motion should be denied. Id.

Defendants chose to completely ignore this factor, and listed no witnesses that are located in the transferee district. Instead, paying no deference to well-settled jurisprudence, Defendants declared, "[t]he convenience of witnesses, location of documents and proof, availability of process to compel attendance of witnesses … are largely unimportant in this matter." Def. Br., p. 10. Defendants declared this factor "unimportant" because they know that this factor strongly disfavors their motion to transfer to Tennessee.

In this case, the witnesses and parties essentially overlap. The only witnesses/parties that are present in Tennessee are Bramlett Law Offices (who chose to sue in New York) and GEWW.

13

On the other hand, Wolf Haldenstein and Kaplan Fox are both located in New York. Furthermore, Preti Flaherty chose to sue in New York.[2]  The only potential non-party witnesses in this case are the defense law firms that represented the ACR defendants.  These firms all have offices in New York.  Consequently, it cannot be argued that a transfer to Tennessee would be more convenient for the witnesses.

### 3.    The Locus Of The Operative Facts In The Case

In determining the locus of operative facts a court must look to the site of events from which the claims arise.   Contrary to the argument of Defendants, the events in this case did NOT arise in Tennessee.   The current litigation concerns agreements arrived at before the 6th Circuit Court of Appeals, in Ohio.   Most of the negotiations for that settlement were conducted by counsel in New York City.   None of the clients of Plaintiffs herein, receiving money under the agreements, are located in Tennessee. The ACR Plaintiffs are located outside of Tennessee including New York. The Settlement Fund which is controlled by the ACR Defendants' counsel, is deposited in an account at Citibank, a New York institution.

### 4.    The Location Of Relevant Documents And Access To Proof

To the extent that the physical location of documents has any significance, the party seeking transfer must make a detailed showing of the burden to be incurred absent transfer. Defendants have failed to make any showing about a burden on its access to proof if the case is not transferred to the Western District of Tennessee.   Defendants have failed to support their

---

[2]  Preti Flaherty is located in Portland, Maine, which is much closer to New York than Tennessee. Moreover, there are 16 daily, non-stop flights from Portland International Jetport to either New York City or Newark.  On the other hand, there are no non-stop flights from Portland International Jetport to Tennessee.

burden by specifying the nature and volume of the documents they plan to use in support of their defense, or the difficulty in transporting such documents. <u>See</u> <u>Colour & Design</u>, 2005 WL 1337864, at *4. Indeed, except for the time records of GEWW, all relevant documents are outside of Tennessee, with Plaintiff Bramlett prepared to provide discovery in New York.

### 5.    The Forums' Familiarity with the Governing Law

Defendants completely ignored this factor in their motion. The underlying agreements provide that New York law shall govern any disputes. Obviously the Southern District of New York is more familiar with New York law than the Western District of Tennessee.

### 6.    The Availability Of Process To Compel
### The Attendance Of Unwilling Witnesses

This factor requires a consideration of the court's power to compel attendance of unwilling witnesses, as a district court can only subpoena witnesses within the district or within 100 miles of the district. <u>See</u> Fed. R. Civ. P. 45(b)(2). The only potential unwilling witnesses are firms that represented the ACR defendants, all of whom are based in New York. Conversely, Defendants offer absolutely no evidence that any potential witnesses in this case might refuse to testify or otherwise appear in this case. <u>See, e.g.,</u> <u>Colour & Design</u>, 2005 WL 1337864, at *4 (citing <u>GPA, Inc. v. Liggett Group, Inc.</u>, No. 94 Civ. 5735, 1994 WL 537017, at *2 (S.D.N.Y. Oct. 4, 1994) (declining to find availability of process to compel unwilling witnesses as a factor in favor of transfer where defendant failed to offer evidence that witnesses would be unwilling to travel)). Since they have failed to provide this evidence, Defendants have failed to meet their burden with respect to this factor. <u>See, e.g.,</u> <u>Boehner v. Heise</u>, 410 F. Supp. 2d 229, 242 (S.D.N.Y. 2006) (defendants failed to meet burden of clearly demonstrating that transfer to the Western District of Wisconsin is warranted).

7.    **Trial Efficiency And The Interest Of Justice Generally**

This last factor permits the Court to consider the interests of the judicial system generally as well as the interests of justice. Defendants effectively concede this point by noting that they are "not aware of any congestion in either court that would warrant affording that factor significant consideration." Def. Br. at p. 10.

Overall, consideration of the convenience/fairness factors makes clear that Defendants have failed to meet their legally mandated burden of clearly demonstrating that transfer to the Western District of Tennessee is warranted under 28 U.S.C. § 1404(a). Accordingly, this motion should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand this case to the Supreme Court of the State of New York should be granted. If the motion to remand is denied, Defendants' motion to transfer this case to the Western District of Tennessee should be denied.

Dated: July 10, 2008

Respectfully Submitted:

WOLF HALDENSTEIN ADLER FREEMAN
   & HERZ LLP

By:    /s/ Thomas H. Burt              
        Thomas H. Burt, Esq.
        Russell S. Miness, Esq.
270 Madison Avenue
New York, NY 10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP

By:    /s/ Richard J. Kilsheimer (with consent)   
        Richard J. Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP

By: ___/s/  Gregory P. Hansel (with consent)_____
        Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546
*Pro Se*

BRAMLETT LAW OFFICES

By: ___/s/  Paul Kent Bramlett (with consent)_____
        Paul Kent Bramlett, Esq.
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734
*Pro Se*

514889