UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP; KAPLAN FOX & KILSHEIMER LLP; PRETI FLAHERTY BELIVEAU & PACHIOS LLP; and BRAMLETT LAW OFFICES,<br><br>          Plaintiff,<br><br>-against-<br><br>GLASSMAN, EDWARDS, WADE & WYATT, P.C. and AUDET & PARTNERS LLP,<br><br>          Defendants. | Case No. 08-cv-5751 (JGK)<br><br>**ECF CASE** |

**PLAINTIFFS' MEMORANDUM OF LAW IN
<u>FURTHER SUPPORT OF MOTION TO REMAND</u>**

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
Thomas H. Burt, Esq.
Russell S. Miness, Esq.
270 Madison Avenue
New York, NY  10016
(212) 545-4600

KAPLAN FOX & KILSHEIMER LLP
Richard J. Kilsheimer, Esq.
850 Third Avenue, 14th Floor
New York, NY 10022

PRETI, FLAHERTY, BELIVEAU &
 PACHIOS, LLP
Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546
*Pro Se*

BRAMLETT LAW OFFICES
Paul Kent Bramlett, Esq.
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734
*Pro Se*

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 2

    A. Supplemental Jurisdiction Fails Because The Underlying Action Was Dismissed For Lack Of Subject Matter Jurisdiction .......................... 2

    B. Even If There Were A Basis Of Original Jurisdiction, This Case Is Not Suitable For Supplemental Jurisdiction ..................................... 4

        1. The Sixth Circuit Court of Appeals Has Already Effectively Rejected Supplemental Jurisdiction ....................................... 5

        2. This Case Is Not The Same Case Or Controversy As The ACR Litigation .......................................................... 6

    C. The Bramlett Law Office Has A Claim ................................................................ 7

III. CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

**CASES**                                                                                              **Page(s)**

Arrow Trading Co. Inc. v. Sanyei Corp. (Hong King) Ltd.,
   No. 81 Civ. 1746 (CBM), 1983 U.S. Dist. LEXIS 11552
   (S.D.N.Y. Nov. 18, 1983) ..................................................................................................7

Baer v. First Options of Chicago, Inc.,
   72 F.3d 1294 (7th Cir. 1995) ..............................................................................................5

Carter v. Hofler-Saunders,
   No. 01-6480, 2003 U.S. App. LEXIS 24842 (6th Cir. Nov. 26, 2003) ........................................5

Chesley v. Union Carbide Corp.,
   927 F.2d 60 (2d Cir. 1991)..................................................................................................4

Grimes v. Crosier Motors Corp.,
565 F.2d 841 (2d Cir. 1977)....................................................................................................5, 6

Kalyawongsa v. Durand,
   105 F.3d 283 (6th Cir. 1997) ..............................................................................................6

Musson Theatrical, Inc. v. Federal Express Corp.,
   89 F.3d 1244 (6th Cir. 1996) ..............................................................................................3

Nowak v. Ironworkers Local 6 Pension Fund,
   81 F.3d 1182 (2d Cir. 1996)............................................................................................3, 4

Taylor v. Kelsey,
666 F.2d 53 (4th Cir. 1981) ......................................................................................................6

**STATUTES AND RULES**

28 U.S.C. § 1367(a) ..................................................................................................................4
28 U.S.C. § 1447(c) ..................................................................................................................1

**OTHER AUTHORITIES**

James Wm. Moore et al.,
   Moore's Federal Practice (3d ed. 1997)...........................................................................3, 6

Judicial Panel on Mulitidistrict Litigation,
Multidistrict Litigation Terminated through September 30, 2004,
http://www.jpml.uscourts.gov/General_Info/Statistics/TerminatedDocketsAsOfSeptember-
2004.pdf...................................................................................................................................4

Plaintiffs Wolf Haldenstein Adler Freeman & Herz LLP, Kaplan Fox & Kilsheimer LLP; Preti Flaherty Beliveau & Pachios LLP, and Bramlett Law Offices ("Plaintiffs"), hereby submit this Memorandum Of Law In Further Support of their Motion To Remand pursuant to 28 U.S.C. § 1447(c).

## I.   INTRODUCTION

Defendants cannot establish subject matter jurisdiction. Their argument is that this Court is vested with a fee dispute among attorneys pursuant to ancillary jurisdiction to a long dismissed action among totally different parties. The argument fails. The underlying action <u>was dismissed for lack of subject matter jurisdiction</u>. A dismissal for lack of subject matter jurisdiction eliminates the possibility of any supplemental jurisdiction. The fee dispute among counsel – not parties to the old litigation – arises from private settlement agreements reached through the good offices of a judge of the Court of Appeals for the Sixth Circuit, and applies New York law.

Defendants' diversity argument does not work either. One defendant firm and one plaintiff firm are from Tennessee. There is no diversity unless the Bramlett firm is excluded because its claim is fatally flawed on its face. Defendants therefore assert that the Bramlett firm's involvement is a fraud. However, they concede that the Bramlett firm was a <u>court ordered</u> liaison counsel to the party plaintiffs to the settlement agreements. Thus Bramlett, like all the plaintiff law firms as counsel for the settling plaintiffs before the Sixth Circuit, has a fee coming to it. Plaintiffs here are entitled to a fee from a portion of the proceeds of the settlement agreements that their clients entered. The fact that the clients – not the lawyers – were parties to the settlement agreements does not affect claims in this fee dispute.

Thus, defendants' assertion is wrong. Defendants were not parties to the settlement agreements either. Defendants themselves acknowledged before this Court that Bramlett (and the other law firm Plaintiffs) represented clients to the settlement agreements. The payments

under those agreements are the source of the fees their clients have agreed to pay. However, Wade and Audet have engaged in tactics to block payment. Clearly the Bramlett firm has a claim for fees no less strong than the claims of the Wade and Audet firms.

Because the Bramlett firm has a claim, its location in Tennessee may not be ignored for the purpose of diversity. Federal jurisdiction does not exist because there is no diversity. Plantiff Bramlett Law Offices being a Nashville, Tennessee firm and Glassman, Edwards, Wade and Wyatt P.C. being a Memphis, Tennessee firm. Defendants' fall-back attack is to assert that the Bramlett firm did not authorize this lawsuit. This contention, too, is wrong. As Mr. Bramlett said in his affidavit attached to the Plaintiff's July 10, 2008 Brief [Docket Entry #11], he explicitly authorized the suit and is an active party. Mr. Bramlett told Mr. Wade that he was unaware of the date of service, but he was well aware that his firm was considering a lawsuit against the Defendants herein if the matter was not otherwise resolved by settlement. As he testifies in the annexed Declaration of P. K. Bramlett, dated July 30, 2008, Mr. Bramlett had in fact been advised, reviewed and authorized the filing and service of the suit, he simply was unaware of the fact or date of service.

## II.   ARGUMENT

### A.   Supplemental Jurisdiction Fails Because The Underlying Action Was Dismissed For Lack Of Subject Matter Jurisdiction

Defendants ignore the requirement of the federal jurisprudence that, in order to extend ancillary or supplemental jurisdiction, there must be some claim over which the Court properly had original jurisdiction. Plaintiffs pointed out in their Memorandum of Law dated July 10, 2008, ("Opening Br.") at pp. 7-8, that the ACR Litigation was dismissed for lack of subject matter jurisdiction. There was never subject matter jurisdiction over the underlying antitrust case, so no ancillary jurisdiction can flow from it.

"[I]f the federal claim was dismissed for lack of subject matter jurisdiction, the district court has no discretion to retain the supplemental claims for adjudication."  16 James Wm. Moore et al., Moore's Federal Practice § 106.66[1] (3d ed. 1997).  This is because "[t]he dismissal means that there never was a valid claim within the court's original jurisdiction to which the state claims may be supplemental.  Therefore, the district court has no discretion to exceed the scope of its Article III power."  Id.  Supplemental jurisdiction cannot be used to bootstrap into federal court a claim that was never a federal case or controversy; a dispute over which the federal courts never had subject matter jurisdiction cannot be a springboard to bring other claims into federal court.  See, e.g., Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996) ( "a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims", citing cases); Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996) (dismissal for lack of subject matter jurisdiction means that there never was a valid claim from which supplemental jurisdiction could arise).

As Plaintiffs noted at Opening Br. pp. 7-8, the antitrust case in Tennessee that the defendants seek to attach this case to for purposes of subject matter jurisdiction, In re ACR Copper Tubing Litigation, No. 06-cv-2207-D/P (W.D. Tenn.) ("ACR Litigation"), was itself dismissed for lack of subject matter jurisdiction.  Docket No. 134, annexed as Exhibit A to the accompanying Declaration of P.K. Bramlett, dated July 29, 2008 ("Bramlett Reply Decl.").  The court in that case dismissed all claims under Rule 12(b)(1), as against all defendants, for lack of subject matter jurisdiction, holding that nothing pleaded in the action was ever properly in federal court.  Accordingly, there was never a federal court with jurisdiction to which any supplemental jurisdiction or ancillary jurisdiction could attach.

3

Because there is no original jurisdiction, as required by 28 U.S.C. § 1367(a), there is no need for this Court to determine whether there would be ancillary jurisdiction if the ACR Litigation had been dismissed for other reasons. Thus, there is no authority provided by any of the cases cited by Defendants (Defendants' Memorandum of Law dated July 23, 2008 ("Def. Mem.") at p. 3). None of those cases addressed a situation where the underlying action lacked subject matter jurisdiction. In fact, the most recent Second Circuit case relied on by Defendants highlights this problem: Chesley v. Union Carbide Corp., 927 F.2d 60 (2d Cir. 1991), deals with a dismissal of an underlying claim for *forum non conveniens*, and holds that "forum non conveniens presumes jurisdiction." Id. at 65,[1] quoting Mokhiber v. Cohn, 783 F.2d 26, 28 (2d Cir. 1986). Further, in that case, the dispute involved a party to the underlying case concerning allegations in the case. None of the parties here was a party in the dismissed ACR Litigation. Additionally, none the allegations in the dismissed case relate to this case. This case then is entirely consistent with the plain reading of 28 U.S.C. § 1367(a), and with the rule in Nowak and other cases that without original subject matter jurisdiction there can never be supplemental or ancillary jurisdiction.

### B.  Even If There Were A Basis Of Original Jurisdiction, This Case Is Not Suitable For Supplemental Jurisdiction

Even if the ACR Litigation had been dismissed for some other reason, there would be no reason for this Court to exercise discretion to extend supplemental jurisdiction. The ACR

---

[1]  It should also be noted that the Union Carbide (Bhopal) Litigation before Judge Keenan was a complex MDL proceeding which included not only the personal injury suits from the terrible accident in India, dismissed for *forum non conveniens*, but also securities law and derivative cases, and according to the MDL Panel website the docket was still open in 1991 when this case was decided. Judicial Panel on Mulitidistrict Litigation, Multidistrict Litigation Terminated through September 30,2004, http://www.jpml.uscourts.gov/General_Info/Statistics/TerminatedDocketsAsOfSeptember-2004.pdf

4

Litigation dismissed by the District Court was definitively dismissed by the Court of Appeals for the Sixth Circuit. That Court, in dismissing the action, also refused an application for relief by Audet and Wade that any dismissal recognize their claim for fees and permit continuing jurisdiction. The parties to that case are not parties here. This is a separate controversy.

### 1. The Sixth Circuit Court of Appeals Has Already Effectively Rejected Supplemental Jurisdiction

Defendants have already tried to get the federal courts to take this dispute. The ACR Antitrust Litigation was settled before the Sixth Circuit Court of Appeals, in mediation under that Court's authority. The Defendants moved the Court of Appeals to recognize their fee claim, and to condition dismissal of the appeal on the recognition of that claim. That motion was denied, and the appeal dismissed. Complaint ¶ 23. The Sixth Circuit, therefore, considered and declined to take up the fee dispute. Both the instant removal and the Defendants' action in the Western District of Tennessee are attempts to overturn that refusal.

Many of the cases cited by Defendants stand for the uncontroversial proposition that a Court hearing a dispute may, at the same time, also take and keep jurisdiction over a fee dispute arising therefrom. In <u>Baer v. First Options of Chicago, Inc.</u>, 72 F.3d 1294 (7th Cir. 1995), cited by Defendants, the District Court expressly undertook to resolve the fee dispute and retained jurisdiction over it.[2] Likewise in <u>Grimes v. Crosier Motors Corp</u>., 565 F.2d 841 (2d Cir. 1977), also cited by Defendants, an attorney "moved that the District Court require deposit of the settlement funds in the Court's registry and supervise the distribution" among the lawyers, and

---

[2] Although not entirely clear on this point, <u>Carter v. Hofler-Saunders</u>, No. 01-6480, 2003 U.S. App. LEXIS 24842 (6th Cir. Nov. 26, 2003), appears to be to the same effect: "Following settlement …[one attorney] filed a motion for attorney's fees," which was immediately referred to a magistrate. <u>Id.</u> at *3.

that motion was granted.  Id. at 842.  In other words, the contending attorneys in those cases were granted the relief that, here, Defendants sought and were denied by the Sixth Circuit.  Similarly in Kalyawongsa v. Durand, 105 F.3d 283 (6th Cir. 1997), the District Court granted the outgoing counsel a lien over the settlement funds during the pendency of the case, id. at 285, effectively retaining jurisdiction.

In contrast to those cases, here the Defendants sought to have their claim recognized by the Circuit Court.  The case was dismissed in total, with the Circuit Court pointedly entering its order declining to recognize the claim on remand or otherwise address Defendant's attempt to assert their fee claim.  Defendants cite no authority for the proposition that a court may, or should, revive a dead docket to hear a fee dispute between lawyers who were not parties to the old case.  Such a ruling, in fact, would be contrary to the principle that dismissal with prejudice "is a complete adjudication and a bar to a further action between the parties."  8 James Wm. Moore et al., Moore's Federal Practice § 41.40[9][f] (3d ed. 1997).

### 2.  This Case Is Not The Same Case Or Controversy As The ACR Litigation

This case is not sufficiently close to the ACR Litigation to warrant application of supplemental jurisdiction, even if there were originally jurisdiction from which it could flow.  The antitrust allegations, dismissed for lack of subject matter jurisdiction – have nothing to do with the dispute which relies on private settlements under New York law.  The parties are different.  The parties to this case are all law firms; the ACR Litigation was between makers and users of a certain kind of copper tubing.  The underlying facts are different.  See Taylor v. Kelsey, 666 F.2d 53, 54 (4th Cir. 1981) (per curiam, rejecting ancillary jurisdiction over a fee dispute between plaintiffs' counsel working on contingency because the fight over the settlement proceeds "bore no relationship" to the underlying pesticide litigation).  The substantive law is

6

different (federal antitrust in contrast with New York law). See Arrow Trading Co. Inc. v. Sanyei Corp. (Hong King) Ltd., No. 81 Civ. 1746 (CBM), 1983 U.S. Dist. LEXIS 11552 (S.D.N.Y. Nov. 18, 1983) (declining to hear fee dispute between counsel as properly the domain of state courts). There is not even a sufficient nexus between the District Court and the facts underlying the fee dispute to permit judicial economy if this matter is heard as an adjunct to the dismissed ACR Litigation.

The facts of the fee dispute involve mediation and negotiations before the Sixth Circuit Court of Appeals. The case was dismissed by the Circuit Court and never remanded, no District Court (not the Western District of Tennessee and certainly not this Court) has any prior familiarity with the allegations of this dispute.

### C. The Bramlett Law Office Has A Claim

With no viable ancillary jurisdiction, Defendants must establish diversity jurisdiction or be remanded to state court. Because there is a Tennessee law firm on each side of the case, there is no diversity. To deal with this fact, Defendants argue without support that the Bramlett Law Office claim is fraudulent in order to keep this case in federal court. Defendants concede the extremely high bar they face to invalidate Bramlett's claim for purposes of diversity: "there [must be] no possibility based on the pleadings, that a plaintiff can state a cause of action." Def. Mem. at p. 10, citing cases. The Bramlett Law Office has the same claims against defendants that each of the other three plaintiffs have, and indeed has at least as strong a claim to be paid as the defendants themselves assert.

Defendants concede that Bramlett was counsel for the ACR Plaintiffs, as were the other plaintiffs. They do not say that he did not work on the case, as they cannot. Bramlett, like the other plaintiffs, was counsel for the ACR Plaintiffs, and the settlements provide for funds to be paid to those clients. It is from the settlement funds that, in turn, Bramlett and the other plaintiff

7

law firms will be paid. The only reason that the ACR Plaintiffs, and in turn, the plaintiffs in this case, have not been paid is the obstructive conduct of the Defendants.

Defendants note that Bramlett is not a party to the Settlement Agreements. This is trivially true: neither are the Defendants, nor are the other Plaintiffs. The ACR Plaintiffs and ACR Defendants are parties to those Agreements. Taking as true Defendants' argument that there is facially no claim for attorneys' fees from the settlement funds for Bramlett because the law firms were not parties to the Settlement Agreements, *a fortiori* Defendants themselves have no claim for fees from the same settlement, and they have pleaded themselves out of court.

Nor does Defendants' technical argument that a tortious interference claim requires that a plaintiff be a party or third-party beneficiary of the contract advance their position. The Complaint pleads that all fees to the attorneys were to be paid from the proceeds of Settlement Agreements as contemplated by those settlements. Complaint ¶ 18. Defendants themselves have argued that they are entitled to a fee from the proceeds of the Settlement Agreement. Plaintiffs, including Bramlett, are intended third party beneficies of the Settlement Agreements.

Finally, Mr. Wade descends to mud-slinging, either misunderstanding or misreporting the import of conversations with Mr. Bramlett, whom he has known for years. Mr. Bramlett did and does authorize this action, as he testified in his Declaration dated July 10, 2008. As he testifies in his accompanying Declaration dated July 30, 2008, when he spoke with Mr. Wade following service of the Summons with Notice, he had already reviewed and approved the filing of the summons with notice. He did not know if a resolution would be reached with Mr. Wade, obviating the need for litigation. After the breakdown of negotiations, the summons with notice was filed and served on Mr. Wade. Mr. Bramlett did not say or imply that he was unaware of or did not authorize the suit. Rather, he said to Mr. Wade that he had not known that Mr. Wade was

8

going to be served, and if he had, he would have called Mr. Wade prior to service as a professional courtesy. Mr. Wade's interpretation of the conversations, contrary to Mr. Bramlett's testimony, is at best unwarranted. In any event, none of this is relevant. Mr. Bramlett is an involved plaintiff in this litigation, and did and does authorize the lawsuit. His claim should not be artificially disregarded to create federal jurisdiction over what is at bottom a state court dispute.

### III. CONCLUSION

For the foregoing reasons and those stated in the Plaintiffs' opening brief, Plaintiffs' motion to remand this case to the Supreme Court of the State of New York should be granted. If the motion to remand is denied, Defendants' motion to transfer this case to the Western District of Tennessee should be denied.

Dated: July 30, 2008

        Respectfully Submitted:

        WOLF HALDENSTEIN ADLER FREEMAN
          & HERZ LLP

        By: _____
           Thomas H. Burt, Esq.
           Russell S. Miness, Esq.
        270 Madison Avenue
        New York, NY 10016
        (212) 545-4600


        KAPLAN FOX & KILSHEIMER LLP

        By: /s/ Richard J. Kilsheimer
           Richard J. Kilsheimer, Esq.
        850 Third Avenue, 14th Floor
        New York, NY 10022

PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP

By:   /s/ Gregory P. Hansel
      Gregory P. Hansel, Esq.
One City Center
P.O. Box 9546
Portland, ME 04112-9546
*Pro Se*

BRAMLETT LAW OFFICES

By:   /s/ Paul Kent Bramlett
      Paul Kent Bramlett, Esq.
2400 Crestmoor Road
P. O. Box 150734
Nashville, TN 37215-0734
*Pro Se*

517079