UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP; KAPLAN FOX & KILSHEIMER LLP;
PRETI FLAHERTY BELIVEAU & PACHIOS
LLP; and BRAMLETT LAW OFFICES,

          Plaintiff,

-against-

GLASSMAN, EDWARDS, WADE & WYATT,
P.C. and AUDET & PARTNERS LLP,

          Defendants.

Case No. 08-cv-5751 (JGK)

ECF CASE

DECLARATION OF PAUL KENT
BRAMLETT IN FURTHER SUPPORT
OF MOTION TO REMAND

I, **PAUL KENT BRAMLETT**, an attorney admitted to practice law before the courts of the State of Tennessee, the courts of the State of Mississippi, the Northern and Southern United States District Courts of Mississippi, the Eastern, Middle and Western District Courts of Tennessee, the Sixth Circuit Court of Appeals and the United States Supreme Court, duly declare as follows:

1. I am a partner in the Bramlett Law Offices, Nashville, Tennessee, one of the plaintiffs in the above-captioned case. I submit this declaration in further support of Plaintiffs' Motion to Remand this case to the Supreme Court of the State of New York, County of New York. I have personal knowledge of the facts stated below.

2. Annexed hereto as Exhibit A is a true and correct copy of Docket Entry #134, in the ACR Litigation, In re ACR Copper Tubing Litigation, No. 06-cv-2207-D/P (W.D. Tenn.).

3. Mr. Wade's assertions in Paragraphs 6 and 7 of his Declaration filed July 23, 2008 are incorrect.

4. Prior to the commencement of this action, I reviewed a draft Summons with Notice. I approved the commencement of an action in New York state court against Mr. Wade's firm and the Audet firm.

5. At that time, I understood that negotiations before the Sixth Circuit were ongoing that could avoid litigation, and did not know they had broken down.

6. I did not know that a process server had been dispatched to Mr. Wade's office when he called me on June 2. What I communicated to him in that call and thereafter, was that if I had known that process was being served, I would have called him prior to service as a professional courtesy.

7. I did not tell Mr. Wade that I was unaware of the lawsuit, or that I did not authorize it. Mr. Wade inquired as to the meaning of the Summons with Notice, a procedure that does not exist in Tennessee. In response, I said, "I don't know anything about that," intending only to convey that I could not explain the procedure.

8. I remain committed to pursuing my claim in the forum of plaintiffs' choice, the Supreme Court of the State of New York.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:

July 30, 2008


Paul Kent Bramlett

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

In Re ACR COPPER TUBING
LITIGATION

This Document Relates To:

ALL ACTIONS

Master File No. 06- 2207-D/P
Member Cases: 06-2211; 06-2225

District Judge Bernice B. Donald
Magistrate Judge Tu M. Pham

---

**ORDER OF DISMISSAL**

---

Before this Court are motions (D.E. ## 99, 100, 101) of the various defendants in this case to dismiss the third consolidated amended class action complaint. The amended complaint is a consolidation of three related actions by Plaintiffs United CoolAir, PoolPak Technologies Corp., Twinco Supply Corporation, and Shilvock, Inc. alleging a global price-fixing conspiracy resulting in Plaintiffs' paying artificially high prices for ACR copper tubing in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Defendants assert that the complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and Fed. R. Civ. Proc. 12(b)(1) for failure to state a claim over which this Court has subject matter jurisdiction. In addition, Defendants Mueller Europe, Ltd., the Finnish Outokumpu Entities and Europa Metalli have moved for dismissal on personal jurisdiction grounds. Upon review of the facts, relevant statutory and case law, and for the reasons stated herein, the Court has determined that Plaintiffs have failed in their burden of establishing that their complaint lies within the Court's limited subject matter jurisdiction. Approached from an alternative legal perspective, the

1

Court has determined that Plaintiffs have not met minimal pleading standards and thus have failed to state a cognizable claim. Accordingly, and pursuant to the constraints and obligations imposed upon the Court by federal law and the United States Constitution, the Court hereby dismisses the complaint in its entirety, without prejudice.

## LEGAL STANDARD

### Rule 12(b)(1): Subject Matter Jurisdiction

The jurisdictional authority of the federal courts is limited by Article III of the U.S. Constitution. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994). The court is under a constitutional obligation to dismiss the case before it whenever it determines that it lacks subject matter jurisdiction. See Fed. R. Civ. Proc. 12(h)(3).

Plaintiff's complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. Proc. 8(a)(1). There is a presumption against federal jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 378 (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)). Under Federal Rule of Civil Procedure 12(b)(1), the defendant may challenge the court's jurisdiction for lack of subject matter jurisdiction by a motion for dismissal.

### Rule 12(b)(2): Personal Jurisdiction

For a court to adjudicate a legal dispute, it must possess jurisdiction over the defendant(s). Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 903 (6th Cir. 2006). The plaintiff bears the burden of establishing this personal jurisdiction. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991); Serras v. First Tenn. Bank Nat.'l Assoc., 875 F.2d 1212, 1214 (6th Cir. 1989). Under Federal Rule of Civil Procedure 12(b)(2), the defendant may challenge the court's jurisdiction for "lack of

jurisdiction over the person" by a motion for dismissal.

**Rule 12(b)(6): Failure to State a Claim Upon Which Relief Can Be Granted**

A defendant may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

To determine whether a motion to dismiss should be granted, the court must examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and it must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Westlake, 537 F.2d at 858. While a complaint need not present detailed factual allegations, to be cognizable it must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007); see also Scheid, 859 F.2d at 436-37. A complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. Twombly, 127 S.Ct. at 1968 (internal quotation marks omitted).

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. Nietzke, 490 U.S. at 326-27 ("Rule 12(b)(6) does not countenance [] dismissals based on a judge's disbelief of a complaint's factual allegations."); Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983). Where there

are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, only well-pleaded facts must be taken as true, and the court need not accept legal conclusions or unwarranted factual inferences. Lewis, 135 F.3d at 405-06. When a complaint does adequately state a claim, it may not be dismissed based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Twombly, 127 S.Ct. at 1969.

## BACKGROUND[1]

Plaintiffs PoolPak Technologies Corp., United CoolAir, Twinco Supply Corporation, and Shilvock Company purchased ACR copper tubing, an industrial tubing designed for use in air-conditioning and refrigeration applications, from Defendants in the relevant period of May 1988 through December 2003. (Third Consol. Compl. ¶¶ 10-13.) Defendants are engaged in the production or sale of ACR copper tubing. Id. ¶¶ 14-41. On April 7, 2006, PoolPak filed a class action complaint asserting claims pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1, against Defendants alleging that during the relevant period Defendants engaged in a conspiracy to raise, fix, or maintain the price of ACR copper tubing, allegedly causing PoolPak and similarly situated plaintiffs to pay more for such tubing than they would have in a competitive market. Id. ¶¶ ¶ 1-4. Plaintiffs Cool Air and Twinco filed substantially similar class action complaints in this district on April 11 and 19, 2006, respectively.

On May 25, 2006, the Court consolidated the three cases on grounds that the cases were nearly identical in that they involved common questions of law and fact, contained the same factual allegations against the same defendants, sought the same relief, and relied upon the same

---

[1] The factual allegations presented herein are taken from Plaintiffs' complaint and are presumed to be true for purposes of the instant motion only.

legal authority in support of the claims.

## ANALYSIS

All three motions before the Court cite Rules 12(b)(1) and 12(b)(6) as grounds for dismissal. The motion by Mueller Europe Ltd. additionally requests dismissal on personal jurisdiction (Rule 12(b)(2)) grounds.

The present action and the legal issues it raises are closely related to the <u>American Copper</u> case, No. 04-2771, recently dismissed by this Court: the primary defendants in this case were also defendants in <u>American Copper</u>, and the two cases involve similar allegations of a price-fixing conspiracy involving copper tubing. In addition, the two cases are similarly based on the European Commission's investigation of a European cartel which, the Commission found, had fixed prices of copper tubing throughout much of Europe. The primary factual distinction between the two cases is that <u>American Copper</u> pertained to the market for plumbing tubing, whereas the present case involves the sale of "ACR Copper Tubing," used primarily in the manufacture and repair of air-conditioning and refrigeration equipment.[2]

### Subject Matter Jurisdiction

**I.**

On its face, the complaint in this case, just as in <u>American Copper</u>, appears to satisfy Fed. R. Civ. P. 8(a)'s requirement of a "short and plain statement of the grounds upon which the court's jurisdiction depends." Plaintiffs invoke the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. Pursuant to Sections 4 and 16 of the Clayton Act, they seek damages for and injunctive relief from Defendants' alleged violation of Section 1 of the Sherman Act.

---

[2] In the interest of judicial economy, the Court borrows liberally from its analysis in <u>American Copper</u> in the

5

Title 28 U.S.C. § 1331 grants the Court original jurisdiction over civil actions involving federal questions generally, and § 1337 grants jurisdiction over commerce and antitrust regulations specifically. The Sherman Act makes illegal any contract, trust or conspiracy in restraint of trade. The Clayton Act grants the right to sue to persons injured by violations of the antitrust laws, including the Sherman Act. Thus, all the necessary elements of a federal question action appear to be present.

However, just as was the case in <u>American Copper</u>, in both their amended complaint and in their subsequent response to Defendants' motions, Plaintiffs seem to have relied entirely on facts from the EC decisions peppered with language from the Sherman and Clayton Acts and conclusory statements about a price-fixing conspiracy in the U.S. In so doing, Plaintiffs have crafted a complaint with only the appearance of legitimacy. Close scrutiny reveals, however, that its core is hollow, i.e., it is without a factual foundation. Plaintiffs have simply "cut-and-pasted" into their complaint the collusive activities found by the E.C. to have taken place in Europe and tacked on "in the United States and elsewhere."

Plaintiffs appear to claim harm from both fixed prices charged abroad which "directly impacted United States prices" and from price-fixing and market allocation within the United States. (Compl. ¶ 60.) Plaintiffs discuss at length how the conspiracy was global in nature and directly involved the U.S. market. However, the discussion is entirely conclusory and alleges no factual basis for its conclusions. Plaintiffs' statement that "the inflated prices charged by Defendants' to its customers were effectively the same throughout the world," (Compl. ¶ 62), is similarly made without any apparent factual foundation. To Defendants' assertion that Plaintiffs' claims are implausible since the leading producers of copper tubing in North America would have underbid the cartel

---

following discussion.

6

(Reply Mem. Supp. Joint Mot. Outokumpu Oyj, *et al*. Dismiss 15), Plaintiffs stand mute. Although Plaintiffs claim they have supplemented the findings of the EC Decision with their own "investigation of the global nature and structure of the market for ACR Copper Tubing and the participation of U.S. purchasers and sellers in that market," the resulting complaint is not only purely speculative and conjectural, it is also implausible since the existence of major competitors outside the cartel would effectively negate any effort to control the U.S. market as Plaintiffs allege. Plaintiffs themselves repeatedly affirm this basic economic principal: "if the cartel did not act to assure that prices in one area of the globe were no less expensive (taking shipping costs not account) than those in other area, customers would have been able to purchase their worldwide demand for ACR Copper Tubing in one area and then ship those products to their other global locations" and thus "undermine the effectiveness of the cartel." (Compl. ¶ 63-64.)

Also troubling is the fact that Plaintiffs have presented facts from the plumbing tubing and ACR tubing investigations as if they described a single conspiracy. Through its inclusion of factual details which do not pertain to the cartel at issue in this case, Plaintiffs have undermined any credibility the complaint otherwise possessed. Plaintiffs do further injury to their argument by discarding the conclusions of the EC Decision when they deviate from Plaintiffs' agenda, e.g., the fact that the EC findings were limited to European conduct and the distinction between the two copper tubing cartels.

## II.

The Court has an obligation to determine whether subject-matter jurisdiction exists, even where jurisdiction is unchallenged by either party. Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1244 (2006). If such a determination turns on contested facts, the trial court may review the evidence in order to resolve the issue. Id. When the Court concludes that subject-matter jurisdiction

is lacking, it must dismiss the complaint in its entirety. Id.

The Supreme Court has long held that the federal courts may not entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (quoting Nuewburyport Water co. v. Newburyport, 193 U.S. 561, 579 (1904)). Such federal question claims unworthy of the courts' jurisdiction have also been labeled "wholly insubstantial," "obviously frivolous," and "plainly insubstantial." Id. (citations omitted).

However, as the Sixth Circuit has made clear, the test for dismissal is a rigorous one and a claim is to be deemed "wholly insubstantial and frivolous" "only where the plaintiff's claim has no plausible foundation or is clearly foreclosed by a prior Supreme Court decision." Moore v. Lafayette Life Ins. Co. 458 F.3d 416, 444 (6th Cir. 2006). The Supreme Court has expressed strong disapproval of dismissals for lack of subject matter jurisdiction that are in reality determinations on the merits. See Bell v. Hood, 327 U.S. 678, 682 (1946)).

With the foregoing precedent as background, the Court wishes to make clear that its dismissal of this case was based on neither the merits of Plaintiffs' case nor the likelihood of Plaintiffs' ultimately prevailing. The Court's sole determination is that Plaintiffs' claims are "wholly insubstantial" in that they are without any factual basis whatsoever and that Plaintiffs do not legitimately allege otherwise.

In concluding that Plaintiffs' complaint is "insubstantial," the Court does not mean to convey that the issues at stake are not weighty or that the alleged injury is insignificant. The Court merely concludes that Plaintiffs' action, while raising important restraint of trade issues, has no substance of its own but rather illegitimately borrows its substance entirely from elsewhere. As such, Plaintiffs' complaint is essentially a work of fiction.

8

To allow Plaintiffs to proceed with discovery in hopes that their speculation bears fruit would be unjust and a gross abuse of the judicial system. The discovery process is not available where, at the complaint stage, a plaintiff has nothing more than mere speculation. While this restriction may impose upon a plaintiff the task of some detective work in advance of filing a complaint, it is necessary to protect society from the costs of baseless, frivolous litigation.

In dismissing this case for lack of any factual foundation the Court has not imposed a heightened pleading standard beyond Fed. R. Civ. P. 8's "short and plain statement" requirement. Rule 8(a)(1)'s requirement of "a short and plain statement of the grounds upon which the court's jurisdiction depends" is simple and straightforward. However, where disputes over jurisdictional facts exist, the Court is empowered to resolve these disputes by making reasonable inquiry into the facts. Rogers v. Stratton Industries, Inc., 798 F.2d 913, 915-16 (C.A.6 (Tenn. 1986); Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) ("It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court-not a jury-to decide, whether they hinge on legal or factual determinations."). No presumptive truthfulness applies to the factual allegations of jurisdiction and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." U.S. v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).

Having found the complaint to be "wholly insubstantial," the Court concludes that it lacks subject matter jurisdiction over the matter. The Court is thus obliged to dismiss the case in its entirety as to all defendants.

**Failure to State a Cognizable Claim**

In the Supreme Court's recent Bell Atlantic Corp. v. Twombly decision, the Court took an

important step toward clarifying what a plaintiff must plead, at minimum, in order to state a cognizable claim in the federal courts, both generally and under § 1 of the Sherman Act specifically. 127 S.Ct. 1955 (2007). The Court expressly abrogated the standard articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." Id. at 1969 (emphasis added). The Court noted that under a literal reading of Conley, "a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Id. at 1968 (internal punctuation omitted). Stating that Conley's often cited, highly permissive standard "is best forgotten," the Court indicated that the complaint must contain "some factual allegation," and that the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965, 1969.

In applying these general principles to a conspiracy claim under the Sherman Act § 1, the Court held that such a claim must have enough factual matter (taken as true) to plausibly suggest collusion in restraint of trade. Id. at 1965. The Court stressed that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id.

Through the Twombly decision it has now become evident that cases like the present one, which lack a legitimate factual foundation, are vulnerable to Rule 12(b)(6) challenge. The Court concludes that if the Court had not found that it lacked subject matter jurisdiction over this matter, it would have nevertheless been obligated to grant Defendants' motions to dismiss on 12(b)(6) grounds for failure to state a claim.

10

## CONCLUSION

The Court finds that the case must be dismissed on subject matter jurisdiction grounds, and could alternatively be dismissed for failure to state a claim. The Court thus finds it unnecessary to rule on individual Defendants' more narrow personal jurisdiction grounds for dismissal.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Plaintiffs' action in its entirety.

**IT IS SO ORDERED** this 26th day of July, 2007.

                                     s/Bernice B. Donald
                                     BERNICE B. DONALD
                                     UNITED STATES DISTRICT JUDGE